FILED

2010 APR 27 P 3: 44

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  REBECCA COLL (Bar No. 184468)
2  MEISELMAN, DENLEA, PACKMAN,
   CARTON & EBERZ P.C.
3  1311 Mamaroneck Avenue
   White Plains, New York 10605
4  (914) 517-5000
   (914) 517-5055 (fax)
5  rcoll@mdpcelaw.com

E-filing

6  Attorneys for Plaintiff Anthony Ventura
   and all others similarly situated

7

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 ANTHONY VENTURA, on behalf of himself   Case No.
11 and all others similarly situated,

                                          CV 10 1811 EMC

12                Plaintiff,              **COMPLAINT**

13                                        **CLASS ACTION**

14        v.                             **DEMAND FOR JURY TRIAL**

15

16 SONY COMPUTER ENTERTAINMENT
   AMERICA INC.,
17
18                Defendant.
19

20     Plaintiff, by his attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for

21 his class action complaint, alleges, with personal knowledge as to his own actions, and upon

22 information and belief as to those of others, as follows:

23                          **Nature Of This Case**

24     1.     This class action seeks to redress Sony Computer Entertainment America Inc.'s

25 ("Sony") intentional disablement of the valuable functionalities originally advertised as available

26 with the Sony Playstation®3 video game console (the "PS3"). This disablement is not only a

27 breach of the sales contract between Sony and its customers and a breach of the covenant of good

28

-1-

CLASS ACTION COMPLAINT

1 | faith and fair dealing, but it is also an unfair and deceptive business practice perpetrated on
2 | millions of unsuspecting consumers.

3 |     2.     This suit is brought on behalf of a nationwide class of all persons who purchased a
4 | PS3 during the period November 17, 2006 to March 27, 2010 and who did not resell their PS3
5 | before March 27, 2010 (the "Class"). It seeks, inter alia, damages for Plaintiff and each class
6 | member, including but not limited to compensatory damages; restitution; injunctive relief;
7 | attorneys' fees; and the costs of this suit.

8 | **Jurisdiction and Venue**

9 |     3.     Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as
10 | some class members' citizenship is diverse from Sony, there are more than 100 class members, and
11 | the amount in controversy is in excess of $5 million.

12 |     4.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2), as a substantial part of
13 | the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of
14 | California.

15 |     5.     Venue is also proper in this district under 28 U.S.C. § 1391(c), on the grounds that
16 | Sony's corporate headquarters and principal place of business is in the Northern District of
17 | California.

18 | **Intradistrict Assignment**

19 |     6.     A substantial part of the events or omissions giving rise to Plaintiff's claims
20 | occurred in Foster City, California, which is in San Mateo County.

21 | **Parties**

22 |     7.     Plaintiff Anthony Ventura is a resident of the State of California, Santa Clara
23 | County. Mr. Ventura purchased a PS3 in or around July 2007 for $499.00 plus tax.

24 |     8.     Defendant Sony is incorporated under the laws of the State of Delaware, with its
25 | principal place of business located in Foster City, California.

26 |     9.     Defendant Sony does actual business throughout the State of California, including
27 | through the direct sale of its merchandise in the State.

28 |

-2-

1    **Operative Facts**

2    *A.    Sony Markets The PS3 By Highlighting Features Such As Other OS.*

3        10.    The PS3, which competes with Microsoft's Xbox 360 and Nintendo's Wii as part of
4    the newest generation of video game consoles, was released in the United States with great fanfare
5    on November 17, 2006.

6        11.    At the time of its launch, the PS3 was the most expensive gaming console available,
7    retailing for $599.00 in part because it is capable of far more than merely playing games at home.
8    With the growing homogenization of consumer technology and increased competition, Sony
9    looked to market the additional features available in the PS3, such as the "Other OS" feature and
10   the inclusion of Blu-ray technology, to distinguish its product from the others.

11       12.    In fact, Sony's marketing and advertising of the PS3 highlighted the major features
12   that distinguish the PS3 from other gaming consoles, including its unified online gaming service,
13   the PlayStation Network, its robust multimedia capabilities, its use of a high-definition optical Blu-
14   ray Disc as its primary storage medium, and the Blu-ray 2.0-compliant Blu-ray player.

15       13.    An important PS3 feature Sony advertised was the Other OS function, which
16   provides users with the unique ability to install another operating system, such as a Linux
17   operating system, alongside the main PS3 system software.

18       14.    Until recently, Sony promoted the Other OS feature in its marketing of the PS3.
19   Indeed, Sony stated on its website "playstation.com" that when it designed the PS3, "it was fully
20   intended that you, a PS3 owner, could play games, watch movies, view photos, listen to music, and
21   run a full-featured Linux operating system that transforms your PS3 into a home computer."

22       15.    As part of the PS3 launch in November 2006, Sony Computer Entertainment
23   President Ken Kutaragi represented that the Linux operating system could be used on the PS3,
24   which would allow purchasers to use a PS3 as a home personal computer with a direct connection
25   to the Internet.

26       16.    In fact, Sony has made numerous public statements touting the Other OS feature
27   since November, 2006:

28

-3-

CLASS ACTION COMPLAINT

1        •     Sony Computer Entertainment Inc., PS3 Open Platform, 2006-2010: "In addition to

2 playing games, watching movies, listening to music, and viewing photos, you can use the PS3™

3 system to run the Linux operating system. By installing the Linux operating system, you can use

4 the PS3™ system not only as an entry-level personal computer with hundreds of familiar

5 applications for home and office use, but also as a complete development environment for the

6 Cell Broadband Engine™ (Cell/B.E.)." http://www.playstation.com/ps3-openplatform/index.html

7        •     Sony Computer Entertainment Inc., PS3 Manual, 2006-2010: "Install other system

8 software on the hard disk. For information on types of compatible system software and obtaining

9 the installer, visit Open Platform for PlayStation®3."

10 http://manuals.playstation.net/document/de/ps3/current/settings/osinstall

11        •     Sony Computer Entertainment Inc., PS3 Knowledge Center, 2006-2010: "The

12 PlayStation 3 provides an option for third-party system software to be installed on the PS3™

13 system instead of the system software provided by Sony Computer Entertainment Inc. Such third-

14 party system software is referred to as an 'Other OS'."

15 http://us.playstation.com/support/answer/index.htm?a_id=469

16        •     Ken Kutaragi, June 2006: "Speaking about the PS3, we never said we will release a

17 game console. It is radically different from the previous PlayStation. It is clearly a computer."

18 http://www.edge-online.com/news/kutaragi-details-ps3-computer-claim

19        •     Phil Harrison, President of Sony Computer Entertainment Worldwide Studios 2005-

20 2008, May 2006: "We believe that the PS3 will be the place where our users play games, watch

21 films, browse the Web, and use other computer functions. The PlayStation 3 is a computer. We

22 do not need the PC."

23 http://www.gamasutra.com/view/news/9547/Harrison_We_Do_Not_Need_The_PC.php

24        •     Phil Harrison, February 2007: "One of the most powerful things about the PS3 is

25 the 'Install Other OS' option." http://kotaku.com/235049/20-questions-with-phil-harrison-at-dice

26        •     Sony Computer Entertainment Inc., PS3 Linux Distributor's Starter Kit, 2006-2009:

27 "The Linux Distributor's Starter Kit provides information, binary and source codes to Linux

28

-4-

CLASS ACTION COMPLAINT

1 Distribution developers who wants to make their distro support PS3."

2 http://www.kernel.org/pub/linux/kernel/people/geoff/cell/ps3-linux-docs/ps3-linux-docs-08.06.09

3      •     Izumi Kawanishi, head of Sony's Network System Development Section, May

4 2006: "Because we have plans for having Linux on board [the PS3], we also recognize Linux

5 programming activities . . . Other than game studios tied to official developer licenses, we'd like to

6 see various individuals participate in content creation for the PS3."

7 http://www.gamasutra.com/php-bin/news_index.php?story=9290

8      •     Geoffrey Levand, Principal Software Engineer at Sony Corporation, August 2009:

9 "Please be assured that SCE is committed to continue the support for previously sold models that

10 have the 'Install Other OS' feature and that this feature will not be disabled in future firmware

11 releases." Mailing list to PS3 customers using Linux.

12      •     Even when it decided to remove the Other OS functionality from the new Slim PS3,

13 Sony reiterated its commitment to supporting the Other OS function in existing PS3 models. In an

14 interview with arstechnica.com in August, 2009, John Koller, Sony's director of hardware

15 marketing, stated that "[i]f anyone wants to use previous models and change the OS, they can do

16 so."

17     17.     Plaintiff chose to purchase a PS3, as opposed to an Xbox or a Wii, because it

18 offered the Other OS feature as well as the other unique PS3 features (such as the ability to play

19 Blu-ray discs and access the Playstation Network), despite the fact that the PS3 was substantially

20 more expensive than other gaming consoles.

21 **B.     *The Other OS Function Is A Valuable PS3 Feature.***

22     18.     When running the Linux software system, the PS3 can serve as a fully functional

23 home computer, loaded with more than 1,000 applications. But instead of having a suite of

24 applications, the computer would offer users a choice of multiple mail servers, word processing

25 programs, spreadsheets, office applications, music and video players and games.

26     19.     As a result, the Other OS function was extremely valuable to PS3 purchasers. As

27 Kai Staats, CEO of Terra Soft, a third party that developed Linux applications for the PS3, stated,

28 "[t]he PlayStation 3 places a supercomputer in the home . . . Yellow Dog Linux provides a

-5-

CLASS ACTION COMPLAINT

1  complete Linux OS for the PlayStation 3 resulting in a very powerful computing platform. We are
2  thrilled to be working with RapidMind to make this platform more accessible for professional
3  developers and hobbyists alike . . . With our operating system, the Playstation could very easily be
4  your home CD player, DVD player, MP3 player and home computer, as well as a great game box .
5  . . This is not an application-limited appliance. This is a full-blown computer. There is no issue of
6  'can it do this or that?' It can do everything."

7      20.    Moreover, the ability to run Linux on the PS3 provides users with an excellent
8  platform to develop applications for the PS3 or as a jumping off point for deployments to other
9  products, including those from IBM, Sony, or Mercury.

10      21.    Perhaps more important, the ability to use Linux on a PS3 saves consumers money.
11  Consumers who load a Linux operating system do not need to buy many additional electronic
12  devices or applications.

13      22.    Plaintiff extensively utilizes the Other OS feature in order to use his PS3 as a
14  computer, including browsing the internet, using the Blu-ray data drive, and playing Linux-specific
15  games.

16  *C.*    *Sony Reneges On Its Promise To Support The Other OS Feature.*

17      23.    On March 28, 2010, Sony announced that it would no longer honor its obligation to
18  support the Other OS feature. On its playstation.com website, Sony announced that it would
19  release software update 3.21 ("Update 3.21").

20          The next system software update for the PlayStation 3 (PS3) system will be
21  released on April 1, 2010 (JST), and will disable the "Install Other OS" feature
   that was available on the PS3 systems prior to the current slimmer models,
22  launched in September 2009. This feature enabled users to install an operating
   system, but due to security concerns, Sony Computer Entertainment will remove
23  the functionality through the 3.21 system software update.

24          In addition, disabling the "Other OS" feature will help ensure that PS3 owners
25  will continue to have access to the broad range of gaming and entertainment
   content from SCE and its content partners on a more secure system.
26

27          Consumers and organizations that currently use the "Other OS" feature can
   choose not to upgrade their PS3 systems, although the following features will no
28  longer be available;

-6-

CLASS ACTION COMPLAINT

1

2

> Ability to sign in to PlayStation Network and use network features that require signing in to PlayStation Network, such as online features of PS3 games and chat

3

4

> Playback of PS3 software titles or Blu-ray Disc videos that require PS3 system software version 3.21 or later

5

6

> Playback of copyright-protected videos that are stored on a media server (when DTCP-IP is enabled under Settings)

7

> Use of new features and improvements that are available on PS3 system software 3.21 or later.

8

9

10

11

12

24.     Sony did not provide any other notice to its customers that it would disable these other advertised features (the "Other Advertised Features ") unless they installed the Update 3.21. In fact, a substantial number of Sony's customers only realized that Sony had unilaterally disabled the Other Advertised Features when they attempted to use those features on or after April 1, 2010.

13

14

15

16

17

18

19

20

21

22

25.     On information and belief, contrary to Sony's statement, the "security concerns" did not involve a threat to PS3 users, but rather reflected Sony's concerns that the Other OS feature might be used by "hackers" to copy and/or steal gaming and other content. Indeed, it is no coincidence that the release of Update 3.21 came quickly on the heels of an announcement by a hobbyist named Geohot that he was able to use the Other OS feature along with a bit of soldering in a manner that gave him more control over the PS3 hardware than Sony had intended. In addition, Sony's new Slim PS3 does not include the Other OS function, and because it no longer sells the "fat" PS3, Sony has no financial incentive to support the Other OS function. In other words, Sony's decision to force users to disable the Other OS function was based on its own interests and was made at the expense of its customers.

23

24

**D.     Sony Forces Consumers To Choose Between The Other OS Feature And Other Valuable Functions.**

25

26

27

26.     PS3 owners are not technically required to install Update 3.21. However, Sony has built a vast and sticky web of restrictions that will prevent users from accessing many of the PS3's Other Advertised Features for anyone who declines the "upgrade." In particular, for users who do not install firmware 3.21:

28

-7-

1    •       it will be impossible for users to access the Playstation Network;

2    •       it will be impossible to play PS3 games online;

3    •       it will be impossible to play new PS3 games;

4    •       it will be impossible to watch new Blu-ray videos;

5    •       new Blu-ray discs could disable the Blu-ray drive entirely if they contain an AACS

6    Host Revocation List that affects the old software version; and

7    •       videos on DTCP-IP media servers will be disabled.

8    27.   In short, Sony is effectively downgrading PS3s already sold and in the hands of

9    consumers — when consumers purchased the console, the console could play games, play Blu-ray

10   discs, and run Linux. After April 1, it is an inferior product.

11   28.   Plaintiff has not installed Update 3.21 so that he can continue to use the Other OS

12   function. As a result, he is no longer able to use the Other Advertised Features. Prior to April 1,

13   2010, Plaintiff extensively used the Other Advertised Features, including:

14   •       the use of several online capable games;

15   •       playing online games with friends, chatting with friends, and logging high-scores;

16   •       purchasing games and media for the PS3 from the online store;

17   •       receiving critical patches and add-ons to disc-based games;

18   •       using any Playstation network point balance which he may have;

19   •       accessing special CODECs downloaded from Sony required in order to play certain

20   media files from a USB stick.

21   29.   In addition, Plaintiff will no longer be able to take advantage of future benefits,

22   including the ability to update any of the games that Plaintiff owns online, to benefit from future

23   updates to the Playstation, and to install or play games Sony will sell in the future.

24   30.   Plaintiff made a complaint to the Better Business Bureau ("BBB") based on Sony's

25   release of Update 3.21, which forced Plaintiff to choose between continued use of the Other OS

26   feature and the Other Advertised Features. The BBB reviewed this complaint and forwarded it to

27   Sony for its response. The BBB case number for this complaint is 57168021.

28

CLASS ACTION COMPLAINT

1  31.  Plaintiff also made a complaint to the Federal Trade Commission ("FTC") based on

2  Sony's release of Update 3.21. The FTC entered Plaintiff's complaint into Consumer Sentinel, a

3  secure online database available to thousands of civil and criminal law enforcement agencies

4  worldwide. The reference number for this complaint is 26220667.

5  **Class Action Allegations**

6  32.  Plaintiff brings this action on his own behalf and additionally, pursuant to Rule 23

7  of the Federal Rules of Civil Procedure, on behalf of a nationwide class of all persons who

8  purchased a PS3 during the period November 17, 2006 to March 27, 2010 and who did not resell

9  their PS3 before March 27, 2010.

10  33.  Excluded from the Class is Sony; any parent, subsidiary, or affiliate of Sony; any

11  entity in which Sony has or had a controlling interest, or which Sony otherwise controls or

12  controlled; and any officer, director, employee, legal representative, predecessor, successor, or

13  assignee of Sony.

14  34.  This action is brought as a class action for the following reasons:

15  a.  The Class consists of millions of persons and is therefore so numerous that

16  joinder of all members, whether otherwise required or permitted, is impracticable;

17  b.  There are questions of law or fact common to the Class that predominate

18  over any questions affecting only individual members, including:

19  i.  whether Sony violated contractual covenants by issuing firmware

20  3.21 for the purpose of materially impairing Plaintiff's and other Class members ability to use the

21  PS3 functionalities for which they had paid substantial sums;

22  ii.  whether Sony violated the covenant of good faith and fair dealing

23  applicable to all contracts;

24  iii.  whether Sony unjustly enriched itself by retaining the entire sales

25  price for the PS3 despite having disabled valuable functions for which users initially paid;

26  iv.  whether Sony violated California's Unfair Competition Law by

27  restricting the PS3's functionalities by forcing consumers to choose between the Other OS function

28  and the Other Advertised Features impaired by Update 3.21 and by failing to inform customers

-9-

CLASS ACTION COMPLAINT

1    that it might force consumers to choose between the Other OS function and the Other Advertised

2    Features impaired by Update 3.21;

3                v.      whether Sony violated California's Consumer Legal Remedies Act

4    by representing that the PS3 would have features that it thereafter removed and/or by inserting

5    unconscionable terms into a contract; and

6                vi.      whether members of the Class have sustained damages and/or other

7    compensable losses and, if so, the proper measure thereof;

8            c.      The claims asserted by Plaintiff are typical of the claims of the members of

9    the Class;

10            d.      Plaintiff will fairly and adequately protect the interests of the Class, and

11    Plaintiff has retained attorneys experienced in class and complex litigation, including class action

12    litigation involving contracts and state statutes protecting consumer from unfair and deceptive acts;

13            e.      A class action is superior to other available methods for the fair and efficient

14    adjudication of the controversy, for at least the following reasons:

15                i.      Absent a class action, Class members as a practical matter will be

16    unable to obtain redress, Sony's violations of its legal obligations will continue without remedy,

17    and Sony will continue to retain its ill-gotten gains;

18                ii.      It would be a substantial hardship for most individual members of

19    the Class if they were forced to prosecute individual actions;

20                iii.      When the liability of Sony has been adjudicated, the Court will be

21    able to determine the claims of all members of the Class;

22                iv.      A class action will permit an orderly and expeditious administration

23    of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions;

24    and

25                v.      The lawsuit presents no difficulties that would impede its

26    management by the Court as a class action;

27           f.      Sony has acted on grounds generally applicable to Class members, making

28    class-wide relief appropriate; and

-10-

CLASS ACTION COMPLAINT

1          g.     The prosecution of separate actions by individual members of the Class

2 would create a risk of incompatible standards of conduct for Sony and of inconsistent or varying

3 adjudications for all parties.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

35.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 34 above as if fully set forth herein.

36.    Plaintiff and other Class members purchased PS3s from Sony with the justified expectation that Sony would honor its promise to support the Other OS function, as well as the Other Advertised Functions, without taking steps to prevent purchasers from using those functions. To obtain the benefit of these functions, Plaintiff and other Class members paid substantial sums.

37.    Plaintiff and the Class members have fulfilled their obligation under the sales contract by paying the PS3 asking price.

38.    Despite the full performance by Plaintiff and other class members, Sony issued Update 3.21, forcing purchasers to either install such firmware and lose the use of the Other OS function or to forgo the Other Advertised Functions for which they had paid.

39.    By forcing purchasers to either forgo the use of the Other Advertised Functions or install Update 3.21, Sony has materially breached its contract with Plaintiff and other Class members, which has resulted in harm to Plaintiff and other Class members who cannot obtain the benefit of their bargain.

40.    By reason of the foregoing, Sony has breached the parties' contract and is liable to Plaintiff and the other members of the Class.

### SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

41.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 40 above as if fully set forth herein.

42.    As a direct and proximate result of Sony's actions as described herein, Plaintiff and the Class have suffered, and continue to suffer, injury in fact and have lost money as a result of Sony's deception.

-11-

CLASS ACTION COMPLAINT

43.     Plaintiff and other Class members purchased PS3s with the expectation that they would be able to continue to use the Other OS function, as well as the Other Advertised Functions, for as long as they owned their PS3.

44.     Sony, however, forced purchasers to either forgo the use of the Other Advertised Functions or install Update 3.21, knowing that it was materially impairing the ability of Plaintiff and other Class members to obtain the performance for which they contracted. As such, Plaintiff and other Class members have not obtained the benefit of their bargain from Sony and the essential purpose of the PS3 sales contract has been frustrated.

45.     By reason of the foregoing, Sony has breached the covenant of good faith and fair dealing and is liable to Plaintiff and the other members of the Class.

### THIRD CAUSE OF ACTION
### (Unjust Enrichment)

46.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 45 above as if fully set forth herein.

47.     Plaintiff and the Class have conferred benefits on Sony by paying value for the Other OS function, as well as the Other Advertised Functions, that they reasonably expected Sony to support for the life of the PS3s they purchased.

48.     Sony knowingly and willingly accepted monetary benefits from Plaintiff and the Class, but Sony did not honor its obligations. Rather, Sony benefited from the sales of PS3s with the Other OS function which it then forced purchasers to either disable or forgo other important PS3 functions.

49.     Under the circumstances described herein, it is inequitable for Sony to retain the full monetary benefit at the expenses of Plaintiff and the Class.

50.     By engaging in the conduct described above, Sony has been unjustly enriched at the expense of Plaintiff and the Class and is required, in equity and good conscience, to compensate Plaintiff and the Class for harm suffered as a result of its actions.

51.     As a direct and proximate result of Sony's unjust enrichment, Plaintiff and the Class have suffered injury and are entitled to reimbursement, restitution, and disgorgement by Sony of the benefit conferred by Plaintiff and the Class.

-12-

CLASS ACTION COMPLAINT

1

## FOURTH CAUSE OF ACTION
### (California Unfair Competition Law)

2    52.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 51
3  above as if fully set forth herein.

4    53.    California's Unfair Competition Law, Business and Professions Code section
5  17200, et seq., prohibits any "unlawful, unfair or fraudulent business act or practice."

6    54.    Sony widely disseminated advertisements to the effect that the Other OS feature, as
7  well as other PS3 features, would be available and supported by Sony. Sony has failed to do so,
8  and Plaintiff and the Class have thereby been deprived of the benefit of their bargain. Sony's
9  conduct is fraudulent under the Unfair Competition Law.

10    55.    Sony's act of forcing purchasers to choose between the Other OS function and the
11  Other Advertised Functions is unfair because the injury to consumers is substantial, is not
12  outweighed by any countervailing benefits to consumers or Sony's competition, and is not an
13  injury consumers themselves could reasonably have avoided. As a result of Defendant's wrongful
14  conduct, the Plaintiff and the other Class members lost money.

15    56.    Plaintiff and other Class members lost money by purchasing a PS3 without
16  receiving the benefit of their bargain because the product is not what it was claimed to be -- a game
17  console that would provide both the Other OS feature and the Other Advertised Features.

18    57.    Sony's advertisements concerning the PS3 were false, deceptive and/or fraudulent,
19  and induced Plaintiff and the other members of the Class to make purchases they would not have
20  made otherwise if they had been in possession of all of the material facts.

21    58.    As a direct and proximate consequence of Sony's conduct, Plaintiff and the other
22  members of the Class suffered an ascertainable loss of money, including but not necessarily
23  limited to the purchase price of PS3s, the amount of such loss to be determined at trial.

24    59.    By reason of the foregoing, Sony is liable to Plaintiff and the other members of the
25  Class for restitution, including a sum equal to the amount of a refund of all monies acquired by
26  reason of Sony's sale of PS3s.

27

28

-13-

CLASS ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**
**(California's Consumer Legal Remedies Act)**

60.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 60 above as if fully set forth herein.

61.    In making the representations and omissions described herein, Sony violated California's Consumer Legal Remedies Act by representing that the PS3 had characteristics, uses, or benefits which it did not have in violation of Civil Code § 1770(5). Specifically, Sony represented that the PS3 had the Other OS feature while simultaneously omitting the material fact that the Other OS feature would likely not be available in the future. Therefore, Plaintiff seeks appropriate injunctive relief.

62.    Sony also violated Civil Code §1770(19) by inserting one or more unconscionable provisions into a contract. Sony's insertion of the following clauses into the System Software License Agreement was unconscionable:

- "Some services may change your current settings, cause a loss of data or content, or cause some loss of functionality."

- "SCE, at its sole discretion, may modify the terms of this Agreement at any time, including any terms in the PS3TM system documentation or manual, or at http://www.scei.co.jp/ps3-license/index.html. Please check back on this website from time to time for changes to this Agreement. Your continued access to or use of the System Software will signify your acceptance of any changes to this Agreement."

63.    Sony used its superior bargaining strength to impose those terms upon customers, and customers had no meaningful choice whether to accept or reject these provisions. Thus, the System Software License Agreement was the product of oppression and the lack of negotiation, not any meaningful choice.

64.    After entering into the contract for the purchase and sale of a PS3, Plaintiff and other Class members had no ability to negotiate the System Software License Agreement's terms, which was only provided to them after they purchased their PS3s, including the terms allowing Sony to remove functions at will, allowing it to unilaterally change the System Software License Agreement at will and forcing customers to either accept any changes in the System Software License Agreement or cease their use of their PS3.

-14-

CLASS ACTION COMPLAINT

65. In addition, Sony included these provisions within its small-type, prolix form; disguised them under nebulous headings; and buried them among sundry other unrelated contractual terms.

66. These provisions are, accordingly, procedurally unconscionable.

67. In imposing these terms, Sony sought to create for itself an unlimited ability to alter the System Software License Agreement and the functions of the PS3 as it saw fit and without any consideration to Plaintiff or other Class members.

68. These provisions are one-sided and unreasonably favorable to Sony. It uniquely favors Sony at the expense of customers, and Sony clearly hid these terms in its standard-form contract to gain unfair advantage over its consumers.

69. These terms are, as outlined above, substantively oppressive because they reallocate risk between consumers and Sony in an objectively unreasonable and unexpected manner by permitting Sony to change the System Software License Agreement and the PS3 functionalities to protect its interests in complete derogation of the rights of consumers.

70. Both procedurally and substantively, therefore, these provisions are unduly oppressive and unconscionable.

71. Therefore, if Sony asserts in this action a defense related to these provisions, by reason of the foregoing, Plaintiff and other Class members seek injunctive relief requiring Sony to cease enforcement of the foregoing unconscionable contract provisions.

WHEREFORE, Plaintiff requests that the Court enter judgment against Sony as follows:

A. Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, with a class as defined above;

B. On Plaintiff's First Cause of Action, awarding Plaintiff and the Class all appropriate remedies, including but not limited to damages as well as consequential and incidental damages;

C. On Plaintiff's Second Cause of Action, awarding Plaintiff and the Class all appropriate remedies, including but not limited to restitution and disgorgement of all profits unjustly retained by Sony;

-15-

CLASS ACTION COMPLAINT

1    D.    On Plaintiff's Third Cause of Action, awarding Plaintiff and the Class all

2  appropriate remedies, including but not limited to restitution and disgorgement of all profits

3  unjustly retained by Sony;

4    E.    On Plaintiff's Fourth Cause of Action, awarding Plaintiff and the Class all

5  appropriate remedies, including but not limited to restitution of all or part of the money Plaintiff

6  and the Class paid for the purchase of PS3s during the class period;

7    F.    On Plaintiff's Fifth Cause of Action, awarding Plaintiff injunctive relief only;

8    G.    Awarding Plaintiff's and the Class' interest, costs and attorneys' fees; and

9    H.    Awarding Plaintiff and the Class such other and further relief as this Court deems

10 just and proper.

11 DATED: April 27, 2010                    Respectfully submitted,

12

13                                          Rebecca Coll, Esq.

14                                          David J. Meiselman, Esq.
                                            Jeffrey I. Carton, Esq.
15                                          D. Greg Blankinship, Esq.
                                            Jerome Noll, Esq.
16                                          MEISELMAN, DENLEA, PACKMAN,
                                            CARTON & EBERZ P.C.
17                                          1311 Mamaroneck Avenue
18                                          White Plains, New York 10605
                                            (914) 517-5000
19
                                            Attorneys for Plaintiff
20

21

22

23

24

25

26

27

28

-16-

CLASS ACTION COMPLAINT

1

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a

2

3
trial by jury.

4

DATED: April 27, 2010

5

6

7
Respectfully submitted,

Rebecca Coll, Esq.

8
David J. Meiselman, Esq.
Jeffrey I. Carton, Esq.

9
D. Greg Blankinship, Esq.
Rebecca Coll, Esq.

10
Jerome Noll, Esq.

11
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.

12
1311 Mamaroneck Avenue
White Plains, New York 10605

13
(914) 517-5000

14
Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

CLASS ACTION COMPLAINT