Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
Tracy Tien (State Bar No. 253930)
ttien@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Counsel for Plaintiffs Todd Densmore and Antal Herz*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VENTURA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC.,<br><br>Defendant. | Case No. 3:10-cv-01811 RS<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORDER (1) CONSOLIDATING CASES, AND (2) APPOINTING FINKELSTEIN THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 24, 2010<br>Time: 1:30 p.m.<br>Courtroom: 3<br><br>The Honorable Richard Seeborg<br><br>[Filed concurrently with the Declaration of Rosemary M. Rivas] |

| | | |
|---|---|---|
| 1 | This document also relates to: | Case No.  3:10-cv-01945 EDL |
| 2 | TODD DENSMORE and ANTAL HERZ, on behalf of themselves and all others similarly situated, | The Honorable Elizabeth D. Laporte |
| 3 | | |
| 4 | Plaintiffs, | |
| 5 | v. | |
| 6 | SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation, | |
| 7 | | |
| 8 | Defendant. | |
| 9 | This document also relates to: | Case No. 3:10-cv-01897 SC |
| 10 | JASON BAKER, SEAN BOSQUETT, FRANK BACHMAN, PAUL GRAHAM , and PAUL VANNATA, Individually and on Behalf of All Others Similarly Situated, | The Honorable Samuel Conti |
| 11 | | |
| 12 | | |
| 13 | Plaintiffs, | |
| 14 | vs. | |
| 15 | SONY COMPUTER ENTERTAINMENT AMERICA, LLC successor to SONY COMPUTER ENTERTAINMENT AMERICA, INC. | |
| 16 | | |
| 17 | | |
| 18 | Defendant. | |
| 19 | This document also relates to: | Case No. 3:10-cv-01975 JL |
| 20 | KEITH WRIGHT, on behalf of himself and all others similarly situated, | The Honorable James Larson |
| 21 | | |
| 22 | Plaintiff(s), | |
| 23 | v. | |
| 24 | SONY COMPUTER ENTERTAINMENT AMERICA INC.; and SONY COMPUTER ENTERTAINMENT AMERICA, LLC. | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION & MOTION...............................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.      INTRODUCTION ........................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND...........................................3

        A.      Plaintiffs' Allegations ..............................................................3

        B.      Procedural Status ...................................................................5

III.    ARGUMENT ...............................................................................5

        A.      This Court Should Consolidate Ventura, Baker, Densmore, and Wright ... 5

        B.      This Court Should Appoint Finkelstein Thompson LLP as Interim, Co-Lead Class Counsel...............................................................7

                1.      Finkelstein Thompson LLP Has Performed Significant Work in Identifying and Investigating Potential Claims in This Action ...............................................................7

                2.      Numerous Courts Have Recognized Finkelstein Thompson LLP's Extensive Expertise in Pursuing Complex Litigation, Including Class Actions, and Finkelstein Thompson LLP is Knowledgeable of the Applicable Law ...............................................................9

                3.      Finkelstein Thompson LLP is Willing and Able to Commit Substantial Resources to Representing the Class ...............................................................13

                4.      Finkelstein Thompson LLP Works Cooperatively with Other Firms ...............................................................14

III.    CONCLUSION...............................................................................15

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                          **Page(s)**

*Daugherty v. Am. Honda Motor Co., Inc.,*
  144 Cal. App. 4th 824, 51 Cal. Rptr. 3d 118 (Cal. Ct. App. 2006) ......................................... 10

*Hacker v. Peterschmidt,*
  No. 06-3468, 2006 WL 2925683 (N.D. Cal. Oct. 12, 2006) ...................................................... 5

*Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California,*
  877 F.2d 777 (9th Cir. 1989) .................................................................................................... 5

*Medlock v. Taco Bell Corp.,*
  No. CV-F-07-1314, 2009 WL 1444343 (E.D. Cal. May 19, 2009)............................................. 8

*Rodriguez v. W. Publ'g Corp.,*
  563 F.3d 948 (9th Cir. 2009) ............................................................................................... 9, 11

**Statutes**

18 U.S.C. § 1030............................................................................................................................. 6

Cal. Bus. and Prof. Code §§ 17200, *et seq.* .................................................................................. 6

Cal. Bus. and Prof. Code §§ 17500, *et seq.* .................................................................................. 6

Cal. Civ. Code §§ 1750, *et seq.*..................................................................................................... 6

**Rules**

Fed. R. Civ. P. 23(g)...........................................................................................................1, 2, 14

Fed. R. Civ. P. 23(g)(1)................................................................................................................ 8

Fed. R. Civ. P. 23(g)(1)(A) .................................................................................................. passim

Fed. R. Civ. P. 23(g)(3).................................................................................................................. 6

Fed. R. Civ. P. 42 .................................................................................................................... 1, 5

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

**NOTICE OF MOTION & MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD** in the matters of

*Ventura v. Sony Computer Entertainment America Inc.*, 3:10-cv-01811 RS; *Densmore, et al. v.*

*Sony Computer Entertainment America, Inc.*, 3:10-cv-01945 EDL; *Baker, et al. v. Sony*

*Computer Entertainment, LLC*, 3:10-cv-01897 SC; and *Wright v. Sony Computer Entertainment*

*America Inc., et al.*, 3:10-cv-01975 JL:

   **PLEASE TAKE NOTICE** that on June 24, 2010, at 1:30 p.m., before the Honorable

Richard Seeborg of the Northern District of California, Plaintiffs Densmore and Herz will and

hereby do move for an order (1) consolidating the above-captioned cases, and (2) appointing

Finkelstein Thompson LLP as interim, co-lead class counsel pursuant to Fed. R. Civ. P. 42 and

23(g).  This motion is based on this Notice of Motion and Motion, the accompanying

Memorandum of Points and Authorities, the Declaration of Rosemary M. Rivas, the papers on

file in the matters, the arguments of counsel, and any other matter the Court wishes to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

   Plaintiffs Todd Densmore and Antal Hertz filed one of four proposed class actions

against Defendants Sony Computer Entertainment America, Inc. and/or Sony Computer

Entertainment America, LLC (collectively "Sony").  The suits arise out of Sony's decision to

eliminate a valuable, advertised function available on its Playstation®3 video game console

("PS3").  Plaintiffs Densmore and Hertz now seek an order that (1) consolidates the four actions,

and (2) appoints their counsel, Finkelstein Thompson LLP ("FT"), as interim, co-lead class

counsel under Rule 23(g) of the Federal Rules of Civil Procedure.[1]

   As Plaintiffs Densmore and Herz explain in greater detail below, the four cases (all of

which were filed within about a week of each other) involve common questions of fact and law.

Each case alleges that Sony advertised and sold PS3 gaming consoles as including the "Install

---

[1] FT proposes a leadership structure consisting of two co-leads with the authority to select other firms to form an executive committee, subject to the Court's approval.

1

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

1   Other OS" function, which allowed users to install operating systems other than the PS3's native

2   operating system.  The "Install Other OS" function allowed users to run different web browsers,

3   programs and essentially operate the PS3 like a computer.  Sony advertised the "Install Other

4   OS" as being an important function to the PS3.  On April 1, 2010, Sony released an update,

5   Firmware 3.21, which was mandatory if users wished to maintain other certain PS3 functions,

6   such as the ability to play Blu-ray discs and play games online.  Upon installation of Firmware

7   3.21, however, users lost the "Install Other OS" function.  All four cases bring claims under

8   California's consumer protection statutes and seek certification of essentially the same class of

9   consumers.  Accordingly, consolidation of the four cases is appropriate.

10          FT is also the firm that is the best able to represent the proposed Class based on the

11   criteria set forth in Rule 23(g).  First, FT has a spent a significant amount of time and effort

12   investigating and identifying the claims at issue.  Declaration of Rosemary M. Rivas ("Rivas

13   Decl."), ¶ 13.  FT launched its investigation on March 28, 2010, in response to requests from

14   consumers seeking representation and before Sony even eliminated the "Install Other OS

15   Feature."  *Id*.  These consumers informed FT that they were contacting the firm because they

16   heard about FT's reputation and believed FT could help them.  *Id.*  As part of its investigation,

17   FT reviewed: (1) Sony's advertisements and public statements about the PS3's features and

18   functionality, including the "Install Other OS" function and future firmware updates; (2) Sony's

19   warranty; (3) Sony's terms and conditions; (4) the PS3 owner manual; and (5) Sony's system

20   software license agreement.  Rivas Decl. ¶ 13.  FT has continued to interview numerous

21   consumers and has compiled a list of their contact information, complaints and experiences.  *Id.*

22          Second, FT has substantial experience in litigating class actions and complex litigation,

23   including the types of claims at issue here.  FT has recovered hundreds of millions of dollars on

24   behalf of consumers and investors and numerous judges in state and federal courts around the

25   country have praised the quality of FT's representation against some of the largest and most

26   powerful corporations.  *Id.* at ¶¶ 6-7.  As such, a number of judges in this District, including

27

28

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

1   Judge Jeremy Fogel, Judge Susan Illston, and Judge Claudia Wilken, have appointed FT as co-

2   lead or lead class counsel.  *Id.*

3        Third, FT's attorneys have great knowledge of the applicable law.  One of FT's lead

4   attorney's in this case, Douglas G. Thompson, has served as lead or co-lead counsel in some of

5   the largest class actions certified.  Rosemary M. Rivas, another lead attorney with FT, has

6   exclusively represented consumers in class actions under California's consumer protection

7   statutes for almost a decade with repeated success.   FT's attorneys have defeated motions to

8   dismiss, motions for summary judgment and have obtained class certification and settlements

9   against some of largest and most resourceful defendants, including Microsoft, Merrill Lynch,

10  Sears, West Publishing Corporation, Gateway, Inc., Blue Shield of California, Apple Computer,

11  Inc. and Facebook, Inc., to name a few.

12       Fourth, FT has the resources to commit to this litigation.  With 20 lawyers, a strong staff

13  of paralegals, an in-house financial analyst and offices in San Francisco, California and

14  Washington, D.C., FT is willing and able to provide a depth of resources unmatched by any other

15  firm in this litigation.  Accordingly, Plaintiffs Densmore and Hertz respectfully request that this

16  Court grant their motion.

17  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

18       **A.      Plaintiffs' Allegations**

19       On November 17, 2006, Sony introduced the PS3, touting it as "the most advanced

20  computer system that serves as a platform to enjoy next generation computer entertainment."

21  Sony advertised, marketed, and sold PS3 systems as including a built-in Blu-ray disc player, the

22  ability to go online to access the PlayStation Network ("PSN") and play against other players,

23  and the ability to install other operating systems, also known as the "Install Other OS" function.

24  The ability to play Blu-ray discs and install other operating systems is unique to the PS3 amongst

25  other video games consoles such as Microsoft's Xbox and Nintendo's Wii.

26       The "Install Other OS" function allowed Plaintiffs and other PS3 users to install other

27  operating systems; this in turn allows PS3 users to run a number of web browsers, which provide

28

3

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

1    more functionality than the one browser Sony has in its native PS3 operating system. Users

2    could also run word processor software, spreadsheet software, and email software on other

3    operating systems. The "Install Other OS" function essentially allowed users to operate the PS3

4    like a computer rather than simply a gaming console. Indeed, Sony advertised that "[t]here is

5    more to the PLAYSTATION®3 (PS3™) computer entertainment system than you may have

6    assumed. In addition to playing games, watching movies, listening to music, and viewing

7    photos, you can use the PS3™ system to run the Linux operating system. By installing the

8    Linux operating system, you can use the PS3™ system not only as an entry-level personal

9    computer with hundreds of familiar applications for home and office use, but also as a complete

10   development environment for the Cell Broadband Engine™ (Cell/B.E.)." Sony made numerous

11   representations on its website and advertisements regarding the PS3's "Install Other OS"

12   function and users' ability to use the PS3 as a computer instead of simply as a gaming console.

13          Sony knew that the ability to run other operating systems was considered to be important

14   and material to users. On or around August 18, 2009, Sony announced the release of the PS3

15   "slim" model available on September 1, 2009. The PS3 slim did not include the ability to install

16   other operating systems. Sony, however, reassured users that Sony "is committed to continue the

17   support for previously sold models that have the 'Install Other OS' feature and that this feature

18   will not be disabled in future firmware releases."

19          On or about April 1, 2010, Sony released Firmware 3.21, which would disable the

20   "Install Other OS" function. Users were not really given a choice in whether to install Firmware

21   3.21. Users who installed Firmware 3.21 lost the valuable "Install Other OS" function. On the

22   other hand, users who failed to install Firmware 3.21 lost other advertised and valuable functions

23   such as: (1) the ability to sign-in to the PSN, which allows users to play games online; (2) the

24   ability to use online features that require a user to sign in to the PSN, such as chat; (3) the ability

25   to use the online features of PS3 format software; (4) playback of PS3 software or Blu-ray Disc

26   videos that require Firmware 3.21 or later; (5) playback of copyright-protected videos that are

27

28                                                4
     MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
         THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
                      CASE NO. 3:10-cv-01811 RS

1  stored on a media server; and (6) use of new features and improvements that are available on

2  PS3 Firmware 3.21 or later.

3     **B.     Procedural Status**

4        Within a span of about a week, four cases were filed against Sony relating to its

5  elimination of the "Install Other OS" function.  On April 27, 2010, the case titled *Ventura v.*

6  *Sony Computer Entertainment America Inc ("Ventura"),* 3:10-cv-01811 RS was filed in the

7  United States District Court for the Northern District of California and is assigned to this Court.

8        On April 30, 2010, the case titled *Baker, et al. v. Sony Computer Entertainment, LLC*

9  ("*Baker*"), 3:10-cv-01897 SC was filed in the United States District Court for the Northern

10  District of California and is assigned to the Honorable Samuel Conti.

11        On May 5, 2010, the case titled *Densmore, et al. v. Sony Computer Entertainment*

12  *America, Inc.* ("*Densmore*"), 3:10-cv-01945 EDL was filed in the United States District Court

13  for the Northern District of California and is assigned to the Honorable Elizabeth B. Laporte.

14        On May 6, 2010, the case titled *Wright v. Sony Computer Entertainment America Inc., et*

15  *al.* ("*Wright*"), 3:10-cv-01975 JL was filed in the United States District Court for the Northern

16  District of California and is assigned to the Honorable James Larson.

17        On May 17, 2010, in an effort to move all of the cases forward efficiently and

18  expediently before one judge, Plaintiffs Densmore and Herz filed an administrative motion to

19  relate the *Densmore, Baker,* and *Wright* actions to *Ventura* as required by Local Rule 3-12.

20  **III.    ARGUMENT**

21     **A.     This Court Should Consolidate *Ventura, Baker, Densmore*, and *Wright***

22        Fed. R. Civ. P. 42 provides that "[w]hen actions involving a common question of law or

23  fact are pending before the court, it may order a joint hearing or trial of any or all the matters in

24  issue in the actions; it may order all the actions consolidated; and it may make such orders

25  concerning proceedings therein as may tend to avoid unnecessary costs or delay."  The district

26  court has broad discretion to consolidate cases pending in the same district.  *Hacker v.*

27  *Peterschmidt*, No. 06-3468, 2006 WL 2925683, *2 (N.D. Cal. Oct. 12, 2006); *Investors Research*

28  ─────────────────────────────────────────────

5

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

1   *Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989) (district

2   court shall consider consolidation motion even if cases are before different judges and a related

3   case transfer was denied).

4       The *Ventura, Densmore, Baker,* and *Wright* actions should be consolidated.  All four

5   actions involve common questions of fact such as whether Sony advertised the "Install Other

6   OS" function and other functions, such as the ability to play games online and to play Blu-ray

7   discs, as integral to the PS3 console and whether Sony provided no real option to users when it

8   released Firmware 3.21, which required users to either lose the "Install Other OS" feature or lose

9   the other advertised features described above.

10      All four actions involve common questions of law, such as whether consumers are

11   entitled to relief for Sony's wrongful conduct in releasing Firmware 3.21 to disable the "Install

12   Other OS" function and forcing consumers to choose between either losing the "Install Other

13   OS" function or losing others.  All four cases state claims for breach of contract, breach of the

14   covenant of good faith and fair dealing, and violations of the Consumers Legal Remedies Act

15   (Cal. Civ. Code §§ 1750, *et seq.*) and the California Unfair Competition Law (Cal. Bus. and Prof.

16   Code §§ 17200, *et seq.*).[2]  Finally, all four cases are brought on behalf of a Class of persons in

17   the United States who purchased a PS3 from November 17, 2006 to March 27, 2010 and

18   continued to own the PS3 on March 27, 2010.

19       Accordingly, Plaintiffs Densmore and Herz request that this Court consolidate *Ventura,*

20   *Densmore, Baker,* and *Wright*, direct that the filings in each matter shall carry the case number of

21   this matter, and direct that the filings shall bear the caption: In re Sony PS3 "Install Other OS"

22   Function Litigation.

23   *//*

24   *//*

25

26   [2]*Ventura, Densmore,* and *Wright* also assert a claim for unjust enrichment.  In addition, *Densmore* asserts claims for trespass to chattels, and violation of the Computer Fraud and Abuse

27   Act (18 U.S.C. § 1030) and California's False Advertising Law (Cal. Bus. and Prof. Code §§ 17500, *et seq.*).

28

**B.** **This Court Should Appoint Finkelstein Thompson LLP as Interim, Co-Lead Class Counsel**

A court may designate interim counsel to act on behalf of a proposed class before determining whether to certify the action as a class action.  Fed. R. Civ. P. 23(g)(3).  Pursuant to Fed. R. Civ. P. 23(g)(1)(A), when appointing interim lead class counsel, the court must consider:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
>
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (3) counsel's knowledge of the applicable law; and
>
> (4) the resources that counsel will commit to representing the class;

Each of these factors support FT's appointment as interim, co-lead class counsel in these proceedings.

**1.** **Finkelstein Thompson LLP Has Performed Significant Work in Identifying and Investigating Potential Claims in This Action**

The first factor a court must consider in appointing lead counsel is the work done in identifying or investigating potential claims in the action.  Fed. R. Civ. P. 23(g)(1)(A).  FT has devoted substantial hours and resources in this action.  FT launched its investigation on March 28, 2010, in response to requests from consumers seeking representation and even before Sony eliminated the "Install Other OS" function.  Rivas Decl. ¶ 13.  As part of its investigation, FT reviewed: (1) Sony's advertisements and public statements about the PS3's features and functionality, including the "Install Other OS Feature," and future firmware updates; (2) Sony's warranty; (3) Sony's terms and conditions; (4) the PS3 owner manual; and (5) Sony's system software licensing agreement.  FT extensively investigated Sony's actions, the Firmware 3.21 (including the advantages and disadvantages of installing it), as well as the history of the "Install Other OS" function.  *Id.*

7

1    Before filing the *Densmore* complaint, FT received numerous inquiries from PS3 users

2    regarding whether Sony's issuance and transmittal of Firmware 3.21 was actionable.  In fact,

3    PS3 users informed FT that they were contacting the firm because they had heard about FT's

4    reputation in pursuing class actions and they believed that FT could help them.  Rivas Decl. ¶ 13.

5    After thoroughly discussing the issues with Plaintiffs, reviewing Plaintiffs' documentation,

6    reviewing other consumer complaints online, and researching the possible claims, FT filed the

7    *Densmore* action on May 5, 2010.  *Id.*

8    Since *Densmore* was filed, FT has continued to receive inquiries from numerous PS3

9    owners regarding the Complaint and their possible participation in the action.  Rivas Decl. ¶ 14.

10   FT has responded to these inquiries via email and/or telephone and has received additional

11   information regarding customer dissatisfaction with Sony's actions.  *Id.*  FT has compiled a list

12   of these PS3 owners, their contact information, and the factual information provided to FT.  *Id.*

13   That FT was not the first firm to file is of no moment.  It is well known that "[t]he first

14   attorney to file is not entitled to special consideration for appointment as lead counsel simply by

15   winning the race to the courthouse."  *Medlock v. Taco Bell Corp.*, No. CV-F-07-1314, 2009 WL

16   1444343, *6 (E.D. Cal. May 19, 2009) (citing 3 William B. Rubenstein, Alba Conte & Herbert

17   B. Newberg, *Newberg on Class Actions* § 9:35 (4th ed. 2009)).

18   Rather, the factors to consider "include experience and prior success record, the number,

19   size, and extent of involvement of represented litigants, the advanced stage of the proceedings in

20   a particular suit, and the nature of the causes of action alleged."  *Medlock*, 2009 WL 1444343, at

21   *6.  FT's experience and prior success record are discussed in detail, *infra*.  Both Plaintiffs

22   Densmore and Herz have been involved in this case and the development of the complaint.

23   Rivas Decl. ¶ 13.  All four cases have just been filed so the *Ventura* proceedings are not more

24   advanced than those in any other case.  Finally, FT has investigated and asserted additional

25   claims not raised in the other complaints, which will more thoroughly protect the interests of the

26   class members.  *See* Fed. R. Civ. P. 23(g)(1) (the court considers work counsel has done in

27   identifying or investigating potential claims in the action); *see also Christiansen, et al. v. JP*

28

8

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

*Morgan Chase & Co., et al.*, Case No. 09-6352 at 5 (C.D. Cal. Jan. 5, 2010) (civil minutes appointing counsel advancing unique claims as class counsel).

Here, FT has addressed the relevant Fed. R. Civ. P. 23(g)(1)(A) factors in detail, has conducted significant investigation in *Densmore*, all four cases were filed within days of each other, and has investigated and identified additional claims.  Accordingly, the first Rule 23(g)(1)(A) factor supports the appointment of FT.

> **2.    Numerous Courts Have Recognized Finkelstein Thompson LLP's Extensive Expertise in Pursuing Complex Litigation, Including Class Actions, and Finkelstein Thompson LLP is Knowledgeable of the Applicable Law**

The second and third factors a court must look at in appointing lead counsel are counsel's experience in handling class actions, other complex litigation, claims of the type asserted in the action, and counsel's knowledge of the applicable law.  Fed. R. Civ. P. 23(g)(1)(A).  FT has extensive experience leading complex consumer cases in state and federal trial and appellate courts across the country.  Indeed, FT concentrates almost exclusively in representing plaintiffs in complex class actions.

Numerous courts have recognized FT's skill and experience in class actions and complex litigation.  Rivas Decl. ¶¶ 6-8.  For example, in a published decision affirming the settlement of $49 million achieved by FT and its co-counsel in an antitrust class action lawsuit in the bar review market, the Ninth Circuit stated that "counsel has considerable experience in litigating . . . class actions, and other complex litigation." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 967 (9th Cir. 2009).  Rivas Decl. ¶ 6.  In *Freeland v. Iridium World Communications*, Case No. CR 99-1002 (D.D.C.), the Honorable Nanette K. Laughrey commended FT and its co-counsel for their work in achieving a $43.1 million settlement, stating "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work we had in our chambers as a result of this case." *Id.*   Similarly, in *In re Interbank Funding Corp. Sec. Litig.*, Case No. 02-1490 (D.D.C.), Judge Bates of the District Court for the District of Columbia observed that FT

9

1   had "skillfully, efficiently, and zealously represented the class, and . . . worked relentlessly

2   throughout the course of the case."  Rivas Decl. ¶ 6.

3          A sampling of the ongoing, national consumer class actions in which FT is currently

4   playing a prominent role include:

5          • *Lima v. Gateway*, Case No. SACV09-01366 DMG (C.D. Cal.): FT serves as lead

6              counsel in this class action alleging that Gateway made representations that were

7              likely to deceive reasonable consumers and failed to disclose material information

8              in connection with the sale of its computer monitors.  In this role, FT persuaded

9              Judge Dolly M. Gee that the case was not subject to the rule announced in

10             *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 51 Cal. Rptr. 3d

11             118 (Cal. Ct. App. 2006) and its progeny.  As a result of FT's efforts, Judge Gee

12             denied defendant's motion to dismiss in its entirety.

13         • *In re Facebook PPC Advertising Litigation*, Case No. C 09-03043 JF (N.D. Cal.):

14             Judge Jeremy Fogel appointed FT as co-lead counsel in this class action on behalf

15             of advertisers alleging charges for "invalid clicks."  FT defeated Facebook's

16             attempts to dismiss the litigation at the pleading stage.

17         • *In re DirecTV Early Cancellation Fee Marketing and Sales Practices Litigation*,

18             Case No. 8:09-ml-2093AG (C.D. Cal.):  Judge Andrew Guilford appointed FT as

19             one of four members of an Executive Committee in this multidistrict litigation.

20             FT has been actively involved in pleading the complaint, motion practice and

21             discovery.

22         • *In re Sony PS3 Litigation*, Case No. 09-4701 (N.D. Cal.):  FT serves on the

23             executive committee in this litigation involving the Sony PlayStation 3 electronic

24             gaming system.  In this role, FT drafted the consolidated complaint and worked

25             on opposing Sony's motion to dismiss, which is currently scheduled for hearing.

26         • *Crowley v. J.P. Morgan Chase &* Co., Case No. 112540/09 (Sup. Ct. N.Y.): FT

27             serves as one of two co-leads in this class action alleging that the defendants

                                            10

28   MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
         THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
                    CASE NO. 3:10-cv-01811 RS

systemically decrease customer's credit limits without timely and reasonable notice of the decrease.

- *Ironworkers Local No. 399 and Participating Employers Health And Welfare Funds v. Janssen, L.P.*, Case No. 3:06-cv-03044-FLW-JJH (D.N.J): FT is lead counsel of third-party payor class actions alleging that Janssen and Johnson & Johnson promoted and disseminated misleading messages about the safety and efficacy of the off-label use of Risperdal®.  To date, FT has, among other things, facilitated the organization of meetings and conference calls with counsel, attended hearings, and managed the filing of the Consolidated Amended Complaint.

- *In re Aqua Dots Products Liability Litigation*, MDL No. 1940, Case No. 1:08-cv-02364 (N.D.Il.): FT is one of four co-leads in this national class action brought on behalf of purchasers of Chinese-made Aqua Dots toys containing a toxic coating. In this role, FT has participated in all aspects of the case, including discovery and drafting the motion for class certification and opposition to the motion to dismiss.

- *In re Intel Microprocessor Antitrust Litigation*, Case No. 05-1717, (D. Del.): FT serves on the Discovery Committee in this litigation asserting claims on behalf of purchasers of Intel microprocessors, and in that capacity has negotiated discovery of massive amounts of transactional data from approximately 20 third parties over several years and has taken multiple depositions concerning that data.

FT has also achieved settlements totaling over one billion dollars for the classes it has represented, including the following cases brought on behalf of consumers:[3]

---

[3] FT is similarly a leader in its other practice areas, including antitrust, commodities and securities litigation.  *See, e.g., In re Natural Gas Commodity Litig.*, Case No. 03-6186 (S.D.N.Y.) (Co-Lead Counsel negotiating over $100 million in settlements); *Heliotrope Gen., Inc. v. Sumitomo Corp., et al*., Case No. 701679 (Cal. Super. San Diego)(Co-Lead Counsel negotiating settlements totaling $100 million); *Rodriguez v. West Publ'g*, 563 F.3d 948 (9th Cir. 2009) (Co-class counsel negotiating settlements totaling $49 million)*; In re Merrill Lynch & Co., Inc. Research Reports Litigation*, MDL 1484 (S.D.N.Y.) (Lead Counsel in six of the underlying

11

1   • *In re Mattel, Inc. Toy Lead Paints Products Liability Litigation*, Case No. 2:07-

2   ml-0187-DSF-AJW (C.D. Cal.): FT serves on the executive committee in this

3   consolidated litigation, which asserted claims on behalf of purchasers of toys

4   containing either lead paint or faulty magnetic attachments and which resulted in

5   a multimillion dollar settlement.  FT was the sole counsel in this proceeding

6   asserting claims on behalf of purchasers of toys containing magnets.

7   • *In re Diet Drugs Prods Liab. Litig.,* MDL 1203 (E.D. Pa.): FT served as the Co-

8   Chair of a litigation group designated to prosecute claims not initially advanced

9   by the Plaintiffs' Management Committee.   FT was focused primarily on

10  prosecuting a class refund remedy which was valued (at settlement) at nearly

11  $240 million.

12  • *In re Countrywide Financial Corp. Customer Data Security)* Case No. 3:08-md-

13  01998-TBR (W.D. Ky.): FT serves as lead counsel in this case, in which over 2.4

14  million customers' private financial information was stolen and sold to outsiders.

15  FT participated in all aspects of the case, including negotiating a multimillion

16  dollar settlement, currently scheduled for final approval in July 2010.

17  • *In re Heartland Payment Systems, Inc. Data Security Breach Litig.*, Case No. H-

18  09-MD-02046 (S.D. Tex.):  FT serves as one of three co-lead counsel in this

19  multidistrict litigation, which prosecutes claims on behalf of hundreds of millions

20

21  securities class actions with a total settlement amount of $125 million); *Rudolph vs. UT Starcom,
    et al*, Case No. 3:07-CV-04578-SI (N.D. Cal.) (sole Lead Counsel in securities class action
22  negotiating a settlement totaling $9.5 million); *Holly Glenn v. Polk Audio, Inc.*, Case No.
    99cv4768 (Md. Cir. – Baltimore) (Co-Lead Counsel in securities class action negotiating
23  settlement totaling $4.8 million); *Grecian v. Meade Instruments, Inc.,* Case No. 06cv908 (C.D.
    Cal.) (sole Lead Counsel in securities class action negotiating settlement totaling $3 million);
24  *Conroy, et al. v. 3M Corporation, et al.*,Case No. 4:00-CV-2810 CW (N.D. Cal.) (co-lead
    counsel in class action for antitrust violations achieving settlement valued at $41 million).
25

26

27

28
                                         12

of individuals whose financial information was put at risk due to a data security breach.  In this role, FT has successfully negotiated a multimillion dollar settlement.

- *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation*, Case No. 05cv1671 (C.D. Cal.): Judge Snyder appointed FT co-lead counsel in this class action for antitrust violations.  FT achieved a settlement in the amount of $48 million.

- *In re Dynamic Random Access (DRAM) Antitrust Litig*, Case No. M-02-1486 (N.D. Cal.):  FT serves on the Executive Committee in this litigation brought on behalf of indirect consumer purchasers of DRAM memory.  This litigation recently settled.

In addition, FT has been in business for 33 years and is nationally recognized as a premier class action firm.  Rivas Decl. ¶ 2.  FT's attorneys are highly skilled and experienced in this type of litigation and the above sampling of representative cases shows that FT has knowledge of the applicable law.  Rivas Decl. ¶ 2-5.

### 3.    Finkelstein Thompson LLP is Willing and Able to Commit Substantial Resources to Representing the Class

The fourth factor a court must look at in appointing lead counsel is the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1)(A).  FT's track record of effective prosecution of complex class actions reflects its willingness to commit the resources and time necessary to effectively prosecute this case.  Indeed, the firm has, on several occasions, prosecuted cases lasting many years and requiring significant commitment.  *See, e.g., Freeland v. Iridium World Communications, Ltd., et al.*, Case No. 99-1002 (D.D.C) (nine years of litigation leading to $43.1 million settlement); *In re Natural Gas Commodity Litig.*, Case No. 03-616 (S.D.N.Y.) (four years of litigation leading to final approval of over $100 million in

13

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS

1    settlements); *Heliotrope Gen., Inc. v. Sumitomo Corp., et al.*, Case No. 701679 (Cal. Super- San

2    Diego) (over six years of litigation leading to approval of over $100 million in settlements).

3         FT has already committed significant time and resources by investigating and drafting the

4    *Densmore* complaint, exploring causes of actions not alleged in the other actions, and

5    communicating with Plaintiffs and other interested PS3 users.  Rivas Decl. ¶¶ 13-14.   The

6    partners and associates at FT have worked diligently and efficiently to advance the claims of its

7    clients and members of the proposed class.  FT anticipates that its attorneys will continue to

8    work on this matter and draw on the expertise FT's in-house chartered financial analyst, as

9    events require.

10        With respect to financial resources, FT is capable of funding litigation against some of

11   the most well-heeled defendants and defense attorneys in the country as reflected by the firm's

12   cases.  FT is fully prepared to – and indeed, expects to – invest similar financial resources here.

13   Rivas Decl. ¶¶ 4-5.

14              **4.        Finkelstein Thompson Works Cooperatively with Other Firms**

15        Finally, FT has a reputation for working cooperatively with other firms.  Indeed, FT's

16   track record in serving as lead or co-lead class counsel in some cases, while serving on executive

17   committees in others, proves this point.  In this litigation, FT reached out to Meiselman, Denlea,

18   Packman, Carton & Eberz P.C. ("MDPCE"), counsel for Plaintiff Ventura.  Rivas Decl. ¶ 15.

19   Specifically, Rosemary M. Rivas of FT contacted Jeffrey Carton of MDPCE to discuss strategy

20   for the case and an inclusive co-leadership structure for plaintiffs' counsel that would serve the

21   best interests of the Class.  *Id.*  MDPCE refused to discuss the issues for various reasons until

22   May 17, 2010, when Mr. Carton telephoned Ms. Rivas and presented as a *fait accompli* a co-

23   leadership structure consisting of MDPCE and Calvo & Clark LLP ("C&C"), the firm that filed

24   the fourth action (*Wright*).  *Id.*  An hour or so later, MDPCE and C&C filed a motion for

25   appointment of interim, co-lead class counsel.  *Id.*

26        FT submits that based on all of the factors listed under Rule 23(g), as well as FT's

27   reputation for working cooperatively with other firms, it is the best firm suited to serve as one of

28
                                           14
     MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
     THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
     CASE NO. 3:10-cv-01811 RS

1   two co-leads.  Rivas Decl. ¶ 16.  Should FT be appointed as interim, co-lead class counsel, FT

2   will ensure that work will be fairly divided amongst all the firms according to their skills and

3   knowledge, and so as to avoid duplication of efforts.

4   **III.   <u>CONCLUSION</u>**

5     For the foregoing reasons, Plaintiffs Densmore and Herz respectfully request that this

6   Court enter the Proposed Order submitted herewith: (1) consolidating *Ventura, Densmore,*

7   *Baker,* and *Wright*; and (2) appointing FT as interim, co-lead class counsel to act on behalf of the

8   proposed Class.

9   Dated:  May 19, 2010     Respectfully submitted,

10             **FINKELSTEIN THOMPSON LLP**

11             <u>/s/ Rosemary M. Rivas</u>

12             Rosemary M. Rivas

13             Tracy Tien

14             Mark Punzalan
               100 Bush St., Suite 1450

15             San Francisco, California 94104
               Telephone:  (415) 398-8700

16             Facsimile:   (415) 398-8704

17             Douglas G. Thompson
               Mila F. Bartos

18             **FINKELSTEIN THOMPSON LLP**

19             The Duval Foundry
               1050 30th Street, N.W.

20             Washington, DC 20007
               Telephone: (202) 337-8000

21             Facsimile: (202) 337-8090

22             *Counsel for Plaintiffs Todd Densmore and Antal*

23             *Herz*

24

25

26

27

28

MOTION FOR ORDER CONSOLIDATING CASES AND APPOINTING FINKELSTEIN
THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL
CASE NO. 3:10-cv-01811 RS