Rosemary M. Rivas (State Bar No. 209147)
rrivas@finkelsteinthompson.com
Mark Punzalan (State Bar No. 247599)
mpunzalan@finkelsteinthompson.com
Tracy Tien (State Bar No. 253930)
ttien@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Bush Street, Suite 1450
San Francisco, CA 94104
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Counsel for Plaintiffs Todd Densmore and Antal Herz*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY VENTURA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC.,<br><br>Defendant. | Case No.  CV 3:10-cv-01811 RS<br><br>**[PROPOSED] ORDER (1) CONSOLIDATING CASES, AND (2) APPOINTING FINKELSTEIN THOMPSON LLP AS INTERIM, CO-LEAD CLASS COUNSEL**<br><br>Date: June 24, 2010<br>Time: 1:30 p.m.<br>Courtroom: 3<br><br>The Honorable Richard Seeborg |

| | | |
|---|---|---|
| 1 | This document also relates to: | Case No. 3:10-cv-01945 EDL |
| 2 | TODD DENSMORE and ANTAL HERZ, on behalf of themselves and all others similarly situated, | The Honorable Elizabeth D. Laporte |
| 3 | | |
| 4 | Plaintiffs, | |
| 5 | v. | |
| 6 | | |
| 7 | SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation, | |
| 8 | Defendant. | |
| 9 | This document also relates to: | Case No. 3:10-cv-01897 SC |
| 10 | JASON BAKER, SEAN BOSQUETT, FRANK BACHMAN, PAUL GRAHAM, and PAUL VANNATA, Individually and on Behalf of All Others Similarly Situated, | The Honorable Samuel Conti |
| 11 | | |
| 12 | | |
| 13 | Plaintiffs, | |
| 14 | vs. | |
| 15 | SONY COMPUTER ENTERTAINMENT AMERICA, LLC successor to SONY COMPUTER ENTERTAINMENT AMERICA, INC. | |
| 16 | | |
| 17 | | |
| 18 | Defendant. | |
| 19 | This document also relates to: | Case No. 3:10-cv-01975 JL |
| 20 | KEITH WRIGHT, on behalf of himself and all others similarly situated, | The Honorable James Larson |
| 21 | | |
| 22 | Plaintiff(s), | |
| 23 | v. | |
| 24 | SONY COMPUTER ENTERTAINMENT AMERICA INC.; and SONY COMPUTER ENTERTAINMENT AMERICA, LLC. | |
| 25 | | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

1    On June 24, 2010, at 1:30 am, the Court heard the motion of Plaintiffs Todd Densmore
2 and Antal Herz ("Plaintiffs") for an order: (1) consolidating cases, and (2) appointing Finkelstein
3 Thompson LLP as interim, co-lead class counsel.  Having reviewed the parties' papers and heard
4 oral argument, and good cause appearing, the Court GRANTS Plaintiffs' motion.
5    IT IS HEREBY ORDERED:
6    1.    The following cases are consolidated:
7        • *Ventura v. Sony Computer Entertainment America Inc.*, 3:10-cv-01811 RS;
8        • *Densmore et al. v. Sony Computer Entertainment America, Inc.*, 3:10-cv-1945
9          EDL;
10       • *Baker et al. v. Sony Computer Entertainment, LLC*, CV 3:10-cv-01897 SC;
11         and
12       • *Wright v. Sony Computer Entertainment America Inc. et al.*, 3:10-cv-01975
13         JL.
14   The Court finds that these cases involve common questions of law and fact, pursuant to
15 Fed. R. Civ. P. 42.  All future filings shall bear Case No. 3:10-cv-01811 RS and bear the caption:
16 In re Sony PS3 "Install Other OS" Function Litigation.
17   2.    Pursuant to Fed. R. Civ. P. 23(g)(3), Finkelstein Thompson LLP is appointed
18 Interim, Co-Lead Class Counsel based on the firm's: (1) work in identifying or investigating
19 potential claims in the action; (2) experience in handling class actions, other complex litigation,
20 and claims of the type asserted in the action; (3) knowledge of the applicable law; and (4) the
21 resources the firm will commit to representing the class.  Finkelstein Thompson LLP shall have
22 responsibility for and authority over the following matters on behalf of all plaintiffs in the
23 Consolidated Action:
24       a.    Determining and presenting in motions, briefs, oral argument or such other
25             fashion as may be appropriate, the position of all of the Plaintiffs as to all
26             matters arising during all pretrial and trial proceedings;
27       b.    Conducting or coordinating discovery on behalf of the Plaintiffs consistent

|   |   |   |
|---|---|---|
| 1 |    | with the Federal Rules of Civil Procedure, including the preparation of |
| 2 |    | joint interrogatories, requests for production of documents, requests for |
| 3 |    | admissions and the examination of witnesses in depositions; |
| 4 | c. | Communicating with the Court; |
| 5 | d. | Communicating with defense counsel; |
| 6 | e. | Directing, supervising and monitoring the activities of Plaintiffs' counsel |
| 7 |    | and implementing procedures to ensure that schedules are met and |
| 8 |    | unnecessary expenditures of time and funds by counsel are avoided; |
| 9 | f. | Signing any consolidated complaint, motions, briefs, discovery requests or |
| 10 |    | objections, subpoenas or notices on behalf of all Plaintiffs or those |
| 11 |    | plaintiffs filing the particular papers; |
| 12 | g. | Conducting all pre-trial proceedings on behalf of all Plaintiffs |
| 13 | h. | Employing and consulting with experts; |
| 14 | i. | Calling meetings of all Plaintiffs' counsel when appropriate; |
| 15 | j. | Conducting settlement discussions with defense counsel on behalf of the |
| 16 |    | Plaintiffs and the putative class; |
| 17 | k. | Informing all Plaintiffs' and Plaintiffs' counsel of the progress of this |
| 18 |    | litigation as necessary; |
| 19 | l. | Making all work assignments to Plaintiffs' counsel in such a manner as to |
| 20 |    | promote the orderly and efficient prosecution of this litigation and to avoid |
| 21 |    | unnecessary duplication and unproductive efforts for all parties; |
| 22 | m. | Ensuring that work assignments to all Plaintiffs' counsel are made in the |
| 23 |    | best interests of the Plaintiffs and the proposed class and are made on the |
| 24 |    | basis of the qualifications and expertise of the persons assigned particular |
| 25 |    | tasks or responsibilities, counsel's knowledge of the law, facts and issues, |
| 26 |    | efficiency and cost-effectiveness; |
| 27 | n. | Assessing Plaintiffs' counsel common litigation costs in proportion to the |
| 28 |    |    |

|   |   |   |
|---|---|---|
| 1 |   | work performed by counsel and to collect all assessments on a regular |
| 2 |   | basis; |
| 3 | o. | Collecting and reviewing time, lodestar and expense reports from each |
| 4 |   | Plaintiffs' Counsel, including paralegals and any other staff members; and |
| 5 | p. | Otherwise coordinating the work of all Plaintiffs' counsel, and performing |
| 6 |   | such other duties as necessary or as authorized by further order of the |
| 7 |   | Court. |

IT IS SO ORDERED.

Dated: _____                    _____
                                          Judge Richard Seeborg
                                          United States District Court