REBECCA COLL (Bar No. 184468)
MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ P.C.
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000
(914) 517-5055 (fax)
rcoll@mdpcelaw.com

Attorneys for Plaintiff Anthony Ventura
On Behalf of Himself and All Others
Similarly Situated

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VENTURA, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC.,<br><br>                Defendant. | Case No. 3:10-CV-01811 RS<br><br>**RE-NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF VENTURA'S MOTION FOR ORDER:**<br><br>(1) FINDING CASES RELATED,<br>(2) CONSOLIDATING RELATED CASES,<br>(3) APPOINTING INTERIM CO-LEAD COUNSEL, AND<br>(4) SETTING CASE MANAGEMENT DATES<br><br>Date: June 24, 2010<br>Time: 1:30 p.m.<br>Crtrm: 3 |

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION..................................................................................................1

INTRODUCTION AND REQUEST FOR RELIEF.....................................................1

MEMORANDUM OF POINTS AND AUTHORITIES...............................................2

    I.    FACTUAL AND PROCEDURAL BACKGROUND.................................2

    II.    ARGUMENT..................................................................................................4

        A.    THE COURT SHOULD FIND THE <u>WRIGHT</u>, <u>BAKER</u>, AND <u>DENSMORE</u> MATTERS TO BE RELATED TO THIS CASE.............................................................................................4

        B.    THE COURT SHOULD CONSOLIDATE THE FOUR MATTERS.........5

        C.    THE COURT SHOULD APPOINT MDPCE AND CALVO & CLARK AS INTERIM CO-LEAD COUNSEL..............................................6

            1.    Proposed Interim Co-Lead Counsel Have Demonstrated a Commitment to Identifying and Investigating Potential Claims in this Action.........................................................................7

            2.    Proposed Interim Co-Lead Counsel Have Extensive Experience in Class Actions and Other Complex Litigation, the Type of Claims Asserted in this Case and Have Knowledge of the Applicable Law......................................................................8

            3.    Proposed Interim Co-Lead Counsel Have the Resources Necessary to Represent the Class..................................................12

        D.    THE COURT SHOULD SET CASE MANAGEMENT DATES............13

    III.    CONCLUSION...........................................................................................13

**TABLE OF AUTHORITIES**

**Cases**

*Carlin v. DairyAmerica, Inc.*,
  No. 09-0430, 2009 WL 1518058 (E.D. Cal. May 29, 2009)..........................................7

*In re TD Ameritrade Accountholder Litig.*,
  No. 07-2852, 2009 WL 6057238 (N.D. Cal. Oct. 23, 2009)..........................................6

Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California,
  877 F.2d 777 (9th Cir. 1989)..........................................................................................5

**Federal Rules**

Federal Rule of Civil Procedure 23(g).................................................................. 1, 2, 6, 7, 8, 12

Federal Rule of Civil Procedure 42 ............................................................................... 1, 2, 5

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD IN THE MATTERS OF <u>Ventura v. Sony Computer Entertainment America, Inc.</u>, No. CV-01811-EMC, <u>Wright v. Sony Computer Entertainment America, Inc., et al.</u>, No. CV-01975-JL, <u>Baker v. Sony Computer Entertainment America, LLC</u>, No. CV-01897-SC, and <u>Densmore v. Sony Computer Entertainment America, Inc.</u>, No. CV-01945-EDL:

Please take notice that pursuant to Northern District of California Local Rule 3-12 and Rules 23 and 42 of the Federal Rules of Civil Procedure, on <u>June 24, 2010 at 1:30 p.m.</u> in Courtroom 3 of the above-captioned court, Plaintiff Anthony Ventura will and hereby does move for an order finding each of the foregoing cases related, consolidating the four foregoing cases, appointing Meiselman, Denlea, Packman, Carton & Eberz P.C. and Calvo & Clark, LLP as Interim Co-Lead Counsel, and setting case management dates. This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the Declaration of Jeffrey I. Carton, the Declaration of James Quadra, the papers on file in this matter and the arguments of counsel.

## INTRODUCTION AND REQUEST FOR RELIEF

Four class action lawsuits, including this action, are currently pending in the Northern District of California against Sony Computer Entertainment America, Inc. and/or Sony Computer Entertainment America, LLC.

- <u>Ventura v. Sony Computer Entertainment America, Inc.</u>, Northern District of California Case Number 3:10-CV-01811-EMC ("<u>Ventura</u>") (the instant matter, which was first filed);
- <u>Wright v. Sony Computer Entertainment America, Inc.</u>, Northern District of California Case Number 3:10-CV-01975-JL ("<u>Wright</u>");

1

- Baker v. Sony Computer Entertainment America, LLC, Northern District of California Case Number 3:10-CV-01897-SC ("Baker")[1];
- Densmore v. Sony Computer Entertainment America, Inc., Northern District of California Case Number 3:10-CV-01945-EDL ("Densmore");

Plaintiff Anthony Ventura, with the full agreement and cooperation of Wright counsel, hereby requests that this Court take the following actions:

1. Find that the foregoing cases are related pursuant to Northern District of California Local Rule 3-12;
2. Consolidate the foregoing cases pursuant to Federal Rule of Civil Procedure 42;
3. Appoint Meiselman, Denlea, Packman, Carton & Eberz P.C. ("MDPCE") and Calvo & Clark, LLP ("Calvo & Clark") as interim co-lead counsel, pursuant to Federal Rule of Civil Procedure 23(g)(3); and
4. Set case management dates, including a schedule for a Master Consolidated Complaint.

All four of the complaints in the above cases assert essentially the same claims on behalf of the same Class, are based on similar factual allegations, and name the same defendants, Sony Computer Entertainment America, Inc. and/or Sony Computer Entertainment America, LLC (collectively, "Sony"). Consolidation of these actions will promote judicial efficiency while ensuring effective representation of the proposed class, and the interim leadership structure proposed by Plaintiff is appropriate based on the vast consumer class action experience of the attorneys litigating this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

As alleged in the Complaint in this matter, and in the complaints of each of the three other related cases identified above, the Sony Playstation®3 video game console (the "PS3") was

---

[1] Plaintiff Baker filed a Motion to Relate the Baker and Ventura matters on May 14, 2010. (See Docket No. 7.)

2

MPA In Support Of Motion For
Order Finding Cases Related

Case No. 3:10-CV-01811

1  released in the United States with great fanfare on November 17, 2006. At the time of its launch,
2  the PS3 was the most expensive gaming console available, in part because it was capable of far
3  more than merely playing games at home. With the growing homogenization of consumer
4  technology and increased competition, Sony's PS3 offered more.

5       Specifically, Sony advertised that the PS3's "Other OS" function would allow users to
6  install another operating system, such as a Linux operating system, alongside the main PS3
7  system software. The "Other OS" function allowed the PS3 to be used as a personal computer.
8  Simultaneously, Sony promised that the PS3 would offer a unique online gaming service, the
9  PlayStation Network, together with robust multimedia capabilities, a high-definition optical Blu-
10 ray Disc as its primary storage medium, and a Blu-ray 2.0-compliant Blu-ray player ("the Other
11 Advertised Features").

12      Until recently, Sony promoted both the Other OS feature and the Other Advertised
13 Features in its marketing of the PS3. Indeed, Sony stated on its website "playstation.com" that
14 when it designed the PS3, "it was fully intended that you, a PS3 owner, could play games, watch
15 movies, view photos, listen to music, and run a full-featured Linux operating system that
16 transforms your PS3 into a home computer." Thus, Sony persuaded consumers that the PS3
17 could be used as a home personal computer with a direct connection to the Internet, while
18 retaining its other gaming and multimedia features.

19      On March 28, 2010, Sony announced that it would no longer honor its obligation to
20 support the Other OS feature. On playstation.com, Sony announced that it would release
21 software update 3.21 ("Update 3.21"), which would disable the Other OS feature. PS3 owners
22 are not technically required to install Update 3.21. However, Sony has built a vast and sticky
23 web of restrictions that will prevent users from accessing many of the PS3's other features for
24 anyone who declines the "upgrade." In particular, for users who refuse to install update 3.21:
25      •     It will be impossible to access the Playstation Network;
26      •     It will be impossible to play PS3 games online;
27      •     It will be impossible to play new PS3 games;
28

3

- It will be impossible to watch new Blu-ray videos;
- New Blu-ray discs could disable the Blu-ray drive entirely if they contain an AACS Host Revocation List that affects the old software version; and
- Videos on DTCP-IP media servers will be disabled.

By forcing users to choose between the Other Advertised Features and the Other OS feature, Sony effectively downgraded PS3s already sold to consumers.

As a result of Sony's wrongful conduct, four class actions have been filed in the Northern District of California. The action filed by Ventura on behalf of himself and the putative Class, on April 27, 2010, was the first and earliest of the four actions to be filed. The Baker, Densmore, and Wright matters were each filed within ten days thereafter.

## II. ARGUMENT

### A. THE COURT SHOULD FIND THE WRIGHT, BAKER, AND DENSMORE MATTERS TO BE RELATED TO THIS CASE.

Pursuant to Northern District of California Local Rule 3-12, Plaintiff Anthony Ventura, on behalf of himself and all those similarly situated, requests that this Court find that the Wright case, the Baker case, and the Densmore case are related to the above-captioned matter.

Actions are related when (1) the actions concern substantially the same parties, property, transaction or event, and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. N.D. Cal. Local Rule 3-12.

In this case, the Wright, Baker and Densmore matters are related to this case. The claims in each case are similar or identical to one another. (See Carton Declaration Exhibits 1, 2, 3, 4 [Complaints].) All four cases seek relief for losses caused by Sony's intentional disablement of the valuable functionalities originally advertised as available with the PS3 console. In addition, despite minor discrepancies in the language of the proposed class definitions, the putative class in each case is comprised of persons who purchased PS3 game consoles. Finally, the defendant in each case is also either the same or related. Each of the actions name either Sony Computer

Entertainment America, Inc. or Sony Computer Entertainment America, LLC (as a successor to Sony Computer Entertainment America, Inc.), or both, as defendants. Counsel in each matter has filed either a Notice of Related Case, or a Motion to Relate. (See Carton Declaration Exhibits 5, 6; see also Docket Nos. 7, 19.)[2]

### B.  THE COURT SHOULD CONSOLIDATE THE FOUR MATTERS.

Consolidation is proper when the actions involve common questions of law and fact. Fed. R. Civ. P. 42. A court has broad discretion to consolidate matters within a district, even when the matters are pending before different judges. Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777 (9th Cir. 1989).

In this case, the four actions involve common questions of fact. Each case is brought on behalf of a class of owners of the PS3. Each case also involves the common questions of (1) whether Sony marketed the PS3 as having both the "Other OS" feature (which allowed the system to be used as a personal computer) and the "Other Advertised Features" (which includes the ability to play games online with other PS3 users) as detailed above, and (2) whether Sony

---

[2] These matters are substantially different than those pending In re Sony PS3 Litigation, No. 09-4701, which was filed on October 2, 2009 and is also presently before this Court. While both matters name Sony as a defendant, and both concern the PS3, any similarity ends there. The material issues in each of the two matters are markedly different and distinct from one another. Ventura and the related cases concern Sony's intentional disablement in April 2010 of valuable features originally advertised as being integral to the PS3. In contrast, In re Sony PS3 Litigation concerns a simple request for reimbursement of repair costs for inadvertent hardware damage Sony caused when it issued a firmware update almost one year ago. As the timing of the issues in each action reveals, the conduct complained of in Ventura and its related cases did not arise until nearly 7 months after the In re Sony PS3 Litigation was commenced. Therefore, it is difficult to conceive of how that earlier litigation could be substantially related to issues that did not arise until many months after that filing. Moreover, the essential issues in the two actions are substantively quite different – the present matter involves the very basis on which the PS3 was marketed as allegedly being much more than a gaming console, whereas In re Sony PS3 Litigation merely concerns a hardware issue and Sony's alleged negligence. In addition, In re Sony PS3 Litigation comprises a small percentage of PS3 users who incurred hardware damage, while the Ventura matters concern tens of millions of PS3 owners, all of whom were unfairly misled in purchasing a video game console whose advertised functionality has now been materially disabled. Naturally, Sony's defenses will be substantially different, and discovery will overlap only incidentally, if at all. In short, there should be no consolidation or coordination of discovery with the unrelated In re Sony PS3 Litigation.

MPA In Support Of Motion For                        Case No. 3:10-CV-01811
Order Finding Cases Related

later forced consumers to choose between the advertised "Other OS" feature and the "Other Advertised Features."

The four actions also involve common questions of law, including whether consumers are entitled to relief for Sony's wrongful act of forcing consumers to decide between the two sets of features. Each of the cases assert that Sony violated the Consumer Legal Remedies Act and the Unfair Competition Law, and that Sony breached contracts with consumers and violated the covenant of good faith and fair dealing. Though other causes of action have been asserted, these four claims are the central assertions of all four complaints.

Accordingly, Plaintiff Ventura requests that the Court consolidate the Wright case, the Baker case, and the Densmore case with this matter, direct that the filings in each matter shall carry the case number of this matter, and direct that the filings shall bear the caption "In re Other OS Litigation."

### C. THE COURT SHOULD APPOINT MDPCE AND CALVO & CLARK AS INTERIM CO-LEAD COUNSEL.

A court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). In appointing interim lead counsel, the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual for Complex Litigation (4th ed. 2009) at § 10.22. "If more than one adequate applicant seeks appointment as counsel, the court must appoint the applicant best able to represent the interests of the class." Federal Rule 23(g)(2). The "selection and activity of class counsel are often critically important to the successful handling of a class action." In re TD Ameritrade Accountholder Litig., No. 07-2852, 2009 WL 6057238, at *6 (N.D. Cal. Oct. 23, 2009) (citing FRCP 23(g), 2003 Advisory Committee Notes).

Fed R. Civ. P. 23(g)(1)(A) articulates four factors the Court must consider when selecting lead counsel. These factors are:

- the work counsel has done in identifying or investigation potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources counsel will commit to representing the class.

The four factors articulated in Rule 23(g)(1)(A) support the appointment of MDPCE and Calvo & Clark as Interim Co-Lead Counsel of the PS3 Actions. MDPCE and Calvo & Clark are prepared to lead this case, fairly direct and organize the contributions of other counsel who are involved, and, as they have done in many similar cases, ensure that the litigation is conducted efficiently and effectively.

### 1. Proposed Interim Co-Lead Counsel Have Demonstrated a Commitment to Identifying and Investigating Potential Claims in this Action.

The first Fed. R. Civ. P. 23(g)(1)(A) factor, which focuses on the work counsel has done to identify and investigate the potential claims, strongly favors the appointment of MDPCE and Calvo & Clark as Interim Co-Lead Counsel. In analyzing the first Rule 23(g) factor, the Court should consider which firm has done the majority of the preparation work leading to the filing of the class actions. See Carlin v. DairyAmerica, Inc., No. 09-0430, 2009 WL 1518058, *2 (E.D. Cal. May 29, 2009) (holding that where two firms had adequate experience in class actions, the firm that filed first, and that had done the majority of preparation work leading to filing actions, should be appointed interim class counsel).

In this case, MDPCE has already devoted many hours and substantial resources to this case. MDPCE extensively investigated Sony's alleged wrongful actions, and reviewed Sony's marketing materials, website materials, public statements, and other publicly available materials and communications. (Carton Decl. ¶16.) After a thorough investigation, MDPCE was the first law firm to file an action against Sony, and included in its Complaint detailed allegations relating to Sony's marketing strategy and wrongful after-market modification of the PS3's capabilities.

(Id.) Since filing its lawsuit, MDPCE has fielded inquiries from hundreds of PS3 owners concerning the nature of the allegations in the Complaint and how they may participate in the lawsuit, as well as offering additional information concerning the impact of Sony's wrongful actions. (Id. ¶17.) Calvo & Clark has also devoted significant time conducting additional research regarding claims and details of the PS3's functionalities, and in consulting with MDPCE regarding appropriate next steps to move this litigation forward. (Quadra Decl. ¶12.)

Based on their investigation, and their extensive knowledge of California consumer protection laws, MDPCE and Calvo & Clark are fully prepared to litigate this action efficiently and effectively. Accordingly, the first Rule 23(g)(1)(A) factor strongly supports the appointment of MDPCE and Calvo & Clark as Co-Lead Counsel of the PS3 Actions.

### 2. Proposed Interim Co-Lead Counsel Have Extensive Experience in Class Actions and Other Complex Litigation, the Type of Claims Asserted in this Case and Have Knowledge of the Applicable Law.

The second and third factors in determining appropriate lead counsel appointments address (a) counsel's relevant class action experience and (b) knowledge of applicable law. See Fed. R. Civ. P. 23(g)(1)(A). These factors likewise support the appointment of MDPCE and Calvo & Clark as Interim Co-Lead Counsel.

Attorneys at MDPCE and Calvo & Clark are national leaders in consumer class action litigation, and their work as class counsel in consumer protection cases has been widely recognized by federal and state courts. (See Carton Decl. ¶¶4-10 and Quadra Decl. ¶¶9-11).

As set forth in the Declaration of Jeffrey I. Carton, MDPCE has been class counsel or lead class counsel in numerous matters, including consumer class actions involving electronic products. (Carton Decl. ¶¶7-10.) MDPCE has committed its resources to the vigorous litigation of these cases, has identified appropriate claims, and has aggressively pursued discovery to establish the evidence necessary to obtain class certification and to prevail on the merits. (Id.)

Mr. Carton is the chairman of MDPCE's commercial litigation department. (Carton Decl. ¶6.) He has successfully prosecuted class action lawsuits against, among others, Costco, Blue Cross/Blue Shield, CortiSlim, Shell, Hollywood Tanning Systems, Inc., The Gap, Inc., and

8

its subsidiary Old Navy LLC. (Id.) He graduated from Dartmouth College in 1988 and Columbia University Law School in 1991. (Id.) He is admitted to the New York and Connecticut state bars, as well as several federal district courts. (Id.) Mr. Carton has also been published on the subject matter of class actions. See "A New Battleground For The Class Action War," New York Law Journal (Oct. 2006). (Id.)

Ms. Coll, another senior attorney at MDPCE, is an experienced class action and trial lawyer licensed to practice in California, New York, and the District of Columbia. (Carton Decl. ¶6.) Ms. Coll practiced almost exclusively in California for more than twelve years. (Id.) Ms. Coll played an active role in San Francisco's successful litigation against the tobacco industry in the 1990s. (Id.) Since that time she has litigated numerous multi-million dollar plaintiffs' class actions, including nationwide consumer fraud cases involving health products, automobiles, software and electronic equipment. (Id.) Ms. Coll is a 1996 graduate of Boalt Hall School of Law at University of California at Berkeley. (Id.)

Two other senior attorneys at MDPCE are working on this matter. D. Greg Blankinship has significant class action experience. (Carton Decl. ¶6.) Prior to joining the firm, Mr. Blankinship was an attorney with Skadden, Arps, Slate, Meagher & Flom LLP and Greenberg Traurig, LLP. (Id.) Mr. Blankinship has worked on numerous nationwide, multi-district class actions, including securities, consumer fraud and wage and hour matters. (Id.) Jerome Noll also has extensive class action experience. (Id.) Prior to joining MDPCE, Mr. Noll was a founding member of his own firm, and was lead counsel in a number of nationwide class actions, including consumer class actions. (Id.) The National Consumer Law Center has recognized Mr. Noll as being among the leading practitioners in the country representing plaintiffs in these matters by inviting him to sit on that organization's Partner Round Table. (Id.) MDPCE's attorneys thus have the requisite knowledge of the substantive and procedural law to prosecute this class action.

Calvo & Clark is similarly well qualified to serve as Interim Co-Lead Counsel. Mr. Quadra, the lead attorney at Calvo & Clark, LLP responsible for this matter, graduated from

Boalt Hall School of Law at University of California at Berkeley in 1987. (Quadra Decl. ¶5.) He became Chief of General Litigation at the San Francisco City Attorney's Office, and oversaw approximately 30 deputy city attorneys involved in a range of litigation on behalf of San Francisco, including class actions. (Id.) He then moved on to start his own law firm in 1998, Moscone, Emblidge & Quadra, LLP, where he litigated class actions for 12 years before moving to his current position as Partner at Calvo & Clark. (Id., ¶4.)

Mr. Quadra has extensive litigation experience and has successfully tried cases in state and federal courts, including two class action trials. (Quadra Decl. ¶6.) As detailed in his accompanying declaration, Mr. Quadra has served as class counsel or lead class counsel in multiple matters, including consumer class actions involving electronic products. (Id., ¶9.)

Mr. Quadra is AV® rated by Martindale Hubell. (Quadra Decl. ¶7.) At the requests of the Consumer Attorneys of California, the San Francisco City Attorney's Office, the San Mateo County Bar Association, and CEB, he has made presentations on various topics including those related to class actions in California. (Id.) He serves as a mediator for the San Francisco Bar Association Early Settlement Program and the San Francisco Superior Court Pre-Arbitration Settlement Program. (Id., ¶8) He is also a member of the Board of Directors of the San Francisco Legal Aid Society-Employment Law Center and the Chairperson of the San Francisco Unified School District's Citizens' Bond Oversight Committee. (Id.)

Kathleen Fisher, the managing partner of Calvo & Clark's San Francisco office, is also working on this matter. (Quadra Decl. ¶11.) Ms. Fisher is experienced in complex and class action litigation. (Id.) She was formerly worldwide Chair of Morrison & Foerster's Litigation Department and a member of Morrison & Foerster's Board of Directors. (Id.) Ms. Fisher has authored books and numerous articles on trial and ADR topics. (Id.) She is also a frequent lecturer and panelist on a variety of topics in the civil litigation area for organizations such as the National Institute for Trial Advocacy, the American Bar Association, Continuing Education of the Bar, and the Northern District of California Federal Practice Program. (Id.) The Daily Journal recently named Ms. Fisher one of California's top women litigators for 2009. (Id.)

Moreover, MDPCE and Calvo & Clark attorneys have a long history of working cooperatively with other law firms in class actions, including the firms involved in this case. (Carton Decl., ¶¶10-12; Quadra Decl., ¶9.) Ms. Coll has worked collaboratively with Calvo & Clark attorneys in prior litigation, and MDPCE and Calvo & Clark are ready to coordinate their efforts to ensure that the matters are prosecuted efficiently. (Carton Decl., ¶12.) Both firms are prepared to devote the necessary resources to achieve the best results for the class. (Id.; Quadra Decl. ¶12.) The appointment of both MDPCE and Calvo & Clark as Interim Co-Lead Counsel will result in the efficient and effective resolution of these matters. In addition, both MDPCE and Calvo & Clark are committed to ensuring that all qualified firms representing potential class members have a significant opportunity to participate in the prosecution of this matter. (Carton Decl. ¶11; Quadra Decl. ¶12.)

In addition to the cooperative relationship between MDPCE and Calvo & Clark, MDPCE has worked cooperatively in the past with Finkelstein Thompson, counsel for the Densmore plaintiffs. MDPCE offered Finkelstein Thompson a substantial, meaningful role in this litigation, and advised Finkelstein Thompson it would undertake a coordinated approach towards the litigation and would actively support Finkelstein Thompson's involvement in the litigation. MDPCE explained to Finkelstein Thompson that its request for co-leadership with Calvo & Clark was a reflection of the extensive investigation MDPCE had made pre-suit, the relationship it enjoys with Calvo & Clark, and the fact that it filed the first action.

In addition, MDPCE and Calvo & Clark have already spoken with both local counsel for the Baker plaintiffs, and have spoken to additional counsel for the Baker plaintiffs, John Fabry, who is seeking to be admitted *pro hac vice*. (Id.) MDPCE is committed to establishing and maintaining professional and courteous relationships among counsel in consolidated class actions, and believes that doing so is always in the best interest of the Class. (Id.) Toward that end, MDPCE and Calvo & Clark will ensure that there are meaningful opportunities for the plaintiffs' counsel in all four actions to contribute to this litigation.

11

As a result of MDPCE's and Calvo & Clark's broad experience litigating consumer protection class cases of these various types, they are uniquely qualified to vigorously and effectively prosecute the PS3 action.

### 3. Proposed Interim Co-Lead Counsel Have the Resources Necessary to Represent the Class.

The final Fed. R. Civ. P. 23(g)(1)(A) factor, concerning the resources counsel will commit to the case, also supports the Plaintiffs' motion to appoint MDPCE and Calvo & Clark as Interim Co-Lead Counsel.

MDPCE is a well-established and successful law firm which first opened its doors nearly 35 years ago. (Carton Decl. ¶5.) It has the resources and personnel necessary to pursue a case of this magnitude, and has financed and successfully pursued numerous large-scale class actions from start to finish. (Id., ¶¶16-19.) It has a proven track record of managing consumer class actions and has invested substantial resources in these efforts. Similarly, Calvo & Clark is a well-established, international firm. (Quadra Decl. ¶10.)

MDPCE and Calvo & Clark are prepared to continue to devote the time and attention of their senior attorneys to litigating this matter thoroughly and efficiently, and of their staff to assist in keeping the case running smoothly. (Carton Decl. ¶¶17-19; Quadra Decl. ¶12.) For example, in just the past three weeks since this case has been filed, MDPCE has fielded hundreds of telephone calls and email messages from putative class members. (Carton Decl. ¶17.) MDPCE has an infrastructure in place that is fully capable of managing large class actions, and its systems are honed to effectively communicate with class members. (Id.)

MDPCE and Calvo & Clark are also well equipped and financially able to manage and organize large scale document productions. (Carton Decl. ¶18; Quadra Decl. ¶12.) The firms' attorneys are experienced with working with all of the most commonly used document and record management electronic databases, including iCONECT, Summation, Concordance, and LiveNote. (Id.) Both firms are well-established, and have the financial resources to fund this

1  class action. (Id.) The proposed Interim Co-Lead Counsel will dedicate the resources necessary
2  to zealously represent the interests of the proposed Class in this action as well.
3      Accordingly, Plaintiff Ventura respectfully submits that it would be in the best interests
4  of the proposed class to appoint MDPCE and Calvo & Clark as Interim Co-Lead Counsel.

5      **D.    THE COURT SHOULD SET CASE MANAGEMENT DATES.**

6      In the event that the Court grants Plaintiff's request to consolidate the foregoing matters,
7  Plaintiff requests that the Court order that a Master Consolidated Complaint shall be filed within
8  fourteen (14) days of the entry of the Court's order, that Defendants need not respond to the
9  currently pending complaints in the four filed matters, and that Defendants shall respond to the
10 Master Consolidated Complaint within twenty-one (21) days of receipt thereof.

11 **III.    CONCLUSION**

12     For these and the other reasons stated above, Plaintiff respectfully requests that the Court
13 enter the Proposed Order submitted herewith finding the <u>Wright</u>, <u>Baker</u>, and <u>Densmore</u> cases
14 related to this case, consolidating all four cases, appointing MDPCE and Calvo & Clark as
15 Interim Co-Lead Counsel to act on behalf of the proposed Class, and setting case management
16 dates.

17 Dated: May 20, 2010                     Respectfully submitted,

18                                               /s/Rebecca Coll
19                                               Rebecca Coll, Esq.

20                                               David J. Meiselman, Esq.
21                                               Jeffrey I. Carton, Esq.
                                              D. Greg Blankinship, Esq.
22                                               Jerome Noll, Esq.
23                                               MEISELMAN, DENLEA, PACKMAN,
                                              CARTON & EBERZ P.C.
24                                               1311 Mamaroneck Avenue
                                              White Plains, New York 10605
25                                               (914) 517-5000

26                                               Attorneys for Plaintiff Anthony Ventura
                                              On Behalf of Himself and All Those Similarly Situated
27 00230422

28

13