1   BRUCE L. SIMON (Bar No. 96241)
    bsimon@pswplaw.com
2   **PEARSON, SIMON, WARSHAW & PENNY, LLP**
    44 Montgomery Street, Suite 2450
3   San Francisco, California 94104
    Telephone: (415) 433-9000
4   Facsimile:  (415) 433-9008

5   MICHAEL P. LEHMANN (Bar No. 77152)
    mlehmann@hausfeldllp.com
6   **HAUSFELD LLP**
    44 Montgomery Street, Suite 3400
7   San Francisco, California 94104
    Telephone: (415) 633-1908
8   Facsimile:  (415) 358-4980

9   [Additional counsel listed on signature pages]

10  Attorneys for Plaintiff Jonathan Huber and All
    Others Similarly Situated

11

12                  **UNITED STATES DISTRICT COURT**

13      **NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

14

15  ANTHONY VENTURA, on behalf of himself        Case No. 10-cv-1811 RS
    and all others similarly situated,
16                                               **NOTICE OF MOTION AND**
           Plaintiff,                            **MEMORANDUM OF POINTS AND**
17                                               **AUTHORITIES IN SUPPORT OF**
           vs.                                   **PLAINTIFF HUBER'S MOTION FOR**
18                                               **CONSOLIDATION AND APPOINTMENT**
                                                 **OF INTERIM CO-LEAD COUNSEL**
    SONY COMPUTER ENTERTAINMENT
19  AMERICA INC.,                                Date:      July 8, 2010
                                                 Time:      1:30
20         Defendant.                            Crtrm.:  3

21
                                                 The Honorable Richard Seeborg
22

23

24

25

26

27

28

    _____
    814881.1 Notice of Motion & Memo of P&As In Support of       10-cv-1811 RS
    Plaintiff Huber's Motion for Consolidation & Appointment of
    Interim Co-Lead Counsel

| | | |
|---|---|---|
| 1 | This document also relates to: | Case No. 10-cv-1945 RS |
| 2 | TODD DENSMORE and ANTAL HERZ, on behalf of themselves and all others similarly situated, | The Honorable Richard Seeborg |
| 3 | | |
| 4 | Plaintiffs, | |
| 5 | vs. | |
| 6 | SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation, | |
| 7 | | |
| 8 | Defendant. | |
| 9 | This document also relates to: | Case No. 10-cv-1897-RS |
| 10 | JASON BAKER, SEAN BOSQUETT, FRANK BACHMAN, PAUL GRAHAM, and PAUL VANNATA, Individually and on Behalf of All Others Similarly Situated, | The Honorable Richard Seeborg |
| 11 | | |
| 12 | Plaintiffs, | |
| 13 | vs. | |
| 14 | SONY COMPUTER ENTERTAINMENT AMERICA, LLC successor to SONY COMPUTER ENTERTAINMENT AMERICA, INC., | |
| 15 | | |
| 16 | | |
| 17 | Defendant. | |
| 18 | This document also relates to: | Case No. 10-cv-1975-RS |
| 19 | KEITH WRIGHT, on behalf of himself and all others similarly situated, | The Honorable Richard Seeborg |
| 20 | Plaintiff, | |
| 21 | vs. | |
| 22 | SONY COMPUTER ENTERTAINMENT AMERICA INC.; and SONY COMPUTER ENTERTAINMENT AMERICA, LLC., | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

814881.1 Notice of Motion & Memo of P&As In Support of Plaintiff Huber's Motion for Consolidation & Appointment of Interim Co-Lead Counsel

10-cv-1811 RS

1    | This document also relates to:                 Case No. 10-cv-2213 DMR

2    | JONATHAN HUBER, on Behalf of Himself          The Honorable Donna M. Ryu
     | and All Others Similarly Situated,

3
     |            Plaintiff,
4
     |        vs.
5
     | SONY COMPUTER ENTERTAINMENT
6    | AMERICA, LLC, formerly SONY
     | COMPUTER ENTERTAINMENT
7    | AMERICA, INC., a Delaware corporation,

8    |            Defendant.

9    / / /

10   / / /

11   / / /

12   / / /

13   / / /

14   / / /

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28

814881.1 Notice of Motion & Memo of P&As In Support of                    10-cv-1811 RS
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD** in the matters of

*Ventura v. Sony Computer Entertainment America, Inc.*, No. 10-cv-1811-RS, *Wright v. Sony*

*Computer Entertainment of America, Inc. et al.,* No. 10-cv-1975-RS, *Baker v. Sony Computer*

*Entertainment of America, LLC*, No. 10-cv-1897-RS, *Densmore v. Sony Computer Entertainment*

*of America, Inc.*, No. 10-cv-1945-RS, and *Harper v. Sony Computer Entertainment of America,*

*Inc.,* No. 10-cv-02197-JL:

   **PLEASE TAKE NOTICE** that, pursuant to Rules 23(g) and 42 of the Federal Rules of

Civil Procedure, on July 8, 2010 at 1:30 p.m., before the Honorable Richard Seeborg of the

Northern District of California, Plaintiff Huber will and hereby does move for an order:

(1) consolidating the above-captioned cases; and (2) appointing Hausfeld LLP and Pearson,

Simon, Warshaw & Penny, LLP as interim, co-lead Class Counsel.  This Motion is based on the

Notice of Motion, the accompanying Memorandum of Points and Authorities, and the

Declarations of James Pizzirusso and Daniel Warshaw, the papers on file in the matters, and the

arguments of counsel, and any other matter the Court wishes to consider.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

   By way of this motion, Hausfeld LLP ("Hausfeld") and Pearson, Simon, Warshaw &

Penny, LLP ("PSWP") seek consolidation of the cases involving PlayStation® 3 ("PS3") and the

Firmware Update 3.21 and appointment as Interim Lead Class Counsel, along with an Executive

Committee comprised of four additional firms.

   Although the other plaintiffs are also represented by qualified firms, this case can be well

overseen by two Co-Lead Class Counsel who will be responsible to the Court and the Class, and

responsive to Defendant Sony Computer Entertainment America, LLC ("SCEA").  In this case,

Hausfeld and PSWP are the candidates most qualified to fill this role.  Since the inception of this

case (and before), Hausfeld and PSWP have expended considerable time and effort developing

the case, and are fully committed to reaching a favorable resolution for aggrieved consumers.

Hausfeld and PSWP currently serve as Co-Lead Class Counsel in another putative nationwide

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                                   1                              10-cv-1811 RS

class action pending in the Northern District of California – a case involving defective Acer computers – that will likely address some of the same legal issues that may be present here. *See Wolph v. Acer America Corp*, No. C 09-01314 JSW, 2009 WL 2969467 (N.D.Cal. Sept. 14, 2009) (motion to dismiss denied in part). Moreover, these two firms currently serve as Lead Class Counsel in dozens of class actions around the country and have obtained some of the largest verdicts and settlements that have ever been reached on behalf of class members. In short, their Co-Leadership credentials are unmatched.

Meiselman, Denlea, Packman, Carton & Eberz, P.C. ("MDPCE") and Calvo & Clark, LLP ("Calvo") have previously proposed that the Court establish a lead structure comprised of themselves with no Executive Committee. These firms, while certainly qualified, have less class action experience than Hausfeld and PSWP and do not share the depth and breadth of expertise that Hausfeld and PSWP have in these specific types of cases.[1] While MDPCE and Calvo (like all the firms that have filed actions) may have spoken to class members and performed legal and factual research into their claims, the mere fact that they filed the first case three weeks before the case herein does not grant them an automatic claim to a lead role on par with that of Hausfeld and PSWP, or over any other firm representing Plaintiffs.[2] The case has only just been assigned to this Court and all of the actions are in the same procedural posture. Moreover, Hausfeld and PSWP have undertaken an extensive and independent investigation into these claims that does not rely on any of the previously filed complaints.

For all of these reasons, and as detailed more fully below, Hausfeld and PSWP respectfully request that the Court grant their motion.

---

[1]    For example, Hausfeld and PSWP represent plaintiffs in class action litigation almost exclusively, while MDPCE and Calvo focus on other areas of practice. *See, e.g.,* <http://www.calvoclark.com/> ("The firm has a broad-based litigation and transactional practice with special expertise in complex cross-border litigation. Firm lawyers also have extensive experience representing Japanese companies in litigation and transactional matters in the United States."); <http://www.mdpcelaw.com/who.cfm > ("We handle sophisticated litigation throughout the country as well as complex business transactions.").

[2]    Finkelstein Thompson ("Finkelstein") has also moved to be Lead Counsel in this action. Hausfeld and PSWP have worked with this firm on previous cases and believe that Finkelstein is also well-qualified to serve as Co-Lead Counsel in this case. However, given the complex issues that might arise and the number of cases that have been filed, Hausfeld and PSWP believe that at least two firms should serve in this role, rather than one alone.

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                                                2                                        10-cv-1811 RS

## II.     BACKGROUND

As laid out in further detail in Plaintiff's Complaint, this case involves SCEA's Firmware Update 3.21 to its PS3 consoles.  Despite SCEA's numerous and material representations that consumers would be able to utilize their PS3s as computers via the PS3's "Other OS" function, which allowed consumers to install and run other, non-Sony PS3 operating systems (such as Linux), SCEA's recent firmware update to the PS3 intentionally and knowingly removed this important function.  Thus, Plaintiff and similarly situated consumers were harmed by paying for a product that was marketed, advertised, promoted, warranted and sold as containing certain features which SCEA recently removed.  Plaintiff has brought claims for breach of express and implied warranties, conversion, and for violations of the California Consumer Legal Remedies Act, Magnuson-Moss Warranty Act, Cal. Bus. & Prof. Code § 17500, and Cal. Bus. & Prof. Code § 17200.

## III.     LEGAL STANDARD

Both MDPCE and Calvo, as well as Finkelstein Thompson, have moved to consolidate the earlier filed cases, and seek appointment as interim lead counsel.  *See Ventura*, Notice of Motion and Mem. (Docket No. 32) (May 20, 2010); *Ventura*, Notice of Motion and Mem. (Docket No. 38) (May 20, 2010).  Hausfeld and PSWP agree with the aspects of their motions that seek consolidation.  In addition to the cases outlined in their briefs, one other case, in addition to the case herein, involving the PS3 Firmware Update has also been filed:  *Harper v. Sony Computer Entertainment of America, Inc.,* No. CV-02197-JL.  All such cases should be consolidated.

These cases all involve overlapping classes and many of the same issues and claims.  Thus, consolidation of these related actions is favored.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 & n.10 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged."); *see also* Manual for Complex Litigation ("MCL-4th") § 10.123 (4th ed. 2004) ("Pretrial proceedings in [related] cases should be coordinated or consolidated under [Rule] 42(a). . . .").  Consolidating the actions is proper here because the cases

814881.1 Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

3

10-cv-1811 RS

involve common questions of law and fact.[3]

Pursuant to Fed. R. Civ. P. 23(g)(3), this Court may also "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In doing so, the Court should:

> inquire into the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately.

MCL-4th at ¶ 21.271. These factors are drawn from the Rule 23(g)(1) factors for selecting class counsel. *See In re California Title Ins. Antitrust Litig.,* No. 08-cv-01341, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008) ("[w]hen appointing interim class counsel, a court must find that the applicant is adequate under [Rule 23(g)(1)(A) and (B)]."); *Four in One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017-MCE-EFB, 2009 WL 747160, at *1, *3 (E.D. Cal. Mar. 19, 2009) (same).[4]

Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). While "[n]o single factor should necessarily be determinative in a given case," Fed. R. Civ. P. 23 Advisory Committee Note (2003), the experience and ability of the firms to handle class action litigation becomes crucial when all firms have undertaken independent investigations into the underlying facts and legal claims. If more than one adequate applicant seeks to be designated, "the court

---

[3]     SCEA has also suggested that these cases should be consolidated with the existing *In re Sony PS3 Litigation* pending before this Court. *See* SCEA Statement of Support (Dkt. No. 30) (May 19, 2010). Plaintiff herein opposes that request. The other PS3 cases, while involving the same product, are not related to the Firmware Update 3.21 issue present here. Thus, these cases not related and should not be consolidated or coordinated together.

[4]     *See also In re Air Cargo Shipping Serv. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[I]t appears to be generally accepted that the considerations set out in [FED. R. CIV. P. 23(g)(a)(1)(A) and (B)], which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification" and appointing Hausfeld LLP as one of the class counsel); *Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS (MLGX) *et al.*, 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply, however.").

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

4

10-cv-1811 RS

must appoint the applicant *best able* to represent the interests of the class."  *See* Fed. R. Civ. P. 23(g)(2) (emphasis added).  Further, a court may appoint more than one firm to act in a leadership capacity.  *See*, *e.g.*, *SK Foods*, 2009 WL 747160, at *3 (appointing two firms as co-lead counsel, including Hausfeld) and *In Re TFT-LCD (Flat Panel) Antitrust Litigation*, 2010 WL 1417896, at 25 (appointing two firms as co-lead counsel, including PSWP).

## IV.    ARGUMENT

The standards outlined above strongly support the designation of Hausfeld and PSWP as Lead Class Counsel, with an Executive Committee of 4 additional firms.

### A.    THE COURT SHOULD APPOINT HAUSFELD AND PSWP AS INTERIM LEAD CLASS COUNSEL

#### 1.    Hausfeld LLP ("Hausfeld")

Hausfeld is widely acknowledged to be one of the nation's most notable plaintiffs' class action firms, and its attorneys possess wide-ranging expertise in class action litigation that they will bring to bear in this matter.  Hausfeld attorneys have been repeatedly recognized as leaders in the class action bar by publications such as *The New York Times*  and *The Wall Street Journal*.

Hausfeld is currently serving as Co-Lead Counsel in twenty-five major national class actions, including several cases involving fraudulent advertising, breach of warranty, and other claims similar to those herein.  Members of the firm have achieved notable recent successes, including in this District, in terms of settlements and leadership appointments, as follows:

> *In re International Air Transportation Surcharge Antitrust Litig.*, ("*Air Passenger*").  Case No. M:06-cv-01793-CRB, MDL No. 1793 (N.D. Cal.):  Hausfeld was appointed by the Hon. Charles R. Breyer as Interim Co-Lead Counsel on behalf of thousands of air travellers around the world against British Airways and Virgin Atlantic Airways for fixing prices of air passenger transportation to and from the UK to all long-haul destinations in the world.  This matter settled in 2009 for approximately $190 million.
>
> *Ross v. Trex Co., Inc.,* No. C 09-670 JF (PVT) (N.D.Cal.). Hausfeld is one of the Class Counsel in this matter where the Hon. Jeremy Fogel approved a nationwide settlement providing for replacement of defective decking products as well as cash labor payments.

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                                              5                                              10-cv-1811 RS

1
2
3
4
5

*In Re: Rubber Chemicals Antitrust Litig.*, Master Docket No. C-03-1496 (N.D. Cal.). In 2006, in this matter before the Hon. Martin J. Jenkins, Hausfeld lawyers, serving as Co-Lead Counsel, settled the direct purchaser class's global price-fixing claims with defendants Flexsys N.V., Flexsys America L.P., Akzo Nobel Chemicals International B.V., Akzo Nobel Chemicals, Inc., Crompton (now Chemtura) and Bayer for more than $300 million.

6
7
8
9
10

*Pelletz v. Weyerhaeuser Co.*, 255, F.R.D. 537 (W.D. Wa. 2009) ("*ChoiceDek*") Hausfeld served as one of the Class Counsel in a nationwide class action settlement involving defective decking consisting of approximately 140,000 consumers. The settlement provided free deck cleanings and, if mold returned, replacement product for affected consumers. While the settlement claims are still being processed, the total value of the settlement is estimated to be between $25 and $50 million.

11
12
13
14
15

*In re Transpacific Passenger Air Transport Antitrust Litig.*, 3:07-cv-05634 (N.D. Cal.). In 2009, Hausfeld was appointed by the Hon. Charles R. Breyer as Interim Co-Lead Counsel for a putative class of direct purchaser plaintiffs in this antitrust class action alleging a conspiracy by airlines to fix the prices of passenger fares and/or fuel surcharges for trans-Pacific air passenger transportation services to and from the United States in violation of the federal Sherman Act. This case is in its inception.

16
17
18
19
20
21
22

*In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C.). Hausfeld lawyers served as co-lead counsel for two certified classes of businesses that directly purchased bulk vitamins and were overcharged as a result of a ten-year global price-fixing and market allocation cartel. Chief Judge Hogan approved eight major settlements between certain vitamin defendants and the Class Plaintiffs, including a landmark partial settlement of $1.1 billion. In a later trial before Chief Judge Hogan concerning unsettled, a federal jury in Washington unanimously found the remaining defendants liable for participating in the cartel and ordered them to pay approximately $50 million which was trebled to $150 million under the federal antitrust laws.

23
24
25
26
27
28

Hausfeld's lawyers have garnered significant praise from District Court judges, including in California. In *Air Passenger*, for example, the firm was praised by District Judge Charles R. Breyer of the Northern District of California for its efforts in achieving "really, an outstanding settlement in which a group of lawyers from two firms coordinated the work . . . and brought an enormous expertise and then experience in dealing with the case." The Court also stated that the

814881.1Notice of Motion & Memo of P&As In Support of Plaintiff Huber's Motion for Consolidation & Appointment of Interim Co-Lead Counsel

6

10-cv-1811 RS

1    firm's lawyers are "more than competent.  They are outstanding."  *See* Pizzirusso Decl.,¶ 5.

2    Similarly, in *Four In One Company, Inc. v. SK Foods*, 08-cv-03017, 2009 WL 747160 (E.D. Cal.,

3    March 20, 2009), District Judge Morrison C. England, Jr. of the Eastern District of California

4    praised the Hausfeld firm for having "the breadth of experience, resources and talent necessary to

5    navigate a case of this import."  In that case, as here, several firms were seeking appointment as

6    interim lead counsel.  The court held that "[a]lthough there [was] no question that the other firms

7    proposed as co-lead counsel are also well qualified," Hausfeld and one other firm "st[ood] out

8    from the rest," leading the court to appoint Hausfeld and the other firm as Interim Co-Lead

9    Counsel.  *Id.* at *3.

10        Additional details on the firm, including its work on consumer rights and in other

11    significant litigation, are supplied in its Firm Resume (*see* Pizzirusso Decl., Exh. A) and on its

12    website, located at <http://www.hausfeldllp.com>.[5]  The Hausfeld attorneys that have worked on

13    this case from its inception, and that will continue to staff this matter, include (but are not limited

14    to) the following experienced class action attorneys:

15        **Michael D. Hausfeld** is the name partner and founder of Hausfeld.  His career has

16    included some of the largest and most successful class actions in the fields of consumer

17    protection, antitrust law, and human rights.  At his prior firm, he represented Native Alaskans

18    whose lives were affected by the 1989 Exxon Valdez oil spill.  He also served as Co-Lead Class

19    Counsel in some of the largest consumer class action settlements ever including: *In re Louisiana-*

20    *Pacific Co. Inner-Seal Siding Litigation*, No. CV-95-879 JO-LEAD (U.S.D.C. Oregon) (a

21    nationwide settlement involving defective siding installed on 800,000 homes providing up to

---

[5]    With respect to pro bono work, members of the Hausfeld firm pioneered the efforts on behalf of Holocaust victims to recover a portion of their family's assets that were wrongfully taken from them by certain Swiss Banks and their German collaborators during World War II.  In total, $1.25 billion in assets was recovered for these victims. Hausfeld lawyers also represented the largest group of survivors and their families who had been forced into slave labor for German companies during World War II.  Hausfeld's efforts resulted in an agreement by these companies and the German Government to create a fund of $5.2 billion from which individual payments were made to victims wherever in the world they resided.  Hausfeld lawyers additionally litigated a case against the government of Japan on behalf 200,000 women that had been forced into prostitution by the Japanese military during World War II. These so-called "comfort women" were systematically held against their will and raped by Japanese military personnel during Japan's conquest of Southeast Asia.  Additionally, Hausfeld lawyers represented survivors of the 1921 Tulsa Race Riot.

814881.1 Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

7

10-cv-1811 RS

1   $325 million to homeowners as replacement costs); and *Cox v. Shell*, Civil No. 18,844 (Obion

2   County, Tennessee) (class action involving defective polybutylene pipes and plumbing systems;

3   nationwide settlement providing a minimum of $950 million in relief).

4    Chief Judge Edward Korman of the Eastern District of New York has noted that Mr.

5   Hausfeld is one of the two "leading class action lawyers in the United States."  He has been

6   profiled in, and recognized by, many articles and surveys.  Most recently, a *Forbes* magazine

7   article reported on Mr. Hausfeld's work to establish an international alliance for the protection of

8   consumers and investors worldwide.  He was named one of thirty master negotiators in *Done*

9   *Deal: Insights from Interviews with the World's Best Negotiators*, a published work by Michael

10   Benoliel, Ed.D.  *The Wall Street Journal* profiled Mr. Hausfeld and his practice, and he has been

11   recognized by *The National Law Journal* as one of the "Top 100 Influential Lawyers in

12   America."  *The New York Times* referred to Mr. Hausfeld as one of the nation's "most prominent

13   antitrust lawyers," and *Washingtonian Magazine* has listed Mr. Hausfeld in several surveys as one

14   of Washington's 75 best lawyers, stating that he "consistently brings in the biggest judgments in

15   the history of law" and that he is "a Washington lawyer determined to change the world – and

16   succeeding."

17    **Michael P. Lehmann**, the head of Hausfeld's San Francisco office, has 32 years of

18   experience in complex and class action litigation, with a practice that has ranged from class action

19   litigation, to business litigation on behalf of individual clients, to extensive regulatory work

20   before federal, state, and international bodies, to domestic and international arbitration.  Prior to

21   joining Hausfeld, Mr. Lehmann had worked at what became Furth Lehmann LLP, where he

22   eventually served as Managing Partner.  In recent years, he has served as co-lead counsel in

23   numerous class action cases, including in this District, in numerous state court actions in

24   California, and in various national class actions around the country.  Mr. Lehmann played a major

25   role in a number of the most important recent multidistrict class actions, including: *In re*

26   *International Air Transport Surcharge Antitrust Litig.*, MDL No. 1793 (N.D. Cal.) ("*Air*

27   *Passenger*"); *In re Transpacific Passenger Air Transportation Antitrust Litig.*, MDL No. 1913

28   (N.D. Cal.); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.); *In re*

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel 8 10-cv-1811 RS

*Publication Paper Antitrust Litig.*, MDL No. 1631 (D. Conn.); *In re High Pressure Laminates Antitrust Litig.*, MDL No. 1368 (S.D.N.Y.), and *In re Graphics Processing Units Antitrust Litig.*, MDL No. 1826 (N.D. Cal.).

**James Pizzirusso**, the head of Hausfeld LLP's Consumer Protection practice group, has extensive experience in class action litigation. He has served as Lead or Class Counsel in 4 major nationwide class actions that have settled in the last year and a half involving approximately $75-$100 million in cash and other relief including: *In re Tyson Foods, Inc., Chicken Raised Without Antibiotics Consumer Litigation*, 1:08-md-01982-RDB (D. Md.) (MDL Court-appointed Co-Lead Counsel, nationwide settlement approved May 11, 2010); *Ross v. Trex Co., Inc.*, No. 5:09-CV-00670 (N.D. Cal.) (Class Counsel, Nationwide settlement involving defective decking approved April 7, 2010); *Pelletz v. Weyerhaeuser Company*, No. C08-0334 JCC (W.D. Wash.) (Nationwide settlement involving defective decking approved January 2009); and *Radosti v. Envision, LLC*, (Court-appointed Co-Lead Counsel, international settlement preliminarily approved December 2009, final approval pending).

He currently serves as Co-Lead Class Counsel in *Wolph v Acer America Corp*, along with Mr. Daniel Warshaw of PSWP, and has had significant roles in other California consumer class actions including *In re iPod Cases*, JCCP No. 4355 (San Mateo County, California) (nationwide settlement on behalf of purchasers of early generation iPods which contained defective batteries approved in 2005). In March 2010, *Lawdragon Magazine* profiled Mr. Pizzirusso's practice in its "Lawyer Limelight."[6] He has served as an adjunct professor at George Washington University, published several articles, and presented on numerous topics involving class actions and consumer protection law. Pizzirusso Decl., ¶¶ 8-11.

### 2. Pearson, Simon, Warshaw & Penny, LLP ("PSWP")

PSWP is a civil litigation firm that specializes in class actions, with offices in Los Angeles and San Francisco. The firm handles national and multi-national class actions that present cutting edge issues in both substantive and procedural areas. The firm's attorneys have expertise in litigating difficult and large cases in an efficient and cost effective manner. The following is a

---

[6] <http://www.lawdragon.com/index.php/newdragon/fullstory/lawyer_limelight_james_pizzirusso/>

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

9

10-cv-1811 RS

partial list of the consumer and employment class actions in which attorneys at PSWP have been appointed as Class Counsel:

> *Baker v. Charles Schwab & Co., Inc.,* Los Angeles County Superior Court, Case No. BC286950.  PSWP attorneys served as class counsel for investors who were charged a fee for transferring out assets between June 1, 2002 and May 31, 2003.  This case resulted in a nationwide settlement.

> *Castillo v. Pizza Hut, Inc.,* Los Angeles County Superior Court, Case No. BC318765.  PSWP attorneys served as lead class counsel in this California class action brought by delivery drivers who claimed they were not adequately compensated for use of their personally owned vehicles.  This case resulted in a nationwide class settlement.

> *Eallonardo v. Metro-Goldwyn-Mayer, Inc.,* Los Angeles County Superior Court, Case No. BC286950.  PSWP attorneys served as class counsel on behalf of a nationwide class of consumers who purchased DVDs manufactured by Defendants.  Plaintiffs alleged that Defendants had engaged in false and misleading advertising relating to the sale of its DVDs.  This case resulted in a nationwide class settlement.

> *Hart v. Central Sprinkler Corporation*, Los Angeles County Superior Court, Case No. BC176727.  PSWP attorneys served as class counsel in this consumer class action arising from the sale of nine million defective sprinkler heads.  This case resulted in a nationwide class settlement.

> *In re AEFA Overtime Cases,* Los Angeles County Superior Court, Judicial Council Coordination Proceeding No. 4321.  PSWP attorneys served as class counsel in this overtime class action on behalf of American Express Financial Advisors, which resulted in an outstanding classwide settlement.

> *In re iPod nano Cases*, Los Angeles County Superior Court, Judicial Counsel Coordination Proceeding No. 4469.  PSWP attorneys were appointed co-lead counsel for this class action brought on behalf of California consumers who own defective iPod nanos.

> *Khan v. Denny's Holdings, Inc.,* Los Angeles County Superior Court, Case No. BC177254.  PSWP attorneys settled a class action slawsuit against Denny's Restaurants for non-payment of overtime wages to its managers and general managers.

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                                    10                                    10-cv-1811 RS

*Kosnik v. Carrows Restaurants, Inc.,* Los Angeles County Superior Court, Case No. BC219809.  PSWP attorneys settled a class action lawsuit against Carrows Restaurants for non-payment of overtime wages to its assistant managers and managers.

*Morales v. Associates First Financial Capital Corporation*, San Francisco Superior Court, Judicial Council Coordination Proceeding No. 4197.  PSWP attorneys served as class counsel in this case arising from the wrongful sale of credit insurance in connection with personal and real estate-secured loans.  This case resulted in an extraordinary $240 million recovery for the Class.

*Nguyen v. First USA N.A.*, Los Angeles County Superior Court, Case No. BC222846.  PSWP attorneys served as class counsel on behalf of approximately four million First USA credit card holders whose information was sold to third party vendors without their consent.  This case ultimately settled for an extremely valuable permanent injunction plus disgorgement of profits to worthy charities.

*Olson v. Volkswagen of America, Inc., et al.*, Central District of California, Case No. CV07-05334.  PSWP attorneys served as class counsel in a class action against Volkswagen of America and Audi of America.  The lawsuit alleged that the 1999 Volkswagen Passat, the 2000-2003 Audi TT, and the 2000-2003 Audi A4 equipped with a 1.8 liter turbo engine, had defectively designed timing belt systems and defective service and inspection intervals for the timing belt system.  The lawsuit resulted in a settlement which provided for a full refund of repair charges associated with class members who suffered past timing belt failures and an extended warranty that will protect class members against expenses incurred from future timing belt failures.

*Wolph v. Acer America Corp.*, Northern District of California, Case No. C 09-01314.  PSWP attorneys currently serve as Co-Lead Counsel in this putative nationwide class action involving defective Acer computers, that addresses many of the same issues as the instant case will likely present here.

The attorneys at PSWP have been recognized as national leaders in the field of class actions.  They have represented a wide range of clients in numerous class actions and have obtained hundreds of millions of dollars in settlements and verdicts on behalf of their clients.  In addition to the above mentioned cases, attorneys at PSWP currently serve as Co-Lead Counsel in the prominent cases *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827)

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                               11                          10-cv-1811 RS

and *In re Flash Memory Antitrust Litigation* (N.D. Cal., Case No. C07-0086 SBA), and hold, or have held, leadership roles in various other notable complex litigation and class action cases. With strategically located offices in Los Angeles and San Francisco, PSWP is at the forefront of significant consumer and complex business litigation, and is able to effectively and resourcefully represent the putative Class in this case.   The attorneys who will be working on this case include the following experienced class action attorneys:

**Bruce L. Simon** is a name partner who specializes in complex litigation and class actions. While at his prior firm, Mr. Simon served as Lead or Co-Lead Counsel in several nationwide antitrust class actions, including: *In re Sodium Gluconate Antitrust Litigation* (N.D. Cal., MDL No. 1226), an antitrust case involving a food additive product; *In re Methionine Antitrust Litigation* (N.D. Cal., MDL No. 1311), an antitrust class action that resulted in over $100 million in settlements; and *In re Citric Acid Antitrust Litigation* (N.D. Cal., MDL No. 1092), which resulted in over $80 million in settlements for direct purchasers.

More recently, Mr. Simon, on behalf of his prior firm, served as co-chair of discovery in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* (N.D. Cal., MDL No. 1486), which settled for over $325 million to the direct purchaser class.  In that case, Mr. Simon and co-counsel supervised the review of a multi-million page electronic document production and the taking of over 100 depositions, all in coordination with the indirect purchaser plaintiffs and the government.  Currently, Mr. Simon is serving as interim Co-Lead Counsel for the direct purchaser plaintiffs in *In re TFT-LCD (Flat Panel) Antitrust Litigation* (N.D. Cal., MDL No. 1827) and *In re Flash Memory Antitrust Litigation* (N.D. Cal., Case No. C07-0086 SBA).  Accordingly, Mr. Simon is experienced in handling the legal and factual issues that are anticipated in this proceeding.

Not only has Mr. Simon effectively managed cases through pretrial proceedings, but he has also taken many complex cases to trial.  For example, he tried the *Osborne Securities* case in Santa Clara County and won a multi-million dollar jury verdict.  That case involved critical issues about the responsibilities of accountants and eventually went to the Supreme Court, setting

1    standards for accounting liability in California.  He also represented Union Bank in a case against

2    a national accounting firm and obtained a $7 million jury verdict that was upheld on appeal.

3         Mr. Simon is a frequent speaker on trial strategies in business cases, and he has lectured

4    throughout the United States and internationally.  He is a past chair of the California State Bar's

5    Antitrust and Unfair Competition Section and the Business Torts Section of the American Trial

6    Lawyers Association.  Mr. Simon is the co-author of the *Matthew Bender Practice Guide:*

7    *California Unfair Competition and Business Torts* (2004), which provides in-depth and practical

8    coverage of the state's Unfair Competition Law, as well as antitrust law and other commonly

9    prosecuted business torts.  He currently serves on the Board of Directors for Hastings College of

10   the Law.

11        **Daniel L. Warshaw** is a name partner with extensive experience arguing complex

12   litigation and class action cases.  He has served as Class Counsel in numerous cases, including: *In*

13   *re Homestore Litigation* (a securities class action); *In re Automotive Refinishing Paint Cases* (an

14   antitrust case alleging price-fixing by Defendants of automotive refinishing products); *Reuda v.*

15   *Schlumberger Resources Management Services, Inc.* (a class action involving customers of the

16   Los Angeles Department of Water & Power who had lead leaching water meters installed on their

17   property); *Hart v. Central Sprinkler Corporation*; *In re iPod nano Cases*; *Nguyen v. First USA*

18   *N.A.*; *Morales v. Associates First Financial Capital Corporation*; *In re AEFA Overtime Cases*;

19   *Khan v. Denny's Holdings, Inc.*; and *Kosnik v. Carrows Restaurants Inc.*  Mr. Warshaw also

20   served as Class Counsel in *Olson v. Volkswagen of America, Inc., et al*, where he was

21   instrumental in obtaining a *100% reimbursement of all costs* associated with vehicular timing belt

22   failures, including lodging, meals, and car rentals for Class members, as well as an extended

23   warranty.  Mr. Warshaw served as a contributor for The Rutter Group Federal Civil Trials and

24   Evidence and the upcoming Rutter Group publication, *Civil Claims and Defenses*, Practice

25   Guides relating to California consumer protection statutes.  Warshaw Decl., ¶¶ 6-9, 11.

26        Mr. Warshaw, with co-counsel, is supervising the document review in the *In Re TFT-LCD*

27   litigation, which involves in excess of 6 million documents in multiple languages and a review

28   team spread across the country.  Warshaw Decl., ¶ 8.  He is also currently managing the document

814881.1Notice of Motion & Memo of P&As In Support of          13                  10-cv-1811 RS
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

1  review and negotiating Electronically Stored Information ("ESI") protocols in the *In Re CRT*

2  *Antitrust Litigation* matter.  He currently serves as Co-Lead Class Counsel in *Wolph v Acer*

3  *America Corp.  Id.*

4  **B.    HAUSFELD AND PSWP WILL BEST BE ABLE TO REPRESENT THE**
       **PUTATIVE NATIONWIDE CLASS**

5

6      **1.    Hausfeld and PSWP have performed significant work in investigating**
             **and prosecuting this case.**

7      The Court should consider the work that Hausfeld and PSWP have already performed in

8  investigating and prosecuting this case.  Fed. R. Civ. P. 23(g)(1)(A).  The Advisory Committee

9  Notes (2003) provide that the investigatory and analytical efforts of counsel are an important

10 factor in appointing lead class counsel:

11              [i]n a case with a plaintiff class, the process of drafting the
                complaint requires some investigatory and analytical effort, tasks
12              that strangers to the action most likely will not have undertaken.
                All other things being equal, when an attorney has performed these
13              or other investigative and analytical tasks before making the
                application for appointment, he or she is in a better position to
14              represent the class fairly and adequately than attorneys who did not
                undertake those tasks.
15

16 M OORE'S F EDERAL P RACTICE § 23.120[3][a] (3d. ed. 2007).

17     Hausfeld and PSWP have a filed a comprehensive, 25-page Complaint detailing their

18 allegations and claims.  Their Complaint, as appears to be the case for all counsel seeking

19 leadership appointments, is the result of a significant, *independent* investigation.  For example,

20 Plaintiff's Complaint contains detailed factual allegations that differ from the other cases filed, as

21 well as additional causes of action that other counsel did not bring.  Indeed, Hausfeld and PSWP

22 have asserted 7 claims on behalf of their client, including 3 claims (breach of express warranty,

23 breach of implied warranty, and violations of the Magnuson-Moss Warranty Act) that no other

24 plaintiff has alleged.  In essence, this is not a "copycat" action that merely recited the other

25 complaints, or relied on another attorney's proprietary investigation.

26     MDPCE and Calvo base most of their motion on the fact that MDPCE filed the first case

27 in this matter (*Ventura*).  *See* Motion at 7 ("After a thorough investigation, MDPCE was the first

28 law firm to file an action against Sony . . . .").  However, all of the firms have done a similar

814881.1 Notice of Motion & Memo of P&As In Support of                    14                          10-cv-1811 RS
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

1    amount of preparatory work leading up to these motions.  MDPCE's complaint is not the result of

2    an exclusive investigation that uncovered this alleged fraud.  Their complaint is based on publicly

3    available information, as is the case with all of the filed complaints.  SCEA's actions were well-

4    documented and in the public domain.  Moreover, MDPCE's case has not progressed, having only

5    just been appointed to this Court on May 19, 2010 – two days before the *Huber* action herein was

6    filed.  Huber's Complaint is not based on the factual allegations, legal claims, or any other

7    findings recited by MDPCE or Calvo, but rather, was the result of a completely independent

8    investigation.  This fact is also reconfirmed by the differing causes of action alleged.

9         Because the *Huber* action is the result of Hausfeld's and PSWP's factual and legal

10   investigation involving distinct legal claims and theories, the fact that MDPCE filed the first case

11   by a few days is irrelevant to the Court's consideration in appointing interim Co-Lead Counsel.

12   *See, e.g., In re Scrap Metal Antitrust Litig.*, 02-CV-0844, 2002 WL 31988203, at *1 (N.D. Oh.

13   2002) ("[C]onsideration of the 'first-to-file' status when making lead counsel determinations has

14   been rejected by many courts . . . [given] the respective timing of all of the filings, first-to-file

15   status is simply not meaningful.").  All of these actions were filed within a few weeks of one

16   another, and none have significantly progressed.

17        Additionally, Hausfeld is the only firm with an office in Europe.  Hausfeld and PSWP are

18   currently exploring claims on behalf of European consumers as well – at least one of whom has

19   already obtained a refund under European law for the same conduct complained of here.  *See*

20   Huber Complaint at ¶ 31.

21        Thus, Hausfeld and PSWP are uniquely situated to efficiently prosecute this case based on

22   the information they have already received and reviewed, their familiarity with the claims, and

23   their contacts with affected class members.

24                    **2.     Hausfeld LLP and PSWP have the experience necessary to serve as
                               Interim Lead Class Counsel and have extensive knowledge of the
25                             applicable law.**

26        Courts throughout the country have appointed Hausfeld and PSWP and their attorneys as

27   class counsel in hundreds of class actions, including many in this district.  Pizzirusso Decl., ¶¶ 4,

28   7; Warshaw Decl. ¶ 8.  Many of these appointments were in consumer fraud cases such as this

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                                15                      10-cv-1811 RS

one, and these cases alone have led to hundreds of millions of dollars in cash relief to affected

consumers, plus additional equitable relief.  *Id.*  Class members will benefit by the appointment of

counsel who have the experience of devising a fair settlement structure and claims protocol in

similar cases.  For example, in granting final approval in *Pelletz*, Judge Coughenour of the

Western District of Washington found that the settlement provided "substantial benefits" to the

Class without the delay, expense, and risk of litigation.  *Pelletz v. Weyerhaeuser Co.*, 255 F.R.D.

537, 542-43 (W.D. Wash. 2009).  Hausfeld and PSWP's vast experience in this area of the law is

described in further detail in the accompanying Declarations and the firms' resumes.  Hausfeld's

and PSWP's extensive experience in this area of law, combined with their successful resolution of

similar cases, demonstrate their unique qualifications to serve as lead counsel here.

> **3.**     **Hausfeld and PSWP have the staffing and resources necessary to aggressively prosecute this case.**

The Court should also consider, in part, the resources counsel will commit to representing

the Class.  Fed. R. Civ. P. 23(g)(1)(A)(iv).  A class is fairly and adequately represented where

counsel are qualified, experienced, and generally able to conduct the litigation on its behalf.  *See,

e.g., Wiener v. Dannon Co.*, 255 F.R.D. 658, 672 (C.D. Cal. 2009); *In re NASDAQ Market-

Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy

requirement where they are able to prosecute the action vigorously).  As a truly international law

firm, with twenty-four lawyers in its offices in San Francisco, Washington D.C., New York, and

Philadelphia, as well as in London and joint ventures in Asia and South America,  Hausfeld is

well-situated to prosecute a nationwide case such as this one.  Similarly, PSWP has fourteen

attorneys in offices in Los Angeles and San Francisco and extensive experience litigating claims

in the federal courts in California.

In addition to their lawyer professionals, who have developed national and international

reputations for top quality work, these firms also maintain staffs with dozens of paralegals,

investigators, litigation support staff, and others.  Three of Hausfeld's attorneys are actively

involved in all facets of this litigation.  The lead attorney on the case is James J. Pizzirusso, who

is highly experienced in economic injury product defect law, and has served in a leadership

814881.1Notice of Motion & Memo of P&As In Support of
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel                 16                    10-cv-1811 RS

1    capacity in numerous cases.  Pizzirusso Decl., ¶ 8.  Supporting him are his partners Michael D.

2    Hausfeld and Michael P. Lehmann, both of whom have extensive experience in complex class

3    action cases, including numerous cases involving consumer fraud claims.  *Id.* at ¶¶ 9-10.  Two of

4    PSWP's attorneys will also be actively involved in this litigation.  These attorneys are Daniel L.

5    Warshaw and Bruce L. Simon, both of whom have extensive experience in complex litigation and

6    class action cases and have obtained favorable results for their clients in dozens of matters.

7        Hausfeld and PSWP also have the financial resources necessary to represent the Class, and

8    will commit the resources necessary to litigate this case vigorously to its conclusion.  Pizzirusso

9    Decl., ¶ 12; Warshaw Decl., ¶ 10.  Hausfeld and PSWP have already committed the full resources

10   of their firms, including the time and efforts of five of their senior attorneys, to perform legal

11   research and fact investigation in this case, and will continue to do so.  Accordingly, Hausfeld and

12   PSWP easily satisfy the adequacy requirement of Rule 23(g).

13                    **4.      Hausfeld and PSWP will work cooperatively with all other interested
                            counsel to achieve the best result possible for the Class.**
14

15        The Court may also consider any other factors that are relevant to the appointment of lead

16   counsel.  Fed. R. Civ. P. 23(g)(1)(B).  Here, one important factor is Hausfeld's and PSWP's

17   demonstrated ability to work efficiently and cooperatively with co-counsel.

18        This case involves plaintiffs represented by several firms.  Therefore, it is important that

19   lead counsel give voice to all interested parties and be capable of working cooperatively to forge

20   consensus when necessary.  In settling the *ChoiceDek*, *Tyson*, *Envision*, and *Trex* cases in the last

21   year, Hausfeld showed these very qualities in working with many different firms involved in

22   those cases.  Similarly, PSWP is serving in a co-lead capacity in the *TFT-LCD* and *Flash* cases,

23   which involve large Executive Committees interfacing with the indirect purchaser plaintiffs'

24   counsel.  Further, as demonstrated in their firm resumes, Hausfeld and PSWP have worked in a

25   leadership capacity on countless nationwide cases involving a number of firms (including

26   Finkelstein Thompson) with demonstrated success.

27        Thus, by appointing Hausfeld and PSWP, the Court will be assured that Co-Lead Counsel

28   have the knowledge and standing necessary to include all interested parties and act upon

814881.1Notice of Motion & Memo of P&As In Support of          17                10-cv-1811 RS
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

1   consensus views, thereby minimizing conflicts that can otherwise hamper complex, nationwide

2   litigation such as this.

3          **5.      The Court should establish an Executive Committee of firms that have**
              **shown dedication to this litigation since its inception.**

4

5          Hausfeld and PSWP have worked cooperatively with many firms in hundreds of class

6   actions, and there are a number of firms here who may be otherwise qualified to serve in

7   leadership capacities on this case.  Thus, this case will be well-served by the creation of an

8   Executive Committee to assist the Co-Lead Counsel with representing the Class.

9          An Executive Committee will be beneficial for a number of reasons.  In addition to

10  bringing their significant experience to bear, the presence of supporting firms will signal

11  Plaintiffs' capability to handle a complex class action trial.  Furthermore, given that Class

12  members are located throughout the country, the involvement of geographically diverse firms will

13  provide more Class members local and accessible attorneys with whom to consult, which can be

14  particularly useful during the settlement claims process.  Finally, through their independent

15  investigation, including their involvement in the past settlement negotiations and their follow-up

16  with aggrieved consumers, each of these firms can aid in the prosecution of this case even if they

17  are not involved in the Lead Counsel operations.  For example, the firms could play an important

18  role in collecting declarations in support of class certification from consumers that contacted

19  them.

20         Thus, the creation of an Executive Committee will allow the Class to benefit from the

21  work and insight of firms that have been involved in this litigation since its inception.  At the

22  same time, by placing this Committee under the direction and authority of Co-Lead Counsel, the

23  Court and the Class can be assured there will no unnecessary duplications of work.

24  **V.     CONCLUSION**

25         These PS3 and Firmware Update 3.21 cases should be consolidated given the overlapping

26  issues present.  Hausfeld and PSWP have expended significant time and independent effort

27  developing their case, and are fully committed to reaching a favorable resolution for aggrieved

28  consumers.  They have the experience and resources necessary to serve as Lead Counsel,

814881.1Notice of Motion & Memo of P&As In Support of              18                10-cv-1811 RS
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel

1   particularly given their successful resolution of similar cases.  Moreover, focused support from

2   the proposed Executive Committee firms will benefit the Class members.

3            For all these reasons, the Court should consolidate these cases, appoint Hausfeld and

4   PSWP as Interim Lead Class Counsel, and create an Executive Committee with four additional

5   firms.

6

7   Dated:  May 27, 2010                              Respectfully submitted,

8                                                     By:___/s/_____
                                                         DANIEL L. WARSHAW

9                                                     BRUCE L. SIMON (Bar No. 96241)

10                                                    bsimon@pswplaw.com
                                                      **PEARSON, SIMON, WARSHAW & PENNY, LLP**

11                                                    44 Montgomery Street, Suite 2450
                                                      San Francisco, California 94104

12                                                    Telephone: (415) 433 9000
                                                      Facsimile:  (415) 433 9008

13                                                    MICHAEL P. LEHMANN (Bar No. 77152)

14                                                    mlehmann@hausfeldllp.com
                                                      **HAUSFELD LLP**

15                                                    44 Montgomery Street, Suite 3400
                                                      Telephone: (415) 633-1908

16                                                    Facsimile:  (415) 693-0770

17                                                    DANIEL L. WARSHAW (Bar No. 185365)
                                                      dwarshaw@pswplaw.com

18                                                    **PEARSON, SIMON, WARSHAW & PENNY, LLP**
                                                      15165 Ventura Boulevard, Suite 400

19                                                    Sherman Oaks, California 91403
                                                      Telephone: (818) 788-8300

20                                                    Facsimile:  (818) 788-8104

21                                                    MICHAEL D. HAUSFELD*
                                                      mhausfeld@hausfeldllp.com

22                                                    JAMES J. PIZZIRUSSO*
                                                      **HAUSFELD LLP**

23                                                    1700 K Street NW, Suite 650
                                                      Washington, DC  20006

24                                                    Telephone: (202) 540-7200
                                                      Facsimile:  (202) 540-7201

25                                                    *Attorneys for Plaintiffs and the Proposed Classes*

26                                                    *Admission to practice *pro hac vice* to be submitted

27

28

814881.1Notice of Motion & Memo of P&As In Support of                  19                    10-cv-1811 RS
Plaintiff Huber's Motion for Consolidation & Appointment of
Interim Co-Lead Counsel