*E-Filed 6/30/10*

James A. Quadra (SBN 131084)
jquadra@calvoclark.com
**CALVO & CLARK, LLP**
One Lombard Street, Second Floor
San Francisco, California 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

| | |
|---|---|
| Rosemary M. Rivas (SBN 209147)<br>rrivas@finkelsteinthompson.com<br>**FINKELSTEIN THOMPSON LLP**<br>100 Bush Street, Suite 1450<br>San Francisco, California 94115<br>Telephone: (415) 398-8700<br>Facsimile: (415) 398-8704 | James Pizzirusso<br>jpizzirusso@hausfeldllp.com<br>**HAUSFELD LLP**<br>1700 K. Street NW, Suite 650<br>Washington, DC 20006<br>Telephone: (202) 540-7200<br>Facsimile: (202) 540-7201 |

Proposed Interim Co-Lead Counsel and Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VENTURA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., a corporation<br><br>Defendant. | Case No. CV-10-01811-RS<br><br>**STIPULATION AND CASE MANAGEMENT ORDER NUMBER 1 AS MODIFIED BY THE COURT** |
| JASON BAKER, SEAN BOSQUETT, FRANK BACHMAN, PAUL GRAHAM, and PAUL VANNATTA, Individually and on Behalf of all others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC successor to SONY COMPUTER ENTERTAINMENT AMERICA, INC.,<br><br>Defendant. | Case No. CV-10-01897-RS |

| | |
|---|---|
| TODD DENSMORE and ANTAL HERZ, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br>SONY COMPUTER ENTERTAINMENT AMERICA, INC., a corporation<br><br>　　　　Defendant. | Case No. CV-10-01945-RS |
| KEITH WRIGHT, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., and SONY COMPUTER ENTERTAINMENT AMERICA, LLC.<br><br>　　　　Defendants. | Case No. CV-10-01975-RS |
| JONATHAN HUBER, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br>　vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC, formerly SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. CV-10-02213-RS |
| JEFFREY HARPER and ZACHARY KUMMER, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, INC.,<br><br>　　　　Defendant. | Case No. CV-10-02197-RS |

| | |
|---|---|
| RICK BENAVIDES, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC., and SONY COMPUTER ENTERTAINMENT, LLC,<br><br>Defendants. | Case No. CV-10-02612-RS |

IT IS HEREBY STIPULATED as follows:

WHEREAS, the seven actions entitled *Ventura v. Sony Computer Entertainment America, Inc.,* Case No. CV-10-01811-RS; *Baker, et al. v. Sony Computer Entertainment America, LLC,* Case No. CV-10-01897-RS; *Densmore, et al. v. Sony Computer Entertainment America, Inc.,* Case No. CV-10-1945-RS; *Wright v. Sony Computer Entertainment America, Inc., et al.,* Case No. CV-10-01975-RS; *Huber v. Sony Computer Entertainment America, LLC,* Case No. CV-10-02213-RS; *Harper, et al. v. Sony Computer Entertainment America, Inc.,* Case No. CV-10-02197-RS; and *Benavides v. Sony Computer Entertainment America, Inc.,* Case No. CV-10-02612-RS (hereinafter "Actions") have been related and are pending before this Court; and

WHEREAS, five competing motions for consolidation and appointment of interim lead counsel were filed by the law firms of Finkelstein Thompson LLP (Docket No. 27); Meiselman, Denlea, Packman, Carton & Eberz P.C. and Calvo & Clark, LLP (Docket No. 32); Bailey & Galyen (Docket No. 38); Hausfeld LLP and Pearson, Simon, Warshaw & Penny, LLP (Docket No. 45); and Chimicles & Tikellis LLP (Docket No. 60); and

WHEREAS, counsel for the Plaintiffs in each of the Actions have met and conferred and each have concluded that it is in the best interests of the respective parties and absent proposed class members that the above captioned actions be consolidated for pre-trial purposes and proceed as contemplated herein; and

WHEREAS, the Actions pending before the Court meet the requirements of Rule 42(a) of the Federal Rules of Civil Procedures, the interests of fair and efficient administration of the Actions and the avoidance of unnecessary duplicative efforts, warrants the consolidation of the Actions, and the establishment of an organizational structure for Plaintiffs' counsel; and

WHEREAS, all served parties, through their respective counsel have stipulated to the terms provided herein.

**IT IS HEREBY AGREED TO AS FOLLOWS:**

**I.     CONSOLIDATION AND TREATMENT OF SUBSEQUENT ACTIONS**

1. By Orders dated May 20, 2010, May 28, 2010 and June 16, 2010, the Court found that the above-entitled actions are related. Each of the Actions satisfies the requirements of Fed. R. Civ. P. 42(a). In addition, the parties in the Actions are substantially the same. Accordingly, for pre-trial purposes, each of the Actions are hereby consolidated into *Ventura v. Sony Computer Entertainment America Inc.*, CV-10-01811-RS, and are referred to herein as the Consolidated Action. Each document filed by a party to this litigation shall bear the following caption:

| In Re Sony PS3 "Other OS" Litigation | Case No. CV-10-1811-RS |
|---|---|

2. The terms of this Order shall apply to actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact, subject to applicable rules.

3. Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Action. Mailing or other delivery of a copy of this Order by counsel for defendant Sony Computer Entertainment America LLC ("SCEA"), incorrectly named as Sony Computer Entertainment America, Inc., or Plaintiffs' Co-Lead Counsel (see II. Below), as appropriate, to the counsel in any newly-filed or transferred actions shall constitute valid notice thereof for purposes of establishing its applicability to such action in accordance herewith.

**II.     ORGANIZATION OF PLAINTIFFS' COUNSEL**

4.     Pursuant to Fed. R. Civ. P. 23(g) and for pre-trial purposes only, the Court appoints the following firms as Plaintiffs' Interim Co-Lead Counsel: Calvo & Clark, LLP; Finkelstein Thompson LLP; and Hausfeld LLP.  Plaintiffs' Interim Co-Lead Counsel shall have the following duties:

a.     executing the Orders of the Court concerning the conduct of the litigation.  This includes participating in drafting pleadings, motions, oral argument, written discovery, depositions, or pre-trial preparation and settlement.  Co-Lead Counsel may organize and delegate to other Plaintiffs' counsel matters to the extent appropriate for the efficient prosecution of the case; however, all communications between Plaintiffs' counsel and SCEA's counsel shall be made only through the firms designated as Co-Lead Counsel, except (1) those communications made during and as part of a deposition or oral argument before the Court, or (2) in instances in which SCEA's counsel has expressly agreed to communicate with other Plaintiffs' counsel;

b.     determining and presenting (in briefs, oral argument, or any such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters;

c.     coordinating the initiation and conduct of discovery on behalf of the Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of interrogatories, requests for production of documents, requests for admissions and the examination of witnesses in depositions;

d.     designating committees of counsel and supervising the efforts of other counsel or committees of counsel, in a manner to ensure that prosecution for the Plaintiffs is conducted efficiently and effectively;

e.     maintaining adequate time and disbursement records for all Plaintiffs' counsel;

f.     monitoring the activities of all Plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided, including the avoidance of unnecessary or duplicative communications among, and unnecessary or duplicative attendance by, Plaintiffs' counsel;

    g. assessing common litigation costs and collecting assessments as appropriate and necessary;

    h. calling meetings of themselves and/or other counsel as appropriate or necessary from time to time;

    i. initiating and conducting settlement negotiations with SCEA's counsel; however, all settlement communications between Plaintiffs' counsel and SCEA's counsel shall be made only through the firms designated as Co-Lead Counsel, unless SCEA's counsel expressly agrees with Co-Lead Counsel to communicate with other Plaintiffs' counsel;

    j. making a good faith recommendation to the Court on the allocation of any attorneys' fees awarded by the Court;

    k. receiving, and as appropriate, distributing Orders from the Court and documents from opposing parties and counsel;

    l. performing any other such duties as may be necessary for the litigation; and

    m. with regard to Sections 4(a) and (i) above, Plaintiffs agree that they will employ a unified approach to all issues, including discovery and settlement, to be coordinated internally by Co-Lead Counsel, and that Co-Lead Counsel will attempt whenever reasonable and appropriate to appoint a single firm from among them responsible for communications with SCEA regarding a specific category or categories of topics, for example, discovery, settlement, or a particular motion.  SCEA reserves the right to seek modification of this order pursuant to Section 14, should it conclude that efforts on behalf of Plaintiffs have become unduly burdensome or inefficient.

  5. The organizational structure set forth in this section applies to all Plaintiffs' counsel in the Consolidated Action, including any action subsequently governed by this Order.

  6. No communications among Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled.

  **III.** **AGREEMENTS WITH CO-LEAD COUNSEL**

  7. SCEA's counsel may rely upon all agreements made with Plaintiffs' Interim Co-Lead Counsel, and such agreements are binding on Plaintiffs.

**IV.     SERVICE OF DOCUMENTS**

8. Except with regard to documents filed with the Court via the ECF system, SCEA shall effect service of papers on Plaintiffs by serving a copy of same on Calvo & Clark, LLP by overnight mail service or hand delivery unless otherwise agreed, and Plaintiffs shall effect service of papers on SCEA by serving a copy of the same on SCEA's counsel by overnight mail service or by hand delivery, or as otherwise agreed.

**V.      SCHEDULE**

9. The competing motions for consolidation and appointment of interim lead counsel are withdrawn as moot and the hearing on such motions is vacated.

10. The individual case management conferences scheduled in the Actions are vacated. A case management conference in this Consolidated Action is scheduled for September 30, 2010 at 10:30 a.m.. A Joint Case Management Conference Statement is due ten days prior to the conference.

11. Plaintiffs shall file a Consolidated Class Action Complaint ("Complaint") naming only SCEA no later than 30 days from the date of the entry of this Order, unless otherwise agreed between the parties, which shall be deemed the operative complaint, superseding all complaints filed in this action, or any of the actions to be consolidated hereunder or in any related cases.

12. SCEA shall have 30 days after the filing and service of the Complaint to answer or otherwise respond to the Complaint and is not required to answer or otherwise respond to any prior complaint filed in any of the Actions. In the event that SCEA files any motions directed at the Complaint, counsel are to meet and confer and report to the Court with regard to an acceptable briefing and hearing schedule for such motions.

**IV.     EFFECT AND MODIFICATION OF THIS ORDER**

13. SCEA enters into this Stipulation without waiving any argument regarding any of the elements of Fed. R. Civ. P. 23 that Plaintiffs must satisfy to obtain class certification.

//

//

14. This Order may be modified, supplemented, or superseded by order of the Court or upon the motion of any party for good cause shown.

Dated: June 29, 2010              BAILEY & GALYEN

/s/John R. Fabry
John R. Fabry
*Counsel for Plaintiffs Jason Baker, Sean Bosquett, Frank Bachman, Paul Graham and Paul Vannatta*

Dated: June 29, 2010              CALVO & CLARK, LLP
/s/ James A. Quadra
James A. Quadra
*Counsel for Plaintiff Keith Wright*

Dated: June 29, 2010              CHIMICLES & TIKELIS LLP

/s/ Joseph G. Sauder
Joseph G. Sauder
*Counsel for Plaintiffs Jeremey Harper and Zachary Kummer*

Dated: June 29, 2010              FINKELSTEIN THOMPSON LLP

/s/ Rosemary M. Rivas
Rosemary M. Rivas
*Counsel for Plaintiffs Todd Densmore and Antal Herz*

Dated: June 29, 2010              HAUSFELD LLP

/s/ James Pizzirusso
James Pizzirusso
*Counsel for Plaintiffs Jonathan Huber*

Dated: June 29, 2010              KRAUSE, KALFAYAN, BENNICK & SLAVENS, LLP

/s/ Ralph B. Kalfayan
Ralph B. Kalfayan
*Counsel for Plaintiff Rick Benavides*

| | |
|---|---|
| Dated: June 29, 2010 | MEISELMAN, DENLEA, PACKMAN, CARTON & EBERZ LLP |
| | /s/ Rebecca Coll |
| | Rebecca Coll |
| | *Counsel for Plaintiff Anthony Ventura* |
| Dated: June 29, 2010 | PEARSON, SIMON, WARSHAW & PENNY, LLP |
| | /s/ Bruce Simon |
| | Bruce Simon |
| | *Counsel for Plaintiffs Jonathan Huber* |
| Dated: June 29, 2010 | DLA PIPER LLP (US) |
| | /s/ Luanne Sacks |
| | Luanne Sacks |
| | *Counsel for defendant Sony Computer Entertainment America LLC, incorrectly named as Sony Computer Entertainment America, Inc.* |

**PURSUANT TO STIPULATION, IT IS SO ORDERED, AND IT IS FURTHER ORDERED THAT:**

1. All filings hereafter shall be made exclusively in Case No. C 10-1811 RS.

2. The initial Case Management Conference shall be held on September 9, 2010, as originally scheduled in C 10-1811 RS.

3. The Clerk shall close the files of the other six cases captioned above.

Dated: 6/30/10

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE