UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SONY PS3 "OTHER OS" LITIGATION _____/ | No. C-10-1811 RS (EMC)<br><br>**ORDER RE PLAINTIFFS' MOTION FOR PROTECTIVE ORDER, PLAINTIFFS' MOTION FOR ORDER COMPELLING DISCOVERY AND ENTERING STANDARD STIPULATED PROTECTIVE ORDER, AND DEFENDANT'S MOTION TO COMPEL**<br><br>**(Docket Nos. 111, 112, 116)** |

The above motions came on for hearing on February 9, 2010. Having read the papers filed in support of and opposition to the motions and having considered the argument of counsel, and good cause appearing therefor, for the reasons stated on the record in open court, the Court orders as follows.

1.     Defendant's Motion to Compel and Plaintiffs' Motion for Protective Order are **GRANTED IN PART** and **DENIED IN PART**.

     The named Plaintiffs shall produce for inspection their PS3s and the PS3s' hard drives. The parties shall meet and confer and agree upon a protocol for the inspection/production. The parties will also agree upon a time line for the production and for ensuing depositions (affording sufficient time for Defendant to inspect and conduct its analysis of each PS3 and it hard drive prior to taking the Plaintiffs' depositions). The hard drives (and any mirror taken thereof and information obtained therefrom) shall be produced under a protective order providing for attorneys' eyes only until further order or agreement.

Plaintiffs need not produce their personal PCs, peripheral equipment, Internet pseudonyms, attorney retainer agreements, or documents regarding the false website posting. Plaintiffs shall certify that they have produced all documents responsive to the requests regarding reliance and purchase and documents requested by Requests Nos. 10-13 and 16-25, including those kept in digital form, in their current possession, custody or control. Parties are advised that any future production shall be comply with Rule 34(b)(2)(E).

Formerly named Plaintiffs who are no longer named Plaintiffs in the consolidated complaint shall be treated as unnamed class members for discovery purposes.

2. Plaintiffs' Motion to Compel and enter a Protective Order is **GRANTED IN PART** and **DENIED IN PART**.

Based on the current record, Plaintiffs have not established documents not in the possession of SCEA and solely in the possession of SCEI are within the possession, custody or control of SCEA within the meaning of Rule 34. However, Plaintiffs may conduct limited focused discovery on this matter. The parties shall meet and confer and agree upon a discovery plan on this issue. In the meanwhile, SCEA shall produce those responsive documents it does have in its possession. It shall also request SCEI to produce documents in SCEI's possession which are responsive to Plaintiffs' document requests. That request and SCEI's response thereto shall be discoverable as part of the limited discovery ordered herein.

The parties shall meet and confer and agree upon a stipulated protective order that contains a provision for highly confidential documents for attorneys' eyes only, but shall not contain the procedures suggested by SCEA applicable to source codes and expert witness disclosure.

///
///
///
///
///
///
///

The parties shall report to this Court by letter the results of the meet and confers ordered herein no later than February 21, 2011.

This order disposes of Docket Nos. 111, 112 and 116.

IT IS SO ORDERED.

Dated: February 10, 2011

_____
EDWARD M. CHEN
United States Magistrate Judge