**\*\*E-filed 2/17/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SONY PS3 OTHER OS LITIGATION _____/ | No. C 10-1811 RS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE** |

By administrative motion, plaintiffs seek leave to file a supplemental request for judicial notice in connection with the motion to dismiss that was under submission at the time they filed their administrative motion. The materials plaintiffs seek to have judicially noticed contain purported admissions by defendant that it is in contractual privity with plaintiffs with respect to their use of the Play Station Network, pursuant to the PlayStation Network Terms of Service and User Agreement ("PSN User Agreement"). In the briefing on the motion to dismiss, there appeared to be no dispute that there was contractual privity between defendants and at least those plaintiffs who utilized the PSN, by virtue of the PSN User Agreement. Additionally, defendant raised no contention that privity was lacking between it and plaintiffs with respect to the license agreements governing use of PS3 software. The question was whether privity existed with respect to the *sales* of the PS3 devices themselves. In arguing that they had shown, or did not need to show, privity, plaintiffs relied on the software license and the PSN User Agreement only tangentially, as part of

their assertion that they had alleged "direct dealings," sufficient to bring them within the holding of *U.S. Roofing, Inc. v. Credit Alliance Corp.*, 228 Cal.App.3d 1431 (1991). Plaintiffs did not articulate a contention the privity between the parties under the license agreement and/or the PSN User Agreement effectively created privity with respect to the sales transactions.

To the extent plaintiffs intended to rely on contractual privity in the license agreement and/or the PSN User Agreement, the purported admissions they now seek leave to introduce are merely cumulative, as privity under those agreements was not in dispute. Additionally, because the order on the motion to dismiss has issued, the request for leave to file supplemental material is moot. Accordingly, the motion is denied.

IT IS SO ORDERED.

Dated: 2/17/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE