LUANNE SACKS, Bar No. 120811
luanne.sacks@dlapiper.com
CARTER W. OTT, Bar No. 221660
carter.ott@dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel: 415.836.2500
Fax: 415.836.2501

JOSEPH COLLINS (*Pro Hac Vice*, Ill. Bar No. 06238527)
joseph.collins@dlapiper.com
**DLA PIPER LLP (US)**
203 North LaSalle Street, Suite 1900
Chicago, IL 60601-1293
Tel: 312.368.4000
Fax: 312.236.7516

Attorneys for Defendant
SONY COMPUTER ENTERTAINMENT AMERICA LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SONY PS3 "OTHER OS" LITIGATION | CASE NO. CV-10-1811-RS<br><br>[PROPOSED] STIPULATED ORDER REGARDING DOCUMENT PRODUCTION PROTOCOL |

1. **Applicability.** This document production protocol shall apply prospectively to the production of documents existing in hard-copy form or in electronic form in this action by Plaintiffs or defendant Sony Computer Entertainment America LLC ("SCEA")This Order shall apply to this matter and to all related actions that will be originally filed in, transferred to, or removed to this Court and consolidated with this matter.

2. **General Format of Production.** All documents that originally existed in either hard-copy or native electronic form that are produced in these proceedings shall be produced in electronic image form in the manner provided herein, and shall carry Bates stamp numbers and, where appropriate, confidentiality designations, in a manner that does not obscure any writing or image on the original document. Each document's electronic image shall convey the same information and image as the original document. Documents that present imaging or formatting problems shall be promptly identified and the parties shall meet and confer to attempt to resolve the problems. Notwithstanding the foregoing, by mutual agreement in a writing signed by the parties, the parties may agree to modify the production format without approval by the Court.

3. **Production Media.** The parties shall produce documents on CD-ROM, DVD, external hard drive (with standard PC compatible interface), or such other readily accessible computer or electronic media as the parties may hereafter agree upon (the "Production Media"). Each piece of Production Media shall identify a production number corresponding to the production "wave" the documents on the Production Media are associated with (e.g., "SCEA001"; "SCEA002"), as well as the volume of the material in that production wave (e.g., "-001"; "-002"). For example, if the first production wave by either partycomprises document images on three hard drives, that partyshall label each hard drive in the following manner: "SCEA001-001"; "SCEA001-002"; "SCEA001-003." Additional information that shall be identified on the physical Production Media shall include: (1) text referencing that it was produced in this matter, (2) the production date, and (3) the Bates Number range(s) of the materials contained on the Production Media.

4. **Cooperation.** The parties shall meet and confer and cooperate to facilitate the import and use of the produced materials with commercially available document management or

-2-

DLA PIPER LLP (US)   WEST\225471038.1   [PROPOSED] STIPULATED ORDER REGARDING DOCUMENT PRODUCTION PROTOCOL
CASE NO. CV-10-1811-RS

1  litigation support software. All requests to meet and confer pursuant to this order shall conclude
2  within fourteen days of the requesting party's initial request.
3     5.     **Production Format Of Electronically Stored Information**. Except as set forth
4  herein or by subsequent agreement or order, all electronically stored documents shall be produced
5  in Tagged Image File format ("TIFF"), single page, Group IV TIFF, black and white at 300 x 300
6  dpi resolution. If a color image is produced in black and white, the receiving party may request
7  the producing party to produce the original, color image. After receiving such a request for color
8  production, the parties will meet and confer on a reasonable and cost-effective means of
9  providing the requested documents. The production format shall conform to the following
10 requirements:
11    a.     The image file names shall match the Bates number assigned to the image
12 (for example: SCEA0000001.TIF).
13    b.     Documents shall carry Bates numbers and confidentiality designations as
14 set forth in Paragraph 2, above.
15    c.     Load files: The parties shall produce documents, data and information
16 either on hard drives, DVDs or CDs, depending on the size of the production, in the following
17 folders:
18       i.   <u>Images</u> folder - Single-page TIFF - Group IV Black & White
19       ii.  <u>OPT</u> folder - Pathing to the single-page TIFFs
20       iii. <u>DAT</u> folder
            - Metadata fields set forth below
21          - Relative pathing to OCR
            - Relative pathing to natives (if producing any natives)
22
23       iv.  <u>OCR</u> folder
            - Extracted text/OCR - document level text files – ANSI format
            - Relative pathing to text files in DAT (example:.\OCR\001\INV00001.txt)
24          - The extracted text/OCR shall be Unicode compliant in foreign language
              documents.
25
26       d.   The metadata fields to be provided in the DAT folder shall be as follows:

27    • BEGBates       • CC              • MODIFIEDDATE
28

- ENDBates
- BEGATTACH
- ENDATTACH
- ATTACHRANGE
- ATTCOUNT
- PAGECOUNT

- FILETYPE

- EMAILSUBJECT
- TO
- FROM

- BCC
- DATESENT
- TIMESENT
- DATERECEIVED
- TIMERECEIVED
- FILENAME

- FILEEXT

- AUTHOR
- CREATEDATE
- CREATETIME

- MODIFIEDTIME
- HASHVALUE
- CUSTODIAN
- CONVERSATION ID
- DUP ID
- OCR PATH – (Example of relative pathing:.\OCR\001\INV00001.txt)

- NATIVE LINK - (Example of relative pathing:.\NATIVES\001\INV00001.xls)

  e. If the parties have data that was created with proprietary software and/or MDB database files, this data shall be produced in Single Page Tiff format or in such other mutually agreeable format that will allow the receiving party to render the data for review.

  f. Any party producing electronic information shall disclose any restrictions as to scope and method which may affect their ability to conduct a complete electronic search of the electronically stored information. The parties shall meet and confer in good faith to reach agreements as to the method of searching, and the terms and phrases to be searched. The parties shall also meet and confer regarding the timing and conditions of any additional searches which may become necessary in the normal course of discovery.

  g. Generally excel spreadsheets shall be produced in native format and in the event that production in native would be unduly burdensome, the producing party will produce in TIFF. In addition, the parties shall meet and confer regarding any other documents produced in TIFF which the receiving party requests to receive in native format. Notwithstanding this paragraph, any document that is properly redacted shall be produced in TIFF in compliance with

Section 6 below. The parties shall meet and confer to the extent the production of documents in TIFF eliminates the production of relevant information or affects whether the document is in usable form, and any nonprivileged relevant information will be thereafter produced in a mutually agreeable and usable form per the parties' meet and confer agreements. The burden of demonstrating that it is burdensome to produce a document in native format is on the producing party.

6. **Production Format Of Hard Copy Documents.**

    a. All hard copy documents shall be produced as single-page "TIFFs," shall be scanned at industry standard resolution and shall reflect, without visual degradation, the full and complete information contained on the original document.

    b. All TIFF images shall be produced with associated OCR text and DAT and OPT load files. The DAT load file shall contain the Objective Coding Fields referenced below. The OPT load file will contain pathing to the Single Page TIFF images.

    c. Each page image file shall be named with the unique Bates Number of the page of the document in the case of single-page TIFFs, followed by the extension ".TIF." In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

    d. In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (i.e., paper documents should be logically unitized).

    e. Parent-child relationships (the association between an attachment and its parent document) shall be preserved.

    f. At least the following objective coding fields should be provided for all hard copy documents:

        i. Beginning Bates Number
        ii. Ending Bates Number
        iii. Beginning Attachment Number
        iv. Ending Attachment Number

1        v.    Source and Custodian Information

2        vi.    Redacted

3        vii.    OCR. Document Level Txt files, with relative pathing to the txt files in the DAT. Example of relative pathing: .\OCR\001\INV00001.txt

g. Where a single document custodian has more than one identical hard copy of a document (i.e., the documents are visually the same in every respect), the producing party need only produce a single copy of that document. Where multiple document custodians each possess their own copies of an identical document, the document shall be produced once for each custodian in possession of the document. De- duplicated originals shall be securely retained and made available for inspection and copying.

**IT IS SO STIPULATED.**

Dated:_November 28, 2011_      DLA PIPER LLP (US)

By: /s/ Carter W. Ott
Carter W. Ott
*Counsel for defendant Sony Computer Entertainment America LLC*

Dated:_November 28, 2011_      CALVO FISHER & JACOB LLP

By: /s/ James A. Quadra
James A. Quadra
*Other OS Plaintiffs' Interim Co-Lead Counsel*

Dated:_November 28, 2011_      FINKELSTEIN THOMPSON LLP

By: /s/ Rosemary M. Rivas
Rosemary M. Rivas
*Other OS Plaintiffs' Interim Co-Lead Counsel*

DLA PIPER LLP (US)
WEST\225471038.1
-6-
[PROPOSED] STIPULATED ORDER REGARDING DOCUMENT PRODUCTION PROTOCOL
CASE NO. CV-10-1811-RS

1

2  Dated:_November 28, 2011_          HAUSFELD LLP

3

4                                     By: /s/ James Pizzirusso
                                          James Pizzirusso (*Pro hac vice*)
5                                         *Other OS Plaintiffs' Interim Co-Lead Counsel*

6

7       I, Carter Ott, am the ECF user whose identification and password are being used to file the

8  foregoing [Proposed] Stipulated Order Regarding Document Production Protocol. I hereby attest

9  that the above-referenced signatories to this stipulation have concurred in this filing.

10                                   **ORDER**

11 PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED.

12
   Dated: 11/29/2011
13
                                      By: _____Nath_____
14                                        Magistrate Judge Nathanael M. Cousins

15

16

17

18

19

20

21

22

23

24

25

26

27

28