FILED

**NOT FOR PUBLICATION**

JAN 06 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE SONY PS3 "OTHER OS" LITIGATION<br><br>ANTHONY VENTURA , JONATHAN HUBER, JASON BAKER AND ELTON STOVELL, on behalf of themselves and all those similarly situated,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, INC. and SONY COMPUTER ENTERTAINMENT AMERICA LLC,<br><br>        Defendants - Appellees. | No. 11-18066<br><br>D.C. No. 3:10-cv-01811-RS<br><br>MEMORANDUM[*] |

Appeal from the U.S. District Court
for Northern California, San Francisco
Richard Seeborg, District Judge, Presiding

Argued and Submitted October 11, 2013
San Francisco, California

Before: HAWKINS, N.R. SMITH and NGUYEN, Circuit Judges.

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs (Anthony Ventura and other individuals) appeal the dismissal of their First Amended Consolidated Class Action Complaint ("FAC"). We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing a dismissal for failure to state a claim de novo, *Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013) (citation omitted), we affirm in part, reverse in part, and remand.

### First Claim (Breach of Express Warranty)

The district court properly dismissed the first claim for breach of an express warranty. "An express warranty is a contractual term relating to the title, character, quality, identity, or condition of the sold goods." *Blennis v. Hewlett-Packard Co.*, No. C 07-00333 JF, 2008 WL 818526, at *2 (N.D. Cal. Mar. 25, 2008) (citing *Fogo v. Cutter Labs., Inc.*, 137 Cal. Rptr. 417 (Ct. App. 1977)). "A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty." *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 525 (1992). A plaintiff must allege "the exact terms of the warranty." *Williams v. Beechnut Nutrition Corp.*, 229 Cal. Rptr. 605, 608 (Ct. App. 1986).

Plaintiffs allege that Defendants Sony Computer Entertainment America Inc. and Sony Computer Entertainment America LLC ("Sony") gave Plaintiffs an express warranty—through various statements made mostly in promotional

materials—that the other operating software ("Other OS") and PlayStation Network ("PSN") features *both* would be available for the advertised ten-year lifespan of the PlayStation 3 ("PS3"). However, these disparate statements, even when read together, do not include all the "exact terms" that would create an express warranty that such dual functionality would be available for the ten-year lifespan of the PS3. Moreover, Sony's System Software License Agreement ("SSLA") and Terms of Service ("TOS") expressly informed consumers that updates and services "may cause some loss of functionality."

Alternatively, even if Plaintiffs sufficiently have alleged that Sony gave them an express warranty that the PS3 would operate as a computer through its ability to run the Other OS, Plaintiffs do not adequately plead a breach of that warranty. While Plaintiffs claim that they have pleaded a warranty that the Other OS function would last for ten years, Sony's statements only promise a ten-year lifespan for the PS3 itself.

In addition, Sony's written Limited Hardware Warranty curtailed "WARRANTIES REQUIRED AS A MATTER OF LAW" to one year from the original date of purchase. This limitation was valid, because it is "reasonable" to construe a one-year limit together with the alleged Other OS warranty, which had no temporal limit. *See* Cal. Com. Code § 2316(1). Thus, Plaintiffs' alleged Other

OS warranty would have expired by the time Sony released Update 3.21. Accordingly, we affirm the dismissal of this claim.

### Second and Third Claims (Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose)

The district court properly dismissed the second and third claims for breach of the implied warranties of merchantability and fitness for a particular purpose. An implied warranty of merchantability arises when a product is not "fit for the ordinary purposes for which such goods are used." *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (citing *Hauter v. Zogarts*, 534 P.2d 377 (Cal. 1975)) (internal quotation marks omitted); *see* Cal. Com. Code § 2314(2)(c). "'[T]he implied warranty of fitness for a particular purpose is a warranty implied by law when a seller has reason to know that a buyer wishes goods for a particular purpose and is relying on the seller's skill and judgment to furnish those goods.'" *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 23 (Ct. App. 2008) (citation omitted); *see* Cal. Com. Code § 2315.

Plaintiffs nowhere allege that dual functionality is one of the "ordinary purposes for which such goods are used." Indeed, the FAC alleges that Sony sought to distinguish the PS3 from the Wii and Xbox based on this supposed dual functionality. Likewise, Plaintiffs fail to allege that Sony "ha[d] reason to know"

4

that Plaintiffs purchased the PS3 for any "particular purpose," whether dual functionality or otherwise. Accordingly, we affirm the dismissal of these claims.

### Fourth Claim (Violation of Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 et seq.)

The district court properly dismissed Plaintiffs' fourth claim for violation of the MMWA. "[The] disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Further, the MMWA requires a written warranty guaranteeing a product's "specified level of performance" to state a "period of time" over which performance is guaranteed. 15 U.S.C. § 2301(6); *see In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1102 (C.D. Cal. 2012).

Because Plaintiffs fail to adequately allege a state warranty claim, the MMWA claim fails. Further, the MMWA claim fails because there was no *written* statement that warrants dual functionality for the ten-year lifespan of the PS3 or any other specific time period. Accordingly, we affirm the dismissal of this claim.

### Fifth and Sixth Claims (Violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ Code § 1770(a)(5), (7))

The district court erred in dismissing the fifth and sixth claims under Section 1770(a)(5) and (7) of the CLRA. To state a claim under these two subsections, a plaintiff must allege: (1) a misrepresentation; (2) reliance on that

5

misrepresentation; and (3) damages caused by that misrepresentation. *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002-03 (N.D. Cal. 2009) (citations omitted). CLRA claims are governed by the "reasonable consumer" test, under which a plaintiff must allege that "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citation and internal quotation marks omitted). However, "a plaintiff need not plead fraud." *Marolda*, 672 F. Supp. 2d at 1003 (citation omitted). "Section 1770(a)(5) concerns representations that the product had a characteristic that it did not actually have," while "Section 1770(a)(7) focuses on the product being of a different quality or grade than represented." *Id.*

Plaintiffs have alleged sufficient facts as to each element of these claims. First, they allege that Sony's representations at the time of sale mischaracterized the dual functionality of the PS3—and were likely to deceive members of the public—because Sony later restricted users to using either the Other OS feature or accessing the PSN feature, but not both. Second, Plaintiffs allege that they reviewed Sony's website, relevant articles on the internet, and the PS3 box label before making their purchases, and that they relied on Sony's representations about the PS3's features. Finally, Plaintiffs allege that they suffered damages because they paid more for the PS3 than they would have otherwise because of the

supposed dual functionality. Plaintiffs' damages were in the form of lost "premium" payments. Accordingly, we reverse the dismissal of these claims.

**Seventh Claim (Violation of CLRA, Cal. Civ Code § 1770(a)(9))**

The district court properly dismissed the seventh claim under Section 1770(a)(9) of the CLRA. "Section 1770(a)(9) is the only subsection that requires pleading fraud, since it specifically requires intent to defraud, which, in turn, implies knowledge of the falsity." *Marolda*, 672 F. Supp. 2d at 1003.

Here, Plaintiffs allege that at the time of sale Sony believed that it retained the right to disable, and therefore could terminate, the PS3's dual functionality. Plaintiffs allege only that Sony *could* terminate the PS3's dual functionality rather than alleging that Sony *would* terminate the dual functionality. Plaintiffs thus fail to allege the requisite "intent" required to state a claim under Section 1170(a)(9). Accordingly, we affirm the dismissal of this claim.

**Eighth Claim (Violation of CLRA, Cal. Civ Code § 1770(a)(19))**

Plaintiffs' brief only summarily states in a footnote that Plaintiffs plead sufficient facts to show procedural and substantive unconscionability. Thus, Plaintiffs waived their unconscionability claim under Section 1770(a)(19) of the CLRA. *See City of Emeryville v. Robinson*, 621 F.3d 1251, 1262 n.10 (9th Cir. 2010) (Appellant waived claim "[b]y failing to address the issue in its opening brief except in a footnote."). Accordingly, we affirm the dismissal of this claim.[1]

**Ninth Claim (Violation of False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.) and Tenth Claim for Relief (Violation of Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 et seq., "Fraud" Prong)**

The district court erred in dismissing the ninth claim under the FAL and tenth claim under the fraud prong of the UCL. "[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived." *Kasky v. Nike, Inc.*, 45 P.3d 243, 250 (Cal. 2002) (citation and internal quotation marks omitted); *id.* ("This court has recognized that [a]ny violation of

---

[1] This claim fails even if considered on the merits. While Plaintiffs allege that the SSLA and TOS contain unconscionable provisions, they fail to allege any underlying "agreement" that promised them dual functionality for the lifespan of the PS3. Indeed, the agreements (the SSLA and TOS) informed consumers that updates "may cause some loss of functionality." Thus, the premise of Plaintiffs' unconscionability claim—i.e., a contract for dual functionality—is missing.

the false advertising law . . . necessarily violates the UCL." (citation and internal quotation marks omitted)); *see also Daugherty v. Am. Honda Motor Co.*, 51 Cal. Rptr. 3d 118, 128 (Ct. App. 2006) ("Historically, the term 'fraudulent,' as used in the UCL, has required only a showing that members of the public are likely to be deceived." (citation omitted)).  In addition, "[t]o have standing to bring such a claim, a plaintiff must show that he or she has 'suffered injury in fact and has lost money or property as a result of the unfair competition.'" *Stewart v. Rolling Stone LLC*, 105 Cal. Rptr. 3d 98, 111 (Ct. App. 2010) (quoting Cal. Bus. & Prof. Code § 17204).

Plaintiffs adequately have alleged that members of the public were likely to be deceived by Sony's advertising and promotional statements about the PS3's dual functionality and ten-year lifespan.  In addition, as discussed above, Plaintiffs suffered injury in fact in the form of lost "premium" payments.  *See, e.g.*, *Kwikset*

*Corp. v. Superior Court*, 246 P.3d 877, 885-87 (Cal. 2011). Accordingly, we reverse the dismissal of these claims.[2]

## Twelfth Claim (Violation of UCL, "Unfair" Prong)

The district court erred in dismissing the twelfth claim under the unfair prong of the UCL. "The California Supreme Court has not established a definitive test to determine whether a business practice is 'unfair' in consumer cases." *Bias v. Wells Fargo & Co.*, 942 F. Supp. 2d 915, 933 (N.D. Cal. 2013) (citations omitted). Under one of California's three existing tests for unfairness, "'unfair' conduct requires that: '(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided.'" *Id.* (citations omitted); *see also Davis v. Ford Motor Credit Co.*, 101 Cal. Rptr. 3d 697, 706-10 (Ct. App. 2009) (discussing three tests).

---

[2]Likewise, the district court erred in dismissing the eleventh claim under the unlawful prong of the UCL. "Section 17200's 'unlawful' prong borrows violations of other laws . . . and makes those unlawful practices actionable under the UCL." *Klein v. Chevron U.S.A., Inc.*, 137 Cal. Rptr. 3d 293, 326 (Ct. App. 2012) (citation and internal quotation marks omitted). "[A] violation of the CLRA, which declares numerous practices in the sale of goods or services to consumers to be unlawful may form the predicate 'unlawful act' for the purposes of a UCL claim." *Id.* at 327 (citations and internal quotation marks omitted). Because Plaintiffs adequately allege claims under the CLRA, they necessarily allege a claim under the unlawful prong of the UCL. Accordingly, we reverse the dismissal of this claim.

Plaintiffs sufficiently allege that Sony caused them substantial injury by charging a premium for the PS3's dual functionality and then discontinuing access to both the Other OS and PSN features.  Specifically, Plaintiffs allege that (1) they lost money because they would not have purchased or would have paid less for the PS3 if they had known that Sony would disable or remove one or both of these advertised features; (2) they could not have reasonably avoided this injury because they would have lost access to the PSN if they chose not to download the update which disabled the Other OS feature; and (3) there are no countervailing benefits to consumers or competition that outweigh the substantial injury to consumers.  Accordingly, we reverse the dismissal of this claim.

### Thirteenth Claim (Violation of Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 et seq.)

The district court properly dismissed the thirteenth claim under the CFAA.  The CFAA requires that a defendant "access[]" a protected computer without authorization or "exceed[] authorized access." *See* 18 U.S.C. § 1030(a)(4).  As lower courts have reasoned, users who had "voluntarily installed" software that allegedly caused harm cannot plead unauthorized "access" under the CFAA.  *See, e.g.*, *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1066 (N.D. Cal. 2012) (citing cases).  Because Plaintiffs voluntarily installed the relevant software update,

11

Plaintiffs cannot allege actionable "access" under the CFAA. Accordingly, we affirm the dismissal of this claim.[3]

### Fifteenth Claim (Unjust Enrichment)

The district court properly dismissed the fifteenth claim for unjust enrichment. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003) (citation and internal quotation marks omitted). "It is synonymous with restitution." *Id.* (citations and internal quotation marks omitted). Restitution "will not be given when the plaintiff's remedies at law are adequate." *Collins v. eMachs., Inc.*, 134 Cal. Rptr. 3d 588, 596-97 (Ct. App. 2011) (citations omitted).

In light of the adequate legal remedies available, Plaintiffs cannot state a claim for unjust enrichment. To the extent Plaintiffs seek to recover money that they may have prepaid to Sony for use in connection with the PSN, and which they "lost" when they could no longer access the PSN, we agree with the district court

---

[3] We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1116 (9th Cir. 2008) (citation and internal quotation marks omitted). We affirm the dismissal of the fourteenth claim for conversion because Plaintiffs' opening brief does not discuss the dismissal of this claim.

that "Plaintiffs have failed to state a claim for restitution or damages because, among other things, they have not alleged sufficient facts as to the terms and conditions on which they paid monies to Sony." Accordingly, we affirm the dismissal of this claim.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**