UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No. 4:10-CV-01811-YGR<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS**<br><br>**<u>AS MODIFIED BY THE COURT</u>** |

This matter came before the Court on **Plaintiffs'** Motion for Preliminary Approval of Class Settlement and Certification of Settlement Class.  The Parties have entered into a **Settlement Agreement** (the "**Settlement**") which, if approved, would resolve the above-captioned class action lawsuit (the "**Action**" or the "**Class Action Lawsuit**").  Upon review and consideration of the motion papers and the **Settlement** and all exhibits thereto, including the proposed forms of notice to the **Class** and the proposed **Claim Form**, the **Court** finds that there is sufficient basis for: (1) granting preliminary approval of the **Settlement**; (2) provisionally certifying the **Class** for settlement purposes only; (3) appointing **Class Counsel** and **Plaintiffs** to represent the **Class**; (4) approving the **Parties'** proposed notice program and forms of notice substantially similar to those forms attached to the **Settlement** and directing that notice be disseminated to the **Class** pursuant to the notice program provided in the **Settlement**; (5) approving the **Parties'** proposed **Claim Form** and approving the procedures set forth in the **Settlement** for **Class Members** to submit claims, exclude themselves from the **Class**, and object to the **Settlement**; (6) appointing a **Settlement Administrator** to conduct the duties assigned to that position in the **Settlement**; and (7) setting a hearing (the "**Fairness Hearing**") at which the **Court** will consider: (a) whether to grant final approval of the **Settlement**; (b) **Class Counsel's** application for attorneys' fees and costs; and (c) any request for service award for the **Plaintiffs**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1. Capitalized and bolded terms not otherwise defined herein shall have the same meaning as set forth in the **Settlement**.

2. The **Court** has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the **Parties**.  Venue is proper in this District.

3. This **Action** is provisionally certified as a class action for the purposes of settlement only pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e).  The **Class** is defined as follows:

> [A]ll persons in the United States who purchased a Fat PS3 in the United States between November 1, 2006, and April 1, 2010, from an authorized retailer for family, personal, and/or household use.

**Consumer Class A** is defined as follows:

> [A]ll persons in the United States who purchased a **Fat PS3** in the United States between November 1, 2006, and April 1, 2010, from an authorized retailer for

family, personal and/or household use and who used the **Other OS** functionality after installation of a Linux operating system on their **Fat PS3**.

**Consumer Class B** is defined as follows:

[A]ll persons in the United States who purchased a **Fat PS3** in the United States between November 1, 2006, and April 1, 2010, from an authorized retailer for family, personal, and/or household use.

Excluded from the **Class** are: (a) any persons who are employees, directors, officers, and agents of **SCEA** or its subsidiaries and affiliated companies; (b) any persons who timely and properly exclude themselves from this **Settlement**; and (c) the **Court**, the **Court's** immediate family, and **Court** staff.

4.     Certification of the **Class** shall be solely for settlement purposes and without prejudice to the **Parties** in the event the **Settlement** is not finally approved by this **Court** or otherwise does not take effect.

5.     In support of this **Preliminary Approval Order**, the **Court** conditionally and preliminarily finds that: (a) the **Class Members** are so numerous that joinder of all **Class Members** is impracticable; (b) there are questions of law and fact common to the **Class Members**, each of whom could have asserted the types of claims raised in the **Action**, and these questions predominate over any questions affecting individual **Class Members**; (c) the named **Class Representatives'** claims are typical of the claims of the **Class Members**; (d) the named **Class Representatives** and **Class Counsel** identified below are able to adequately represent the **Class Members**; and (e) class-wide treatment of the disputes raised in the **Action** is superior to other available methods for adjudicating the controversy.

6.     The **Court** preliminarily approves the proposed **Settlement** as fair, reasonable, and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.

7.     The **Court** appoints the following as **Class Counsel**: James J. Pizzirusso of Hausfeld LLP, Rosemary M. Rivas of Finkelstein Thompson LLP, and Kathleen V. Fisher of Calvo Fisher & Jacob LLP.

8.     The **Court** appoints **Plaintiffs** Anthony Ventura, Jason Baker, James Girardi, Derek Alba, and Jonathan Huber as class representatives for the Class.

9. The Court appoints Garden City Group, LLC to serve as the **Settlement Administrator** and directs it to carry out all duties and responsibilities of the **Settlement Administrator** specified in the **Settlement**.

10. The **Court** approves the program for disseminating notice to the **Class** set forth in the **Settlement** (the "**Notice Program**"). The **Court** approves the form and content of the proposed forms of notice in the forms attached to the **Settlement Agreement** as Exhibits 4 and 6. The **Court** finds that the proposed forms of notice are clear and readily understandable by **Class Members**. The **Court** finds that the **Notice Program** <u>AS MODIFIED HEREIN</u>, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice to the **Class** in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the **Class** of the **Settlement** that is required.

11. The **Court** approves the form and content of the proposed **Claim Form**, in the form attached to the **Settlement** as Exhibit 1, and approves the procedures set forth in the **Settlement** for **Class Members** to submit **Claims**.

12. Pursuant to the terms of the **Settlement**, to the extent SCEA has not already done so, within fourteen (14) days after entry of this Order, SCEA shall provide to the **Settlement Administrator** the Class Data for the **Settlement Administrator's** use in disseminating notice and processing **Claims**. The Class Data shall include an electronic list or database that is reasonably calculated to include the email address(es) of all the **Class Members** known by SCEA through its PlayStation Network Database.

13. The "**Notice Date**" shall be forty-five (45) days following the entry of this Order.

14. By no later than the **Notice Date**, the **Settlement Administrator** shall send the **Short Form Notice**, substantially in the form attached to the **Settlement Agreement** as Exhibit 6 and in the form approved by the **Court**, to **Class Members** via email for those **Class Members** for whom an email address is available. The subject line for all emails covered by this paragraph shall be: "Important - Notice of Class Action Settlement Regarding PlayStation 3

'Other OS' Function." <u>The **Short Form Notice** shall note that exemplars of acceptable forms of proof of use for each category in **Consumer Class A** are available on the **Settlement Website.**</u>

15. The Settlement Administrator shall provide one follow-up round of e-mail notice to those Class Members who have not submitted claims and for whom the Settlement Administrator did not receive a bounce-back in response to the first round of email notice.

16. By no later than the **Notice Date**, the **Settlement Administrator** shall post the **Long Form Notice**, in the form approved by the **Court**, on the **Settlement Website**. <u>The **Long Form Notice** shall include exemplars of acceptable forms of proof of use for each category in **Consumer Class A**</u>.

17. As soon as practicable following the entry of the **Preliminary Approval Order** and, in all events, by no later than the **Notice Date**, the **Settlement Administrator** shall cause the **Summary Notice** to be published in publication and media outlets as agreed upon by the **Parties**.

18. The **Settlement Administrator** shall establish and maintain an Internet website ("**Settlement Website**") where **Class Members** can obtain further information about the terms of this **Settlement**, their rights, important dates and deadlines, <u>exemplars of acceptable forms of proof of use for each category in **Consumer Class A**</u>, and related information. **Class Members** shall also be able to submit a **Claim Form** electronically via the **Settlement Website**. The **Settlement Website** shall include, in PDF format, the Second Amended Complaint ("SAC"), the **Settlement**, the Motion for Preliminary Approval, the **Preliminary Approval Order**, the **Class Notice**, any papers filed in support of final approval of the settlement, **Class Counsel's** application for attorneys' fees and costs (after it is filed), the **Final Approval Order** (after it is entered), and other case documents as agreed upon by the **Parties** and/or required by the **Court** and shall be operational and live as of the date the **Settlement Administrator** begins emailing notice. The **Settlement Website** shall be optimized for display on mobile phones. The **Settlement Administrator** shall maintain the **Settlement Website** as operational and shall not take it down until two hundred (200) days after the **Payment Date**. Within five (5) business days after the **Settlement Website** is taken down, the **Settlement Administrator** shall transfer ownership of the URL for the **Settlement Website** to SCEA.

19. The **Settlement Administrator** shall establish and maintain a toll-free telephone number ("**Toll-Free Number**") where **Class Members** can call to request a copy of the **Settlement Agreement**, a **Claim Form**, or any other information concerning this **Settlement** or the **Settlement Agreement**. The **Toll-Free Number** shall be operational and live by no later than the date upon which the **Settlement Website** goes live.

20. By no later than seven (7) days after the **Objection/Exclusion Date**, the **Settlement Administrator** shall file with the **Court** declaration(s) detailing the scope, methods, and status of the **Notice Program**.

21. **Class Members** who wish to submit a **Claim** shall have the option of submitting **Claim Forms** online via the **Settlement Website** or by mail. **Claim Forms** submitted online must be submitted by no later than the **Claims Deadline** (forty five (45) days following the **Notice Date**). **Claim Forms** submitted by mail must be postmarked no later than the **Claims Deadline**. <u>The **Settlement Administrator** shall track all claims determined not to have submitted valid proof of use for **Consumer Class A**, the nature of the proof of use offered, and the basis for determining the claim invalid in an "Invalid Claim Log." No later than 30 days after the **Claims Deadline**, the **Settlement Administrator** shall provide to the parties a declaration including a narrative summary and explanation of the data, and a copy of the Invalid Claim Log, which shall be filed with the **Court** as part of with the motion for final approval.</u>

22. Any **Class Member** who wishes to be excluded from the **Class** must email or mail a written request for exclusion to the **Settlement Administrator** at the address provided in the **Class Notice**, postmarked no later than the **Opt-Out Deadline** (forty five (45) days following the **Notice Date**), and must include: (a) their full name and address and, if applicable, the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the **Class Member** and the basis for such legal entitlement; (b) must be emailed to the email address provided in the Class Notice or mailed by First Class U.S. Mail, proper postage prepaid, to the **Settlement Administrator** at the specified mailing address as provided in the Class Notice; (c) must be submitted or postmarked on or before the **Opt-Out Deadline**; (d) the serial number of the Fat PS3 that he or she purchased and the PlayStation Network Sign-In ID used for that console before April 1, 2010; and (e) a statement that is personally signed and

clearly indicates that he/she wants to be excluded from the **Class**. So-called "mass" or "class" opt-outs shall not be allowed.

23.  If the **Settlement** is finally approved and becomes effective, any **Class Member** who does not send a timely and valid request for exclusion shall be a **Settlement Class Member** and shall be bound by all subsequent proceedings, orders, and judgments in the **Action**, including, but not limited to, the **Release**, even if he or she has litigation pending or subsequently initiates litigation against SCEA relating to the claims and transactions released in the **Action**.

24.  Any **Class Member** or person legally entitled to act on his or her behalf may object to the **Settlement**, to **Class Counsel's** request for attorneys' fees and expenses ("**Fee Application**"), and/or to any request for service awards for the **Plaintiffs**. To be considered, an objection must be made in writing, must be mailed to the **Settlement Administrator** at the address provided in the **Class Notice**, postmarked no later than the **Objection Deadline** (sixty (60) days following the **Notice Date**), and must include the following: (a) the name of the **Action** (*In re Sony PS3 Other "OS" Litigation*, No. C-10-1811 (YGR)); (b) the objector's full name, address, and telephone number; (c) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a **Class Member** and the basis of such legal entitlement; (d) all grounds for the objection; (e) the serial number of the **Fat PS3** that he or she purchased and the PlayStation Network Sign-In ID used for that console before April 1, 2010; (f) whether the objector is represented by counsel and, if so, the identity of such counsel, and all previous objections filed by the objector and their counsel within the last two years; and (g) the objector's signature.

25.  Any **Class Member** who submits a timely and valid written objection may appear at the **Fairness Hearing**, either in person or through personal counsel hired at the **Class Member's** own expense. Any **Class Member** who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the **Settlement** and any **Final Approval Order** and **Final Judgment** entered approving it, Class Counsel's **Fee Application**, or any request for **Service Awards** for the **Plaintiffs**.

26. The **Settlement Administrator** shall two (2) days after the **Objection Deadline** provide to **Class Counsel** and **SCEA's Counsel** copies of any objections, including any related correspondence.

27. The **Settlement Administrator** shall no later than ten (10) days after the **Opt-Out or Exclusion Deadline** provide to **Class Counsel** and **SCEA's Counsel** copies of any requests for exclusion, including any related correspondence.

28. **SCEA** shall pay to the **Settlement Administrator** all reasonable costs associated with the administration of the **Settlement**, distribution of **Class Notice**, and any other tasks assigned to the **Settlement Administrator** by the **Settlement**, this **Preliminary Approval Order**, by **SCEA** and the **Class Counsel's** mutual agreement in writing, or by this **Court**.

29. The **Court** directs that the **Fairness Hearing** be scheduled for <u>**January 24, 2017, at 2:00 p.m.**</u> to assist the **Court** in determining whether the **Settlement** should be finally approved as fair, reasonable, and adequate to the **Settlement Class Members**; whether **Final Judgment** should be entered dismissing the **Action** with prejudice; whether **Class Counsel's Fee Application** should be approved; and whether any request for **Service Awards** for the **Plaintiffs** should be approved.

30. The **Parties** shall file any motions in support of final approval of the **Settlement** by no later than <u>**December 20, 2016**</u>. **Class Counsel** shall file their **Fee Application** and any Request for Plaintiff **Service Awards** by no later than <u>**December 20, 2016**</u>. After it is filed, **Class Counsel's Fee Application** and **Request for Plaintiff Service Awards** shall be posted on the **Settlement Website**.

31. The **Parties** shall file any responses to any **Class Member** objections, and any reply papers in support of final approval of the **Settlement** or **Class Counsel's Fee Application** and **Request for Plaintiff Service Awards**, by no later than <u>**January 10, 2017**</u>.

32. The **Court** reserves the right to modify the date of the **Fairness Hearing** and related deadlines set forth herein. In the event the **Fairness Hearing** is moved, the new date and time shall be promptly posted on the **Settlement Website** by the **Settlement Administrator**.

33. This **Order** shall become null and void and shall be without prejudice to the rights of the **Parties**, all of whom shall be restored to their respective positions as they existed

immediately before the **Court** entered this Order, if: (a) the **Settlement** is not finally approved by the **Court**, or does not become final, pursuant to the terms of the **Settlement**; (b) the **Settlement** is terminated in accordance with the **Settlement**; or (c) the **Settlement** does not become effective pursuant to the terms of the **Settlement** for any other reason.

34. If the **Settlement** does not become final and effective pursuant to the terms of the **Settlement**, the **Class Representatives**, the **Class Members**, and **SCEA** shall be returned to their respective statuses as of the date immediately prior to the execution of the **Settlement Agreement**, and this **Preliminary Approval Order** shall have no force or effect, and neither this **Preliminary Approval Order** nor the **Settlement** shall be construed or used as an admission, concession, or declaration by or against **SCEA** of any fault, wrongdoing, breach, or liability, or be construed or used as an admission, concession, or declaration by or against any of the **Plaintiffs** or **Class Members** that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this **Action** or in any other lawsuit, and it shall not be admissible in evidence, or usable for any purpose whatsoever in the **Action**, any proceeding between the **Parties,** or in any action related to the **Released Claims** or otherwise involving the **Parties**, **Class Members**, or any **Released Party**.

35. Pending the final determination of whether the **Settlement** should be approved, all proceedings in this **Action**, except as may be necessary to implement the **Settlement** or comply with the terms of the **Settlement**, are hereby stayed.

36. Pending the final determination of whether the **Settlement** should be approved, **Plaintiffs** and each **Class Member**, and any person purportedly acting on behalf of any **Class Member(s)**, are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any **Released Claims** in any judicial, administrative, arbitral or other forum, against any of the **Released Parties**, provided that this injunction shall not apply to the claims of any **Class Members** who have timely and validly requested to be excluded from the **Class**.  Such injunction shall remain in force until **Final Settlement Date** or until such time as the **Parties** notify the **Court** that the **Settlement** has been terminated.  This injunction is necessary to protect and effectuate the **Settlement**, this **Preliminary Approval**

**Order**, and this **Court's** authority regarding the **Settlement**, and is ordered in aid of this **Court's** jurisdiction and to protect its judgments.

37. **Class Counsel**, **SCEA**, and the **Settlement Administrator** are directed to carry out their obligations under the **Settlement** and this **Preliminary Approval Order**.

38. The following chart summarizes the dates and deadlines set by this Order:

| Date | Event |
|---|---|
| Fourteen (14) days after entry of **Preliminary Approval Order** issued | Deadline for **SCEA** to provide last known email addresses of **Class Members** known to **SCEA** through its PlayStation Network Database to **Settlement Administrator** |
| Forty-five (45) days after entry of **Preliminary Approval Order** | **Notice Date**; deadline for **Settlement Administrator** to send **Short Form Class Notice** to **Class Members** via email along with a link to the **Settlement Website** and deadline for **Settlement Administrator** to post **Long Form Notice** on **Settlement Website** |
| Forty-five (45) days after **Notice Date** | **Claims Deadline, Objection Deadline** and **Opt-Out Deadline** or **Exclusion Deadline** |
| Ten (10) Days after the **Opt-Out Deadline** | **Settlement Administrator** shall provide to **Class Counsel** and **SCEA's Counsel** a complete and final list of **Class Members** who submitted requests to exclude themselves from the **Class** |
| Ten (10) days after the **Claims Deadline** | **Settlement Administrator** to provide to **Class Counsel** and **SCEA's Counsel** a final list of **Class Members** that made claims (regardless of validity of claims) |
| Two (2) days after the **Objection Deadline** | **Settlement Administrator** shall provide to **Class Counsel** and **SCEA's Counsel** all objections submitted by **Class Members**. |
| Twenty (20) days after **Objection Deadline** | **Class Counsel** shall file with the **Court** any and all objections to the **Agreement** redacted in accordance with ¶ 97 of the **Agreement** and/or to **Class Counsel's Application for Attorneys' Fees and Expenses** and **Request for Service Awards** |
| Fourteen (14) days prior to the **Objection Deadline** | Deadline for **Class Counsel** to file **Application for Attorneys' Fees and Expenses** and **Request for Service Awards** |
| Fifteen (15) days after notification from **Settlement Administrator** that more than three percent (3%) of the **Class** has requested exclusion | Deadline for **SCEA** to notify **Class Counsel** and the **Court** that it is terminating the **Settlement** |
| No later than twenty-one (21) days after receiving notice of an event prompting termination of the **Settlement** | **Party** exercising its right to terminate and withdraw from the **Settlement** must serve a signed writing on the other **Party** indicating termination and withdrawal |
| Sixty (60) days after the **Effective Date** | **Class Counsel** returns list of **Class Members** that made valid claims to **Settlement** |

| | |
|---|---|
| | **Administrator** |
| **December 20, 2016** | Deadline for **Final Approval Motion** and for the parties to provide any responses to **Settlement Objections** |
| **January 24, 2017 at 2:00 p.m.** | **Final Approval Hearing Date** |
| **Effective Date** | The date of entry of the **Final Approval Order** and **Final Judgment** if no objections are filed to the **Settlement** or if all objections are withdrawn prior to the **Court** ruling on them; or thirty-one (31) calendar days after the entry of the **Final Approval Order** and **Final Judgment** if objections are filed and overruled and no appeal is taken from the **Final Approval Order** and/or **Final Judgment**; or if a timely appeal is made, thirty-one (31) calendar days after the date any appeal is voluntarily dismissed; or if a timely appeal is made and heard, thirty-one (31) calendar days after the final resolution of that appeal or petitions for certiorari from the **Final Approval** and/or **Final Judgment** |
| Fourteen (14) days after the **Effective Date** | **SCEA** provides to the **Settlement Administrator** funds sufficient to pay valid **Claims** |
| Thirty (30) days after the **Effective Date** | **Payment Date** (i.e., Deadline for **Settlement Administrator** to Disburse Settlement Fund) |
| Two hundred (200) days after the **Effective Date** | **Settlement Website** taken down |
| Five (5) business days after **Settlement Website** is taken down | **Settlement Administrator** to transfer **Settlement Website URL** to **SCEA** |
| Two hundred and ten (210) days after the **Effective Date**. | Deadline for **Settlement Administrator** to destroy any and all **Class Members'** personal identifying information that it has received from **SCEA** or otherwise in connection with the implementation and administration of this **Settlement** |

IT IS SO ORDERED.

Dated:   September 8, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Judge

10