1  **Law Office of Sam Miorelli, P.A.**
   Sam A. Miorelli (Florida Bar No. 99886, *Pro Hac Vice*)
2  764 Ellwood Avenue
   Orlando, FL 32804
3  Telephone: (352) 458-4092
4  E-Mail: sam.miorelli@gmail.com

5  **Framework Law Group, P.C.**
   Grant F. Atkinson, Esq. (SB# 293760)
6  1275 E 6th Street
7  Suite 8A
   Los Angeles, CA 90021
8  Telephone: (213) 908-1855
   E-Mail: grant@frameworklaw.com
9
   *Attorneys for Objector Lindberg (and, to the extent the Court may order joinder, Mrs. Susan
10 Lindberg, his mother)*

11                    UNITED STATES DISTRICT COURT
                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
12

13 In re SONY PS3 "OTHER OS" LITIGATION  ) Case No.: 4:10-CV-01811-YGR
                                         )
14                                       ) **ADMINISTRATIVE MOTION OF**
                                         ) **OBJECTOR ERIC LINDBERG FOR**
                                         ) **LEAVE TO FILE REPLY TO SETTLING**
15                                       ) **PARTIES' RESPONSES TO OBJECTIONS**
                                         )
16 _____ )

17         **NOTICE OF ADMINISTRATIVE MOTION AND ADMINISTRATIVE MOTION**

18 **TO ALL THE PARTIES AND COUNSEL OF RECORD:**

19         PLEASE TAKE NOTICE that Eric Lindberg hereby moves the Court pursuant to N.D. Cal.

20 Civil Local Rule 7-11 for leave to file a six-page reply to jointly address issues raised by Plaintiffs

21 and Defendant in their respective Responses to Objections, filed in the Court's docket at #286 and

22 288 respectively.

23         This administrative motion is based on the following memorandum of points and authorities

24 and the attached proposed "Reply to Plaintiffs' and Defendant's Responses to Objections" and the

25 three declarations attached thereto.

26         Pursuant to Local Rule Rule 7-11(a), Mr. Lindberg hereby states that no stipulation is

27 included in this Motion as Plaintiffs indicated during a meet and confer telephone call and

28

-1-
ADMINISTRATIVE MOTION OF OBJECTOR ERIC LINDBERG FOR LEAVE TO FILE REPLY TO SETTLING
PARTIES' RESPONSES TO OBJECTIONS

subsequent e-mail discussions held today that they will oppose the instant administrative motion. However, Defendant has authorized undersigned counsel to represent to the Court that they do not oppose the instant motion for administrative relief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  Mr. Lindberg is uncertain if the instant motion for leave is required but files it out of an abundance of caution in the face of Class Counsel's insistence.**

Mr. Lindberg and undersigned counsel's experience is that Objectors are not required to make administrative motions such as this one to file something further beyond a single objection pursuant to Rule 23(e)(5).[1] However, when undersigned counsel discussed the Proposed Reply with Class Counsel, she insisted the instant filing was necessary. Consequently, and out of an abundance of caution and respect for the Court, Mr. Lindberg makes the instant motion for leave to file his Proposed Reply. To the extent the Court agrees with the practice of other judges in this District that leave is not required, Mr. Lindberg requests the Court provide clarity in its order so that future litigation can be simplified.

While Rule 23(e)(5) permits objections, it does not limit the objector to a single filing. Rule 23(e)(5) also does not grant the Settling Parties an automatic last word. Nothing else in the rules does either. Certainly, and regardless of the form of the paper before the Court, when one appears at a tribunal and is personally attacked with *ad hominem* argument or incomplete facts, he should at least be permitted a short response.

**II.  The issue of class membership is thoroughly addressed in the Proposed Reply and includes a declaration of Mr. Lindberg's mother to clarify his rights in the PS3 and resolve the Settling Parties' objections to Mr. Lindberg's standing.**

In the respective Responses to Objections filed by Plaintiffs at Dkt 286 and Defendants at 288 on January 10, 2017, both Plaintiffs and Defendants (the "Settling Parties") made argument that Mr. Lindberg has no standing to object to the Settlement Agreement in this case. Dkt 286 at 8:18-

---

[1] For example, in *Hendricks v. Starkist*, Case No. 13-cv-00729-HSG, Dkt #353, Mr. Lindberg simply filed a motion without seeking leave to do so. Judge Gilliam considered and decided the motion on its merits. *Hendricks v. StarKist Co.,* 2016 WL 5462423 at *17, Case No. 13-cv-00729-HSG. Several motions have also been filed and decided on their merits by objectors without seeking leave or any complaint from Judge Chen in *In re Carrier IQ, Inc., Consumer Privacy Litigation*, Case No. 12-md-02330-EMC.

9:7 and 288 at 13:7-21. In light of these arguments, Mr. Lindberg has promptly prepared the Proposed Reply which should resolve those complaints.

Mr. Lindberg recognizes that since the Preliminary Approval Order and the Settlement Agreement did not require he disclose his age, the Settling Parties could not have known without further inquiry that Mr. Lindberg was a 15-year-old minor at the time his PS3 was purchased. Mr. Lindberg believes this significantly changes the legal analysis: the Court must also consider whether Mr. Lindberg is the constructive or equitable purchaser of the PS3 since it was Mr. Lindberg who was the victim of the false advertising alleged in this case.

None of the details set forth in the Proposed Reply were required by the Preliminary Approval Order so were not included in Mr. Lindberg's Objection. Mr. Lindberg believes that by following those rules, it created an opportunity for the Settling Parties to misunderstand his status as a Class Member. The Proposed Reply succinctly sets forth Mr. Lindberg's legal argument as to why he should be considered an equitable or constructive purchaser of the PS3 due to his age at the time of purchase and the actual behavior of himself and his mother with regard to the purchase. Additionally, it sets forth a request in the alternative that the Court, in its discretion, grant his mother, Susan Lindberg, leave to join Mr. Lindberg's objection, which would resolve the Settling Parties' arguments against standing.

**III.     Mr. Lindberg also addresses the Settling Parties' *ad hominem* attacks.**

The Settling Parties both make *ad hominem* attacks against Mr. Lindberg that ask the Court to treat his arguments with less solicitude because of their claims about his and his counsel's supposed bad character. Dkt 286 at 9:11-12; 288 at 12:4-13:6. Mr. Lindberg would have no opportunity to defend himself against such attacks or even to argue that they are improper *ad hominem* attacks if he cannot file a short reply. It would be grossly unfair for Mr. Lindberg to not have any opportunity to respond in writing in the face of both Settling Parties' *ad hominem* attacks.

**IV.     No party can claim prejudice or harm from the filing of the Proposed Reply.**

The Proposed Reply addresses only two issues: (1) the factual basis of Mr. Lindberg's class membership and (2) the *ad hominem* attacks. As set forth in the Reply, since Mr. Lindberg's

1  Objection is already before the Court and the Court already owes a heightened fiduciary duty to the
2  Class, even if Mr. Lindberg's Objection was struck for lack of standing, the *arguments* therein still
3  have been before the Court and the Court *must* address them if it decides to grant final approval.
4  *See, e.g. Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992). Thus, there should be no changed
5  outcome for the Settling Parties on the underlying question of the fairness of the Settlement
6  Agreement, let alone from the instant question of whether the Proposed Reply should be filed in the
7  first place. Even if a Settling Party intended to argue against the facts set forth in the Proposed
8  Reply, they have a full week prior to the hearing to prepare such arguments.

9  With regard to the *ad hominem* attacks, since they are improper in the first place, Mr.
10 Lindberg's defense against them cannot harm a cognizable right of any of the Settling Parties. Since
11 the underlying Proposed Reply cannot harm a cognizable right, neither could its filing.

12 **V.     CONCLUSION**

13 For the reasons set forth herein, Mr. Lindberg, while uncertain of whether the instant motion
14 for leave is required by the applicable rules, nevertheless out of caution seeks leave of the Court to
15 file a short reply to the Settling Parties' Responses to his Objection. As that Proposed Reply itself
16 cannot harm any Settling Party, neither can the filing of it, which at least one Settling Party seems
17 to recognize with their non-opposition to the instant administrative motion. The Court should grant
18 the administrative motion and order that the Proposed Reply and declarations attached thereto
19 (attached to this administrative motion as Exhibit A) be filed in the record of the case.

20 DATED: January 17, 2017

21      Respectfully submitted,

/s/ Sam A. Miorelli
Sam A. Miorelli, E.I., Esq.
Florida Bar # 99886  (*pro hac vice*)
Law Office of Sam Miorelli, P.A.
764 Ellwood Avenue
Orlando, FL 32804
Telephone: 352-458-4092
E-Mail: sam.miorelli@gmail.com

/s/ Grant F. Atkinson, Esq.
Grant F. Atkinson, Esq. (SB# 293760)
Framework Law Group, P.C.
1275 E 6th Street
Suite 8A
Los Angeles, CA 90021
Telephone: (213) 908-1855
E-Mail: grant@frameworklaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing and its exhibits and attachments were electronically filed via the CM/ECF system for the Northern District of California, thus effecting service on all attorneys registered for electronic filing.

/s/ Sam A. Miorelli
Sam A. Miorelli, E.I., Esq.
-5-
ADMINISTRATIVE MOTION OF OBJECTOR ERIC LINDBERG FOR LEAVE TO FILE REPLY TO SETTLING PARTIES' RESPONSES TO OBJECTIONS