Luanne Sacks (SBN 120811)
lsacks@srclaw.com
Michele Floyd (SBN 163031)
mfloyd@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0580
Facsimile: (415) 374-0640

Cynthia A. Ricketts (*pro hac vice*)
cricketts@srclaw.com
**SACKS, RICKETTS & CASE LLP**
2800 North Central Avenue, Suite 1230
Phoenix, AZ 85004
Phone: (602) 385-3370
Fax: (602) 385-3371

*Attorneys for Defendant*
*SONY COMPUTER ENTERTAINMENT AMERICA LLC*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No. 4:10-CV-01811-YGR <br><br> **DECLARATION OF MICHELE FLOYD IN SUPPORT OF SUPPLEMENTAL BRIEF IN SUPPORT OF RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** <br><br> Date: November 7, 2017 <br> Time: 2:00 p.m. <br> Judge: Hon. Yvonne Gonzalez Rogers <br> Courtroom: 1, 4th Floor |

I, Michele Floyd, declare:

1. I am over the age of 18 and am not a party to this litigation. I am an attorney at law licensed to practice in the state of California and before this Court. I am a partner of Sacks, Ricketts & Case LLP, counsel for Sony Computer Entertainment America, LLC, currently known as Sony Interactive Entertainment America LLC ("SCEA"), defendant herein. I have personal knowledge of the facts set forth herein except as to those facts set forth upon information and belief and, as to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the facts set forth below. I make this declaration in support of SCEA's Supplemental Brief in Support of Renewed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class.

2. Attached hereto as **Exhibit 1** is a true and correct copy of SCEA's System Software License Agreement that was produced in discovery in this action as Bates No. SCEA0006074-SCEA0006076.

3. Attached hereto as **Exhibit 2** is a true and correct copy of SCEA's PlayStation Network Terms of Service and User Agreement ("PSN TOS") that was produced in discovery in this action as Bates No. SCEA0006092-SCEA0006099.

4. Plaintiffs alleged the terms of the Hardware Warranty at paragraph 224 of the Second Amended Consolidated Complaint ("SACC"). Attached hereto as **Exhibit 3** are true and correct copies of the PS3 box, which references the Hardware Warranty. **Exhibit 3** was produced in this litigation as HUBER 0000003-HUBER 0000008.

5. Attached hereto as **Exhibit 4** is a true and correct copy of excerpts from the deposition of Plaintiff Derrick Alba. The transcript is regularly maintained in my law firm's files.

6. Attached hereto as **Exhibit 5** is a true and correct copy of excerpts from the deposition of Plaintiff Jason Baker. The transcript is regularly maintained in my law firm's files.

7. Attached hereto as **Exhibit 6** is a true and correct copy of excerpts from the deposition of Plaintiff James Girardi. The transcript is regularly maintained in my law firm's files.

8. Attached hereto as **Exhibit 7** is a true and correct copy of excerpts from the deposition of Plaintiff Jonathan Huber. The transcript is regularly maintained in my law firm's files.

9. Attached hereto as **Exhibit 8** is a true and correct copy of excerpts from the deposition of

1

DECLARATION OF MICHELE FLOYD ISO SUPPLEMENTAL BRIEF ISO RENEWED MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT;
CASE NO. 4:10-CV-01811-YGR

Plaintiff Anthony Ventura. The transcript is regularly maintained in my law firm's files.

10. Attached hereto as **Exhibit 9** are true and correct copies of various marketing materials that were produced in discovery in this litigation as Bates No. SCEA0000001, SCEA0000004, SCEA0000007, SCEA0002213-SCEA0002214, SCEA0002236-SCEA0002239, SCEA0002307-SCEA0002310, SCEA0002320.

11. Attached hereto as **Exhibit 10** is a true and correct screenshot of a reference to the Other OS that was found in an online users' guide at: http://manuals.playstation.net/document/en/ps3/current/settings/osinstall.html.

12. SCEA retained Dr. Christian Dippon and Sarah Butler of NERA Economic Consulting to provide expert testimony in this litigation. Ms. Butler performed a consumer perception survey in connection with formulating her opinion. Attached hereto as **Exhibit 11** is a true and correct copy of a declaration that Ms. Butler executed in connection with the mediation of this matter that sets forth the results of her consumer perception survey.

13. Dr. Dippon performed a second consumer survey the results of which he used along with the results of Ms. Butler's survey to perform a logit study. The purpose of the logit study was to determine the value, if any, that consumers placed on the Other OS functionality. Attached hereto as **Exhibit 12** is a true and correct copy of a declaration that Dr. Dippon executed in connection with the mediation of this matter that sets forth the results of his logit study.

14. Attached hereto as **Exhibit 13** is a true and correct copy of a second declaration that Dr. Dippon executed for purposes of mediation.

15. As set forth in the Declaration of Kathleen V. Fisher ("Fisher Declaration") filed in support of Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (*see* Dkt. 335-1), the parties mediated this matter on April 6, 2017 before the Honorable James Lambden (Ret.). This was the second mediation in this matter that I attended on behalf of SCEA, the first of which was in August 2015 before the Honorable Howard Weiner (Ret.). I attended this second mediation along with Luanne Sacks of my office, representatives from SCEA and representatives from SCEA's insurance carrier. After a full day of mediation that went into the early evening, the parties were unable to reach an agreement on a number of material terms.

1  The parties, however, continued their settlement negotiations, overseen by Justice Lambden.  After dozens of additional phone calls with counsel and Justice Lambden over more than four months, the parties finally arrived at a second agreement.  This negotiation was difficult because the parties disagreed on a number of material terms and there were several points in the negotiation where, based on the position of the parties and my conversations with Plaintiffs' counsel, I believed that the matter would not settle and that litigation would continue.

16. As also referenced in the Fisher Declaration, the parties reached impasse on the issue of whether class member claims should be capped and if so, at what amount.  Because the parties were unable to reach compromise on this issue, we asked Justice Lambden to review evidentiary submissions and resolve the issue through a binding mediator's proposal.  The parties provided Justice Lambden with evidentiary submissions and presented oral argument.  Justice Lambden's decision is attached to the Fisher Declaration as **Exhibit A**.  After receiving that decision on July 10, 2017, it still took the parties until September 1, 2017 to resolve all final issues and execute a settlement agreement.

17. This settlement agreement was the product of arm's-length negotiation and based on the evidence adduced in this matter and the applicable law, I believe that the settlement terms are fair, reasonable and adequate.

18. Discovery in this matter was extensive.  Plaintiffs deposed seven witnesses, including SCEA engineers, a Consumer Services supervisor, a marketing executive, a communications/public relations executive and an engineer from Sony Electronics who specialized in Linux operations.  SCEA deposed all of the Plaintiffs regarding their purchasing experience and use of their PS3's.

19. The parties also exchanged documents related to all aspects of the case, including the PS3's marketing campaigns, and the facts underlying the decision to issue Firmware Update 3.21.  In all, approximately 27,000 pages of documents were produced pursuant to nine sets of requests for production of documents consisting of 227 requests.  Plaintiffs also served three sets of interrogatories consisting of a total of 35 questions and one set of requests for admission consisting of nine requests.  SCEA propounded two sets of interrogatories on each named plaintiff consisting of ten questions to each (50 questions in total) and a set of requests for admission consisting of 15 requests on Plaintiff Anthony Ventura.

20. There were also two motions to compel: Plaintiffs' Motion for Order Compelling Discovery from SCEA's Parent Company (*see* Dkt. 112), and Defendant's Motion to Compel (*see* Dkt. 116). I was not personally involved in these motions to compel but during the course of the litigation I reviewed the earlier orders issued by then Magistrate Judge Chen because they guided the discovery that I was directly involved in.

21. Discovery was nearly complete and SCEA was prepared to file a motion for summary judgment that was largely drafted when the parties reached the initial settlement.

22. Attached hereto as **Exhibit 14** is a true and correct copy of the transcript from the July 19, 2016 Preliminary Approval Hearing in this matter.

23. Attached hereto as **Exhibit 15** is a true and correct copy of the transcript from the January 24, 2017 Final Approval Hearing in this matter.

I declare under the penalty of perjury of the laws of the United States that the foregoing is trued and correct. Executed this 19th day of September, 2017 at San Francisco, California.

_____
Michele Floyd