1 | LUANNE SACKS (SBN 120811)
lsacks@srclaw.com
2 | MICHELE FLOYD (SBN 163031)
mfloyd@srclaw.com
3 | **SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
4 | San Francisco, CA 94108
Telephone: 415-549-0580
5 | Facsimile: 415-549-0640

6 | CYNTHIA A. RICKETTS (*Pro Hac Vice*)
cricketts@srclaw.com
7 | **SACKS, RICKETTS & CASE LLP**
2800 North Central Avenue, Suite 1910
8 | Phoenix, AZ 85004
9 | Telephone: (602) 385-3370
Facsimile: (602) 385-3371

Attorneys for Defendant
SONY INTERACTIVE ENTERTAINMENT LLC
(successor to Sony Computer Entertainment America LLC)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No.: 10-cv-01811-YGR<br><br>**DEFENDANT SIE'S JOINDER IN PLAINTIFFS' MOTION FOR FINAL APPROVAL** |

Defendant Sony Interactive Entertainment LLC ("SIE"), successor-in-interest to Sony Computer Entertainment America LLC, hereby joins in Plaintiffs' Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (Dkt No. 350).[1]

As Plaintiffs point out in their motion, the factors set forth in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) guide the propriety of final approval: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class-action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the settlement. *Id.* at 1026.

All of the *Hanlon* factors are satisfied. Many of these factors are also relevant to preliminary approval and were therefore addressed in SIE's Supplemental Brief in Support of Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement on September 19, 2017 (Dkt. No. 337) ("Supplemental Brief"). For ease of reference and sake of brevity, SIE will not repeat those arguments here but attaches that briefing to the Declaration of Michele Floyd ("Floyd Decl."), filed concurrently herewith, and incorporates it herein by this reference. *See* Floyd Decl., Exhs. A, B. The one *Hanlon* factor that could not be addressed at the preliminary approval stage was the reaction of the class members to the settlement. SIE therefore submits the following additional facts in support of this final factor.

SIE retained experts to conduct two consumer perception surveys during the course of this litigation. The survey results were explained in the Declaration of Sarah Butler and the Declaration of Christian Dippon, PhD, both of which were submitted to this Court with the Supplemental Brief and supporting Declaration of Michele Floyd. *See* Dkt. No. 337, pp. 4-5;

---

[1] Sony Computer Entertainment America LLC, the originally named defendant in this action, later changed its name to Sony Interactive Entertainment America LLC. Effective April 1, 2018, Sony Interactive Entertainment America LLC merged with its parent Sony Interactive Entertainment LLC, a California limited liability company ("SIE") effective April 1, 2018, and SIE is the surviving entity.

1

**DEFENDANT SIE'S JOINDER IN PLAINTIFFS' MOTION FOR FINAL APPROVAL**
**CASE NO. 10-cv-01811-YGR**

Dkt. No. 337-1, Exhs. 11, 12, 13. In short, the two surveys confirmed that only approximately six percent (6%) of those surveyed were aware of the Other OS functionality and only approximately two percent (2%) thought that it was an important feature. *Id.* Based on the estimated total number of Fat PS3's sold in the United States (roughly 10 million), the parties extrapolated from the surveys an approximate expected class size of between 200,000 and 600,000. *Id.*

The number of claims received in connection with the present settlement is consistent with both the survey results and reasonable expectations. The Settlement Administrator received approximately 197,212 valid claims, representing a 32.8% claims rate based on a class size of 600,000, and a 98.6% claims rate based on a class size of 200,000. Either way, the result is remarkable, as a 10-15% claims rate is considered "not unusual" in a consumer class action and the average claims rate runs between approximately 2% and 5%. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1130 (9th Cir. 2017) (noting claims rate of 10-15% not unusual); *McCrary v. Elations Co., LLC*, No. EDCV 13-0242 JGB (SPx), 2015 WL 12746707, at *9 (C.D. Cal. Aug. 31, 2015) ("[T]he prevailing rule of thumb with respect to consumer class actions is [a claims rate of] 3-5 percent.") (internal quotation marks omitted); *Bayat v. Bank of the W.*, No. C-13-2376 EMC, 2015 WL 1744342, at *5 (N.D. Cal. Apr. 15, 2015) (granting final approval of consumer class action settlement with 1.9% claims rate for monetary relief portion of the settlement).

Moreover, as Plaintiffs point out, there were *no* objections to the settlement and only forty (40) Class Members opted-out. Accordingly, the reaction of the class members was overwhelmingly positive. *See Churchill Vill., L.L.C. v. Gen. Electric*, 361 F.3d 566, 577 (9th Cir. 2004) (approving settlement where "[t]he district court was informed that only 45 of the approximately 90,000 notified class members objected to the settlement"); *see also In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5159441, at *3 (N.D. Cal. Sept. 2, 2015) (noting low number of objections is "indicia of approval of the class" and approving

2

**DEFENDANT SIE'S JOINDER IN PLAINTIFFS' MOTION FOR FINAL APPROVAL**
**CASE NO. 10-cv-01811-YGR**

settlement where 11 class members out of 64,466 objected and less than 0.9% opted out) (citing *Hughes v. Microsoft Corp.*, No. C93–0178C, 2001 WL 34089697, at *8 (W.D. Wash. Mar. 26, 2001) (finding indicia of approval when nine class members out of 37,155 submitted objections, and "less than 1%" opted out)); *Sugarman v. Ducati N. Am., Inc.*, No. 5:10–CV–05246–JF, 2012 WL 113361, at *3 (N.D. Cal. Jan. 12, 2012) (objections from 42 of 38,774 class members was a "positive response").

      Accordingly, the reaction of the Class Members was overwhelmingly positive. Final approval should therefore be granted.

Dated: May 11, 2018

    SACKS, RICKETTS & CASE LLP

    By: *s/ Luanne Sacks*
        LUANNE SACKS
        Attorneys for Defendant
        SONY INTERACTIVE ENTERTAINMENT LLC (SUCCESSOR TO SONY COMPUTER ENTERTAINMENT AMERICA LLC)