UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE SONY PS3 "OTHER OS" LITIGATION** | Case No. 10-cv-01811-YGR<br><br>**ORDER GRANTING IN PART MOTION OF PLAINTIFFS' COUNSEL FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS; GRANTING IN PART MOTION OF OBJECTOR'S COUNSEL FOR ATTORNEYS' FEES**<br><br>Dkt. Nos. 346, 348 |

In conjunction with their separate Renewed Motion for Final Approval of Class Action Settlement, plaintiffs have filed their Renewed Motion for Award of Attorneys' Fees, Costs, and Incentive Awards (Dkt. No. 346), seeking an award of $1,250,000.00 for attorneys' fees and costs, and granting incentive rewards in the aggregate amount of $17,500.00 (or $3,500.00 for each named plaintiff) in this action. The Court, by separate Order entered this date, has granted the Renewed Motion for Final Approval, finding that the proposed class action settlement reached by the parties is fair, reasonable and adequate. The Court now considers herein the appropriate amount of fees, costs, and incentive awards in light of the outcome for the class.

In addition, Objector Eric Michael Lindberg (by his mother, Susan Lindberg)[1] has filed a Motion for Attorneys' Fees, Costs, and Incentive Award (Dkt. No. 348), seeking an award of

---

[1] Eric Michael Lindberg filed a timely objection, in which his mother Susan Lindberg later joined. The Court deems the joinder in the objection by Susan Lindberg, and the claim filed by Susan Lindberg, to be a timely claim based on her purchase of the PS3 at issue as a gift for Eric. The Settlement Administrator is ordered to consider the claim of Susan Lindberg and disregard the duplicative claim by Eric Michael Lindberg. Class Counsel's objection to Lindberg's fee request on grounds of standing is overruled.

attorneys' fees in the amount of $75,000.00, expenses in the amount of $1,360.15; and an incentive award for Lindberg. Objector Lindberg contends that this Court's decision denying the prior motion for final approval of the class settlement adopted key arguments raised in the objection, which ultimately resulted in the new, more favorable settlement agreement submitted with the renewed motions for approval.

The Court having carefully reviewed the papers submitted in support and in opposition to the motions, the parties' oral arguments, and the record in this action, and for the reasons set forth herein, the motions are each **GRANTED IN PART**. Class Counsel's request for attorneys' fees, costs and incentive awards is reasonable and fair. Objector Lindberg is entitled to some amount of fees commensurate with the material benefit to the class arising from the objection.

**II. DISCUSSION**

**A. Class Entitlement to Fees, Costs, and Incentive Awards**

*1. Class Counsel's Attorneys' Fees*

Plaintiffs' claims in this lawsuit are for alleged violations of California consumer protection statutes, including the Consumers Legal Remedies Act (CLRA), the False Advertising Law and the Unfair Competition Law. Because the action is before the Court under its diversity jurisdiction and the claims alleged arise under California law, California law governs recovery of attorneys' fees as well. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002) ("Because Washington law governed the claim, it also governs the award of fees."). The Court finds that plaintiffs are "prevailing plaintiff[s]" entitled to a fee award under the CLRA because they obtained a net monetary recovery for the Proposed Class and succeeded in achieving a major goal of the litigation. *Kim v. Euromotors West/The Auto Gallery,* 149 Cal. App. 4th 170, 179 (2007)*; see also Graciano v. Robinson Ford Sales, Inc.,* 144 Cal. App. 4th 140, 150-51 (2006). The Court finds that plaintiffs have benefited the public by vindicating consumer protection statutes and are "successful parties" under California Code of Civil Procedure § 1021.5, and as well as "prevailing plaintiffs" under the CLRA. *See Lyons v. Chinese Hosp. Ass'n,* 136 Cal. App. 4th 1331, 1346 (2006) ("A 'successful' party means a 'prevailing' party.'").

The Court applies California's lodestar method to calculate the appropriate attorneys' fees to be awarded to Class Counsel. *See Meister v. Regents of Univ. of California*, 67 Cal. App. 4th

2

437, 448-49 (1998) ("the California Supreme Court intended its lodestar method to apply to a statutory attorney's fee award unless the statutory authorization for the award provided for another method of calculation"); *Lealao v. Beneficial California, Inc.,* 82 Cal.App.4th 19, 26 (2000) ("the primary method for establishing the amount of 'reasonable' attorney fees [in fee-shifting cases] is the lodestar method"). The Court has reviewed the declarations of class counsel Gordon M. Fauth, James Pizzirusso, and Kathleen Fisher as to the work conducted and their hourly rates used to calculate the lodestar figure herein, and finds they are all reasonable. Class Counsel's lodestar of $3,327,090.50 is a far greater amount than the fee award requested ($1,250,000.00). As a cross-check on the reasonableness of the fees, analyzed under the percentage method, the Court finds that the attorneys' fees sought by plaintiffs are 22.6% of the total monetary recovery, which is under the Ninth Circuit's 25% benchmark in common fund cases. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir.1998). The Court finds that the requested fee award is reasonable.

### 2. *Class Counsel's Costs*

The Court also finds that the request for reimbursement of expenses in the amount of $120,333.46 is a reasonable amount for costs incurred by Class Counsel, pursuant to California Code of Civil Procedure section 1033.5.

Accordingly, as stipulated in Paragraph 109 of the Stipulation of Class Action Settlement and Release, defendant shall pay Class Counsel a total of **$1,250,000.00** total as reasonable attorneys' fees and costs.

### 3. *Named Plaintiff Incentive Awards*

Plaintiffs' request for incentive awards of $3,500.00 each to plaintiffs Derrick Alba, Jason Baker, James Girardi, Jonathan Huber, and Anthony Ventura is reasonable and appropriate. The Court has the discretion to award class representatives service payments for work they did on behalf of the class and the amount Plaintiffs request is within range of what has been approved. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) ("Incentive awards are fairly typical in class action cases.") Based upon the record before the Court, plaintiffs are entitled to an incentive award for their efforts on behalf of the class. Accordingly, the Court **GRANTS** the

request and **ORDERS** that plaintiffs Derrick Alba, Jason Baker, James Girardi, Jonathan Huber, and Anthony Ventura are awarded $**3,500.00** each from the settlement fund.

### B. Fees for Objector's Counsel

The Ninth Circuit has held that objectors who provide a material benefit to the class through their objections are entitled to fees as a matter of law. *Rodriguez v. Disner*, 688 F.3d 645, 658-59 (9th Cir. 2012) ("*Rodriguez II*"). However, "objectors who do 'not increase the fund'" or otherwise substantially benefit the class members' are not entitled to fees, even if they bring 'about minor procedural changes in the settlement agreement.'" *Id.* at 658–59 (*quoting Vizcaino*, 290 F.3d at 1051-52. "Nor is it error to deny fees to objectors whose work is duplicative, or who merely echo each others' arguments and confer no unique benefit to the class." *Id*.

Here, Objector Lindberg argued that the original settlement was flawed in that it: included an unreasonable claims process that was likely to depress the claims rate; contained an overbroad release of claims; awarded class counsel a disproportionate amount of attorneys' fees; and raised concerns regarding self-dealing and *de facto* reversion of settlement funds in contravention of *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). (*See* Dkt. No. 277 at 91-116.) While the Court had raised some of these concerns at oral argument at the time of preliminary approval, Objector Lindberg's legal analysis of the *Bluetooth* factors aided the Court's review and decision denying final approval of the original settlement without prejudice to renewal. (Dkt. No. 300.) The new settlement agreement vastly improved the claims rate and recovery for the class, eliminated unfair terms such as the release, and brought the attorneys' fees to a reasonable proportion of the recovery. While all the improvements to the settlement agreement are not attributable entirely to the objections raised, the Court finds that Objector Lindberg's contribution provided some material benefit to the class.

Counsel for Objector Lindberg, the Law Office of Sam Miorelli, P.A., submits evidence that it has accumulated a lodestar of $46,546.20, with unreimbursed expenses of $1,360.25.[2]

---

[2] Local counsel Framework Law Group PC submits that it incurred a lodestar of $1,755.00. However, as noted on the record, given local counsel's inability to discuss even the basic facts of the objection at the hearing on this motion, the Court finds that fees should be discounted as providing little to no material benefit to the class aside from facilitating a *pro hac vice* appearance by Mr. Miorelli.

4

Miorelli seeks a rate of $346 per hour for a total of 136.1 hours, as well as a 1.55 multiplier which he contends is warranted in light of the benefits to the class obtained. In reviewing the lodestar calculation, the Court finds that the hours submitted should be reduced to 60.0 hours at counsel's billing rate, or $20,760.00. The number of hours spent on briefing the objection (and unauthorized reply) appear excessive, and the hours spent preparing the Rule 11 letters did not contribute any benefit to the class. The costs sought here are appropriately limited to $326.00. *See* Cal. Code Civ. Pro. § 1032. Further, the Court finds that a service award for Objector Lindberg, equal to half of that paid to the plaintiffs herein or $1,750.00, is sufficient.

The Court agrees that such fees, costs, and incentive award should be paid from the $1,250,000.00 awarded to Class Counsel. Therefore, Class Counsel shall pay to Objector Lindberg a total of **$22,836.00** for his attorneys' fees, costs, and an incentive award.

### III. CONCLUSION

Based upon the foregoing:

(1) defendant shall pay Class Counsel a total of **$1,250,000.00** total as reasonable attorneys' fees and costs;

(2) plaintiffs Derrick Alba, Jason Baker, James Girardi, Jonathan Huber, and Anthony Ventura are awarded $**3,500.00** each from the settlement fund; and

(3) Class Counsel shall pay to Objector Lindberg a total of **$22,836.00** for his attorneys' fees, costs, and an incentive award.

This terminates Docket Nos. 346 and 348.

**IT IS SO ORDERED.**

Dated: June 8, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**