**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In re SONY PS3 "OTHER OS"
LITIGATION

Case No.  10-CV-01811-YGR

**FINAL JUDGMENT**

Pursuant to the Court's Final Approval Order ("Final Approval Order") dated June 8, 2018, it is hereby **ORDERED, ADJUDGED, AND DECREED** that final judgment in this matter is entered in accordance with the Final Approval Order and the Settlement it incorporates (the Final Approval Order, which attaches the Settlement, is attached hereto as Exhibit A-1).

The Court retains continuing jurisdiction over the Parties, the Action, and the Settlement for purposes of enforcing the Settlement and resolving disputes under the Settlement Agreement.

This document constitutes a judgment and a separate document for purposes of Federal Rule of Civil Procedure 58(a).

Only those persons listed in Exhibit B to this Final Judgment have submitted timely and valid requests for exclusion from the Settlement Class and are therefore not bound by this Final Judgment and the accompanying Final Approval Order.

**IT IS SO ORDERED.**

Dated:   June 8 , 2018

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

EXHIBIT A-1

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No.:  10-CV-01811-YGR **ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; SETTING COMPLIANCE HEARING RE: FINAL REPORT AND ACCOUNTING** |

This matter came before the **Court** for hearing pursuant to the following: (1) the **Court's** Order Granting Renewed Motion for **Preliminary Approval** (Dkt. No. 344); (2) **Plaintiffs'** Renewed Motion for **Attorneys' Fees and Costs** and for **Service Awards** for the **Plaintiffs** (Dkt. No. 346); (3) **Plaintiffs'** Renewed Motion for **Final Approval** of **Class Action Settlement** (Dkt. No. 350); and (4) the **Stipulation of Class Action Settlement and Release** executed on September 1, 2017 (the "**Settlement**"), entered into by the **Parties** to settle and finally resolve the above-captioned class action lawsuit (the "**Action**" or the "Class Action Lawsuit").  Due and adequate notice having been given to the **Class** of the proposed **Settlement** and the pending motions, as required by the **Court's** orders, and upon consideration of all papers filed and proceedings had herein, the Court **ORDERS** as follows:

1.      Capitalized, bolded terms not otherwise defined herein shall have the same meaning as set forth in the **Settlement**, attached hereto as **Exhibit A**.

2.      The **Court** has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the **Parties**.  Venue is proper in this District.

3.      The "**Class**," for purposes of this Order, shall mean:

[A]ny and all persons in the United States who purchased a **Fat PS3** in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal, and/or household use and who: (1) used the **Other OS** functionality; (2) knew about the **Other OS** functionality; or (3) contends or believes that he or she lost value or desired functionality or was otherwise injured

as a consequence of **Firmware Update 3.21** and/or the disablement of **Other OS** functionality in the **Fat PS3**.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the **Court** hereby certifies for settlement purposes only the **Class**, which it previously provisionally certified. Excluded from the **Class** are: (a) any persons who are employees, directors, officers, and agents of **SCEA** or its subsidiaries and affiliated companies; (b) any persons who timely and properly exclude themselves from the **Settlement**; and (c) the **Court**, the **Court's** immediate family, and **Court** staff.

5.     The **Court** finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this **Action**.

6.     The **Court** finds that the program for disseminating notice to the **Class** provided for in the **Settlement**, and previously approved and directed by the **Court** (the "**Notice Program**"), has been implemented by the **Settlement Administrator** and the **Parties**, and that such **Notice Program**, including the approved forms of notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws.

7.     The **Court** reaffirms that this **Action** is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), and 23(e), and that **Class Counsel** and the **Plaintiffs**, as **Class Representatives**, fairly and adequately represent the interests of the **Class**.  In support of its conclusion that this **Action** is properly maintained as a class action, for settlement purposes, the **Court** finds as follows:

(a) the **Settlement Class Members** are so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the **Settlement Class Members**, and these questions predominate over any questions affecting individual **Settlement Class Members**;

(c) the named **Class Representatives'** claims are typical of the claims of the **Settlement Class Members**;

(d) the named **Class Representatives** and **Class Counsel** have adequately represented and will continue to adequately represent and protect the interests of the **Settlement Class**;

(e) class-wide treatment of the disputes raised in this **Action** is superior to other available methods for adjudicating the controversy before this **Court**; and

(f) manageability issues do not prevent certification for settlement purposes because there will be no trial.

8.       The **Court** further finds that a full and fair opportunity has been afforded to the **Class Members** to opt out, to object and to participate in the hearing convened to determine whether the **Settlement** should be given final approval.  Accordingly, the **Court** hereby determines that all members of the **Settlement Class** are bound by this **Final Approval Order**.

9.       The **Court** finds that the **Settlement**, including the exhibits thereto, is fair, reasonable and adequate to the **Settlement Class**, is in the best interests of the **Settlement Class**, has been entered into in good faith and should be and hereby is fully and finally approved pursuant to Federal Rule of Civil Procedure 23.  The **Settlement** represents a fair resolution of all claims asserted on behalf of **Plaintiffs**, as **Class Representatives**, and the **Settlement Class** in this **Action**, and fully and finally resolves all such claims.  **SCEA** and each member of the **Settlement Class** shall be bound by the **Settlement**, including the **Release** set forth in Section XIII of the **Settlement**, and by this Order and the **Final Judgment** entered in connection with this Order.

10.       After considering (1) the strength of the **Plaintiffs'** case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of the **Class Members** to the proposed **Settlement**, the **Court** hereby finds that the **Settlement** is in all respects fair, reasonable, and adequate and in the best interests of the **Settlement Class**.  In addition, the **Court** finds that there was no collusion in connection with the **Settlement**, that the **Settlement** was the product of informed and arm's-length negotiations among competent

counsel, and that the record is sufficiently developed to have enabled the **Class Representatives** and **SCEA** to adequately evaluate and consider their respective positions.  Accordingly, the **Court** hereby finally and unconditionally approves the **Settlement**.

11.     **Class Counsel** are awarded attorneys' fees and litigation costs in the total amount of $1,250,000.00 to be paid out of the **Settlement Fund**, as set forth in the Court's Order Granting In Part plaintiffs' Renewed Motion for Attorneys' Fees, Costs, and Incentive Awards, entered this date.  The **Court** finds these amounts to be fair and reasonable and fairly compensates **Class Counsel** for their contributions to the prosecution of this **Action** and the **Settlement**.  From this amount, as set forth in the Court's separate Order of this date, Class Counsel are ordered to pay to Objector Susan Lindberg attorneys' fees, costs, and incentive award in the total amount of $22,836.00.

12.     The **Court** hereby awards service awards in the amount of $3,500.00 each, to each of the **Plaintiffs** as **Class Representatives**, to compensate them for their commitments and efforts on behalf of the **Class** in this **Action**.  These service awards will be paid out of the **Settlement Fund**.

13.     The **Parties** are to bear their own costs, except as awarded by this **Court** in this **Final Approval Order**.

14.     In its Order Granting **Plaintiff's** Renewed Motion for Preliminary Approval (Dkt. No. 344), the **Court** directed the parties to appoint a **Settlement Administrator.**  The **Settlement Administrator** shall continue to perform those duties and responsibilities that remain under the **Settlement** and this **Final Approval Order**.

15.     The **Parties** and **Settlement Administrator** are hereby directed to implement this **Final Approval Order** and the **Settlement** in accordance with the terms and provisions thereof, including the processing and payment of **Claims**.

16.     As of the **Effective Date**, the **Class Representatives** and the **Settlement Class**, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, shall be deemed to have, and by operation of this Order and the **Final Judgment** entered in connection with this Order shall have, fully released and forever discharged the

**Released Parties** from all **Released Claims**, as more fully set forth in Section XIII of the **Settlement**, including that the **Class Representatives** and the **Settlement Class** shall fully release and forever discharge the **Released Parties** and further expressly agree that they shall not now or thereafter institute, maintain, or assert against the **Released Parties**, either directly or indirectly, on their own behalf, or on behalf of any class or other person or entity, any action, regulatory action, arbitration, or court or other proceeding of any kind asserting causes of action, claims, damages, equitable, legal and administrative relief, interest, demands, rights or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the **Released Parties**, whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution, contract, common law, or any other source that arise out of or in any way relate to the subject matter of the **Action** and the **Released Claims** and that were or could have been alleged in the **Action**.  **Released Claims** include, but are not limited to, claims arising under the common laws of all fifty (50) states concerning: (a) whether **SCEA** falsely advertised or marketed the **Fat PS3's Other OS** functionality; (b) the disabling of the **Other OS** functionality in the **Fat PS3**; (c) the issuance of **Firmware Update 3.21**; and/or (d) whether the System Software License Agreement and/or PlayStation Network Terms of Service and User Agreement enable **SCEA** to alter, remove or modify features and/or functions of the **Fat PS3**.

17.     As of the Final **Settlement** Date, **Plaintiffs** and, by operation of law, each member of the **Settlement Class** shall further be deemed to have expressly waived and released any and all provisions, rights and benefits conferred by Section 1542 of the California Civil Code or similar laws of any other state or jurisdiction.

18.     The **Court** orders that, upon the **Effective Date**, the **Settlement** shall be the exclusive remedy for any and all **Released Claims** of the **Releasing Parties**.

19.     The **Court** hereby dismisses this **Action** with prejudice, and without fees or costs except as provided in the **Settlement Agreement** and this Order.  **Plaintiffs** and all members of the **Settlement Class** are hereby permanently barred and enjoined from commencing, pursuing,

maintaining, enforcing or prosecuting, either directly or indirectly, any **Released Claims** in any judicial, administrative, arbitral or other forum, against any of the **Released Parties**, provided that this injunction shall not apply to the claims of any **Class Members** who have timely and validly requested to be excluded from the **Class**.  This permanent bar and injunction is necessary to protect and effectuate the **Settlement**, this Order and this **Court's** authority to effectuate the **Settlement**, and is ordered in aid of this **Court's** jurisdiction and to protect its judgments.

20.    The **Released Parties** may file this **Final Approval Order** in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21.    Nothing in this Order or in the **Final Judgment** entered in connection with this Order shall preclude any action to enforce the terms of the **Settlement**.

22.    Without affecting the finality of this Order in any way, the **Court** hereby retains continuing jurisdiction over: (a) all matters relating to the modification, interpretation, administration, implementation, effectuation and enforcement of the **Settlement**; (b) further proceedings, if necessary, on **Plaintiffs'** Renewed Motion for **Attorneys' Fees and Costs** and for **Service Awards** for the **Plaintiffs**; and (c) the **Parties, Class Counsel** and members of the **Settlement Class** for the purpose of administering, supervising, construing and enforcing this Order and the **Settlement** in accordance with its terms.

23.    Neither this Order, the **Final Judgment** entered in connection with this Order, nor the **Settlement** (nor any other document referred to herein, nor any action taken to carry out this Order or the accompanying **Final Judgment**) shall be construed as or used as an admission or concession by or against **SCEA** or **Released Parties** of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.  The **Settlement** and this resulting **Final Approval Order** simply represent a compromise of disputed allegations.

24.    Without further order of the **Court**, the **Parties** may agree to reasonably necessary extensions of time to carry out any of the provisions of the **Settlement** and to make

1  other non-material modifications, in implementing the **Settlement**, that are not inconsistent with

2  this Order.

3       25.    The Clerk shall enter **Final Judgment**, consistent with this Order, forthwith.

4       26.    **Class Counsel** shall serve a copy of this **Final Approval Order** on all named

5  parties or their counsel and the **Settlement Administrator** immediately upon receipt and the

6  **Settlement Administrator** shall post a copy of this **Final Approval Order** on the **Settlement**

7  **Website** immediately upon receipt.

8       27.    The parties shall submit a final report and accounting within 45 days of the entry

9  of this Final Approval Order.  The Court hereby **SETS** a Compliance hearing regarding the filing

10  of the final report and accounting on the Court's 2:01 p.m. calendar on **Friday, August 3, 2018**.

11  If the parties timely file their report, the Court will vacate the compliance hearing and no

12  appearance will be required.

13       **IT IS SO ORDERED.**

14  Dated: _____June 8, 2018_____

15                                                    YVONNE GONZALEZ ROGERS
                                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

## STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE

IT IS HEREBY STIPULATED AND AGREED, by and between Anthony Ventura, Jason Baker, James Girardi, Derrick Alba and Jonathan Huber (collectively, "**Class Representatives**"), individually and on behalf of the class they seek to represent (defined below as "**Class Members**"), on the one hand, and Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC (referred to herein as "**SCEA**"), on the other hand, through their duly-authorized counsel, that the proceedings in the United States District Court for the Northern District of California captioned *In re Sony PS3 "Other OS" Litigation*, Case No. C-10-1811 (YGR), including but not limited to the complaints referenced in Section III, paragraphs 49-51, 54, and 58, below (collectively the "**Action**") is settled, fully and finally, on the terms and conditions set forth in this **Agreement** and the exhibits hereto, subject to the occurrences set forth herein that permit **SCEA** or the **Class Representatives** to terminate this **Agreement**, and further subject to and expressly conditioned upon the approval of the **Court** and the entry of **Final Judgment**.

## I.      INTRODUCTION

A.      **SCEA** expressly denies any wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been alleged against it in the **Action**.  Nevertheless, **SCEA** considers it desirable to resolve the **Action** on the terms stated herein in order to avoid further expense, inconvenience, and interference with its business operations and to dispose of burdensome litigation.  Therefore, **SCEA** has determined that the settlement of the **Action** on the terms set forth herein is in its best interests.

B.      This **Agreement** reflects a compromise between the **Parties** and shall in no event be construed as or deemed an admission or concession by any **Party** of the truth of any of the pleadings in the **Action** or of any fault on the part of **SCEA** and all such allegations or the validity of any purported claim or defense asserted are expressly denied.  Nothing in this

1

**Agreement** shall constitute an admission of liability or may be used as evidence of liability by or against any **Party** hereto.

  C. **Class Counsel** and **Class Representatives** believed that their claims were valid and were likely to prevail.  Nevertheless, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the **Action**, **Class Representatives** and **Class Counsel**, on behalf of the putative **Class**, have agreed to settle the **Action** pursuant to the provisions of this **Agreement**, after considering, among other things: (1) the substantial benefits to the **Class** under the terms of this **Agreement**; (2) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (3) the desirability of consummating this **Agreement** promptly in order to provide expeditious and effective relief to the **Class**.

  D. This **Settlement** was reached after arm's-length settlement negotiations among and between **Class Counsel**, **Class Representatives, SCEA**, and **SCEA's Counsel,** including three mediation sessions before three different retired judges.  Most recently, the **Parties** mediated before retired Justice James Lambden on April 6, 2017 but did not reach an agreement. After extensive continued negotiations aided by Justice Lambden, the **Parties** reached an agreement on most material terms on May 26, 2017 and a final agreement on August 24, 2017.

## II. DEFINITIONS AND CONVENTIONS

### A. DEFINITIONS

  As used in this **Agreement**, capitalized bolded terms have the following meaning, unless specifically provided otherwise:

  1. "**Action**" means the putative class action complaint, including all individually filed, consolidated, coordinated and amended complaints filed in: *In re Sony PS3 "Other OS" Litigation*, Case No. C-10-1811 (YGR), currently pending in the Northern District of California, Oakland Division, before the Honorable Yvonne Gonzalez Rogers.

  2. "**Administration Cost**" or "**Administrative Costs**" means the reasonable, actual and direct costs charged by the **Settlement Administrator** for its services and includes the costs

of **Class Notice**, implementing the **Claim Process** and carrying out any other responsibility consistent with the terms of this **Agreement**.  **Administration Costs** do not include other fees, costs or expenses, including **Attorneys' Fees and Costs, Court** costs or **Service Awards**.

3.      "**Administrator**" or "**Settlement Administrator**" means the third-party administrator retained by the **Parties** to administer the **Settlement**, including providing **Class Notice** to the **Class Members**, processing and evaluating **Claims** and other documents, and performing other tasks that are provided for in this **Agreement.**

4.      "**Agreement**" means the terms and conditions of this document entitled "Stipulation of Class Action Settlement and Release."

5.      "**Attorneys' Fees and Costs**" means such funds as may be awarded by the **Court** to **Class Counsel** to compensate all Counsel in the **Action** for their fees and expenses incurred in connection with the **Action** and the **Settlement.**

6.      "**Claim**" means the claim of a **Class Member** or his or her legal representative submitted in compliance with the procedure provided in this **Agreement** as described in Section V.

7.      "**Claimant**" means a **Class Member** or his or her legal representative who submits a **Claim**.

8.      "**Claim Deadline**" means ninety (90) days following the **Notice Date**, unless a different date is ordered by the **Court**.

9.      "**Claim Form**" means the document by which **Class Members** may submit a **Claim**, substantially in the form attached hereto as **Exhibit 1**.

10.      "**Claim Process**" means the process for submitting and reviewing **Claims** as described in Section V of this **Agreement**.

11.      "**Class Counsel**" refers collectively to the law firms listed below who were appointed as Interim Co-Lead Counsel on June 30, 2010 and seek to be appointed as **Class Counsel**:

3

James J. Pizzirusso
Hausfeld LLP
1700 K St., NW, Ste 650
Washington, DC 20006
Tel: 202-540-7200
Fax: 202-540-7201
Email: jpizzirusso@hausfeld.com

Gordon M. Fauth
Of Counsel
Finkelstein Thompson LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111
Direct Tel: 510-238-9610
Tel: 415-398-8700
Fax: 415-398-8704
Email: gmf@classlitigation.com

Kathleen V. Fisher
Calvo Fisher & Jacob LLP
555 Montgomery Street
Suite 1155
San Francisco, CA 94111
Tel: 415-374-8370
Fax: 415-374-8373
Email: kfisher@calvofisher.com

12.    "**Class**" or "**Class Member**" or "**Class Members**" means any and all persons in the United States who purchased a **Fat PS3** in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal, and/or household use and who: (1) used the **Other OS** functionality; (2) knew about the **Other OS** functionality; or (3) contends or believes that he or she lost value or desired functionality or was otherwise injured as a consequence of **Firmware Update 3.21** and/or the disablement of **Other OS** functionality in the **Fat PS3**.  Excluded from the **Class** are: (a) any persons who are employees, directors, officers, and agents of **SCEA** or its subsidiaries and affiliated companies; (b) any persons who timely and properly exclude themselves from this **Settlement**; and (c) the **Court**, the **Court's** immediate family, and **Court** staff.

13.    "**Class Notice**" means all types of notice that will be provided to the **Class Members** pursuant to Federal Rule of Civil Procedure 23(e), the **Preliminary Approval Order** and this **Agreement**, including email notice, publication notice, website notice, and any

4

additional notice that may be ordered by the **Court**.

14.     "**Class Period**" means the time period between November 1, 2006 and April 1, 2010.

15.     "**Class Representatives**" or "**Plaintiffs**" means plaintiffs Anthony Ventura, Jason Baker, James Girardi, Derrick Alba and Jonathan Huber, collectively.

16.     "**Court**" means the United States District Court for the Northern District of California.

17.     "**Defendant**" means Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC.

18.     "**Effective Date**" means the earliest of the following: (1) the date of entry of the **Final Judgment** if (a) no objection is filed to the **Settlement** or if all objections are withdrawn prior to the **Court** ruling on them and (b) no appeal is taken from the **Final Approval Order** and/or **Final Judgment**; or (2) thirty-one (31) calendar days after the entry of the **Final Judgment** if objections are filed and overruled and no appeal is taken from the **Final Approval Order** and/or **Final Judgment**; (3) if one or more timely appeals is taken from the **Final Approval** and/or **Final Judgment**, thirty-one (31) calendar days after the date as of which all such appeals have been voluntarily dismissed or have been finally resolved after being heard and any subsequent appeals or petitions for certiorari have been resolved. "**Execution Date**" means the date upon which the last signature is placed on this **Agreement**.

19.     "**Fat PS3**" means the Sony PlayStation®3 computer entertainment console that was manufactured between approximately November 1, 2006 and September 2009 that included the **Other OS** functionality.  A list of **Fat PS3** model numbers is attached hereto as **Exhibit 7**.

20.     "**Fee And Expense Award**" means an award of attorneys' fees and the reimbursement of litigation costs and expenses authorized by the **Court** to be paid to **Class Counsel** from the **Settlement Funds** for the services they provided in representing the **Class**. "**Service Award**" means an award in an amount not to exceed three thousand five hundred dollars ($3,500) authorized by the Court to be paid to each **Class Representative** for the services

they provided in representing the **Class**.

21.     "**Final Approval Hearing**" or "**Fairness Hearing**" means a hearing held before the **Court** during or following which the **Court** will: (1) make a final decision regarding whether to finally approve this **Agreement** as fair, reasonable and adequate; (2) determine the amount of any **Fee And Expense Award** and any **Service Award**; and (3) rule on the merit of any objections to this **Agreement**.

22.     "**Final Approval**" or "**Final Approval Order**" means an order issued by the **Court** finally approving this **Agreement** as binding upon the **Parties** and substantially in the form attached hereto as **Exhibit 2**.

23.     "**Final Judgment**" means the **Court's** order finally disposing of the **Action**, substantially in the form attached hereto as **Exhibit 3**.

24.     "**Firmware Update 3.21**" means the software update that **SCEA** issued in April 2010 which, among other things, disabled the **Other OS** functionality from the Sony PlayStation®3 upon installation.

25.     "**Funding Date**" is the date by which **SCEA** will deposit with the **Settlement Administrator** the sum of Three Million Seven Hundred and Fifty Thousand dollars ($3,750,000) as **Settlement Funds**.  The **Funding Date** is thirty-five days (35) after the **Effective Date**.

26.     "**Long Form Class Notice**" or "**Long Form Notice**" means a notice substantially in the form of **Exhibit 4** attached hereto and approved by the **Court**, which the **Settlement Administrator** shall make available on the **Settlement Website** pursuant to the terms of this **Agreement**.  The **Long Form Class Notice** will at a minimum contain the following:

> (i)     a concise statement of the background of the **Action**, the certification of the **Class** for settlement purposes, and the **Settlement**;

> (ii)    a description of the nature and scope of the claims, causes of action, and facts compromised in the **Settlement** that will be subject to the release;

(iii)    a description of the relief provided by the **Settlement**;

(iv)    instructions to the **Class Members** on how to submit a claim or an exclusion request and of their right to object to the **Settlement**;

(v)    an explanation of the impact of the **Settlement** on participation in any existing and future litigation, arbitration, regulatory action, remediation, or other proceeding(s);

(vi)    a statement that any relief to the **Settlement Class** is contingent on the **Court's Final Approval**;

(vii)    a statement that **Class Counsel's Fee and Expense Award** and **Service Awards** will be paid from the **Settlement Funds** and that individual **Class Members** will not be responsible themselves for paying any attorneys' fees, costs, litigation expenses, administration expenses or service awards (unless they elect to retain their own attorney at their own expense);

(viii)    the date, time, and place of the **Final Approval Hearing**, notice of **Class Members'** right to object to the **Settlement**, their right to appear in support of any timely and validly submitted objection, and their right to appear at the **Final Approval Hearing** as provided by this **Settlement** or ordered by the **Court** in the **Preliminary Approval Order**, on their own or through counsel of their own selection (at their own expense), and the procedures for doing so as further described below;

(ix)    advise that any **Final Judgment** entered in the **Action** will be binding on all **Class Members** who do not timely exclude themselves from the **Settlement**; and

(x)    inform the **Class Members** that they will be releasing all current and future claims against the **Released Parties** concerning or relating in any way to the **Released Claims**.

7

27.     "**Notice Date**" is the date by which the initial **Class Notice** shall be completed by the **Administrator** and shall be forty-five (45) days after **Preliminary Approval** unless a different date is order by the **Court**.

28.     "**Objection Deadline**" means ninety (90) days following the **Notice Date** unless a different date is ordered by the **Court**.

29.     "**Opt-out Deadline**" or "**Exclusion Deadline**" means ninety (90) days following the **Notice Date** unless a different date is ordered by the **Court**.

30.     "**Other OS**" means the alternative Operating System functionality that enabled a user to install Linux on a **Fat PS3**.

31.     "**Party**" or "**Parties**" means individually or collectively the **Class Representatives** and **SCEA** as defined herein.

32.     "**Payment Date**" is the date by which the **Settlement Administrator** will: (i) mail checks to **Valid Claimants**; and (ii) pay funds due to **Class Counsel** and **Class Representatives**.  The **Payment Date** is thirty days (30) after the **Funding Date** unless the pro rata amount per **Valid Claimant** exceeds $65.00 and the **Parties** have filed disputed motions with the Court as to the distribution of the excess funds.  If such motions are filed, the **Payment Date** shall be the later of thirty days (30) after the Court's resolution of such motions or thirty days (30) after the **Funding Date.**

33.     "**Preliminary Approval**" or "**Preliminary Approval Order**" means an order entered by the **Court** preliminarily approving the terms and conditions of this **Agreement** and the **Settlement**, substantially in the form of **Exhibit 5** attached hereto.

34.     "**Publication Notice**" means display of the content of the **Short Form Notice** in online and print media pursuant to a notice plan to be agreed upon by the **Parties**.

35.     "**Released Claims**" means all claims, demands, rights, and liabilities, whether known or unknown, and regardless of legal theory, that arise from the purchase of a **Fat PS3** and that relate to, are based on, concern or arise out of the allegations, facts or circumstances that were asserted or could have been asserted (whether individually or on a class-wide basis) in the

8

**Action**.  **Released Claims** include, but are not limited to, claims arising under the common laws and statutes of all fifty (50) states concerning: (a) whether **SCEA** falsely advertised or marketed the **Fat PS3's Other OS** functionality; (b) the disabling of the **Other OS** functionality in the **Fat PS3**; (c) the issuance of **Firmware Update 3.21**; and/or (d) whether the System Software License Agreement and/or PlayStation Network Terms of Service and User Agreement enable **SCEA** to alter, remove or modify features and functions of the **Fat PS3**.

36.    "**Released Parties**" means **SCEA** and each of its current and former parents, subsidiaries, divisions, and affiliated individuals and entities, successors, predecessors, assigns, joint ventures, distributors, retailers, developers and/or licensees and each and all of their respective officers, partners, directors, servants, agents, shareholders, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters and insurers.

37.    "**SCEA**" means Defendant Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC.

38.    "**SCEA's Counsel**" means the following attorneys:

> Luanne Sacks
> Michele Floyd
> Michael Scott
> Sacks, Ricketts & Case, LLP
> 177 Post Street, Suite 650
> San Francisco, CA  94108

39.    "**Settlement**" means the terms and conditions set forth in this **Agreement**.

40.    "**Settlement Benefit**" means payments made to **Valid Claimants** pursuant to the terms of this **Agreement**.

41.    "**Settlement Class**" means all **Class Members** except: (i) persons who properly exclude themselves from the **Settlement**; (ii) any persons who are employees, directors, officers or agents of **SCEA** or its subsidiaries and affiliated companies; or (iii) any judge, justice, judicial officer, or judicial staff of the **Court** and the **Court's** immediate family members.

42.    "**Settlement Fund(s)**" means the sum of Three Million Seven Hundred and Fifty

Thousand dollars ($3,750,000) to be paid by **SCEA** to the **Settlement Administrator** pursuant to Section V, paragraph 71, below.

43.    "**Settlement Website**" means the website established by the **Settlement Administrator** consistent with the entry of the **Preliminary Approval Order** to provide information regarding the **Settlement**, including information regarding submitting a **Claim** for **Settlement Benefits,** and requesting exclusion from or objecting to the **Settlement**.

44.    "**Short Form Class Notice**" or "**Short Form Notice**" means the summary form of notice of the **Settlement** that will be transmitted by email to **Class Members** and appear as the **Publication Notice**.  The **Short Form Notice** shall be substantially in the form attached hereto as **Exhibit 6**.

45.    "**Valid Claimant(s)**" means all **Class Members** who have not excluded themselves from the **Settlement** and who the **Settlement Administrator** determines have submitted a timely and valid **Claim**.

## B.    CONVENTIONS

46.    All personal pronouns used in this Agreement, whether used in the masculine, feminine, or neuter gender, shall include all other genders and the singular shall include the plural and vice versa except where expressly provided to the contrary.

47.    All references herein to sections, paragraphs, and exhibits refer to sections, paragraphs, and exhibits of and to this Agreement, unless otherwise expressly stated in the reference.

48.    The headings and captions contained in this **Agreement** are inserted only as a matter of convenience and in no way define, limit, extend, or describe the scope of this **Agreement** or the intent of any provision thereof.

## III.   THE LAWSUIT

49.    On April 27, 2010, Anthony Ventura filed a class action complaint in the Northern District of California, Case No. 10-cv-1811(RS), asserting causes of action for: (1) Breach of Contract; (2) Breach of the Covenant of Good Faith and Fair Dealing; (3) Unjust

Enrichment; (4) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200 *et seq.*); and (5) violation of the California Consumers Legal Remedies Act (Cal. Civ. Code §§ 1770 *et seq.*).

50.   Six more complaints alleging the same basic facts were subsequently filed as follows:

- *Baker, et al. v. Sony Computer Entertainment America LLC*, Northern District of California, Case No. 10-cv-1697 (April 30, 2010) for: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200 *et seq.*); and (4) violation of the California Consumer's Legal Remedies Act (Cal. Civ. Code §§ 1770 *et seq.*).

- *Densmore, et al.* v. *Sony Computer Entertainment America LLC*, Northern District of California, Case No. 10-cv-1945 (April 30, 2010) for: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; (3) Trespass to Chattels; (4) Unjust Enrichment; (5) violation of the California Consumer's Legal Remedies Act (Cal. Civ. Code §§ 1770 *et seq.*); (6) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030); (7) violation of the California False Advertising Act (Cal. Bus. & Prof. Code §§ 17500 *et seq.*); and (8) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200 *et seq.*).

- *Wright, et al. v. Sony Computer Entertainment America LLC*, Northern District of California, Case No. 10-cv-1975 (May 10, 2010) for: (1) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code §§17200 *et seq.*); (2) Breach of Contract; (3) Breach of the Implied Covenant of Good Faith and Fair Dealing; (4) Unjust Enrichment; (5) violation of the California Consumer's Legal Remedies Act (Cal. Civ. Code §§ 1770 *et seq.*); and (6) Equitable Relief.

- *Huber v. Sony Computer Entertainment America LLC*, Northern District of California, Case No. 10-cv-2213 (May 21, 2010) for: (1) Breach of Express Warranty;

(2) Breach of Implied Warranty of Merchantability; (3) violation of the California Consumer's Legal Remedies Act (Cal. Civ. Code §§ 1770(a)(5), (7) and (9)); (4) Conversion; (5) Violation of the Magnuson Moss Warranty Act (15 U.S.C. §§2301 *et seq.*); (6) violation of the California False Advertising Law (Bus. & Prof. Code §§ 17500 *et seq.*); and (7) violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*).

- *Harper, et al. v. Sony Computer Entertainment America, Inc.*, Case No. 10-cv-02197 (N.D. Cal. May 21, 2010) for: (1) violation of the California Consumer Legal Remedies Act, Cal. Civ. Code. §1770, *et seq.*; (2) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (3) violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500; (4) Breach of Contract/Breach of Duty of Good Faith and Fair Dealing; and (5) Unjust Enrichment.

- *Benavides v. Sony Computer Entertainment America, Inc. et al.,* Case No. 10-cv-02612 (N.D. Cal. June 14, 2010) for: (1) Breach of Contract; (2) violation of the California False Advertising Law, Cal. Bus. & Prof Code § 17500, *et seq.*; (3) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (4) Breach of Covenant of Good Faith and Fair Dealing; (5) Unjust Enrichment; (6) violation of California Consumer Legal Remedies Act, Cal. Civ. Code § 1770, *et seq.*

51.     On June 16, 2010, Judge Richard Seeborg issued an order finding that the seven cases were related and the **Plaintiffs** filed an "Amended Consolidated Class Action Complaint" on July 30, 2010, captioned: *In re Sony PS3 "Other OS" Litigation,* United States District Court, Northern District of California, Case No. C-10-1811 (RS), alleging: (1) Breach of Express Warranty; (2) Breach of the Implied Warranty of Merchantability; (3) Breach of the Implied Warranty of Fitness for a Particular Purpose; (4) violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1770(a)(5), (7), (9), (19)); (5) violation of the Computer Fraud and Abuse Act (18 U.S.C. §§ 1030, *et seq.*); (6) violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301); (7) Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.* (False Advertising); (8)

violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. (Unfair Competition); (9) Conversion; and (10) Unjust Enrichment.

52.     In December 2010, a number of discovery disputes arose which culminated in the filing of a motion to compel by the **Plaintiffs** (Docket No. 112), a motion for a protective order filed by **Plaintiffs** (Docket No. 111), and a motion to compel filed by **SCEA** (Docket No. 116). After full briefing, Magistrate Judge Chen granted in part, and denied in part, all of the discovery motions.

53.     On February 17, 2011, Judge Seeborg entered an order granting in part **SCEA's** motion to dismiss with leave to amend, and denied **SCEA's** motion to strike the class allegations in their entirety.

54.     On March 9, 2011, the **Plaintiffs** filed a First Amended Class Action Complaint alleging: (1) Breach of Express Warranty; (2) Breach of Implied Warranty of Merchantability; (3) Breach of the Implied Warranty of Fitness for a Particular Purpose; (4) violation of the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1770(a)(5), (7), (9), (19)); (5) violation of the Computer Fraud and Abuse Act (18 U.S.C. §§ 1030, *et seq*.); (6) violation of the Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, *et seq*.); (7) violation of Cal. Bus. & Prof. Code §§17500, *et seq*. (False Advertising); (8) violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*. (Unfair Competition); and (9) Unjust Enrichment.

55.     On July 7, 2011, the **Parties** participated in a private mediation session that was unsuccessful before the Honorable James L. Warren (Ret.) of JAMS.

56.     On December 8, 2012, Judge Seeborg granted **SCEA's** motion to dismiss and dismissed the First Amended Class Action Complaint with prejudice.

57.     The **Plaintiffs** appealed to the Ninth Circuit (Case No. 11-18066) and the Ninth Circuit issued an order affirming in part and vacating in part Judge Seeborg's order of dismissal.

58.     Consistent with the Ninth Circuit's Order, the **Plaintiffs** filed a Second Amended Complaint, No. 4:10-cv-01811 (SC), on May 29, 2014 for: (1) violation of the California Consumers Legal Remedies Act (Cal. Civ. Code § 1770(a) (5), (7)); (2) violation of the

13

California False Advertising Law (Bus. & Prof. Code § 17500 *et seq*.); and (3) violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq*.).  On remand, the case was reassigned to Judge Samuel J. Conti after Judge Seeborg recused himself.

59.     The **Parties** thereafter engaged in extensive discovery over the course of approximately ten (10) months.  Both **Parties** propounded extensive written discovery.  In response to the **Plaintiffs'** Requests for Production of Documents, **SCEA** produced approximately 4,000 documents, comprised of approximately 26,000 pages and responded to Interrogatories propounded by the **Plaintiffs**.  **SCEA** deposed all five (5) named **Plaintiffs**, and the **Plaintiffs** deposed seven (7) **SCEA** witnesses, three of which were designated to testify on behalf of **SCEA** pursuant to Federal Rule of Civil Procedure 30(b)(6).  The **Plaintiffs** also responded to Interrogatories propounded by **SCEA** and produced documents in response to its Requests for Production of Documents.  The **Plaintiffs** also produced their PS3s for **SCEA's** inspection.

60.     On or about August 20, 2015, the **Parties** mediated the case before retired Judge Howard Weiner for a full day but were unable to reach an agreement.

61.     On November 3, 2015, the case was reassigned to Judge Yvonne Gonzalez Rogers upon Judge Conti's retirement.

62.     The **Parties** continued to negotiate and after approximately six (6) months of extensive arm's-length negotiations, the **Parties** signed the MOU on January 28, 2016.

63.     On February 12, 2016, the **Parties** notified the **Court** that they had signed the MOU and were proceeding to negotiate the details of the **Settlement** and draft a formal settlement agreement.

64.     On September 8, 2016, the **Court** preliminarily approved the **Parties'** settlement and ordered notice to the class.  [Dkt. 270].

65.     On January 31, 2017, the **Court** denied a  motion by **Plaintiffs** for final approval of the **Parties'** settlement without prejudice.  [Dkt. 300].

66.     In light of the **Court's** January 31, 2017 Order, the **Parties** mediated again, this

time before retired Justice James Lambden.  The **Parties** attended a full day mediation session on April 6, 2017 but were unable to reach an agreement that day.

67.    The **Parties** continued to negotiate with further assistance from Justice Lambden. The **Parties** reached the present **Agreement** on August 24, 2017.

## IV.    CONDITIONAL CLASS CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

68.    The **Parties** reached this **Agreement** before the **Plaintiffs** filed a motion for class certification.  Accordingly, as part of this **Settlement**, the **Plaintiffs** shall include a request for conditional certification as part of their Motion for **Preliminary Approval** that seeks certification of the **Class** for settlement purposes.

69.    As a material part of this **Settlement**, SCEA, while reserving all defenses if this **Settlement Agreement** is not finally approved, hereby stipulates and consents, solely for purposes of and in consideration of the **Settlement**, to conditional certification of the above-referenced **Class** for settlement purposes only.  **SCEA's** stipulation and consent to class certification is expressly conditioned upon the entry of a **Preliminary Approval Order**, a **Final Approval Order** and **Final Judgment**.  As part of its conditional stipulation, SCEA further consents to the appointment of **Class Counsel** and **Class Representatives** to represent the **Class**.

70.    The conditional certification of the **Class**, the appointment of the **Class Representatives**, and of **Class Counsel** shall be binding only with respect to this **Settlement** and this **Settlement Agreement**.  If the **Court** fails to enter a **Preliminary Approval Order** or a **Final Approval Order**, or if this **Settlement Agreement** and the **Settlement** proposed herein is terminated, canceled, or fails to become effective for any reason whatsoever, the class certification, to which the **Parties** have stipulated solely for the purposes of this **Settlement**, this **Settlement Agreement** and all of the provisions of any **Preliminary Approval Order** or any **Final Approval Order** shall be vacated by their own terms and the **Action** shall revert to its status as it existed prior to the date of this **Settlement Agreement** with respect to class certification, and appointment of class representatives and class counsel.  In that event, **SCEA**

15

shall retain all rights it had immediately preceding the execution of this **Settlement Agreement** to object to the maintenance of the **Action** as a class action, the appointment of class representatives, and the appointment of class counsel and, in that event, nothing in this **Settlement Agreement** or other papers or proceedings related to this **Settlement** shall be used as evidence or argument by any of the **Parties** concerning whether the **Action** may properly be maintained as a class action under applicable law, whether any of the **Plaintiffs** are adequate or typical class representatives, or whether **Class Counsel** is adequate class counsel.

## V.  CLASS RELIEF AND DISTRIBUTION OF SETTLEMENT BENEFITS

71.    <u>Settlement Fund</u>.  In full, complete, and final settlement and satisfaction of the **Action** and all **Released Claims**, and subject to all of the terms, conditions, and provisions of this **Agreement**, including conditional certification as provided for in Section IV and **Preliminary Approval** and **Final Approval**, **SCEA** will pay to the **Settlement Administrator**, no later than the **Funding Date**, the sum of Three Million, Seven Hundred and Fifty Thousand dollars ($3,750,000) to create the **Settlement Fund**, which will be used to pay, in the following order: (1) **Class Notice** and **Administration Costs**; (2) **Attorneys' Fees and Costs** to **Class Counsel**; (3) **Service Awards** to the **Plaintiffs**; and (4) **Valid Claims** submitted by **Settlement Class Members**, as described below.  The **Settlement Fund** will be maintained by the **Settlement Administrator** as a Court-approved Qualified Settlement Fund pursuant to Section 1.468B-1 *et seq.* of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended.  Any and all interest earned by the Qualified Settlement Fund prior to the **Payment Date** shall be distributed to **Valid Claimants** pursuant to the terms of this **Agreement**, and shall not be used for any other purpose.

72.    In order to receive a benefit, each **Settlement Class Member** must submit a timely and complete **Claim Form**, either by mail or electronically, to make a claim for compensation from the **Settlement Fund**.  The **Claim Form** shall be substantially in the form attached hereto as **Exhibit 1**.  Settlement benefits will be distributed to **Valid Claimants** on a pro rata basis up to and including the sum of **<u>$65.00</u>** per **Valid Claimant**.  Any **Settlement Class**

**Member** who previously a submitted a **Claim Form** will be automatically included and will not be required to submit an additional **Claim Form**.

73.     To the extent there is any money remaining in the **Settlement Fund** after calculation and subtraction of the distribution amount due to the **Valid Claimants** pursuant to paragraph 72, above, the parties shall meet and confer regarding the manner in which remaining funds will be distributed and either party may move the **Court** for an order directing the distribution.  The other **Party** may oppose such motion if they do not agree to the proposed distribution.  In a contested motion, both **Parties** agree: (1) to file their moving papers no later than the date upon which the moving papers in support of **Final Approval** are filed and oppositions will be filed no later than the date upon which any opposition to the motion for **Final Approval** would be due; and (2) to limit their submission and any opposition to five (5) pages each; and (3) not to appeal the **Court's** decision. If the **Parties** are in agreement, they will submit a proposed Joint Order to the **Court**.

74.     The **Settlement Administrator** shall submit to **SCEA** and to **Class Counsel** a weekly report of the **Claims** that are submitted so that **SCEA** can, in its sole discretion, verify the validity of the serial number, and/or associated PlayStation Network Sign-In ID and/or PlayStation Network Online ID provided.  **SCEA** will advise the **Settlement Administrator** and **Class Counsel** not less than 15 business days after the Settlement Administrator provides its final report of any invalid serial numbers or associated PlayStation Network Sign-In ID or PlayStation Network Online IDs, if and to the extent that SCEA identifies any.

75.     The **Settlement Administrator** shall have discretion that it will exercise in good faith to reject fraudulent, incomplete, factually inaccurate or otherwise invalid **Claims**.  If requested by the **Settlement Administrator**, **Class Counsel** and **SCEA's Counsel** shall provide the **Settlement Administrator** with agreed upon guidelines for accepting and rejecting claims.

76.     Distribution of Payments to the **Class**.  No later than ten (10) days after the **Claims Deadline**, the **Settlement Administrator**, using the information submitted by **Class Members**, shall create and provide to **Class Counsel** and **SCEA's Counsel** a complete and final

list of **Valid Claimants** that includes each member's name and PlayStation Network Sign-In ID, PlayStation Network Online ID and/or serial number as provided and calculate the amounts due as well as any remainder funds that are available.  **SCEA's Counsel** and **Class Counsel** shall take appropriate steps to safeguard the list and shall not use it for any purpose other than the administration and implementation of this **Settlement Agreement**.  **Class Counsel** agrees to return this list to the **Settlement Administrator** within sixty (60) days after the **Effective Date** or within sixty (60) days of denial of **Final Approval** as applicable.

77.     By the **Payment Date**, the **Settlement Administrator** shall determine the amounts due to each **Valid Claimant** and mail checks via First Class U.S. Mail, proper postage prepaid, to the **Valid Claimants**, drawn from the **Settlement Fund** as set forth in paragraphs 71-72 of this **Agreement**.  Payment checks to **Valid Claimants** shall be sent to the mailing address indicated in each **Valid Claimant's Claim Form**.  Checks to **Valid Claimants** shall be valid for a period of one hundred and twenty (120) days from the date appearing on the payment check.  For any payment check that is returned undeliverable with forwarding address information, the **Settlement Administrator** shall re-mail the check to the provided address.  For any payment check that is returned undeliverable without forwarding address information, the **Settlement Administrator** shall make reasonable efforts to identify updated address information and re-mail the check to the extent an updated address is identified.

78.     If payment checks are returned undeliverable or have not been cashed one hundred and twenty (120) days after the date appearing on the payment check, the **Parties** agree that the funds will be returned to the **Settlement Fund** for distribution to the Public Justice Foundation and/or The National Consumer Law Center upon Motion to the Court.

**VI.     CLASS NOTICE**

79.     The **Parties**, subject to **Court** approval, agree to the following **Class Notice** procedures which the **Parties** agree is the best notice practicable.

**A.** Dissemination of the **Short Form Notice.**

(i)     The **Parties** acknowledge that **SCEA** has already prepared an electronic database that is reasonably calculated to include the email address(es) of all the **Class Members** known by **SCEA** through its PlayStation Network Database as of the date of **Preliminary Approval**. Within fourteen (14) days of the **Preliminary Approval Order** or on such date otherwise ordered by the **Court**, **SCEA** will update the content of the previously provided database and provide it to the **Settlement Administrator**. The **Class** data shall not be provided to the **Class Representatives**, **Class Counsel** or anyone other than the **Settlement Administrator**.

(ii)    By no later than the **Notice Date**, the **Settlement Administrator** shall send the **Short Form Class Notice**, in the form approved by the **Court**, to **Class Members** via email, along with a link to the **Settlement Website**. The subject line for all emails covered by this paragraph shall be: "Important - Notice of New Class Action Settlement Regarding PlayStation 3 'Other OS' Function."

(iii)   **Publication of Short Form Notice**. The **Settlement Administrator** shall cause the **Short Form Notice** to be published in various publications and online platforms designed to reach as many class members as possible.

(iv)    The **Class Notice** program shall be sufficient to satisfy due process.

**B.** Dissemination of the **Long Form Notice**. By no later than the **Notice Date**, the **Settlement Administrator** shall post on the **Settlement Website** the **Long Form Notice** approved by the **Court**. Both the **Short Form Notice** and the **Long Form Notice** shall include the following information:

(i) General Terms: The notices shall contain a plain, neutral, objective, and concise description of the nature of the **Action** and the proposed **Settlement**.

(ii) Opt-Out Rights: The notices shall inform **Class Members** that they have the right to opt-out of the **Class** and the **Settlement** and shall provide the deadline and procedures for exercising this right.

(iii) Objection to **Settlement**: The notices shall inform the **Class Members** of their right to object to the proposed **Settlement**, **Class Counsel's** fee application, and/or the requested **Service Awards** and of their right to appear at the **Fairness Hearing** and shall also provide the deadlines and procedures for exercising these rights.

(iv) Fees and Expenses: The notices shall inform **Class Members** about the potential amounts being sought by **Class Counsel** as **Attorneys' Fees and Expenses** and the amounts of the **Service Awards** being sought for the **Class Representatives**.

(v) **Claim Form** for **Class Members**: The notices shall advise the **Class Members** that a **Claim Form** is available on the **Settlement Website** or may be obtained from the **Settlement Administrator** and that a **Claim Form** may be submitted online or mailed to the **Settlement Administrator**. The notices shall also inform **Class Members** that they must submit a timely and valid **Claim Form** to secure a cash payment. The notices shall also provide the deadline and procedures for submitting a **Claim Form**.

80. Follow-up Email. Fifteen (15) days prior to the **Claim Deadline,** the **Settlement**

20

**Administrator** shall provide one follow-up round of e-mail notice to those **Class Members** who have not submitted **Claims** and for whom the **Settlement Administrator** did not receive a bounce-back in response to the first round of e-mail notice.

81.    **Settlement Website**.  The **Settlement Administrator** shall use the Internet website, appearing at www.otherossettlement.com, where **Class Members** can obtain further information about the terms of the **Settlement**, their rights, important dates and deadlines, and related information.  **Class Members** shall also be able to submit a **Claim Form** electronically via the **Settlement Website**.  The **Settlement Website** shall include, in PDF format, the Second Amended Complaint, this **Agreement**, the Motion for **Preliminary Approval**, the **Preliminary Approval Order**, the **Class Notice**, any papers filed in support of **Final Approval** of the **Settlement**, **Class Counsel's** application for attorneys' fees and costs (after it is filed), the **Final Approval Order** (after it is entered), and other case documents as agreed upon by the **Parties** and/or required by the **Court** and shall be operational and live as of the date the **Settlement Administrator** begins emailing notice.  The **Settlement Website** shall be optimized for mobile display.  The **Settlement Administrator** shall maintain the **Settlement Website** as operational and shall not take it down until two hundred (200) days after the **Effective Date**.  Within five (5) business days after the **Settlement Website** is taken down, the **Settlement Administrator** shall transfer ownership of the URL for the **Settlement Website** to **SCEA**.

82.    Instructions to **Class Members**.  The **Settlement Website** will prominently contain instructions on how **Class Members** can make a **Claim** for **Settlement Benefits**, as well as instructions on how **Class Members** can request exclusion from the **Class** or file an objection.

83.    Print Notice.  To satisfy the Consumer Legal Remedies Act (CLRA) requirement, notice will run one time per week for four (4) weeks in the California edition of USA Today at an approximate ad size of 1/4 page.

84.    CAFA Notice.  Within the time prescribed by 28 U.S.C. § 1715, the **Settlement Administrator** shall serve notice of this **Settlement** to appropriate state and federal officials pursuant to the Class Action Fairness Act ("CAFA").  The **Settlement Administrator** shall be

responsible for drafting and preparing the CAFA notice in conformity with 28 U.S.C. § 1715, and for identifying the appropriate state and federal officials to be notified.

## VII.   GENERAL SETTLEMENT ADMINISTRATION

85.   In addition to disseminating the **Class Notice** as set forth above in Section VI, the **Settlement Administrator** shall be responsible for the following:

      **A.**     Formatting and distributing (by email) the **Short Form Notice** approved by the **Court**;

      **B.**     Creating and maintaining a toll-free number that **Class Members** can call to request a copy of this **Agreement**, a **Claim Form**, or any other information concerning this **Settlement** or this **Agreement**;

      **C.**     Consulting with **SCEA's Counsel** and **Class Counsel** concerning any relevant issues, including (without limitation) distribution of the **Class Notice** and processing of **Claims**;

      **D.**     Processing and recording all requests for exclusion;

      **E.**     Receiving objections and providing them to **Class Counsel** and **SCEA's Counsel** in a timely manner;

      **F.**     Processing and recording **Class Members' Claims**;

      **G.**     Determining, in its sole discretion, exercised in good faith, the validity of all **Claims** in accordance with the requirements set forth in this **Agreement**.  In the event that: (1) multiple **Claims** with the same serial number are submitted; (2) a serial number is submitted but the console with that serial number is not associated with the PlayStation Network Sign-In ID or PlayStation Network Online ID identified by the **Claimant** or as confirmed by **SCEA** through its records; (3) a serial number is submitted which raises reasonable suspicion concerning the legitimacy of the serial number or the **Claim**; or (4) more than one **Claim** is submitted from the same household, *i.e.*, the same postal address, the **Settlement Administrator** shall request that the **Claimant** submit proof of purchase or may request other information as may be reasonably necessary to establish that the

22

**Claim** is legitimate, including but not limited to date and location of purchase. If adequate proof of purchase or other requested information is not provided to the **Settlement Administrator**, then the **Claim(s)** shall be deemed invalid.

      **H.**    Within ten (10) days after the **Claim Deadline**, providing to **SCEA** and **Class Counsel** a list in writing of all individuals who have submitted **Claims** regardless of validity. The list shall include the following information, as available, for each **Claimant** with personally identifying information redacted, including serial number and PlayStation Network Sign-In ID or PlayStation Network Online ID, from **Class Counsel's** list:

            (i)     First and last name;

            (ii)    Current mailing address;

            (iii)   Current email address;

            (iv)   PlayStation Network Sign-In ID or PlayStation Network Online ID, if submitted;

            (v)    The **Fat PS3** serial number, if submitted;

      **I.**    Preparing, drafting, and serving the CAFA Notice;

      **J.**    Establishing a Qualified Settlement Fund pursuant to Section 468B(g) of the Internal Revenue Code, and regulations promulgated thereunder, for the purpose of administering this **Settlement**;

      **K.**    Mailing and re-mailing payments to **Valid Claimants** pursuant to the terms of this **Agreement**;

      **L.**    Distributing any funds returned to the Qualified Settlement Fund after all payments have been made pursuant to paragraphs 71-72, above; and

      **M.**    Such other tasks as the **Parties** mutually agree or that the **Court** orders the **Settlement Administrator** to perform.

86.    All reasonable costs associated with the administration of this **Settlement**, distribution of **Class Notice** pursuant to this **Agreement**, and any other tasks assigned to the

**Settlement Administrator** by this **Agreement**, by the **Parties**' mutual agreement in writing, or by the **Court**, shall be paid from the **Settlement Fund**.  The **Settlement Administrator** will agree to cover all notice costs until the **Settlement Fund** is created.  If the **Settlement** is not granted **Final Approval** or the **Settlement Fund** is not created, **SCEA** agrees to pay all reasonable costs associated with the distribution of **Class Notice** to the **Settlement Administrator**.

87.     Subject to Section XV [Confidentiality] of this **Agreement**, the **Parties** agree that within two hundred and ten (210) days after the **Effective Date**, the **Settlement Administrator** shall destroy any and all **Class Members'** personal identifying information that it has received from **SCEA** or otherwise in connection with the implementation and administration of this **Settlement**.

88.     Upon completion of the implementation and administration of the **Settlement**, the **Settlement Administrator** shall provide written certification of such completion to counsel for all **Parties**.

89.     The **Settlement Administrator** shall provide any information or declarations as requested by the **Parties** to assist with seeking **Preliminary Approval** and **Final Approval**, including an affidavit about the due process reach of the **Settlement** notice, in support of **Final Approval**.  The **Parties** each represent that he, she, or it will not have any financial interest in the **Settlement Administrator** ultimately appointed and otherwise will not have a relationship with the **Settlement Administrator** ultimately appointed that could create a conflict of interest.

90.     The **Parties** acknowledge and agree that the **Settlement Administrator** is not an agent of the **Class Representatives**, **Class Counsel**, **SCEA**, or **SCEA's Counsel** and that the **Settlement Administrator** is not authorized by this **Agreement** or otherwise to act on behalf of the **Class Representatives**, **Class Counsel**, **SCEA**, or **SCEA's Counsel**.  The **Settlement Administrator** is a neutral third-party whose appointment is subject to **Court** approval.

91.     If a **Class Member** requests that the **Settlement Administrator** and/or its agent or employee refers him/her to **Class Counsel**, or if a **Class Member** requests advice beyond

24

merely ministerial information regarding applicable deadlines or procedures for submitting **Claims**, or other **Settlement** related questions for which the **Administrator** does not have an approved response, then the **Settlement Administrator** and/or its agent or employee shall promptly refer the inquiry to **Class Counsel**.

## VIII.   REQUESTS FOR EXCLUSION

92.     Any **Class Member** or person legally entitled to act on his or her behalf who wishes to be excluded from the **Class** must email or mail a written request for exclusion to the **Settlement Administrator** at the email address or mailing address provided in the **Class Notice**, postmarked no later than the **Opt-out Deadline** and specifying that he or she wants to be excluded from the **Class**.  Such written request for exclusion: (i) must contain the name and address of the person to be excluded; (ii) if applicable, must contain the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the **Class Member** and the basis for such legal entitlement; (iii) must be mailed by First Class U.S. Mail, proper postage prepaid, to the **Settlement Administrator** at the specified mailing address; (iv) must be submitted or postmarked on or before the **Opt-out Deadline**; (v) should include the serial number of the **Fat PS3** that he or she purchased or the PlayStation Network Sign-In ID or PlayStation Network Online ID used for that console before April 1, 2010 if available; and (vi) must be personally signed and clearly indicate that he/she wants to be excluded from the **Class**. So-called "mass" or "class" opt-outs shall not be allowed.

93.     Any **Class Member** who does not submit a timely and valid written request for exclusion as provided in paragraph 92 shall be bound by all subsequent proceedings, orders, and judgments in the **Action**, including, but not limited to, the Release, even if he or she has litigation pending or subsequently initiates litigation against **SCEA** relating to the **Released Claims**.

94.     Any **Class Member** who timely submits a request for exclusion as provided in paragraph 92 shall waive and forfeit any and all rights (s)he may have to benefits of the **Settlement** if it is approved and becomes final, including monetary relief, and shall waive and

25

forfeit any and all rights to object to the fairness, reasonableness, or adequacy of the **Settlement**, **Class Counsel's** request for **Attorneys' Fees and Costs**, and/or the requested **Service Awards**.

95.    Not later than ten (10) days after the **Opt-out Deadline**, the **Settlement Administrator** shall provide to **Class Counsel** and **SCEA's Counsel** a complete and final list of **Class Members** who submitted requests to exclude themselves from the **Class**.

## IX.    OBJECTIONS TO SETTLEMENT

96.    Any **Class Member** or person legally entitled to act on his or her behalf may object to the fairness, reasonableness, or adequacy of the **Settlement, Class Counsel's** request for **Attorneys' Fees and Costs**, and/or the requested **Service Awards**.  To be valid, any objection must be made in writing and mailed to the **Settlement Administrator** at the address provided in the **Class Notice**, postmarked no later than the **Objection Deadline**.  In addition, any objection must include the following: (i) the name of this **Action**; (ii) the objector's full name, address, and telephone number; (iii) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a **Class Member** and the basis of such legal entitlement; (iv) all grounds for the objection; (v) the serial number of the **Fat PS3** that he or she purchased or the PlayStation Network Sign-In ID or PlayStation Network Online ID used for that console before April 1, 2010 if available; (vi) whether the objector is represented by counsel and, if so, the identity of such counsel, and all previous objections filed by the objector and their counsel within the last two years; and (vii) the objector's signature.  Personal information, including serial number and PlayStation Network Sign-In ID or PlayStation Network Online ID, will be redacted before any objection is filed with the **Court**.

97.    Not later than two (2) days after the **Objection Deadline**, the **Settlement Administrator** shall provide to **Class Counsel** and **SCEA's Counsel** all objections submitted by **Class Members**.

98.    Any **Class Member** who submits a timely written objection as described in paragraph 96 may appear at the **Fairness Hearing**, either in person or through personal counsel hired at the **Class Member's** own personal expense and also may be subject to discovery,

subject to **Court** approval.

99.   Any **Class Member** who fails to make a timely objection shall waive and forfeit any and all rights (s)he may have to object and shall be bound by all the terms of this **Settlement Agreement** and by all proceedings, orders, and judgments in the **Action** including the **Final Approval Order** and **Final Judgment**.

100.   Any **Class Member** who objects to the **Settlement** shall nevertheless be entitled to all benefits of the **Settlement** if it is approved and becomes final, including monetary relief, if (s)he is a **Valid Claimant**.

101.   Not later than twenty (20) days after the **Objection Deadline**, **Class Counsel** shall file with the **Court** any and all objections to the **Settlement Agreement** and/or to **Class Counsel's** Application for **Attorneys' Fees and Costs** and Request for **Service Awards**. All personally identifying information shall be redacted before objections are filed with the **Court**.

## X.   PRELIMINARY APPROVAL, FINAL APPROVAL AND JUDGMENT

102.   Proof of the extent and effectiveness of **Class Notice** shall be provided by the **Settlement Administrator** to the **Parties** no later than fifteen (15) days following the **Objection/Exclusion Deadline**.

103.   On or before August 25, 2017, or any subsequent mutually agreed upon date, **Class Representatives** shall file with the **Court** a motion seeking **Preliminary Approval** of the **Settlement** and asking the **Court** to enter a **Preliminary Approval Order** substantially in the form attached as **Exhibit 5** to this **Settlement Agreement**.

104.   In connection with the motion for **Preliminary Approval**, the **Parties** shall ask the **Court** to set a date for the **Fairness Hearing** as soon as practicable, but in no event no earlier than sixty (60) days after the **Claim Deadline** and a date that ensures compliance with the requirements of 28 U.S.C. § 1715(d).

105.   **Class Counsel** shall file a Motion for **Final Approval**. In connection with the Motion for **Final Approval**, the Parties shall ask that the **Court** enter the **Final Approval Order**

and **Final Judgment** substantially in the form attached to this **Settlement Agreement** as **Exhibits 2** and **3**.

106.     After entry of the **Final Approval Order**, the **Parties** agree that the **Court** shall retain jurisdiction to enforce the terms of this **Settlement Agreement** and the **Final Approval Order** and the **Final Judgment**.

## XI.     CONDITIONS IMPACTING FINALITY OF SETTLEMENT

107.     If more than 300,000 **Class Members** submit exclusion requests, then **SCEA** shall have the option, in its sole discretion, to terminate and withdraw from the **Settlement** in its entirety; provided, however, that **SCEA** must notify the **Court** in writing that it is exercising such option within fifteen (15) days after being notified in writing by the **Settlement Administrator** that the number of **Class Members** who have timely requested exclusion exceeds 300,000.

108.     The **Parties** expressly agree that in the event of any of the following conditions:

(a)     The **Court** does not conditionally certify the **Class** for settlement purposes;

(b)     The **Court** does not preliminarily approve the **Settlement**;

(c)     The **Court** does not finally approve the **Settlement**;

(d)     The **Court** does not enter the **Final Approval Order** and **Final Judgment**;

(e)     **SCEA** withdraws and cancels the **Settlement** pursuant to paragraph 107; or

(f)     This **Settlement** does not become final for any reason, including on subsequent review by any appellate court(s) in the **Action**, the **Court** ultimately rejects, modifies, or denies approval of any portion of this **Settlement Agreement** that either **Class Representatives** or **SCEA** reasonably determines is material, including, without limitation, the terms of relief, the provisions relating to notice, the definition of the **Class**, and/or the scope and terms of the **Released Claims** and **Released Parties**, then **Class**

28

**Representatives** and **SCEA** each has the right to withdraw from and terminate this **Agreement**. If the **Court** indicates that the **Settlement** will not be approved unless changes are made, then the **Parties** will attempt in good faith to reach an agreement as to any such changes before exercising their option under this Section to withdraw from this **Agreement**. Notwithstanding the foregoing, neither the denial of, an appeal of, a modification of, nor a reversal on appeal of any **Fee and Expense Award** or any **Service Award** shall constitute grounds for cancellation or termination of this **Settlement Agreement**.

109.   <u>Method for Invoking Right to Terminate</u>. Other than as provided in paragraph 108, above, any **Party** exercising its right to terminate and withdraw must exercise this option as provided under paragraph 108, above, by a signed writing served on the other **Party** no later than twenty-one (21) days after receiving notice of the event prompting the termination. The **Parties** may reasonably extend this twenty-one (21) day period by written agreement if they are attempting in good faith to reach an agreement regarding changes proposed by the **Court** pursuant to paragraph 108, above.

110.   In the event that a terminating party exercises its option to withdraw from and terminate this **Settlement Agreement** pursuant to paragraph 108:

      **A.**   This **Settlement Agreement** and the **Settlement** proposed herein shall be null and void and shall have no force or effect and neither **Party** to this **Settlement Agreement** shall be bound by any of its terms, except as otherwise specifically provided for herein;

      **B.**   The **Parties** will petition to have any stay orders that are entered pursuant to this **Settlement Agreement** lifted;

      **C.**   This **Settlement Agreement** and all of its provisions, and all negotiations, statements, and proceedings relating to it, shall be without prejudice to the rights of **SCEA**, **Class Representatives**, or any **Class Member**, all of whom shall be restored to their respective positions as they existed immediately before the execution of

29

this **Settlement Agreement**, except that the **Parties** shall cooperate in requesting that the **Court** set a new scheduling order such that neither **Party's** substantive or procedural rights is prejudiced by the attempted **Settlement**;

D.     The **Released Parties**, as defined herein, expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the **Action**, including, without limitation, **SCEA's** argument that the **Action** may not proceed on a class basis;

E.     **Class Representatives** and all other **Class Members**, on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, expressly and affirmatively reserve and do not waive any motions as to, and arguments in support of, all claims, causes of actions, or remedies that have been or might later be asserted in the **Action** including, without limitation, any argument concerning class certification, consumer fraud, and damages;

F.     This **Settlement Agreement**, the fact of its having been made, the negotiations leading to it, any informal discovery or action taken by a **Party** or **Class Member** pursuant to or in connection with this **Settlement Agreement**, or any documents or communications pertaining to this **Settlement Agreement** shall not be admissible or entered into evidence for any purpose whatsoever in the **Action** or in any other proceeding between the **Parties**, other than to enforce the terms of this **Settlement Agreement**; provided, however, that **SCEA** may rely on such evidence to defend itself in any other action not brought on behalf of the **Class** and relating to the subject matter of this **Action**.

## XII.   ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

### A.     FEE AND EXPENSE AWARD

111.   **Class Counsel** intends to request that the **Court** award them **Attorney's Fees and Costs** which will be paid from the **Settlement Funds**.

112.   Payment of the **Fee And Expense Award** to **Class Counsel** identified pursuant to

paragraph 111, above, shall constitute full satisfaction by **SCEA** of any obligation to pay any amounts to any person, attorney, or law firm for attorneys' fees, expenses, or costs in the **Action** incurred by any attorney on behalf of the **Class Representatives**, the **Class Members**, or the **Settlement Class** and shall relieve **SCEA**, **SCEA's Counsel**, and the **Released Parties** of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the **Class Representatives**, the **Class Members**, and/or the **Settlement Class** for any **Released Claim**.

113.  Neither **Class Representatives** nor the **Class** shall be responsible for any portion of **SCEA's** own legal fees, costs, and expenses incurred in the **Action**.

**B.  SERVICE AWARDS**

114.  **Class Counsel** intends to request that the **Court** approve a **Service Award** for each of the **Class Representatives** in an amount not to exceed Three Thousand Five Hundred dollars ($3,500) each.  Any **Service Awards** approved by the Court will be paid out of the **Settlement Funds**.

115.  By the **Payment Date**, the Settlement Administrator shall release and deliver to **Class Counsel**, on behalf of the **Class Representatives**, any **Service Award** approved by the **Court**, provided that each of the **Class Representatives** has executed the General Release substantially in the form attached hereto as **Exhibit 8**.

116.  Any **Service Award** paid to the **Class Representatives** shall be reported on an IRS Form 1099 (*i.e.*, as "Other Income") and provided to the **Class Representatives** and applicable governmental authorities.

**XIII.  RELEASE**

117.  As of the **Effective Date**, the **Class Representatives** and the **Settlement Class,** on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and successors, hereby fully release and forever discharge the **Released Parties** and further expressly agree that they shall not now or thereafter institute, maintain, or assert against the **Released Parties**, either directly or indirectly, on their own behalf, or on behalf of any class or other

person or entity, any action, regulatory action, arbitration, or court or other proceeding of any kind asserting causes of action, claims, damages, equitable, legal and administrative relief, interest, demands, rights or remedies, including, without limitation, claims for injunctive relief, declaratory relief, damages, mental anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against the **Released Parties**, whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution, contract, common law, or any other source that arise out of or in any way relate to the subject matter of the **Action** and the **Released Claims** and that were or could have been alleged in the **Action**.

118.    Unless otherwise specified in this **Agreement**, nothing in this release shall be deemed to alter any presently existing contractual rights or obligations that a current PlayStation Network account holder or **Released Party** may have against the other that arises out of current use of or access to the PlayStation Network.

119.    Solely with respect to any and all **Released Claims**, upon **Final Approval** and **Final Judgment**, the **Class Representatives** and the **Settlement Class** shall expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code and any and all provisions, rights, and benefits of any similar statute or law of California or of any other jurisdiction as to all known or unknown claims as against the **Released Parties**.  Section 1542 provides:

> **A general release does not extend to claims which the creditor [in this case, the Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [in this case, the Released Parties].**

To the extent that California law or other similar federal or state law may apply, the **Class Representatives** and the **Settlement Class** hereby agree that the provisions of Section

1542 and all such similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived and relinquished by the **Class Representatives** and the **Settlement Class** in connection with this release of the **Released Claims**.

120.    The **Class Representatives** and the **Settlement Class** expressly agree that this release is, and may be raised as, a complete defense to and precludes any claim, action, or proceeding encompassed by the release against the **Released Parties**.  It is the intention of the **Class Representatives** in executing this release on behalf of themselves and the **Settlement Class** to fully, finally, and forever settle and release all matters and all claims relating to the **Released Claims** in every way.

121.    Without limiting the foregoing, nothing in this **Agreement** shall release, preclude, or limit any claim or action by the **Parties** to enforce the terms of this **Agreement**.

## XIV.   NONDISPARAGEMENT

122.    Each of the **Class Representatives** and **Class Counsel** agrees that he, she, or they will not disparage **SCEA** or any of the **Released Parties** in any manner potentially harmful to them or their business, business reputation, or personal reputation related to the **Released Claims**.  This agreement not to disparage includes, but is not limited to, publishing disparaging statements (whether anonymously or for ascription) on the web, in blogs, in chat rooms, in emails, or in any other electronic means of transmitting information.

## XV.   CONFIDENTIALITY

123.    **Plaintiffs** and **Class Counsel** agree that the terms of this **Agreement** will remain confidential until the Motion for **Preliminary Approval** is filed.  **Plaintiffs** and **Class Counsel** further agree that they will not make any statements or comments, written or oral, about this **Settlement** or **Settlement Agreement** to any person other than to **Class Members** in any way other than as provided in this **Settlement Agreement**, the **Class Notice**, on the **Settlement Website**, or as otherwise agreed upon by **SCEA** in writing in each instance.  Notwithstanding the terms of this provision, **Class Counsel** may display a link to the **Settlement Website** on their

33

respective firms' websites and reference this **Settlement** as evidence of **Class Counsel's** professional qualifications in resumes, curriculum vitae, and motions for appointment as class counsel pursuant to Federal Rule of Civil Procedure 23 and similar state rules of procedure, but only to state that: (i) it was a nationwide consumer class; (ii) the general allegations involved in the **Action**; and (iii) the general terms of the **Settlement**.

124.    The **Parties** acknowledge that confidential documents produced in the course of the **Action**, whether in response to formal discovery or informally for purposes of mediation, are subject to a Stipulated Protective Order.  The **Parties** agree to cooperate and to work with one another to protect any confidential materials produced in discovery in the **Action**, including but not limited to, promptly complying with all aspects of the Stipulated Protective Order regarding such information and stipulating that any confidential information submitted, whether in the past or in the future, to any court will be sealed.

## XVI.   MISCELLANEOUS

125.    The **Class Representatives** and **Class Counsel** agree not to issue any press release, unless mutually agreed by the Parties, at any time related to the **Settlement**, the lawsuit or any order preliminarily or finally approving the **Agreement**.

126.    The **Parties**, their successors and assigns, and their attorneys, agree to use reasonable efforts to cooperate with one another in seeking **Court** approval of this **Agreement** and to effectuate this **Agreement**.

127.    The **Parties** agree to cooperate in the settlement administration process and implementation of the **Settlement** and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration and implementation of the **Settlement**.

128.    Each signatory to this **Agreement** hereby warrants that he or she has the authority to execute this **Agreement** and thereby bind the respective **Party**.  Each **Class Representative** warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the **Released Claims** and that (s)he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other

person or entity any **Released Claims** or any part or portion thereof.

129.    **Class Representatives** represent and certify that: (1) they have agreed to serve as representatives of the **Class**; (2) they are willing, able, and ready to perform all of the duties and obligations of representatives of the **Class**; (3) they have read the operative complaint or have had the contents of such pleadings described to them; (4) they are generally familiar with the results of the fact-finding undertaken by **Class Counsel**; (5) they have read this **Agreement** or have received a detailed description of it from **Class Counsel** and they have agreed to its terms; (6) they have consulted with **Class Counsel** about the **Action** and this **Settlement Agreement** and the obligations imposed on them as representatives of the **Class**; and (7) they shall remain and serve as representatives of the **Class** until the terms of the **Agreement** are effectuated, this **Agreement** is terminated in accordance with its terms, or the **Court** at any time determines that said **Plaintiffs** cannot represent the **Class**.

130.    The terms of this **Agreement** shall inure to the benefit of, and be binding upon, the **Parties** and their respective heirs, legal representatives, executors, administrators, successors, and assigns upon the **Effective Date**.

131.    This **Agreement** and its attachments constitute the entire agreement of the **Parties** with respect to the matters discussed herein and supersede all prior or contemporaneous oral or written understandings, negotiations, agreements, statements, or promises.  In executing this **Agreement**, the **Parties** acknowledge that they have not relied upon any oral or written understandings, negotiations, agreements, statements, or promises that are not set forth in this **Agreement**.  The **Parties** also acknowledge and agree that each has been represented by its own counsel with respect to the negotiating and drafting of this **Settlement** and this **Agreement**.

132.    All exhibits to this **Agreement** are integrated herein and are to be considered terms of this **Agreement** as if fully set forth herein.

133.    This **Agreement** may not be amended or modified in any respect except by a written instrument duly executed by all of the **Parties** to this **Agreement** or their counsel.  The **Parties** agree that nonmaterial amendments or modifications to this **Agreement** may be made in

writing after **Preliminary Approval** without the need to seek the **Court's** approval.

134.    Without further order of the **Court**, the **Parties** may agree in writing to reasonable extensions of time to carry out any of the provisions of this **Agreement** or the **Preliminary Approval Order**.

135.    This **Agreement** may be executed in one or more counterparts, each of which shall be an original, and this **Agreement** is effective upon execution of at least one counterpart by each **Party** to this **Agreement**.

136.    Nothing in this **Agreement** may be construed as, or may be used as, an admission by the **Class Representatives** that any of their claims are without merit.

137.    Nothing in this **Agreement** may constitute, may be construed as, or may be used as an admission by **SCEA** of any fault, wrongdoing, or liability whatsoever or that class certification is appropriate.  **SCEA** continues to deny all liability and all of the claims, contentions, and each and every allegation made by the **Class Representatives** in the **Action**.

138.    The **Parties** expressly acknowledge and agree that this **Settlement Agreement** and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state.  In no event shall this **Settlement Agreement**, any of its provisions, or any negotiations, statements, or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the **Action**, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this **Settlement Agreement** or the rights of the **Parties** or their counsel.  Without limiting the foregoing, neither this **Settlement Agreement** nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the **Released Parties**, **Class Representatives**, the **Class**, or the **Settlement Class** or as a waiver by the **Released Parties**, **Class Representatives**, or the **Class**

36

of any applicable privileges, claims, or defenses.

139.    Neither **Class Counsel** nor **SCEA's Counsel** intends anything contained herein to constitute legal advice regarding the tax consequences of any amount paid hereunder, nor shall it be relied upon as such.

140.    In the event of a conflict between this **Agreement** and any other document prepared pursuant to the **Settlement**, the terms of this **Agreement** will supersede and control.

141.    Any failure by any **Party** to insist upon the strict performance by any other **Party** of any provision of this **Agreement** shall not be deemed a waiver of any provision of this **Agreement** and such **Party**, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this **Agreement**.

142.    This **Agreement** has been, and shall be construed to have been, drafted by all the **Parties** to it and the **Parties** agree that any rule which construes ambiguities against the drafter shall have no force or effect.

143.    The **Parties** agree that this **Agreement** was drafted and executed in the State of California and that the laws of the State of California shall govern its enforcement without regard to its choice of law principles.  The **Parties** further agree that any action relating to or arising out of this **Agreement**, including an action to enforce or void any of its terms or to rescind it in its entirety shall be venued in state or federal court, in the Northern District of California.  All **Parties** consent to personal jurisdiction in courts within the Northern District of California.

## XVII.  LIST OF EXHIBITS

Exhibit 1 – **Claim Form**

Exhibit 2 – Form of **Final Approval Order**

Exhibit 3 – Form of **Final Judgment**

Exhibit 4 – Form of **Long Form Class Notice**

Exhibit 5 – Form of **Preliminary Approval Order**

Exhibit 6 – Form of **Short Form Notice**

Exhibit 7 – List of **Fat PS3** model numbers

Exhibit 8 – General Release

DATED: _8/29/17_

_Anthony Ventura_ (signature)
Anthony Ventura

DATED: _____

_____
Jason Baker

DATED: _____

_____
James Girardi

DATED: _____

_____
Derrick Alba

DATED: _____

_____
Jonathan Huber

DATED: _____

Sony Interactive Entertainment America LLC

By_____
Its_____

39

DATED: _____

DATED: **8-23-17**

DATED: _____

DATED: _____

DATED: _____

DATED: _____

_____
Anthony Ventura

_____
Jason Baker

_____
James Girardi

_____
Derrick Alba

_____
Jonathan Huber

Sony Interactive Entertainment America LLC

By_____
Its_____

38

DATED: _____          _____
                                  Anthony Ventura

DATED: _____          _____
                                  Jason Baker

DATED: _8/24/17_                  _James Girardi_____
                                  James Girardi

DATED: _____          _____
                                  Derrick Alba

DATED: _____          _____
                                  Jonathan Huber

DATED: _____          Sony Interactive Entertainment America LLC

                                  By_____
                                  Its_____

39

DATED: _____        _____
                              Anthony Ventura

DATED: _____        _____
                              Jason Baker

DATED: _____        _____
                              James Girardi

DATED: August, 25, 2017       _____
                              Derrick Alba

DATED: _____        _____
                              Jonathan Huber

DATED: _____        Sony Interactive Entertainment America LLC

                              By_____
                              Its_____

DATED: _____          _____
                                  Anthony Ventura

DATED: _____          _____
                                  Jason Baker

DATED: _____          _____
                                  James Girardi

DATED: _____          _____
                                  Derrick Alba

DATED: *8/24/2017*                *Jonathan W Huber*
                                  Jonathan Huber

DATED: _____          Sony Interactive Entertainment America LLC

                                  By_____
                                  Its_____

DATED: _____        _____
                              Anthony Ventura

DATED: _____        _____
                              Jason Baker

DATED: _____        _____
                              James Girardi

DATED: _____        _____
                              Derrick Alba

DATED: _____        _____
                              Jonathan Huber

DATED: *9-1-2017*             Sony Interactive Entertainment America LLC

                              By _____

                              Its _____

39

APPROVED AS TO FORM:

FINKELSTEIN THOMPSON LLP

By_____
    Gordon M. Fauth (SBN 190280)
    gfauth@finkelsteinthompson.com
    FINKELSTEIN THOMPSON LLP
    100 Pine Street, Suite 1250
    San Francisco, California 94111
    Direct Tel: 510-238-9610
    Telephone: (415) 398-8700
    Facsimile: (415) 398-8704

Interim Co-Lead Counsel for Plaintiffs

CALVO FISHER & JACOB LLP

By_____
    Kathleen V. Fisher (SBN 70838)
    kfisher@calvofisher.com
    CALVO FISHER & JACOB LLP
    555 Montgomery Street, Suite 1155
    San Francisco, California 94111
    Telephone: (415) 374-8370
    Facsimile: (415) 374-8373

Interim Co-Lead Counsel for Plaintiffs

HAUSFELD LLP

By_____
    James Pizzirusso (Pro Hac Vice)
    jpizzirusso@hausfeld.com
    HAUSFELD LLP
    1700 K. Street NW, Suite 650
    Washington, DC 20006
    Telephone: (202) 540-7200
    Facsimile: (202) 540-7201

Interim Co-Lead Counsel for Plaintiffs

SACKS, RICKETTS & CASE LLP

By_____
    Luanne Sacks (SBN 120811)

APPROVED AS TO FORM:

FINKELSTEIN THOMPSON LLP


By_____
    Gordon M. Fauth (SBN 190280)
    gfauth@finkelsteinthompson.com
    FINKELSTEIN THOMPSON LLP
    100 Pine Street, Suite 1250
    San Francisco, California 94111
    Direct Tel: 510-238-9610
    Telephone: (415) 398-8700
    Facsimile: (415) 398-8704

Interim Co-Lead Counsel for Plaintiffs

CALVO FISHER & JACOB LLP

By_____
    Kathleen V. Fisher (SBN 70838)
    kfisher@calvofisher.com
    CALVO FISHER & JACOB LLP
    555 Montgomery Street, Suite 1155
    San Francisco, California 94111
    Telephone: (415) 374-8370
    Facsimile: (415) 374-8373

Interim Co-Lead Counsel for Plaintiffs

HAUSFELD LLP


By_____
    James Pizzirusso (Pro Hac Vice)
    jpizzirusso@hausfeld.com
    HAUSFELD LLP
    1700 K. Street NW, Suite 650
    Washington, DC 20006
    Telephone: (202) 540-7200
    Facsimile: (202) 540-7201

Interim Co-Lead Counsel for Plaintiffs

SACKS, RICKETTS & CASE LLP


By_____
    Luanne Sacks (SBN 120811)

APPROVED AS TO FORM:

FINKELSTEIN THOMPSON LLP


By_____
    Gordon M. Fauth (SBN 190280)
    gfauth@finkelsteinthompson.com
    FINKELSTEIN THOMPSON LLP
    100 Pine Street, Suite 1250
    San Francisco, California 94111
    Direct Tel: 510-238-9610
    Telephone: (415) 398-8700
    Facsimile: (415) 398-8704

Interim Co-Lead Counsel for Plaintiffs

CALVO FISHER & JACOB LLP

By_____
    Kathleen V. Fisher (SBN 70838)
    kfisher@calvofisher.com
    CALVO FISHER & JACOB LLP
    555 Montgomery Street, Suite 1155
    San Francisco, California 94111
    Telephone: (415) 374-8370
    Facsimile: (415) 374-8373

Interim Co-Lead Counsel for Plaintiffs

HAUSFELD LLP

By_____
    James Pizzirusso (Pro Hac Vice)
    jpizzirusso@hausfeld.com
    HAUSFELD LLP
    1700 K. Street NW, Suite 650
    Washington, DC 20006
    Telephone: (202) 540-7200
    Facsimile: (202) 540-7201

Interim Co-Lead Counsel for Plaintiffs

SACKS, RICKETTS & CASE LLP

By_____
    Luanne Sacks (SBN 120811)

lsacks@srclaw.com
Michele Floyd (SBN 163031)
mfloyd@srclaw.com
SACKS, RICKETTS & CASE LLP
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0580
Facsimile: (415) 549-0640

Attorneys for Defendant SONY COMPUTER
ENTERTAINMENT AMERICA LLC,
currently known as SONY INTERACTIVE
ENTERTAINMENT AMERICA LLC

# EXHIBIT 1

*CONSUMER CLAIM FORM*

*In re Sony PS3 "Other OS" Litigation*
**United States District Court, Northern District of California**
**Case No. 10-CV-01811-YGR**

**DATED:** _____, **2017**

**PLEASE BE AWARE THAT THE DEADLINE FOR SUBMITTING CLAIMS IS _____, 2017.  CLAIMS SUBMITTED AFTER THIS DATE WILL NOT BE ACCEPTED.**

**TO:**  All persons in the United States who purchased a Fat PS3 in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal, and/or household use and who:

(1) used the Other OS functionality; <u>or</u>

(2) knew about the Other OS functionality; <u>or</u>

(3) contend or believe that he or she lost value or desired functionality or was otherwise injured as a consequence of Firmware Update 3.21 and/or the disablement of Other OS functionality in the Fat PS3.

<u>You need to meet only *one* of the above requirements to submit a claim.</u>

**PLEASE READ THIS ENTIRE CLAIM FORM CAREFULLY**

**TO BE ELIGIBLE TO RECEIVE A PAYMENT, YOUR COMPLETED CLAIM FORM MUST BE POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____. CLAIMS SUBMITTED AFTER THIS DATE WILL NOT BE ACCEPTED.**

<u>**ELIGIBILITY AND INSTRUCTIONS**</u>

**IT IS IMPORTANT TO FOLLOW THESE INSTRUCTIONS CAREFULLY OR YOUR CLAIM MAY BE REJECTED.**

1.   You are a Class Member if you purchased a Fat PS3 in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal, and/or household use and you: (1) used the Other OS functionality; (2) knew about the Other OS functionality; or (3) contend or believe that you lost value or desired functionality or were otherwise injured as a consequence of Firmware Update 3.21 and/or the disablement of Other OS functionality in the Fat PS3. You are eligible to receive a cash payment of up to $65 if you submit a valid and complete Claim Form. Because settlement funds will be distributed to Class Members on a pro rata basis, the exact dollar amount that each Class Member will receive will depend on the total number of valid claims that are submitted.

2.   In order to receive a payment, you will have to attest, under penalty of perjury, that you : (1) used the Other OS functionality; **or** (2) knew about the Other OS functionality; **or** (3) contend or believe that you lost value or desired functionality or were otherwise injured as a consequence of Firmware Update 3.21 and/or the disablement of Other OS functionality in the Fat PS3.

3.   You will also have to provide at least one of the following:  (1) your PS3 serial number; **or** (2) the PlayStation Network Sign-In ID (email address) you used to create a PlayStation account associated with your Fat PS3; (3) **or** the PlayStation Network Online ID (the handle you chose for communicating and game play on the PlayStation Network) associated with the PlayStation account you used with your Fat PS3.

4.  If you previously submitted a claim form in the earlier settlement in this matter, you will automatically be included and do not need to submit another claim form.  If you are not sure whether you submitted a claim or have questions whether it will be honored, please contact the Settlement Administrator at _____. If you previously submitted a claim form and your address have changed since your submission, please inform the claims administrator of your new address.

5.   **Claim Forms that are incomplete or untimely will be considered invalid and will prevent you from receiving payment.**

6.   If you need any help to determine whether you are eligible to submit a consumer claim, please contact the Settlement Administrator at _____ or by email at www._____.com.

7.   If you are a Class Member, complete the attached Claim Form or fill in the Claim Form online.  Include all required information on your Claim Form.

8.   The Claims Administrator has discretion that will be exercised in good faith to determine whether your Claim Form is complete and supports your eligibility for a settlement payment in accordance with the requirements of the Settlement.

9.   To receive a payment, you must include your current mailing address on the Claim Form.

10.     If you move after submitting your Claim Form, please send the Settlement Administrator your new address or contact the Settlement Administrator at the following toll-free number: _____.  It is your responsibility to keep a current address on file with the Settlement Administrator.

11.     The Settlement Administrator will use the email address that you provide on your Claim Form to communicate with you if communications are necessary.

12.     A claim form can also be submitted online at: _____.

## CLAIM FORM

### Claimant Information:

Name:

Street Address:

City:                                State:                    Zip Code

Daytime telephone:

Email address:

Provide at least ONE of the following:

      Fat PS3 Serial Number:

      PlayStation Network Sign-In ID:

      PlayStation Network Online ID:

If you are submitting this Claim Form on behalf of someone else, please explain why you have the right to do so.

_____

**NOTE:** The Claims Administrator may audit any and all claims.

### Attestation

By signing below, you are signing under penalty of perjury. Signing under penalty of perjury means that the information you have provided in the Claim Form is true. It is a crime to submit a false Claim Form and sign under the penalty of perjury.

I declare under penalty of perjury that I purchased a Fat PS3 in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal and/or household use and that I: (1) used the Other OS functionality; (2) knew about the Other OS functionality; or (3) contend or believe that I lost value or desired functionality or that I was otherwise injured as a consequence of Firmware Update 3.21 and/or the disablement of Other OS functionality in the Fat PS3.

I further declare that all of the information I have submitted in this Claim Form is true and correct.

Executed this ___ day of _____ [month] 2017 at _____
[City and State].

Print name

**<u>Checklist</u>**

Please make sure that you have:

1.      Signed the Certification above.
2.      Included your PS3 serial number, <u>or</u> PlayStation Network Sign-In ID, <u>or</u> PlayStation Network Online ID.
3.      Kept a copy of your completed Claim Form for your files.
4.      E-filed or mailed your Claim Form before _____.

If submitting by mail, mail your Claim Form to:

Other OS Settlement Administrator
[_____]

**<u>BE SURE TO SIGN THIS FORM ABOVE AND SUBMIT IT TO THE SETTLEMENT ADMINISTRATOR POSTMARKED OR SUBMITTED ELECTRONICALLY NO LATER THAN [DATE].</u>**

# EXHIBIT 2

Kathleen V. Fisher (SBN 70838)
kfisher@calvofisher.com
**CALVO FISHER & JACOB LLP**
555 Montgomery Street, Suite 1155
San Francisco, California 94111
Telephone: (415) 373-8370
Facsimile: (415) 374-8373

James Pizzirusso (pro hac vice)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
Of Counsel
**FINKELSTEIN THOMPSON LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No.:  10-CV-01811-YGR |
| | **[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

1       This matter came before the **Court** for hearing pursuant to the following: (1) the **Court's**

2 Order Granting Renewed Motion for **Preliminary Approval** dated _____; (2)

3 **Plaintiffs'** Renewed Motion for **Attorneys' Fees and Costs** and for **Service Awards** for the

4 **Plaintiffs** dated _____; (3) **Plaintiffs'** Renewed Motion for **Final Approval** of

5 **Class Action Settlement** dated _____; and (4) the **Stipulation of Class Action**

6 **Settlement and Release** executed on September 1, 2017 (the "**Settlement**"), entered into by the

7 **Parties** to settle and finally resolve the above-captioned class action lawsuit (the "**Action**" or the

8 "**Class Action Lawsuit**").  Due and adequate notice having been given to the **Class** of the

9 proposed **Settlement** and the pending motions, as required by the **Court's** orders, and upon

10 consideration of all papers filed and proceedings had herein, IT IS HEREBY ORDERED,

11 ADJUDGED AND DECREED as follows:

12     1.    Capitalized, bolded terms not otherwise defined herein shall have the same

13 meaning as set forth in the **Settlement**, attached hereto as **Exhibit A**.

14     2.    The **Court** has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has

15 personal jurisdiction over the **Parties**.  Venue is proper in this District.

16     3.    The "**Class**," for purposes of this Order, shall mean:

17 
18     [A]ny and all persons in the United States who purchased a **Fat PS3** in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer
19     for family, personal, and/or household use and who: (1) used the **Other OS** functionality; (2) knew about the **Other OS** functionality; or (3) contends or believes that he or she lost value or desired functionality or was otherwise injured
20     as a consequence of **Firmware Update 3.21** and/or the disablement of **Other OS**
21     functionality in the **Fat PS3**.

22     4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the **Court** hereby

23 certifies for settlement purposes only the **Class**, which it previously provisionally certified.

24 Excluded from the **Class** are: (a) any persons who are employees, directors, officers, and agents

25 of **SCEA** or its subsidiaries and affiliated companies; (b) any persons who timely and properly

26 exclude themselves from the **Settlement**; and (c) the **Court**, the **Court's** immediate family, and

27 **Court** staff.

28     5.    The **Court** finds that the notice provisions set forth under the Class Action

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 10-CV-01811-YGR

Fairness Act, 28 U.S.C. § 1715, were complied with in this **Action**.

6.     The **Court** finds that the program for disseminating notice to the **Class** provided for in the **Settlement**, and previously approved and directed by the **Court** (the "**Notice Program**"), has been implemented by the **Settlement Administrator** and the **Parties**, and that such **Notice Program**, including the approved forms of notice, constitutes the best notice practicable under the circumstances and fully satisfied due process, the requirements of Rule 23 of the Federal Rules of Civil Procedure and all other applicable laws.

7.     The **Court** reaffirms that this **Action** is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), and 23(e), and that **Class Counsel** and the **Plaintiffs**, as **Class Representatives**, fairly and adequately represent the interests of the **Class**.  In support of its conclusion that this **Action** is properly maintained as a class action, for settlement purposes, the **Court** finds as follows:

(a) the **Settlement Class Members** are so numerous that joinder of all members is impracticable;

(b) there are questions of law and fact common to the **Settlement Class Members**, and these questions predominate over any questions affecting individual **Settlement Class Members**;

(c) the named **Class Representatives'** claims are typical of the claims of the **Settlement Class Members**;

(d) the named **Class Representatives** and **Class Counsel** have adequately represented and will continue to adequately represent and protect the interests of the **Settlement Class**;

(e) class-wide treatment of the disputes raised in this **Action** is superior to other available methods for adjudicating the controversy before this **Court**; and

(f) manageability issues do not prevent certification for settlement purposes because there will be no trial.

8.     The **Court** further finds that a full and fair opportunity has been afforded to the **Class Members** to opt out, to object and to participate in the hearing convened to determine

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 10-CV-01811-YGR

1   whether the **Settlement** should be given final approval.  Accordingly, the **Court** hereby

2   determines that all members of the **Settlement Class** are bound by this **Final Approval Order**.

3        9.      The **Court** finds that the **Settlement**, including the exhibits thereto, is fair,

4   reasonable and adequate to the **Settlement Class**, is in the best interests of the **Settlement Class**,

5   has been entered into in good faith and should be and hereby is fully and finally approved

6   pursuant to Federal Rule of Civil Procedure 23.  The **Settlement** represents a fair resolution of

7   all claims asserted on behalf of **Plaintiffs**, as **Class Representatives**, and the **Settlement Class**

8   in this **Action**, and fully and finally resolves all such claims.  **SCEA** and each member of the

9   **Settlement Class** shall be bound by the **Settlement**, including the **Release** set forth in Section

10  XIII of the **Settlement**, and by this Order and the **Final Judgment** entered in connection with

11  this Order.

12       10.     After considering (1) the strength of the **Plaintiffs'** case; (2) the risk, expense,

13  complexity, and likely duration of further litigation; (3) the risk of maintaining class action status

14  throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed

15  and the stage of the proceedings; (6) the experience and views of counsel; and (7) the reaction of

16  the **Class Members** to the proposed **Settlement**, the **Court** hereby finds that the **Settlement** is

17  in all respects fair, reasonable, and adequate and in the best interests of the **Settlement Class**.  In

18  addition, the **Court** finds that there was no collusion in connection with the **Settlement**, that the

19  **Settlement** was the product of informed and arm's-length negotiations among competent

20  counsel, and that the record is sufficiently developed to have enabled the **Class Representatives**

21  and **SCEA** to adequately evaluate and consider their respective positions.  Accordingly, the

22  **Court** hereby finally and unconditionally approves the **Settlement**.

23       11.     **Class Counsel** are hereby awarded attorneys' fees in the amount of

24  $_____, and reimbursement of their out-of-pocket litigation costs in the amount of

25  $_____, both of which to be paid out of the **Settlement Fund**.  The **Court** finds

26  these amounts to be fair and reasonable and fairly compensates **Class Counsel** for their

27  contributions to the prosecution of this **Action** and the **Settlement**.

28       12.     The **Court** hereby awards service awards in the amount of $_____

3

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 10-CV-01811-YGR

1 each, to each of the **Plaintiffs** as **Class Representatives**, to compensate them for their
2 commitments and efforts on behalf of the **Class** in this **Action**. These service awards will be
3 paid out of the **Settlement Fund**.

4       13. The **Parties** are to bear their own costs, except as awarded by this **Court** in this
5 **Final Approval Order**.

6       14. In its Order Granting **Plaintiff's** Renewed Motion for Preliminary Approval (Dkt.
7 No. ___), the **Court** directed the parties to appoint a **Settlement Administrator.** The
8 **Settlement Administrator** shall continue to perform those duties and responsibilities that
9 remain under the **Settlement** and this **Final Approval Order**.

10       15. The **Parties** and **Settlement Administrator** are hereby directed to implement this
11 **Final Approval Order** and the **Settlement** in accordance with the terms and provisions thereof,
12 including the processing and payment of **Claims**.

13       16. As of the **Effective Date**, the **Class Representatives** and the **Settlement Class**,
14 on behalf of themselves and their heirs, assigns, executors, administrators, predecessors, and
15 successors, shall be deemed to have, and by operation of this Order and the **Final Judgment**
16 entered in connection with this Order shall have, fully released and forever discharged the
17 **Released Parties** from all **Released Claims**, as more fully set forth in Section XIII of the
18 **Settlement**, including that the **Class Representatives** and the **Settlement Class** shall fully
19 release and forever discharge the **Released Parties** and further expressly agree that they shall
20 not now or thereafter institute, maintain, or assert against the **Released Parties**, either directly or
21 indirectly, on their own behalf, or on behalf of any class or other person or entity, any action,
22 regulatory action, arbitration, or court or other proceeding of any kind asserting causes of action,
23 claims, damages, equitable, legal and administrative relief, interest, demands, rights or remedies,
24 including, without limitation, claims for injunctive relief, declaratory relief, damages, mental
25 anguish, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees,
26 litigation costs, restitution, disgorgement, or equitable relief against the **Released Parties**,
27 whether based on federal, state, or local law, statute, ordinance, regulation, the Constitution,
28 contract, common law, or any other source that arise out of or in any way relate to the subject

4      [PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT CASE NO. 10-CV-01811-YGR

matter of the **Action** and the **Released Claims** and that were or could have been alleged in the

**Action**.  **Released Claims** include, but are not limited to, claims arising under the common laws

of all fifty (50) states concerning: (a) whether **SCEA** falsely advertised or marketed the **Fat**

**PS3's Other OS** functionality; (b) the disabling of the **Other OS** functionality in the **Fat PS3**;

(c) the issuance of **Firmware Update 3.21**; and/or (d) whether the System Software License

Agreement and/or PlayStation Network Terms of Service and User Agreement enable **SCEA** to

alter, remove or modify features and/or functions of the **Fat PS3**.

17.     As of the Final **Settlement** Date, **Plaintiffs** and, by operation of law, each

member of the **Settlement Class** shall further be deemed to have expressly waived and released

any and all provisions, rights and benefits conferred by Section 1542 of the California Civil

Code or similar laws of any other state or jurisdiction.

18.     The **Court** orders that, upon the **Effective Date**, the **Settlement** shall be the

exclusive remedy for any and all **Released Claims** of the **Releasing Parties**.

19.     The **Court** hereby dismisses this **Action** with prejudice, and without fees or costs

except as provided in the **Settlement Agreement** and this Order.  **Plaintiffs** and all members of

the **Settlement Class** are hereby permanently barred and enjoined from commencing, pursuing,

maintaining, enforcing or prosecuting, either directly or indirectly, any **Released Claims** in any

judicial, administrative, arbitral or other forum, against any of the **Released Parties**, provided

that this injunction shall not apply to the claims of any **Class Members** who have timely and

validly requested to be excluded from the **Class**.  This permanent bar and injunction is necessary

to protect and effectuate the **Settlement**, this Order and this **Court's** authority to effectuate the

**Settlement**, and is ordered in aid of this **Court's** jurisdiction and to protect its judgments.

20.     The **Released Parties** may file this **Final Approval Order** in any other action

that may be brought against them in order to support a defense or counterclaim based on

principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or

reduction, or any other theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

21.     Nothing in this Order or in the **Final Judgment** entered in connection with this

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 10-CV-01811-YGR

1    Order shall preclude any action to enforce the terms of the **Settlement**.

2         22.    Without affecting the finality of this Order in any way, the **Court** hereby retains

3    continuing jurisdiction over: (a) all matters relating to the modification, interpretation,

4    administration, implementation, effectuation and enforcement of the **Settlement**; (b) further

5    proceedings, if necessary, on **Plaintiffs'** Renewed Motion for **Attorneys' Fees and Costs** and

6    for **Service Awards** for the **Plaintiffs**; and (c) the **Parties, Class Counsel** and members of the

7    **Settlement Class** for the purpose of administering, supervising, construing and enforcing this

8    Order and the **Settlement** in accordance with its terms.

9         23.    Neither this Order, the **Final Judgment** entered in connection with this Order,

10   nor the **Settlement** (nor any other document referred to herein, nor any action taken to carry out

11   this Order or the accompanying **Final Judgment**) shall be construed as or used as an admission

12   or concession by or against **SCEA** or **Released Parties** of the validity of any claim or defense or

13   any actual or potential fault, wrongdoing, or liability whatsoever.  The **Settlement** and this

14   resulting **Final Approval Order** simply represent a compromise of disputed allegations.

15        24.    Without further order of the **Court**, the **Parties** may agree to reasonably

16   necessary extensions of time to carry out any of the provisions of the **Settlement** and to make

17   other non-material modifications, in implementing the **Settlement**, that are not inconsistent with

18   this Order.

19        25.    The Clerk shall enter **Final Judgment**, consistent with this Order, forthwith.

20        26.    **Class Counsel** shall serve a copy of this **Final Approval Order** on all named

21   parties or their counsel and the **Settlement Administrator** immediately upon receipt and the

22   **Settlement Administrator** shall post a copy of this **Final Approval Order** on the **Settlement**

23   **Website** immediately upon receipt.

24        **IT IS SO ORDERED.**

25

26   Dated: _____      By: _____
                                        HON. YVONNE GONZALEZ ROGERS
27                                      District Judge
                                         U.S. District Court, Northern District of California
28

6

[PROPOSED] ORDER GRANTING FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
CASE NO. 10-CV-01811-YGR

# EXHIBIT 3

Kathleen V. Fisher (SBN 70838)
kfisher@calvofisher.com
**CALVO FISHER & JACOB LLP**
555 Montgomery Street, Suite 1155
San Francisco, California 94111
Telephone: (415) 373-8370
Facsimile: (415) 374-8373

James Pizzirusso (pro hac vice)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
Of Counsel
**FINKELSTEIN THOMPSON LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| In re SONY PS3 "OTHER OS" LITIGATION | Case No.  10-CV-01811-YGR |
| --- | --- |
| | **[PROPOSED] FINAL JUDGMENT** |

1        Pursuant to the Court's Final Approval Order ("Order") dated _____, the Court

2  hereby ORDERS that final judgment in this matter is entered in accordance with the Order and

3  the Settlement it incorporates (the Order, which attaches the Settlement, is attached hereto as

4  Exhibit A).  The Court will have continuing jurisdiction over the Parties, the Action, and the

5  Settlement for purposes of enforcing the Settlement and resolving disputes under the Settlement

6  Agreement.  This document constitutes a judgment and a separate document for purposes of

7  Federal Rule of Civil Procedure 58(a).

8        Only those persons listed in Exhibit B to this Final Judgment have submitted timely and

9  valid requests for exclusion from the Settlement Class and are therefore not bound by this Final

10  Judgment and the accompanying Final Approval Order.

11

12  **IT IS SO ORDERED.**

13

14  Dated: _____     By: _____

15                         HON. YVONNE GONZALEZ ROGERS
                              District Judge

16                         U.S. District Court, Northern District of California

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 4

**IF YOU BOUGHT A PLAYSTATION® 3 CONSOLE BETWEEN NOVEMBER 1, 2006, AND APRIL 1, 2010, THIS CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS.**

*A federal court authorized this notice. This is not a solicitation from a lawyer and you aren't being sued.*

- A proposed Settlement has been reached in a class action lawsuit against Sony Computer Entertainment America LLC ("SCEA") (n/k/a Sony Interactive Entertainment America LLC) challenging the issuance of a firmware update to disable the "Other OS" functionality from PlayStation® 3 "Fat" model computer entertainment consoles ("Fat PS3s"). The Other OS function enabled users to run Linux and other platforms as alternative operating systems on Fat PS3s. SCEA denies that it did anything wrong. The Court has not decided who is right in the lawsuit.

- If you purchased a Fat PS3 in the United States between November 1, 2006, and April 1, 2010, from an authorized retailer for family, personal, and/or household use and you: (1) used the Other OS functionality; or (2) knew about the Other OS functionality; or (3) contend or believe that you lost value or desired functionality or were otherwise injured as a consequence of Firmware Update 3.21 and/or the disablement of Other OS functionality in the Fat PS3, then you are a Class Member and may be eligible to submit a claim to receive a cash payment. Each Class Member who submits a valid claim will be entitled to receive up to $65. The exact amount that each Class Member will receive will depend on the number of Class Members who submit valid claims. If you previously submitted a claim to the Settlement Administrator in connection with this class action lawsuit, you do not need to submit another one. Your previous claim has been retained. Please contact the Settlement Administrator if you have questions regarding the status of previously submitted claim form.

- Your legal rights are affected whether you act or do not act. Read this Notice and the information on this Settlement Website carefully. Your rights and options, and the deadlines to exercise them, are explained in this Notice.

- The Court will decide whether to approve the Settlement. Proposed payments to Class Members who do not exclude themselves from the Settlement will be made if the Court approves the Settlement. Please be patient and check this Settlement Website (www._____.com) to find out when the cash payments may be available.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM** | If you are a Class Member, you can receive up to $65 if you submit a Claim Form. The deadline to submit a Claim Form is [ ]. **See Sections 8-10 below for more details.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You won't receive a cash payment but you will still be able to sue SCEA about the claims in this Lawsuit. The postmark or email deadline to exclude yourself is [    ]. **See Section 16 below for more details.** |

QUESTIONS?  CALL 800-000-0000 TOLL FREE

| **OBJECT TO THE SETTLEMENT** | Write to the Settlement Administrator if you don't like the Settlement. You may object to the Settlement and also submit a claim for payment under the Settlement. The postmark deadline to send an objection is [ ]. **See Sections 18-19 below for more details.** |
|---|---|
| **ATTEND THE HEARING** | The Court has set a hearing on May 29, 2018 at 2:00 p.m. regarding the fairness of the Settlement. You may appear at the hearing, but you don't have to. You may hire your own attorney to appear for you. **See Sections 21-23 below for more details.** |
| **DO NOTHING** | If the settlement is approved and you do nothing and do not submit a claim, you will not receive a cash payment. You will be bound by the settlement terms and judgment and will not be able to later sue SCEA about the claims in this lawsuit. **See Section 15 below for more details.** |

## 1.      WHY DID I GET THIS NOTICE?

You received this Notice because you may have purchased a Fat PS3 from an authorized retailer between November 1, 2006, and April 1, 2010. This Notice explains the lawsuit, the settlement, your legal rights, what settlement benefits are available, who is eligible for them, and how to get them.

The Court authorized this Notice because you have a right to know about the proposed Settlement and all of your options before the Court decides whether to approve the Settlement. Cash payments will be provided if the Court approves the Settlement and all objections and appeals are resolved. You will be informed of the progress of the Settlement on this Settlement Website.

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Sony PS3 "Other OS" Litigation*, U.S. District Court, N.D. Cal., Case No. C-10-1811 (YGR) (the "Lawsuit"). The consumers who sued are called "Plaintiffs" and/or "Class Representatives" and the company they sued, SCEA, is called the "Defendant."

## 2.      WHAT IS THIS LAWSUIT ABOUT?

The Lawsuit claims that disabling the Other OS functionality in Fat PS3s through a firmware update constituted an unfair and unlawful business practice and false advertising. The lawsuit seeks recovery of monetary damages to compensate Fat PS3 purchasers for the loss of the Other OS feature and functionality. The Second Amended Complaint filed in the lawsuit, which is available on this Settlement Website, contains all of the allegations and claims asserted against SCEA.

## 3.      HOW DOES SCEA RESPOND TO THE ALLEGATIONS?

SCEA expressly denies that it did anything wrong and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been alleged against it in the Lawsuit.

## 4.      HAS THE COURT DECIDED WHO IS RIGHT?

QUESTIONS?  CALL 800-000-0000 TOLL FREE

00081931.DOCX - 1

00086144.DOCX - 1

No.  The Court has not decided which of the Parties, Plaintiffs or SCEA, is right.

## 5.    WHAT IS A CLASS ACTION AND WHO IS INVOLVED?

In a class action, the "Class Representatives" sue on behalf of themselves and other people who have similar claims (the Class Members). This lawsuit has five Class Representatives: Anthony Ventura, Jason Baker, Jonathan Huber, James Girardi, and Derek Alba. One court resolves the issues for all Class Members except those who exclude themselves from the Class. U.S. District Court Judge Yvonne Gonzalez Rogers is in charge of this class action.

## 6.    WHY IS THERE A SETTLEMENT?

The Court hasn't decided in favor of either Plaintiffs or SCEA. Instead, both sides agreed to a Settlement. That way, they avoid the costs, uncertainty, and delay of further legal proceedings and the people affected will get the benefits of this Settlement. The Class Representatives and the attorneys appointed to represent the Class (called "Class Counsel") believe the Settlement is in the best interest of all Class Members.

## 7.    HOW DO I KNOW IF I AM PART OF THE SETTLEMENT?

To see if you will be part of the Settlement, you must decide whether you are a member of the Class.   You are a member of the Class if you:

> purchased a Fat PS3 in the United States between November 1, 2006 and April 1, 2010, from an authorized retailer for family, personal, and/or household use and you  (1) used the Other OS functionality; or (2) knew about the Other OS functionality; or (3) contend or believe that you lost value or desired functionality or were otherwise injured as a consequence of Firmware Update 3.21 and/or the disablement of Other OS functionality in the Fat PS3.

IF YOU BOUGHT A FAT PS3 BETWEEN NOVEMBER 1, 2006 AND APRIL 1, 2010, BUT ARE UNSURE IF YOU ARE ELIGIBLE TO RECEIVE BENEFITS, WHETHER YOU ARE A MEMBER OF THE CLASS, OR WHAT YOUR OPTIONS ARE, YOU MAY CONTACT THE SETTLEMENT ADMINISTRATOR AT [ **phone/email** ] OR YOU CAN REVIEW THE SETTLEMENT DOCUMENTS ON THIS SETTLEMENT WEBSITE (www._____.com).

## 8.    WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement, if it is approved and becomes final, will provide a settlement fund of $3,750,000 from which class member claims will be paid.  The costs of settlement administration, plaintiffs' attorneys' fees and costs and service awards to the named plaintiffs will be paid from the settlement fund.  Class member claims up to $65.00 will be paid on a pro rata basis after all the fees, costs and service awards are paid. The exact amount that each class member will receive will depend on the number of valid claims that are submitted. You are eligible for a cash payment if you are a member of the class and you submit a valid claim form (as described more fully in Section 9, below) to the Settlement Administrator. If you previously submitted a claim to the Settlement Administrator in connection with this class action lawsuit, then you do not have to submit another claim form. The Settlement Administrator has retained your previously submitted claim form. Please contact the Settlement Administrator at the phone number set forth below if you have questions regarding the status of

a previously submitted claim form.

## 9.  HOW DO I GET A CASH PAYMENT?

If you are eligible to receive a benefit as a Class Member, then you must submit a Claim Form to the Settlement Administrator in order to receive a cash payment. Electronic Claim Forms are available on this Settlement Website. You may also obtain a Claim Form by calling the Settlement Administrator at [phone]. The Claim Form will ask you to attest, under penalty of perjury, that you purchased a **Fat PS3** in the United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal, and/or household use and that you:  (1) used the **Other OS** functionality; (2) knew about the **Other OS** functionality; or (3) contend or believe that you lost value or desired functionality or were otherwise injured as a consequence of **Firmware Update 3.21** and/or the disablement of **Other OS** functionality in the **Fat PS3**. For validation purposes, you will also be asked to provide one of the following:  your PS3 console serial number, <u>or</u> PlayStation Network Sign-In ID associated with  your PS3 <u>and/or</u> the PlayStation Network Online ID associated with your PS3. You can either upload or mail  the claim form to the Settlement Administrator. Further information on submitting a Claim Form is provided  in Section 10, below. Again, if you previously submitted a claim to the Settlement Administrator  in  connection with this class action lawsuit, then you do not have to submit another claim form. The Settlement  Administrator has retained your previously submitted claim form. Please contact the Settlement Administrator  at the phone number set forth below if you have questions regarding the status of a previously submitted claim form.

## 10.  HOW DO I SUBMIT A CLAIM FORM AND WHAT IS THE DEADLINE?

You have two options for submitting a Claim Form:

- <u>Online</u>:  You can submit a Claim Form online through this Settlement Website.
- <u>By mail</u>: You can print and fill out the Claim Form that is on this Settlement Website or request that the Settlement Administrator mail you a Claim Form, and then mail your completed Claim Form (with postage) to:  [ADDRESS]

You must follow the instructions and provide all of the required information on the Claim Form. Your claim will be rejected if your Claim Form is incomplete.

**Online Claim Forms must be submitted by [DATE]. Claim Forms submitted by mail must be postmarked by [DATE].** If your online Claim Form is not submitted by [date] or your mailed Claim Form is not postmarked by [date], then your claim will be rejected.

## 11.  WHAT HAPPENS AFTER A CLAIM FORM IS SUBMITTED?

The Settlement Administrator will determine whether your Claim Form is complete and that the information that you submitted on your Claim Form is correct and valid. The Settlement Administrator may contact you for additional information if: (1) multiple claims with the same PS3 serial number are submitted; (2) a serial number is submitted but the console with that serial number is not associated with the PlayStation Network Sign-In ID or PlayStation Network Online ID identified by you; (3) a serial number is submitted that raises reasonable suspicion concerning the legitimacy of the serial number or the claim; or (4) more than one claim is submitted from the same household, i.e., the same postal address. The Settlement Administrator can also ask

QUESTIONS?  CALL 800-000-0000 TOLL FREE

00081931.DOCX - 1

00086144.DOCX - 1

you to provide the date and location of your Fat PS3 purchase or other information as may be reasonably necessary for the Settlement Administrator to establish that your claim is legitimate. Your claim will be rejected if you are contacted by the Settlement Administrator for additional information but you do not provide the information requested.

## 12.     CAN I SUBMIT MORE THAN ONE CLAIM?

Yes, you can submit one claim for each Fat PS3 that you purchased between November 1, 2006, and April 1, 2010, from an authorized retailer for family, personal, and/or household use, as long as you are a member of the Class as defined above in Section 8 of this Notice. Note, however, that if you have more than one console and submit multiple claims from the same household, the Settlement Administrator may ask you to provide additional information as set forth above in Section 11.

## 13.     WHEN WILL I RECEIVE MY PAYMENT?

Judge Gonzalez Rogers will hold a Final Approval Hearing on May 29, 2018 to decide whether to approve the Settlement. If Judge Gonzalez Rogers approves the Settlement in a Final Judgment and there are no objections to the Settlement or appeals, the cash payments will be made approximately 65 days thereafter. However, it is possible there may be objections and/or appeals related to the final approval, any attorneys' fees or costs awarded, or any incentive award to the Class Representatives. It is always uncertain whether and how these appeals will be resolved and resolving them may take time, perhaps more than a year. This website will be updated with current Settlement information including if final approval is entered and the date on which cash payments will be made. Please be patient.

## 14.     AM I GIVING UP ANY LEGAL RIGHTS BY STAYING IN THE CLASS?

Yes. Unless you exclude yourself from the class, you will agree to a "Release" of all of the claims described in Paragraphs 117-121 of the Settlement Agreement, which is available on this Settlement Website. This means that you will not be able to sue, continue to sue, or be part of any other lawsuit or arbitration against SCEA about the Released Claims, regardless of whether you submit a Claim Form for settlement benefits. It also means that the Court's orders will apply to you and legally bind you.

## 15.     WHAT HAPPENS IF I DO NOTHING?

If you do nothing and the Court finally approves this Settlement, you will be bound by the release of claims in this Settlement as described above even though you did not submit a Claim Form. You will not receive a cash payment.

## 16.     HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

To exclude yourself from the Settlement, you must send a written statement, either by mail or email, to the Settlement Administrator saying that you want to be excluded from the lawsuit entitled *In re Sony PS3 "Other OS" Litigation*. Your request must include:

- Your name and address;

- If applicable, the name and address of any person claiming to be legally entitled to submit an exclusion request on your behalf and the basis for such entitlement;

- Your Fat PS3 serial number,  PlayStation Network Sign-In ID and/or  your PlayStation Network Online ID; and

- A statement that you want to be excluded from the Class. You must personally sign your request for exclusion.

A sample request for exclusion letter is available on this Settlement Website. **You cannot exclude yourself by phone.**

Your exclusion request must be emailed or postmarked on or before **[date].** Send your exclusion request to:

[SETTLEMENT ADMINISTRATOR]

Attn: In re Sony PS3 "Other OS" Litigation Class Action Exclusions
[ADDRESS]

[EMAIL ADDRESS]

| 17. | IF I DON'T EXCLUDE MYSELF, CAN I SUE FOR THE SAME THING LATER? |
|---|---|

No. Unless you exclude yourself, you give up the right to sue any of the Released Parties, including SCEA, about the issues raised in the Lawsuit.

| 18. | HOW DO I OBJECT TO THE SETTLEMENT? |
|---|---|

If you are a Class Member and don't exclude yourself, you can object to any part of the Settlement, the Settlement as a whole, Class Counsel's request for attorneys' fees and expenses, and/or the request for service awards for each of the Class Representatives. Any objection must be made in writing and include the following information:

- The name of this case, which is *In re Sony PS3 "Other OS" Litigation,* U.S. District Court, N.D. Cal., Case No. C-10-1811 (YGR);
- Your full name, address, and telephone number;
- Your PS3 Serial Number, PlayStation Network Sign-In ID and/or your PlayStation Network Online ID;
- If applicable, the name and address of any person claiming to be legally entitled to object on your behalf and the basis of such legal entitlement;
- All grounds for your objection;
- Whether you are represented by counsel and, if so, the identity of such counsel;
- Your signature (an attorney's signature is not sufficient).

To be considered, your objection must be mailed to the Settlement Administrator at: [ADDRESS],

QUESTIONS?  CALL 800-000-0000 TOLL FREE

6

**postmarked no later than [DATE]**.

If you don't send a timely or complete objection, you will waive all objections to the Settlement and you won't be allowed to object to the Settlement at the Fairness Hearing or otherwise.

Even if you object to the Settlement, you will be eligible for cash payments as set forth above in Section 8 if you submit a valid claim, and you will still be bound by all terms of the proposed Settlement if it is finally approved by the Court.

### 19.   WHAT'S THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

You object to the Settlement when you wish to remain a Class Member and be subject to the Settlement, but disagree with some aspect of the Settlement. An objection allows your views to be heard in Court.
In contrast, excluding yourself from the proposed Settlement means that you are no longer part of the proposed Settlement and don't want the Settlement to apply to you even if the Court finally approves it. Once excluded from the proposed Settlement, you lose any right to receive a cash payment from the Settlement or to object to any aspect of the Settlement because the case no longer affects you.

### 20.   WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing and the Court grants final approval of the proposed Settlement, you will be included in the Settlement but you will not receive a cash payment. You will be bound by the release of claims in the Settlement Agreement and will be giving up your rights to be part of any other lawsuit or make any other claim against SCEA or other Released Parties about the issues raised in the Lawsuit (see Section 14). The Settlement Agreement, available on this Settlement Website, describes all of the claims you will release (give up).

### 21.   WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?

The Court will hold the Fairness Hearing at 2:00 p.m. on May 29, 2018, at the United States District Court for the Northern District of California, Oakland Courthouse, Courtroom 1, 4th Floor, 1301 Clay Street, Oakland, CA 94612. The hearing may be moved to a different date or time without notice, so check for updates on this Settlement Website. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider Class Counsel's application for attorneys' fees and expenses and for service awards for the Class Representatives. If there are objections, the Court will consider them at the hearing. After the hearing, the Court will decide whether to approve the Settlement. We don't know how long the decision will take.

### 22.   DO I HAVE TO ATTEND THE HEARING?

No, you don't have to attend the Fairness Hearing. Class Counsel will answer any questions the Court may have. If you or your personal attorney would like to attend the Fairness Hearing, you are welcome to do so at your expense. If you send a written objection, you don't have to come to Court to talk about it. As long as you submit your written objection by **[date]**, to the proper address, and it complies with the requirements set forth in Section 18, above, the Court will consider it.

### 23.   MAY I SPEAK AT THE HEARING?

QUESTIONS?  CALL 800-000-0000 TOLL FREE

You may ask the Court for permission to speak at the Fairness Hearing. If you intend to speak at the Fairness Hearing, you may, but you are not required to, file with the Court and serve by First-Class mail on Class Counsel and SCEA's Counsel, a Notice of Intention to Appear. Your Notice of Intention to Appear should be filed and served by **[date]**. In addition to sending it to the Court, please send your Notice of Intent to Appear to the following:

| CLASS COUNSEL | SCEA |
|---|---|
| James Pizzirusso<br>Hausfeld LLP<br>1700 K St. NW. Ste. 650<br>Washington, D.C. 20006<br>(202) 540-7200<br>Fax:  (202) 540-7201<br>Email: jpizzirusso@hausefald.com<br><br>Gordon M. Fauth<br>Of Counsel<br>Finkelstein Thompson LLP<br>100 Pine Street, Suite 1250<br>San Francisco, CA 94111<br>Direct Tel: 510-238-9610<br>Tel: 415-398-8700<br>Fax: 415-398-8704<br>Email: gmf@classlitigation.com<br><br>Kathleen V. Fisher<br>Calvo Fisher & Jacob LLP<br>555 Montgomery Street<br>Suite 1155<br>San Francisco, CA 94111<br>415-374-8370<br>Fax: 415-374-8373<br>Email: kfisher@calvofisher.com | Luanne Sacks<br>Michele Floyd<br>Michael Scott<br>Sacks, Ricketts & Case LLP<br>177 Post Street, Suite 650<br>San Francisco, CA 94108<br>Email: lsacks@srclaw.com<br>mfloyd@srclaw.com<br>mscott@srclaw.com |

## 24.      DO I HAVE A LAWYER IN THE CASE?

The Class Representatives and the Class are represented by the lawyers and law firms listed in Section 23, above, under the heading "Class Counsel." The Court has appointed these lawyers to represent the Class in the Lawsuit and you will not be charged for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 25.      HOW WILL THE LAWYERS BE PAID?

Class Counsel have worked on this case since April 2010 to the present and have not been paid for their work to date. Class Counsel intend to ask the Court to approve payment of a maximum of one third of the settlement fund, or $1,250,000 in attorneys' fees and expenses to be paid from the settlement fund.

QUESTIONS?  CALL 800-000-0000 TOLL FREE

8

Class Counsel will also ask the Court to award to each of the five (5) Class Representatives a service award not to exceed $3,500. This service award is to compensate the Class Representatives for their respective commitment and effort on behalf of the Class Members in the Lawsuit. Any service awards approved by the Court will be paid out of the settlement fund.

Class Counsel's application for attorneys' fees, expenses, and service awards will be available on this Settlement Website once it is filed.

## 26.   HOW DO I GET MORE INFORMATION?

This notice summarizes the proposed Settlement. You can find more details in the Settlement Agreement. You can get a copy of the Settlement Agreement, read other key case documents, and get more information on this Settlement Website. You can also call [TOLL-FREE NUMBER] for more information. **DO NOT CONTACT THE COURT, SCEA, OR SCEA'S COUNSEL.**

00081931.DOCX - 1

00086144.DOCX - 1

# EXHIBIT 5

Kathleen V. Fisher (SBN 70838)
kfisher@calvofisher.com
**CALVO FISHER & JACOB LLP**
555 Montgomery Street, Suite 1155
San Francisco, California 94111
Telephone: (415) 373-8370
Facsimile: (415) 374-8373

James Pizzirusso (pro hac vice)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
Of Counsel
**FINKELSTEIN THOMPSON LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No.: 10-cv-01811-YGR |
| | **[PROPOSED] ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |

This matter came before the **Court** on **Plaintiffs'** Renewed Motion for **Preliminary Approval** of **Class Settlement** and Certification of **Settlement Class**. The **Parties** have entered into a **Settlement Agreement** executed September 1, 2017 (the "**Settlement**") which has been filed with the Court and which, if approved, would resolve the above-captioned class action lawsuit (the "**Action**" or the "Class Action Lawsuit"). Upon review and consideration of the motion papers and the **Settlement** and all exhibits thereto, including the proposed forms of notice to the **Class** and the proposed **Claim Form**, the **Court** finds that there is sufficient basis for: (1) granting preliminary approval of the **Settlement**; (2) provisionally certifying the **Class** for settlement purposes only; (3) appointing **Class Counsel** and **Plaintiffs** to represent the **Class**; (4) approving the **Parties'** proposed notice program and forms of notice substantially similar to those forms attached to the **Settlement** and directing that notice be disseminated to the **Class** pursuant to the notice program provided in the **Settlement**; (5) approving the **Parties'** proposed **Claim Form** and approving the procedures set forth in the **Settlement** for **Class Members** to submit claims, exclude themselves from the **Class**, and object to the **Settlement**; (6) appointing a **Settlement Administrator** to conduct the duties assigned to that position in the **Settlement**; and (7) setting a hearing (the "**Fairness Hearing**") at which the **Court** will consider: (a) whether to grant **Final Approval** of the **Settlement**; (b) **Class Counsel's** Application for **Attorneys' Fees and Costs**; and (c) any Request for **Service Awards** for the **Plaintiffs**.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT**:

1.     Capitalized, bolded terms not otherwise defined herein shall have the same meaning as set forth in the **Settlement Agreement**, attached hereto as <u>**Exhibit A**</u>.

2.     The **Court** has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and has personal jurisdiction over the **Parties**. Venue is proper in this District.

3.     This **Action** is provisionally certified as a class action for the purposes of settlement only pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e). The **Class** is defined as follows:

[A]ny and all persons in the United States who purchased a **Fat PS3** in the

[PROPOSED] ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS; CASE NO. 10-CV-01811-YGR

United States between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal, and/or household use and who: (1) used the **Other OS** functionality; (2) knew about the **Other OS** functionality; or (3) contends or believes that he or she lost value or desired functionality or was otherwise injured as a consequence of **Firmware Update 3.21** and/or the disablement of **Other OS** functionality in the **Fat PS3**.

Excluded from the **Class** are: (a) any persons who are employees, directors, officers, and agents of **SCEA** or its subsidiaries and affiliated companies; (b) any persons who timely and properly exclude themselves from the **Settlement**; and (c) the **Court**, the **Court's** immediate family, and **Court** staff.

4.      Certification of the **Class** shall be solely for settlement purposes and without prejudice to the **Parties** in the event the **Settlement** is not finally approved by this **Court** or otherwise does not take effect.

5.      In support of this **Preliminary Approval Order**, the **Court** conditionally and preliminarily finds that: (a) the **Class Members** are so numerous that joinder of all **Class Members** is impracticable; (b) there are questions of law and fact common to the **Class Members**, each of whom could have asserted the types of claims raised in the **Action**, and these questions predominate over any questions affecting individual **Class Members**; (c) the named **Class Representatives'** claims are typical of the claims of the **Class Members**; (d) the named **Class Representatives** and **Class Counsel** identified below are able to adequately represent the **Class Members**; and (e) class-wide treatment of the disputes raised in the **Action** is superior to other available methods for adjudicating the controversy.

6.      The **Court** preliminarily approves the proposed **Settlement** as fair, reasonable, and adequate, entered into in good faith, free of collusion, and within the range of possible judicial approval.

7.      The **Court** appoints the following as **Class Counsel**: James J. Pizzirusso of Hausfeld LLP, Gordon M. Fauth of Finkelstein Thompson LLP, and Kathleen V. Fisher of Calvo Fisher & Jacob LLP.

8.      The **Court** appoints **Plaintiffs** Anthony Ventura, Jason Baker, James Girardi,

[PROPOSED] ORDER GRANTING RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS; CASE NO. 10-CV-01811-YGR

Derek Alba, and Jonathan Huber as **Class Representatives** for the **Class**.

9.      The **Court** directs the parties to select a **Settlement Administrator** to carry out all duties and responsibilities of the **Settlement Administrator** specified in the **Settlement**.

10.      The **Court** approves the program for disseminating notice to the **Class** set forth in the **Settlement** (the "**Notice Program**").  The **Court** approves the form and content of the proposed forms of notice in the forms attached to the **Settlement Agreement** as Exhibits 4 and 6. The **Court** finds that the proposed forms of notice are clear and readily understandable by **Class Members**.  The **Court** finds that the **Notice Program**, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due, and sufficient notice to the **Class** in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the **Class** of the **Settlement** that is required.

11.      The **Court** approves the form and content of the proposed **Claim Form**, in the form attached to the **Settlement Agreement** as Exhibit 1, and approves the procedures set forth in the **Settlement** for **Class Members** to submit **Claims**.

12.      The **Parties** acknowledge that SCEA has prepared an electronic database that is reasonably calculated to include the email address(es) of all the **Class Members** known by **SCEA** through its PlayStation Network Database as of the date of **Preliminary Approval**, for the **Settlement Administrator's** use in disseminating notice and processing **Claims**.  Pursuant to the terms of the **Settlement**, within fourteen (14) days of the **Preliminary Approval Order**, **SCEA** shall update the content of the previously prepared database.

13.      The "**Notice Date**" shall be forty-five (45) days following the entry of this Order.

14.      By no later than the **Notice Date**, the **Settlement Administrator** shall send the **Short Form Notice**, substantially in the form attached to the **Settlement Agreement** as Exhibit 6 and in the form approved by the **Court**, to **Class Members** via email for those **Class Members** for whom an email address is available, along with a link to the **Settlement Website**. The subject line for all emails covered by this paragraph shall be: "Important - Notice of New Class Action

3

Settlement Regarding PlayStation 3 'Other OS' Function."

15.     The **Settlement Administrator** shall provide one follow-up round of e-mail notice to those **Class Members** who have not submitted **Claims** and for whom the **Settlement Administrator** did not receive a bounce-back in response to the first round of email notice.

16.     By no later than the **Notice Date**, the **Settlement Administrator** shall post the **Long Form Notice**, in the form approved by the **Court**, on the **Settlement Website**.

17.     As soon as practicable following the entry of the **Preliminary Approval Order** and, in all events, by no later than the **Notice Date**, the **Settlement Administrator** shall cause the **Short Form Notice** to be published in the online publications agreed upon by the **Parties.**

18.     The **Settlement Administrator** shall use the Internet website, appearing at www.otherossettlement.com ("**Settlement Website**"), where **Class Members** can obtain further information about the terms of the **Settlement**, their rights, important dates and deadlines, and related information.  **Class Members** shall also be able to submit a **Claim Form** electronically via the **Settlement Website**.  The **Settlement Website** shall include, in PDF format, the Second Amended Complaint ("SAC"), the **Settlement Agreement**, the Motion for **Preliminary Approval**, the **Preliminary Approval Order**, the **Class Notice**, any papers filed in support of **Final Approval** of the **Settlement**, **Class Counsel's** Application for **Attorneys' Fees and Costs** (after it is filed), the **Final Approval Order** (after it is entered), and other case documents as agreed upon by the **Parties** and/or required by the **Court** and shall be operational and live on the date the **Settlement Administrator** begins emailing notice.  The **Settlement Website** shall be optimized for mobile display.  The **Settlement Administrator** shall maintain the **Settlement Website** as operational and shall not take it down until two hundred (200) days after the **Effective Date**.  Within five (5) business days after the **Settlement Website** is taken down, the **Settlement Administrator** shall transfer ownership of the URL for the **Settlement Website** to SCEA.

19.     The **Settlement Administrator** shall establish and maintain a toll-free telephone number ("**Toll-Free Number**") where **Class Members** can call to request a copy of the **Settlement Agreement**, a **Claim Form**, or any other information concerning the **Settlement** or

the Settlement Agreement.

20.     By no later than fifteen (15) days after the **Objection/Exclusion Date**, the **Settlement Administrator** shall provide to the **Parties** proof of the extent and effectiveness of Class Notice.

21.     **Class Members** who wish to submit a **Claim** shall have the option of submitting **Claim Forms** online via the **Settlement Website** or by mail.  **Claim Forms** submitted online must be submitted by no later than the **Claims Deadline** (ninety (90) days following the **Notice Date**).  **Claim Forms** submitted by mail must be postmarked no later than the **Claims Deadline**.

22.     By no later than ten (10) days after the **Claims Deadline**, the **Settlement Administrator**, using the information submitted by **Class Members**, shall create and provide to **Class Counsel** and **SCEA's Counsel** a complete and final list of **Valid Claimants** that includes each member's name and PlayStation Network Sign-In ID, PlayStation Network Online ID and/or serial number as provided.

23.     Any **Class Member** who wishes to be excluded from the **Class** must email or mail a written request for exclusion to the **Settlement Administrator** at the email address or mailing address provided in the **Class Notice**, postmarked no later than the **Opt-out Deadline** (ninety (90) days following the **Notice Date**), and: (a) must contain the name and address of the person to be excluded; (b) if applicable, must contain the name and address of any person claiming to be legally entitled to submit an exclusion request on behalf of the **Class Member** and the basis for such legal entitlement; (c) must be mailed by First Class U.S. Mail, proper postage prepaid, to the **Settlement Administrator** at the specified mailing address; (d) must be submitted or postmarked on or before the **Opt-out Deadline**; (e) should include the serial number of the **Fat PS3** that he or she purchased, the PlayStation Network Sign-In ID used for that console before April 1, 2010 or the PlayStation Network Online ID used for that console before April 1, 2010; and (f) must be personally signed and clearly indicate that he/she wants to be excluded from the **Class**.  So-called "mass" or "class" opt-outs shall not be allowed.

24.     If the **Settlement** is finally approved and becomes effective, any **Class Member**

who does not send a timely and valid request for exclusion shall be a **Settlement Class Member** and shall be bound by all subsequent proceedings, orders, and judgments in the **Action**, including, but not limited to, the **Release**, even if he or she has litigation pending or subsequently initiates litigation against **SCEA** relating to the claims and transactions released in the **Action**.

25.     Any **Class Member** or person legally entitled to act on his or her behalf may object to the fairness, reasonableness, or adequacy of the **Settlement**, to **Class Counsel's** Request for **Attorneys' Fees and Costs** ("**Fee Application**"), and/or the Request for **Service Awards** for the **Plaintiffs**.  To be valid, any objection must be made in writing, must be mailed to the **Settlement Administrator** at the address provided in the **Class Notice**, postmarked no later than the **Objection Deadline** (ninety (90) days following the **Notice Date**), and must include the following: (a) the name of the **Action** (*In re Sony PS3 "Other OS" Litigation*, No. 10-CV-01811-YGR); (b) the objector's full name, address, and telephone number; (c) if applicable, the name and address of any person claiming to be legally entitled to object on behalf of a **Class Member** and the basis of such legal entitlement; (d) all grounds for the objection; (e) the serial number of the **Fat PS3** that he or she purchased, the PlayStation Network Sign-In ID used for that console before April 1, 2010 or the PlayStation Network Online ID used for that console before April 1, 2010; (f) whether the objector is represented by counsel and, if so, the identity of such counsel, and all previous objections filed by the objector and their counsel within the last two years; and (g) the objector's signature.

26.     Any **Class Member** who submits a timely and valid written objection may appear at the **Fairness Hearing**, either in person or through personal counsel hired at the **Class Member's** own personal expense.  Any **Class Member** who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the **Settlement** and any **Final Approval Order** and **Final Judgment** entered approving it, **Class Counsel's Fee Application**, or any Request for **Service Awards** for the **Plaintiffs**.

27.     No later than two (2) days after the **Objection Deadline**, the **Settlement**

6

1   **Administrator** shall provide to **Class Counsel** and **SCEA's Counsel** all objections submitted by

2   **Class Members**, including any related correspondence.

3         28.      The **Settlement Administrator** shall no later than ten (10) days after the **Opt-Out**

4   or **Exclusion Deadline** provide to **Class Counsel** and **SCEA's Counsel** a complete and final list

5   of **Class Members** who submitted requests to exclude themselves from the **Class**, including any

6   related correspondence.

7         29.      All costs associated with the administration of the **Settlement**, distribution of **Class**

8   **Notice**, and any other tasks assigned to the **Settlement Administrator** by the **Settlement**, by this

9   **Preliminary Approval Order**, by **SCEA** and the **Class Counsel's** mutual agreement in writing,

10  or by this **Court** shall be paid from the **Settlement Funds**.

11        30.      The **Court** directs that the **Fairness Hearing** be scheduled for May 29, 2018, at

12  2:00  p.m. to assist the **Court** in determining whether the **Settlement** should be finally approved

13  as fair, reasonable, and adequate to the **Settlement Class Members**; whether **Final Judgment**

14  should be entered dismissing the **Action** with prejudice; whether **Class Counsel's Fee**

15  **Application** should be approved; and whether any Request for **Service Awards** for the **Plaintiffs**

16  should be approved.

17        31.      The **Parties** shall file any motions in support of **Final Approval** of the **Settlement**

18  by no later than April 24, 2018.  **Class Counsel** shall file their **Fee Application** and any Request

19  for **Service Awards** for the **Plaintiffs** by no later than March 1, 2018.  After it is filed, **Class**

20  **Counsel's Fee Application** and Request for **Service Awards** for the **Plaintiffs** shall be posted on

21  the **Settlement Website**.

22        32.      The **Parties** shall file any responses to any **Class Member** objections by no later

23  than April 24, 2018.

24        33.      The **Court** reserves the right to modify the date of the **Fairness Hearing** and

25  related deadlines set forth herein.  In the event the **Fairness Hearing** is moved, the new date and

26  time shall be promptly posted on the **Settlement Website** by the **Settlement Administrator**.

27        34.      This Order shall become null and void and shall be without prejudice to the rights

28

7

of the **Parties**, all of whom shall be restored to their respective positions as they existed immediately before the **Court** entered this Order, if: (a) the **Settlement** is not finally approved by the **Court**, or does not become final, pursuant to the terms of the **Settlement**; (b) the **Settlement** is terminated in accordance with the **Settlement**; or (c) the **Settlement** does not become effective pursuant to the terms of the **Settlement** for any other reason.

35.     If the **Settlement** does not become final and effective pursuant to the terms of the **Settlement**, the **Class Representatives**, the **Class Members**, and **SCEA** shall be returned to their respective statuses as of the date immediately prior to the execution of the **Settlement Agreement**, and this **Preliminary Approval Order** shall have no force or effect, and neither this **Preliminary Approval Order** nor the **Settlement** shall be construed or used as an admission, concession, or declaration by or against **SCEA** of any fault, wrongdoing, breach, or liability, or be construed or used as an admission, concession, or declaration by or against any of the **Plaintiffs** or **Class Members** that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in this **Action** or in any other lawsuit, and it shall not be admissible in evidence, or usable for any purpose whatsoever in the **Action**, any proceeding between the **Parties**, or in any action related to the **Released Claims** or otherwise involving the **Parties**, **Class Members**, or any **Released Party**.

36.     Pending the final determination of whether the **Settlement** should be approved, all proceedings in this **Action**, except as may be necessary to implement the **Settlement** or comply with the terms of the **Settlement**, are hereby stayed.

37.     Pending the final determination of whether the **Settlement** should be approved, **Plaintiffs** and each **Class Member**, and any person purportedly acting on behalf of any **Class Member(s)**, are hereby enjoined from commencing, pursuing, maintaining, enforcing, or prosecuting, either directly or indirectly, any **Released Claims** in any judicial, administrative, arbitral or other forum, against any of the **Released Parties**, provided that this injunction shall not apply to the claims of any **Class Members** who have timely and validly requested to be excluded

8

from the **Class**.  Such injunction shall remain in force until **Final Settlement Date** or until such time as the **Parties** notify the **Court** that the **Settlement** has been terminated.  This injunction is necessary to protect and effectuate the **Settlement**, this **Preliminary Approval Order**, and this **Court's** authority regarding the **Settlement**, and is ordered in aid of this **Court's** jurisdiction and to protect its judgments.

      38.    **Class Counsel**, **SCEA**, and the **Settlement Administrator** are directed to carry out their obligations under the **Settlement** and this **Preliminary Approval Order**.

      **IT IS SO ORDERED.**

Dated: _____          By: _____

                                      HON. YVONNE GONZALEZ ROGERS
                                      District Judge
                                      U.S. District Court, Northern District of California

# EXHIBIT 6

IF YOU PURCHASED A SONY "FAT" PLAYSTATION® 3 COMPUTER

ENTERTAINMENT CONSOLE BETWEEN NOVEMBER 1, 2006 AND APRIL 1, 2010, A CLASS
ACTION SETTLEMENT MAY AFFECT YOU

The sole purpose of this notice is to inform you of the settlement so that
you can decide what to do.

A proposed settlement has been reached in the nationwide class action lawsuit, *In re Sony PS3 "Other OS" Litigation,* United States District Court, Northern District of California, Case No. C-10-1811 (YGR). This lawsuit challenges the decision to disable the Other OS functionality from "Fat" PS3 computer entertainment consoles through Firmware Update 3.21, released on April 1, 2010. "Fat" PS3 consoles were consoles manufactured with the ability to install a Linux operating system as an alternative to the game operating system. Sony Computer Entertainment America LLC ("SCEA") (n/k/a Sony Interactive Entertainment America LLC) is the defendant and denies all allegations.

If the settlement is approved and you are a Class Member, you may be eligible to submit a claim for benefits. You are a Class Member if you purchased a Fat PS3 between November 1, 2006 and April 1, 2010 from an authorized retailer for family, personal and/or household use and you:  (1) used the **Other OS** functionality; (2) knew about

the **Other OS** functionality; or (3) contend or believe that you lost value or desired functionality or were otherwise injured as a consequence of **Firmware Update 3.21** and/or the disablement of **Other OS** functionality in the **Fat PS3.** Class Members will be eligible to receive a cash payment up to $65 per valid claim, the exact amount of which will depend on how many valid claims are submitted. The deadline for submitting claim forms is [DATE]. Claim forms are available on the Settlement Website or may be obtained by calling the Settlement Administrator.

You may choose to exclude yourself from the settlement by sending your name, address, PS3 serial number, PlayStation Network Sign-In ID and/or PlayStation Network Online ID, along with a statement that you wish to be excluded to the Settlement Administrator at the address below. If you exclude yourself, you will not receive anything but will retain your right to sue. You may also object to the settlement with the option to appear at the final approval hearing with your own attorney at your cost. If you do nothing or object to the settlement, you will be bound by its terms and cannot later sue SCEA. All exclusion requests and objections must be submitted by [DATE].

If you filed a claim with the Settlement Administrator for a benefit under the previous proposed settlement of the above-referenced class action litigation, you do not need to resubmit. To check on the status of your previous claim, please contact the Settlement Administrator.

Please contact the Settlement Administrator at the below address or visit: www.XXXXXXX.com for more information. The Settlement Administrator is:

[insert address]

PLEASE DO NOT CONTACT SCEA OR THE COURT FOR INFORMATION

# EXHIBIT 7

## LIST OF FAT PS3 MODEL NUMBERS

**CECHA01**

**CECHB01**

**CECHE01**

**CECHE01MG**

**CECHE11**

**CECHG01**

**CECHG11**

**CECHH01**

**CECHH01MG**

**CECHH11**

**CECHK01**

**CECHK11**

**CECHL01**

**CECHL11**

**CECHP01**

# EXHIBIT 8

## GENERAL RELEASE OF ALL CLAIMS BY PLAINTIFF JAMES GIRARDI

1.      In consideration of the benefits provided for in the Class Action Settlement Agreement ("SETTLEMENT AGREEMENT"), James Girardi ("Girardi"), on his own behalf and on behalf of his heirs, assigns, executors, administrators, predecessors, and successors, hereby completely releases and forever discharges Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC ("SCEA"), and its current and former parents, subsidiaries, divisions, and current and former affiliated individuals and entities, successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint venturers, distributors, retailers, developers and/or licensees and each and all of their respective officers, partners, directors, servants, agents, shareholders, investors, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, and insurers ("RELEASED PARTIES"), from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensations, claims, suits, causes of action, attorneys' fees, obligations, or liabilities of any nature, type, or description, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether based on federal, state, or local law, statute, ordinance, code, contract, common law, or any other source which Girardi has, may now have, or has ever had against any of the RELEASED PARTIES, or any of them arising from or in any way connected with Girardi's purchase of a Fat PS3 and/or any other relationship with SCEA, as of the date of Girardi's execution of this General Release including, but not limited to claims that were or could have been asserted in or arising from or that may have arisen from the same facts alleged in *In re Sony PS3 "Other OS" Litigation*, Case No. 4:10-cv-01811 YGR, currently pending in the District Court for the Northern District of California (the "ACTION"). This General Release covers all statutory, common law, constitutional, and other claims, including but not limited to:

(a)      Any and all claims concerning the advertising of SCEA's Other OS functionality;

(b)      Any and all claims that arise out of, refer to or in any way relate to the disabling of the Other OS functionality in the Fat PS3;

(c)      Any and all claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), or any other applicable law or statute related to SCEA's advertising of the Other OS functionality;

(d)      Any and all claims that SCEA's advertising or representations regarding SCEA's Other OS functionality constituted a fraudulent, unlawful, unfair, or deceptive business practice, were unconscionable, violated consumer protection statutes, and/or constituted a breach of contract and/or breach of the covenant of good faith and fair dealing or unjust enrichment; and/or

(e)      Any and all claims concerning any fact or circumstance that relates to SCEA's advertising or representations regarding its Other OS functionality (collectively, the "RELEASED CLAIMS").

This General Release described herein covers, includes, and is intended to include all remedies that could be sought for the RELEASED CLAIMS including, but not limited to, statutory, constitutional, contractual, and common law claims for injunctive relief, declaratory relief, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against SCEA.

2.      **Waiver of Unknown Claims**. Girardi has read Section 1542 of the Civil Code of the State of California, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Girardi hereby voluntarily waives the rights described in Section 1542 and elects to assume all risks for claims that now exist in his favor, whether known or unknown, against the RELEASED PARTIES. Accordingly, this General Release includes within its effect claims and causes of action which Girardi does not know or suspect to exist in his favor at the time of his execution hereof and if the facts and circumstances relating in any manner to the RELEASED CLAIMS are hereafter found to be other than or different from the facts now believed to be true, this General Release shall remain effective.

3.      Girardi warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the claims described above and that he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity such claims or any part or portion thereof.

4.      The Settlement Administrator of the Stipulation of Class Action Settlement and Release, executed in the ACTION, shall issue Girardi a Form 1099 reflecting the payment of any settlement benefits described in the SETTLEMENT AGREEMENT.

5.      Girardi agrees that he alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any settlement benefits.

6.      Girardi and the RELEASED PARTIES expressly agree that any and all force and effectiveness of this General Release is entirely contingent upon final approval of the SETTLEMENT executed in the ACTION. If the SETTLEMENT does not become final for any reason, then this General Release shall be null and void *ab initio*. Neither an appeal of, a modification of nor a reversal on appeal of a FEE AND EXPENSE AWARD or a SERVICE AWARD described in the SETTLEMENT AGREEMENT shall constitute grounds for cancellation or termination of this General Release, however.

Dated: 8/24, 2017

James Girardi

**GENERAL RELEASE OF ALL CLAIMS BY PLAINTIFF JONATHAN HUBER**

1.      In consideration of the benefits provided for in the Class Action Settlement Agreement ("SETTLEMENT AGREEMENT"), Jonathan Huber ("Huber"), on his own behalf and on behalf of his heirs, assigns, executors, administrators, predecessors, and successors, hereby completely releases and forever discharges Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC ("SCEA"), and its current and former parents, subsidiaries, divisions, and current and former affiliated individuals and entities, successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint venturers, distributors, retailers, developers and/or licensees and each and all of their respective officers, partners, directors, servants, agents, shareholders, investors, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, and insurers ("RELEASED PARTIES"), from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensations, claims, suits, causes of action, attorneys' fees, obligations, or liabilities of any nature, type, or description, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether based on federal, state, or local law, statute, ordinance, code, contract, common law, or any other source which Huber has, may now have, or has ever had against any of the RELEASED PARTIES, or any of them arising from or in any way connected with Huber's purchase of a Fat PS3 and/or any other relationship with SCEA, as of the date of Huber's execution of this General Release including, but not limited to claims that were or could have been asserted in or arising from or that may have arisen from the same facts alleged in either *In re Sony PS3 "Other OS" Litigation*, Case No. 4:10-cv-01811 YGR, currently pending in the District Court for the Northern District of California (the "ACTION") and/or *Huber v. Sony Computer Entertainment America LLC*, Northern District of California, Case No. 10-cv-2213 (May 21, 2010).  This General Release covers all statutory, common law, constitutional, and other claims, including but not limited to:

(a)     Any and all claims concerning the advertising of SCEA's Other OS functionality;

(b)     Any and all claims that arise out of, refer to or in any way relate to the disabling of the Other OS functionality in the Fat PS3;

(c)     Any and all claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), or any other applicable law or statute related to SCEA's advertising of the Other OS functionality;

(d)     Any and all claims that SCEA's advertising or representations regarding SCEA's Other OS functionality constituted a fraudulent, unlawful, unfair, or deceptive business practice, were unconscionable, violated consumer protection statutes, and/or constituted a breach of contract and/or breach of the covenant of good faith and fair dealing or unjust enrichment; and/or

(e)     Any and all claims concerning any fact or circumstance that relates to SCEA's advertising or representations regarding its Other OS functionality (collectively, the "RELEASED CLAIMS").

This General Release described herein covers, includes, and is intended to include all remedies that could be sought for the RELEASED CLAIMS including, but not limited to, statutory, constitutional, contractual, and common law claims for injunctive relief, declaratory relief, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against SCEA.

2.      **Waiver of Unknown Claims**.  Huber has read Section 1542 of the Civil Code of the State of California, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Huber hereby voluntarily waives the rights described in Section 1542 and elects to assume all risks for claims that now exist in his favor, whether known or unknown, against the RELEASED PARTIES.  Accordingly, this General Release includes within its effect claims and causes of action which Huber does not know or suspect to exist in his favor at the time of his execution hereof and if the facts and circumstances relating in any manner to the RELEASED CLAIMS are hereafter found to be other than or different from the facts now believed to be true, this General Release shall remain effective.

3.      Huber warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the claims described above and that he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity such claims or any part or portion thereof.

4.       The Settlement Administrator of the Stipulation of Class Action Settlement and Release, executed in the ACTION, shall issue Huber a Form 1099 reflecting the payment of any settlement benefits described in the SETTLEMENT AGREEMENT.

5.      Huber agrees that he alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any settlement benefits.

6.      Huber and the RELEASED PARTIES expressly agree that any and all force and effectiveness of this General Release is entirely contingent upon final approval of the SETTLEMENT executed in the ACTION.  If the SETTLEMENT does not become final for any reason, then this General Release shall be null and void *ab initio*.  Neither an appeal of, a modification of nor a reversal on appeal of a FEE AND EXPENSE AWARD or a SERVICE AWARD described in the SETTLEMENT AGREEMENT shall constitute grounds for cancellation or termination of this General Release, however.

Dated:  August 24, 2017

Jonathan  Huber

**Exhibit 8**

**GENERAL RELEASE OF ALL CLAIMS BY PLAINTIFF ANTHONY VENTURA**


1.      In consideration of the benefits provided for in the Class Action Settlement Agreement ("SETTLEMENT AGREEMENT"), Anthony Ventura ("Ventura"), on his own behalf and on behalf of his heirs, assigns, executors, administrators, predecessors, and successors, hereby completely releases and forever discharges Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC ("SCEA"), and its current and former parents, subsidiaries, divisions, and current and former affiliated individuals and entities, successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint venturers, distributors, retailers, developers and/or licensees and each and all of their respective officers, partners, directors, servants, agents, shareholders, investors, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, and insurers ("RELEASED PARTIES"), from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensations, claims, suits, causes of action, attorneys' fees, obligations, or liabilities of any nature, type, or description, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether based on federal, state, or local law, statute, ordinance, code, contract, common law, or any other source which Ventura has, may now have, or has ever had against any of the RELEASED PARTIES, or any of them arising from or in any way connected with Ventura's purchase of a Fat PS3 and/or any other relationship with SCEA, as of the date of Ventura's execution of this General Release including, but not limited to claims that were or could have been asserted in or arising from or that may have arisen from the same facts alleged in either *In re Sony PS3 "Other OS" Litigation*, Case No. 4:10-cv-01811 YGR, currently pending in the District Court for the Northern District of California (the "ACTION") and/or *Anthony Ventura v. Sony Computer Entertainment America Inc.*, United States District Court, Northern District of California, Case No. CV 10 1811 EMC.  This General Release covers all statutory, common law, constitutional, and other claims, including but not limited to:

(a)    Any and all claims concerning the advertising of SCEA's Other OS functionality;

(b)    Any and all claims that arise out of, refer to or in any way relate to the disabling of the Other OS functionality in the Fat PS3;

(c)    Any and all claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), or any other applicable law or statute related to SCEA's advertising of the Other OS functionality;

(d)    Any and all claims that SCEA's advertising or representations regarding SCEA's Other OS functionality constituted a fraudulent, unlawful, unfair, or deceptive business practice, were unconscionable, violated consumer protection statutes, and/or constituted a breach of contract and/or breach of the covenant of good faith and fair dealing or unjust enrichment; and/or

(e)    Any and all claims concerning any fact or circumstance that relates to SCEA's advertising or representations regarding its Other OS functionality (collectively, the "RELEASED CLAIMS").

This General Release described herein covers, includes, and is intended to include all remedies that could be sought for the RELEASED CLAIMS including, but not limited to, statutory, constitutional, contractual, and common law claims for injunctive relief, declaratory relief, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against SCEA.

2.    **Waiver of Unknown Claims**.  Ventura has read Section 1542 of the Civil Code of the State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Ventura hereby voluntarily waives the rights described in Section 1542 and elects to assume all risks for claims that now exist in his favor, whether known or unknown, against the RELEASED PARTIES.  Accordingly, this General Release includes within its effect claims and causes of action which Ventura does not know or suspect to exist in his favor at the time of his execution hereof and if the facts and circumstances relating in any manner to the RELEASED CLAIMS are hereafter found to be other than or different from the facts now believed to be true, this General Release shall remain effective.

3.    Ventura warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the claims described above and that he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity such claims or any part or portion thereof.

4.    The Settlement Administrator of the Stipulation of Class Action Settlement and Release, executed in the ACTION, shall issue Ventura a Form 1099 reflecting the payment of any settlement benefits described in the SETTLEMENT AGREEMENT.

5.    Ventura agrees that he alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any settlement benefits.

6.    Ventura and the RELEASED PARTIES expressly agree that any and all force and effectiveness of this General Release is entirely contingent upon final approval of the SETTLEMENT executed in the ACTION.  If the SETTLEMENT does not become final for any reason, then this General Release shall be null and void *ab initio*.  Neither an appeal of, a modification of nor a reversal on appeal of a FEE AND EXPENSE AWARD or a SERVICE AWARD described in the SETTLEMENT AGREEMENT shall constitute grounds for cancellation or termination of this General Release, however.

Dated: 8/29/, 2017

Anthony Ventura

**GENERAL RELEASE OF ALL CLAIMS BY PLAINTIFF JASON BAKER**

1.      In consideration of the benefits provided for in the Class Action Settlement Agreement ("SETTLEMENT AGREEMENT"), Jason Baker ("Baker"), on his own behalf and on behalf of his heirs, assigns, executors, administrators, predecessors, and successors, hereby completely releases and forever discharges Sony Computer Entertainment America LLC, currently known as Sony Interactive Entertainment America LLC ("SCEA"), and its current and former parents, subsidiaries, divisions, and current and former affiliated individuals and entities, successors, predecessors (including companies they have acquired, purchased, or absorbed), assigns, joint venturers, distributors, retailers, developers and/or licensees and each and all of their respective officers, partners, directors, servants, agents, shareholders, investors, members, managers, principals, investment advisors, consultants, employees, representatives, attorneys, accountants, lenders, underwriters, and insurers ("RELEASED PARTIES"), from any and all injuries, demands, losses, damages, costs, loss of service, expenses, compensations, claims, suits, causes of action, attorneys' fees, obligations, or liabilities of any nature, type, or description, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether based on federal, state, or local law, statute, ordinance, code, contract, common law, or any other source which Baker has, may now have, or has ever had against any of the RELEASED PARTIES, or any of them arising from or in any way connected with Baker's purchase of a Fat PS3 and/or any other relationship with SCEA, as of the date of Baker's execution of this General Release including, but not limited to claims that were or could have been asserted in or arising from or that may have arisen from the same facts alleged in either *In re Sony PS3 "Other OS" Litigation*, Case No. 4:10-cv-01811 YGR, currently pending in the District Court for the Northern District of California (the "ACTION") and/or *Baker, et al. v. Sony Computer Entertainment America LLC*, Northern District of California, Case No. 10-cv-1697 (April 30, 2010).  This General Release covers all statutory, common law, constitutional, and other claims, including but not limited to:

    (a)      Any and all claims concerning the advertising of SCEA's Other OS functionality;

    (b)      Any and all claims that arise out of, refer to or in any way relate to the disabling of the Other OS functionality in the Fat PS3;

    (c)      Any and all claims under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), or any other applicable law or statute related to SCEA's advertising of the Other OS functionality;

    (d)      Any and all claims that SCEA's advertising or representations regarding SCEA's Other OS functionality constituted a fraudulent, unlawful, unfair, or deceptive business practice, were unconscionable, violated consumer protection statutes, and/or constituted a breach of contract and/or breach of the covenant of good faith and fair dealing or unjust enrichment; and/or

    (e)      Any and all claims concerning any fact or circumstance that relates to SCEA's advertising or representations regarding its Other OS functionality (collectively, the "RELEASED CLAIMS").

This General Release described herein covers, includes, and is intended to include all remedies that could be sought for the RELEASED CLAIMS including, but not limited to, statutory, constitutional, contractual, and common law claims for injunctive relief, declaratory relief, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, disgorgement, or equitable relief against SCEA.

2.      **Waiver of Unknown Claims**.  Baker has read Section 1542 of the Civil Code of the

State of California, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Baker hereby voluntarily waives the rights described in Section 1542 and elects to assume all risks for claims that now exist in his favor, whether known or unknown, against the RELEASED PARTIES. Accordingly, this General Release includes within its effect claims and causes of action which Baker does not know or suspect to exist in his favor at the time of his execution hereof and if the facts and circumstances relating in any manner to the RELEASED CLAIMS are hereafter found to be other than or different from the facts now believed to be true, this General Release shall remain effective.

3.    Baker warrants and represents that he is the sole and lawful owner of all rights, title, and interest in and to all of the claims described above and that he has not heretofore voluntarily, by operation of law or otherwise, sold, assigned, or transferred or purported to sell, assign, or transfer to any other person or entity such claims or any part or portion thereof.

4.    The Settlement Administrator of the Stipulation of Class Action Settlement and Release, executed in the ACTION, shall issue Baker a Form 1099 reflecting the payment of any settlement benefits described in the SETTLEMENT AGREEMENT.

5.    Baker agrees that he alone is responsible for the tax consequences, including any penalties or interest, relating to the payment of any settlement benefits.

6.    Baker and the RELEASED PARTIES expressly agree that any and all force and effectiveness of this General Release is entirely contingent upon final approval of the SETTLEMENT executed in the ACTION. If the SETTLEMENT does not become final for any reason, then this General Release shall be null and void *ab initio*. Neither an appeal of, a modification of nor a reversal on appeal of a FEE AND EXPENSE AWARD or a SERVICE AWARD described in the SETTLEMENT AGREEMENT shall constitute grounds for cancellation or termination of this General Release, however.

Dated: 8-23 , 2017

Jason Baker

# EXHIBIT B

| GCG ID | Name | City | State |
|---|---|---|---|
| 757B416031 | REGINALD FRANCIA | SAN JOSE | CA |
| 9F8C4BC115 | JAMES COHEN | PHILADELPHIA | PA |
| 0DCAD9FBBD | Alexander Geng | | |
| B96D2AA1A8 | SUNIL GOKLANI | | |
| 0EB8D634E6 | ERIC LASKEY | RIDGECREST | CA |
| 34BB64E22C | MYRON MASON | | |
| 298FCC3624 | Joshua Craine | PELZER | SC |
| P008364266 | MICHAEL SINISCALCHI | BRIMFIELD | MA |
| DEF1FA8AAA | BRIAN CLEMENS | BRISTOL | IN |
| 27EE73A0C1 | CHANDELOR ARMSTRONG | TOPEKA | KS |
| 836D608A24 | James Patrick Embrey | CARLISLE | PA |
| 64C236D7FC | Jeff Garcia | | |
| D26F8C0EA1 | Shane Burnett | | |
| D850E8D591 | Richard Helms | | |
| D19437CE47 | William Harold Alonso | | |
| D1085121C3 | Christopher Kendall | ELGIN | SC |
| 4AC09F9DBE | Stanley Su | MONTCLAIR | CA |
| BC93C3D69F | CLARK RENDON | PEKIN | IL |
| 35721B1CB0 | DARRELL WILLIS | RIALTO | CA |
| C0147F5574 | Oscar Cintronmarina | KILLEEN | TX |
| P008368666 | MICHEL GLEMAUD | KEW GARDENS | NY |
| 42B43291A0 | ROHIT CHOUDHARY | CHICAGO | IL |
| E1EF6569A0 | Damien Diehl | | |
| 781CE0B68F | TRION INGRAM | DALLAS | TX |
| 03E26B08B8 | ELIZABETH HERNANDEZ | WINNETKA | CA |
| 84A4F412A9 | MICHAEL NIZINSKI | YORK | PA |
| 22DC981594 | ALEXANDER KING | | |
| 94F79BE037 | Clark Bilorusky | NEWAR | CA |
| 3DB50E8DB3 | RYAN DONOVAN | ROSELLE | IL |
| 33A282EE99 | Luis Almanza | | |
| F6BBB76540 | ALEXANDER KING | BROKEN ARROW | OK |
| C174DE7550 | JONATHAN BIRCHFIELD | STATEN ISLAND | NY |
| 1100178434 | MAX OFORI | CLEVELAND | TN |
| D9600E3FB1 | ADAM WHYTE | | |
| B294CBDC11 | COREY KUKIS | BEAVERTON | OR |
| 1325CDE03B | Daniel Grossklaus | PLAINFIELD | IL |
| D39AE5C657 | Kevin Susa | CARSON | CA |
| 3711BC5EA5 | James LaFemina | STATEN ISLAND | NY |
| 668514EB8A | Adrian Bynum | | |
| F66E169F4E | JASON NEVILS | SELLERSBURG | IN |