James Pizzirusso (*pro hac vice*)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1700 K. Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Kathleen V. Fisher (SBN 70838)
kfisher@calvofisher.com
**CALVO FISHER & JACOB LLP**
555 Montgomery Street, Suite 1155
San Francisco, CA 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

*Interim Co-Lead Counsel for Plaintiffs*

Luanne Sacks (SBN 120811)
lsacks@srclaw.com
Michele Floyd (SBN 163031)
mfloyd@srclaw.com
**SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
San Francisco, CA 94108
Telephone: (415) 549-0580
Facsimile: (415) 374-0640

*Attorneys for Defendant
SONY COMPUTER
ENTERTAINMENT AMERICA LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | CASE NO. 4:10-CV-01811-YGR<br><br>**STIPULATED REQUEST FOR AN ORDER CHANGING THE DATE OF COMPLIANCE HEARING RE: THE FINAL REPORT AND ACCOUNTING RE: CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Yvonne Gonzalez Rogers |

**STIPULATION**

IT IS HEREBY STIPULATED AMONG THE PARTIES hereto, through their respective counsel of record, as follows:

1. In its Order dated June 8, 2018 (*see* Dkt. 360) granting Plaintiffs' Renewed Motion for Final Approval of Class Action Settlement and Certification of Settlement Class (the "Renewed Final Approval Motion"), the Court ordered the Parties to submit to the court a Final Report and Accounting of the settlement payments by July 23, 2018, and set a Compliance Hearing on the Final Report and Accounting on August 3, 2018, at 2:01 p.m. in Courtroom 1, 4th Floor, Oakland.

2. On June 26, 2018, however, Mr. Patrick S. Sweeney,[1] an attorney purporting to act in a *pro se* capacity, emailed the Parties informing them that he was appealing this Court's final approval and fee orders. The Parties do not believe that they can proceed with distribution and complete a Final Report and Accounting until the issue of Mr. Sweeney's Notice of Appeal is resolved.

3. While Mr. Sweeney objected to the *first* settlement, he did not object to the *second* settlement that this Court ultimately approved. When Mr. Sweeney contacted the Parties, he attached a Notice of Appeal and stated that he had "mailed" it to the Clerk's office to be filed on the docket in this case. Even assuming Mr. Sweeney could appeal the final approval of a settlement to which he never objected, it does not appear that Mr. Sweeney mailed his Notice of Appeal within the applicable time limits to do so as it was only received by the Clerk's office on July 16, 2018 and docketed on July 18, 2018. The Orders to which Mr. Sweeney is appealing were filed on June 8, 2018. Under F.R.A.P. 4(a), Mr. Sweeney's Notice of Appeal had to be filed within 30 days of those Orders, or by July 9, 2018. As such, Mr. Sweeney's appeal is untimely.

---

[1] Numerous courts have referred to Mr. Sweeney as a "serial objector" who routinely files meritless objections. *See, e.g., Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 890 (C.D. Cal. 2016) (Referring to Mr. Sweeney as a "serial objector" who is "well-known for routinely filing meritless objections to class action settlements for the improper purpose of extracting a fee rather than to benefit the Class.").

Counsel for Plaintiffs reached out to Mr. Sweeney believing he was mistaken since he had never actually objected to the second settlement. Counsel also informed Mr. Sweeney that his appeal was untimely. Nevertheless, Mr. Sweeney has refused to withdraw his Notice of Appeal.

4. On July 16, 2018 Mr. Sweeney emailed the Parties another document captioned "Patrick S. Sweeney's Motion to File Out of Time Notice of Appeal Pursuant to Rule 4(B)(1) F.R.A.P" which Mr. Sweeney also purportedly "mailed" to the Clerk's office to also be filed in this case. It has not yet been docketed. In this Motion, Mr. Sweeney alleges that he searched his office for the missing envelope to see if had failed to actually mail the Notice of Appeal, but he could not find it. Thus, since Mr. Sweeney believes he did mail his Notice on time, he asks for another five days to docket his Notice of Appeal.

5. If Mr. Sweeney's Motion to File Out of Time gets docketed, the parties plan to oppose it on many grounds, including that Mr. Sweeney has not shown good cause or excusable neglect. Moreover, Mr. Sweeney should not be permitted to file an untimely appeal in a case in which he has no standing to appeal in the first place, as he never actually objected to the settlement this Court approved. *See, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 16-16368, 2017 WL 3468376, at *1 (9th Cir. Mar. 2, 2017) (dismissing appeal of final approval of class action settlement and noting that "[b]ecause appellant . . . did not object during the fairness hearing, she may not appeal the district court's order approving the class action settlement"). In addition, the Settlement Administrator has now confirmed to the Parties that Mr. Sweeney submitted invalid console serial numbers, he is not a class member, and his claim had been rejected on those grounds, further calling his appeal into doubt. Counsel for Plaintiffs are in the process of renewing their request to Mr. Sweeney to withdraw his appeal so that they can continue with distribution of the settlement proceeds. If Mr. Sweeney continues to pursue his vexatious and frivolous appeal and hold up distribution, then Plaintiffs intend to file a Motion to Strike, seek sanctions and/or costs, and may seek discovery from Mr. Sweeney or any other relief that the Court deems appropriate.

6. Since Mr. Sweeney's attempted appeal is going to delay the distribution, the

parties will be unable to provide an accounting on July 23, 2018, per the Court's Order. Assuming Mr. Sweeney continues to pursue his appeal and his Motion is properly docketed, the Parties hope to address the issues surrounding Mr. Sweeney's Motion at the previously scheduled Compliance Hearing.

7.  Due to vacation schedules and an unforeseen family commitment, none of defendant's counsel is available on August 3, 2018 to attend the currently scheduled Compliance Hearing. Moreover, the Parties may need more time to brief and present the issues to the Court surrounding the untimely appeal. Accordingly, the parties respectfully request that the July 23, 2018 accounting deadline be continued until after Mr. Sweeney's appeal has been resolved. The parties further request that the Compliance Hearing be rescheduled to August 17, 2018, or at a date and time convenient for the Court. Because the Parties are uncertain as to whether Mr. Sweeney will continue to pursue his appeal in the face of binding Ninth Circuit precedent that he has no ability to pursue it, the Parties propose filing a Joint Status Report with the Court on or before August 10, 2018 to update the Court on the status of Mr. Sweeney's appeal.

Dated: July 19, 2018        SACKS, RICKETTS & CASE LLP

                            By: */s/ Luanne Sacks*
                                LUANNE SACKS
                                Attorneys for Defendant
                                SONY COMPUTER ENTERTAINMENT
                                AMERICA LLC (n/k/a Sony Interactive
                                Entertainment America. LLC)

Dated: July 19, 2018        HAUSFELD LLP

                            By: */s/ James Pizzirusso*
                                JAMES PIZZIRUSSO
                                Interim Co-Lead Counsel and Counsel for
                                Plaintiffs ANTHONY VENTURA,
                                JONATHAN HUBER, JASON BAKER,
                                JAMES GIRARDI and DERRICK ALBA

**Filer's Attestation**

I, James Pizzirusso, am the ECF user whose identification and password are being used to file this Stipulated Request for an Order Changing the Date of Compliance Hearing Re: the Final Report and Accounting Re: Class Action Settlement.  In compliance with General Order 45.X.B, I hereby attest that the counsel listed above concur in this filing.

Dated:  July 19, 2018                              By: James Pizzirusso

1 **[PROPOSED] ORDER**

Having considered the parties' Stipulated Request for an Order Changing the the Date of Compliance Hearing Re: the Final Report and Accounting Re: Class Action Settlement, IT IS HEREBY ORDERED as follows:

- The date for the Compliance Hearing is continued from August 3, 2018 to _____, 2018 at ____ in Courtroom 1, 4th Floor, Oakland.
- The date for the Accounting is postponed until the issue of Mr. Sweeney's appeal is resolved.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____      By: _____
                                   HON. YVONNE GONZALEZ ROGERS
                                   District Judge
                                   U.S. District Court, Northern District of California