Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
Of Counsel
**FINKELSTEIN THOMPSON LLP**
100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

James Pizzirusso (pro hac vice)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Kathleen V. Fisher (SBN 70838)
kfisher@calvofisher.com
**CALVO FISHER & JACOB LLP**
555 Montgomery Street, Suite 1155
San Francisco, California 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

*Counsel for Plaintiffs and the Settlement Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No. 4:10-CV-01811-YGR  **PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE PATRICK SWEENEY'S UNTIMELY AND IMPROPER NOTICE OF APPEAL**  Judge:    Hon. Yvonne Gonzalez Rogers Place:    Courtroom: 1, 4th Floor |

**PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE PATRICK SWEENEY'S UNTIMELY AND IMPROPER NOTICE OF APPEAL**

Plaintiffs hereby move, pursuant to Local Rule 7-11, to strike the Notice of Appeal filed on July 16, 2018 by Patrick S. Sweeney ("Mr. Sweeney"). Mr. Sweeney's Notice of Appeal is improper for at least three reasons: 1) it is untimely as it was filed 38 days after judgment was entered; 2) Mr. Sweeney did not object to the settlement that he seeks to appeal; and 3) Mr. Sweeney is not a member of the Settlement Class. Plaintiffs' motion is brought pursuant to applicable law including 28 U.S.C. § 2107(a), Federal Rule of Appellate Procedure 4, and case law thereunder. Plaintiff's administrative motion is based on this motion and memorandum, the accompanying declarations of James Pizzirusso and Eric Kierkegaard (Garden City Group) and exhibits thereto, the accompanying proposed order, and such other matters as the Court may deem to consider.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.      STATEMENT OF FACTS.**

Many courts know Mr. Sweeney as a "serial objector" who files meritless objections.[1] *See, e.g., Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 890 (C.D. Cal. 2016) (describing Mr. Sweeney as a "serial objector . . .well-known for routinely filing meritless objections to class action settlements for the improper purpose of extracting a fee rather than to benefit the Class."); *Brown v. Hain Celestial Group, Inc.*, 2016 WL 631880, *9–10 (N.D. Cal. 2016) (Sweeney and another are "'professional' objectors . . . courts across the county have repeatedly turned aside their efforts to upend settlements"); *Roberts v. Electrolux Home Prods., Inc.*, 2014 WL 4568632, at *11-15 (C.D. Cal. Sept. 11, 2014)  (Sweeney's

---

[1] In addition to being a serial objector, Mr. Sweeney is a suspended Wisconsin lawyer who recently pleaded guilty to a criminal offense and is currently facing disbarment procedures. In 2017, Mr. Sweeney was sentenced to probation and home detention in a case where he was charged with crimes including wire fraud and identity theft, for stealing almost $500,000 from his business partners. *See Middleton Lawyer Sentenced To Probation In Scheme, But Deserved Prison, Judge Says,* Wisconsin State Journal *found at* https://madison.com/wsj/ news/local/courts/middleton-lawyer-sentenced-to-probation-in-scheme-but-deserved-prison/article_4b61b52a-69ff-56c3-b8bc-792af3c23ea8.html (last visited 7/18/2018.) "At his sentencing Friday, Peterson chided Sweeney for actions that brought shame and discredit not only to himself but to the legal profession, calling the bankruptcy charge to which Sweeney pleaded guilty 'the tip of the iceberg.' The entire scheme, Peterson said, was 'self-conscious and substantial,' and one that certainly deserved time in prison." *Id.*  Sweeney is also likely to lose his law license in a pending proceeding. *Id.*; *see also Office of Lawyer Regulation v. Patrick S. Sweeney*, Appeal Number 2015AP001370 – D (Wisc. Sup. Ct.) (more information available at: https://lawyerhistory.wicourts.gov/attorneys/1020435)

objections "do not seek to benefit the Class and appear to be made for the improper purpose of delaying the Settlement to extract a fee"); *Gay v. Tom's of Maine*, 0:14-cv-60604-KMM (S.D. Fla. March 11, 2016), at Dkt. 43 at 6-7 (Mr. Sweeney's objections are "facially specious and without merit . . . [and the] same recycled, boilerplate arguments [he has] previously (and unsuccessfully) used in the past . . ."); *Retta v. Millennium Prod., Inc*., CV15-1801 PSG AJWX, 2017 WL 5479637, at *7 (C.D. Cal. Aug. 22, 2017); *In re Polyurethane Foam Antitrust Litig*., 168 F. Supp. 3d 985, 998–99 (N.D. Ohio 2016); *Spann v. J.C. Penney Corp.,* 211 F. Supp. 3d 1244, 1260 (C.D. Cal. 2016); *Larsen v. Trader Joe's Co*., 11-CV-05188-WHO, 2014 WL 3404531, at *7 (N.D. Cal. July 11, 2014).

Mr. Sweeney filed a claim in the first settlement, providing a purported serial number and PlayStation Network Sign-In ID. (*See* Declaration Of Eric Kierkegaard Regarding Claim And Objection Submitted By Patrick Sweeney ("Kierkegaard Decl.") ¶ 3, Exh. A.) He later amended his claim to give a new serial number. (*Id.* ¶ 5, C.) Mr. Sweeney also filed an objection to the first settlement. (*Id.* ¶ 4, B.) Mr. Sweeney failed to follow the Court's Preliminary Approval Order which required objectors to list all cases in which they had objected in the prior two years. (*Id.*; Dkt. 270 ¶ 24.) He did not appear at the fairness hearing. Ultimately, the Court denied final approval to that settlement. (Dkt. 300.)

The parties then entered into a second settlement which they presented to the Court for approval on September 1, 2017. (Dkt. 331.) No class member, including Mr. Sweeney, objected to or opposed the second settlement. (*See* Kierkegaard Decl., ¶ 6.) Mr. Sweeney also did not seek fees related to his initial objection. The Court granted final approval to the settlement, granted in part Plaintiffs' Motion for Attorney's Fees and Costs, and entered final judgment on June 8, 2018. (Dkt's 359, 360, 361.)

On June 27, 2018, however, Mr. Sweeney sent an email to the Parties attaching a document entitled, "NOTICE OF APPEAL," apparently the same as that received over two weeks later by the Clerk. (*See* accompanying Declaration of James Pizzirusso in Support of Motion to Strike ("Pizzirusso Decl."), Exh. A.) The proof of service states that Mr. Sweeney's Notice was mailed June 27, 2018 to the district court at the address on the "Legal Notice of Settlement in this action." (*Id.*) Although Mr. Sweeney is an attorney, he failed to file his Notice directly with the Court. The envelope in which he mailed the notice of appeal to the Clerk shows that it was received by the Clerk on July 16, 2018. (Dkt. 362-1.). It was docketed July 18, 2018. (Dkt. 362.)

On July 16, 2018, Mr. Sweeney also sent an email to the Parties attaching a document entitled, "PATRICK SWEENEY'S MOTION TO FILE OUT OF TIME NOTICE OF APPEAL PURSUANT TO

-2-

PLAINTIFFS' ADMINISTRATIVE MOTION TO STRIKE PATRICK SWEENEY'S UNTIMELY NOTICE OF APPEAL

RULE 4 (B)(1) F.R.C.P." (*See* Pizzirusso Decl., Exh. C.) The proof of service states that it was mailed to the clerk of the court for filing on July 17, 2018. (*Id.*) To date, that motion has not been docketed.

After Mr. Sweeney first emailed the Parties, Class Counsel informed Garden City Group not to proceed with the distribution until after Mr. Sweeney's appeal had been resolved.  At this time, Garden City Group told Class Counsel that Mr. Sweeney's claim was rejected because the serial numbers he provided do not match any conventions for eligible Fat PS3 consoles and the PlayStation Network Sign-In ID he gave does not match a PlayStation Network account. (*See* Kierkegaard Decl., ¶¶ 6, 8, 11.) Thus, he does not appear to be a member of the class.

Class Counsel have reached out to Mr. Sweeney and explained to him that as someone who failed to object to the Settlement, he lacks standing to appeal the Settlement.  (*See* Declaration of James Pizzirusso In Support Of Plaintiffs' Motion To Strike ("Pizzirusso Decl.") ¶¶ 4-6, 8.) Class Counsel further reiterated to Mr. Sweeney that his notice of appeal was untimely, and that its only purpose would be to delay the disbursement of settlement funds to Class members. (*Id.*) Finally, Class Counsel have expressed that Mr. Sweeney is not a class member. (*Id.*) In spite of Class Counsel's remonstrations and request that he withdraw his Notice of Appeal, Mr. Sweeney has thus far refused to do so.

## II.     THE COURT SHOULD STRIKE MR. SWEENEY'S NOTICE OF APPEAL

### A.     This Court Retains Jurisdiction to Strike an Obviously Untimely or Improper Notice of Appeal.

Because Mr. Sweeney's notice of appeal is untimely and improper, this Court has not been divested of jurisdiction to consider Plaintiffs' motion. "Where the deficiency in a notice of appeal, *by reason of untimeliness*, lack of essential recitals, or reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Ruby v. Secretary of United States Navy,* 365 F. 2d 385, 389 (9th Cir. 1966) (emphasis added); *see also Malone v. Avenenti,* 850 F. 2d 569, 572 (9th Cir. 1988); *Gilda Industries, Inc. v. United States,* 511 F.3d 1348, 1351 (Fed. Cir. 2008) ("Because Gilda's notice of appeal was filed a day late, the notice of appeal was untimely. As such, it neither conferred jurisdiction on this court nor divested the trial court of jurisdiction . . . ") (following *Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360 (2007)).

"A notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court. If it is clear to the district court that the notice

of appeal is deficient, it may disregard the purported notice and proceed with the case." 20 James Wm. Moore, Moore's Federal Practice § 303.32[2][b][iv][A] (footnotes omitted) (3d ed. 1999). *See Williams, v. Vilsack,* 669 F.Supp.2d 16, fn 1 (D.C. 2009) ("Because the Court finds that Plaintiffs' second notice of appeal is untimely, the Court has jurisdiction to rule on Defendants' motion [to strike]").

### B. The Notice of Appeal Was Filed 8 Days Late And Should Be Stricken as Untimely.

Mr. Sweeney's Notice of Appeal is untimely and should be stricken. Any appeal had to have been filed within 30 days of entry of the judgement. *Aldabe v. Aldabe,* 616 F. 2d 1089, 1091 (9th Cir. 1980); *see also* Fed.R.App.Proc 4(a)(1); 28 U.S.C. § 2107(a). The filing of a Notice of Appeal in the district court is a jurisdictional requirement. *Bowles,* 127 S.Ct. at 2366. A Notice of Appeal is "filed" within the meaning of Section 2107(a) and F.R.C.P 4(a) when it is received by the clerk of the court. *See Aldabe, supra,* at 1091; *Klemm v. Astrue,* 543 F.3d 1139, 1142 (9th Cir. 2008). Here, the envelope in which the Notice of Appeal arrived shows that the clerk of the court received the document on July 16, 2018. (Dkt. 362-1.). It was entered on the docket on July 18, 2018.

Courts have found a very limited exception to the "filed-when-received-by-clerk" rule for prison inmates who must entrust their Notice of Appeal to the warden for mailing. *See Houston v. Lack,* 487 US 266 (1988) (Notice of Appeal filed when given to warden). Litigants who are not incarcerated have other filing options, and "choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers . . . and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment . . . " *Id.* Mr. Sweeney is not an incarcerated inmate; in fact, he is an attorney. Therefore, he is not entitled to any "prison mailbox rule."

Mr. Sweeney's Notice of Appeal was filed on July 16, 2018 when it was received by the clerk. The final judgment, final approval, and the Order on fees that Mr. Sweeney appeals were entered on June 8, 2018. (Dkt. 359-361.) Thus, because the Notice of Appeal was filed some 8 days past the 30-day deadline set forth in Section 2107(a), it is untimely, and this Court should strike the Notice of Appeal.

### C. Mr. Sweeney's Notice of Appeal is Improper Because He Never Objected to the Settlement.

Mr. Sweeney objected only to the first settlement in this case. Mr. Sweeney did not object or otherwise make any motions related to the second settlement, which this Court ultimately approved. (*See* Kierkegaard Decl., ¶ 6.) Given his lack of objections, Mr. Sweeney has no standing to appeal.

As the Supreme Court held: "the power to appeal is *limited to those nonnamed class members who have objected during the fairness hearing*." *Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002) (emphasis added). Similarly, the Ninth Circuit also recently noted that individuals who did not object during the fairness hearing "may not appeal the district court's order approving the class action settlement." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 16-16368, 2017 WL 3468376, at *1 (9th Cir. Mar. 2, 2017) (dismissing appeal). As the Notice clearly outlined the dates by which class members objecting to the Settlement had to file an objection, Mr. Sweeney cannot appeal.

### D. Mr. Sweeney's Notice of Appeal is Improper Because He Is Not a Class Member.

Even if Mr. Sweeney had objected to the second settlement, his objection would be improper because he is not a class member. As the Settlement Administrator found, Mr. Sweeney did not submit a serial number of a PlayStation 3 unit within the class, nor did he submit a proper PSN ID on his amended claim form. (*See* Kierkegaard Decl., ¶¶ 6, 8.) As such, his claim was rejected. (*Id.* ¶ 11.)

It is well-established that only members of the class have standing to object to a settlement. Fed. R. Civ. P. 23(e)(4); *In re TracFone Unlimited Serv. Plan Litig.*, 112 F. Supp. 3d 993, 1008 (N.D. Cal. 2015) ("[T]he Court finds that Birner has no legal standing to object to the settlement because he has not demonstrated that he is an aggrieved class member"); *Nwabueze v. AT & T Inc.*, No. C 09-01529 SI, 2013 WL 6199596, at *6 (N.D. Cal. Nov. 27, 2013) ("[T]he Court need not consider objections made by individuals who are not members of the Settlement Class, because they lack standing."). Similarly, only members of the class are entitled to appeal a settlement to which they objected. *In re CRT*, 2017 WL 3468376, at *1 (dismissing appeal where individuals were not members of the settlement class); *Mayfield v. Barr*, 985 F.2d 1090, 1092 (D.C. Cir. 1993) (dismissing appeal because "[t]hose who are not class members" lack standing to raise objections and appeal).

Because Mr. Sweeney is not a member of the class, he is not entitled to appeal final approval in this case even if his appeal was timely (it was not) and even if he did object (he did not).

### III. CONCLUSION.

Therefore, the Court should dismiss or strike the Notice of Appeal as untimely and improper.

DATED: July 20, 2018                 Respectfully Submitted,

**FINKELSTEIN THOMPSON LLP**

By: */s/ Gordon M. Fauth, Jr.*
     Gordon M. Fauth, Jr.

100 Pine Street, Suite 1250
San Francisco, California 94111
Direct Telephone: (510) 238-9610
Telephone: (415) 398-8700
Facsimile: (415) 398-8704

**HAUSEFELD LLP**

By: */s/ James Pizzirusso*
    James Pizzirusso

1700 K Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

**CALVO FISHER & JACOB LLP**

By: */s/ Kathleen Fisher*
    Kathleen Fisher

555 Montgomery Street, Suite 1155
San Francisco, California 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

*Counsel for Plaintiffs and the Settlement Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served on all counsel for all parties of record on July 20, 2018 via the Court's CM/ECF system, and additionally by priority mail express service and electronic mail to Patrick Sweeney at the addresses he provided.

By: /s/ *Gordon M. Fauth*
    Gordon M. Fauth