1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         NORTHERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9  **IN RE SONY PS3 "OTHER OS" LITIGATION** | Case No.  10-cv-01811-YGR |
| 10 | **ORDER GRANTING MOTION OF PATRICK S.** |
| 11 | **SWEENEY FOR EXTENSION OF TIME TO APPEAL; DENYING ADMINISTRATIVE** |
| 12 | **MOTION OF PLAINTIFF TO STRIKE NOTICE OF APPEAL** |
| 13 | Dkt. No. 366, 367 |

14        Presently before the Court are the motions of Patrick S. Sweeney For Leave to File Out of

15   Time Appeal (Dkt. No. 366) and of Plaintiff Derrick Alba To Strike Notice Of Appeal (Dkt. No.

16   367).  Judgment in this matter was entered on June 8, 2018.  (Dkt. No. 361.)  Patrick S. Sweeney

17   filed a notice of appeal of the judgment entered in this matter on July 16, 2018.  (Dkt. No. 362.)

18   Thus, the notice of appeal was filed 8 days after the deadline for filing a notice of appeal.  Fed. R.

19   App. P. 4.

20        According to the motion for extension filed by Sweeney, his notice of appeal was mailed

21   on June 27, 2018.  (Dkt. No. 367.)  That same day, Sweeney sent an email to plaintiff attaching a

22   copy of his Notice of Appeal.  (Dkt. No. 366, Pizzirusso Decl. Exh. A.)  Sweeney's Notice of

23   Appeal was received by the Office of the Clerk of this Court on July 16, 2018, and docketed on

24   July 18, 2018 (Dkt. No. 362.)  Plaintiff filed his motion to strike the appeal on July 20, 2018.

25   (Dkt. No. 366.)  Shortly thereafter, on July 23, 2018, Sweeney's motion for an extension was

26   received and filed.  (Dkt. No. 367.)  Sweeney's motion purports to have been mailed seven days

27   prior, on July 17, 2018.  (Dkt. No. 367 at ECF 4.)

28        Rule 4 of the Federal Rules of Appellate Procedure commits to the sound discretion of the

     district court the decision to permit an extension of time to appeal if: "(i) a party so moves no later

*United States District Court*
*Northern District of California*

than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). The excusable neglect standard generally applies in situations where the notice of appeal was not filed because of a mistake by appellant, while the good cause standard generally applies in situations where the notice is late because of circumstances beyond the control of appellant, such as by reason of delays in mail delivery. *See id.*, Advisory Committee Notes to 2002 Amendments.[1]

Here, the evidence indicates that Sweeney mailed the notice of appeal on June 27, 2018. The Court finds good cause or excusable neglect warranting an extension of time to file the notice of appeal. The delay in filing here appears to have been either due to circumstances beyond Sweeney's control with the mails or, perhaps, due to his submission of the notice in an envelope previously used and not clearly re-marked for mailing to this Court. (*See* envelopes at Dkt. Nos. 362-1, 367-1, showing use of envelopes previously sent to Sweeney by two different law firms with sending and receiving addresses, postage, and postmarks scratched out and pasted over with sloppy, handwritten addresses.)

Good cause or excusable neglect having been shown, Sweeney's motion is therefore **GRANTED**. The filing of the Notice of Appeal on July 16, 2018, is deemed timely.

Plaintiff's Motion to Strike raises timeliness of the notice of appeal, as well as Sweeney's status as an objector and class member. The timeliness issues are moot for the reasons stated herein. Plaintiff fails to offer authority for the proposition that the Court may strike an otherwise timely appeal based on the district court's determination that the appellant has no standing to

---

[1] The Advisory Committee Notes explain the distinction as follows:
The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault--excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. . . . If, for example, the Postal Service fails to deliver a notice of appeal, a movant might have good cause to seek a post-expiration extension. It may be unfair to make such a movant prove that its "neglect" was excusable, given that the movant may not have been neglectful at all.
Fed. R. App. P. 4, Advisory Committee Notes to 2002 Amendments.

1    appeal.  The Court therefore does not reach those issues, but defers to the authority of the Court of

2    Appeal.  Plaintiff's motion is therefore **DENIED**.

3        This terminates Docket Nos. 366 and 367.

4        **IT IS SO ORDERED.**

5    Dated: July 31, 2018

6                                              _____

7                                              **YVONNE GONZALEZ ROGERS**
                                               **UNITED STATES DISTRICT JUDGE**

*United States District Court*
*Northern District of California*