UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | Case No. 4:10-cv-01811-YGR<br><br>**DECLARATION OF JAMES PAGE REGARDING SETTLEMENT DISTRIBUTION** |

I, JAMES PAGE, declare and state as follows:

1. I am a Project Manager in Client Services for Epiq Class Action & Claims Solutions, Inc.[1] The following statements are based on my personal knowledge and information provided by other experienced GCG employees working under my supervision and, if called on to do so, I could and would be competent to testify thereto.

2. Pursuant to the Stipulation of Class Action Settlement and Release ("Agreement"),[2] I submit this Declaration in order to advise the Parties and the Court regarding

---

[1] Garden City Group, LLC was acquired by Epiq Class Action and Claims Solutions, Inc. on June 15, 2018. All references to GCG shall indicate the Settlement Administrator both as Garden City Group, LLC and Epiq Class Action and Claims Solutions.

[2] All capitalized terms not otherwise defined in this document shall have the same meaning ascribed to them as set forth in the Settlement Agreement.

the distribution checks to Valid Claimants from the Settlement Fund.

3. Pursuant to Paragraph 77 of the Agreement, GCG calculated individual settlement payments for each Valid Claimant. GCG made the Individual Settlement Payment calculations based on the Net Settlement Fund Amount of $1,987,500.00.

4. GCG determined that there were 197,244 Valid Claimants entitled to receive checks under the Settlement. Pursuant to Paragraph 72 of the Agreement, these Valid Claimants were entitled to be sent a settlement check in the amount of $10.07 to the address provided on the Claim Form, or at such other address as designated by the Valid Claimant.

5. On November 9, 2018, GCG mailed settlement checks to 197,244 Valid Claimants.

6. Additionally, following the initial distribution, a few Class Members whose Claims had previously been rejected as fraudulent, incomplete, factually inaccurate or otherwise invalid based on Paragraph 75 of the Agreement reached out to GCG to provide further documentation to support their claim. Based on the supplemental information provided by the Class Members, GCG mailed an additional 16 checks to Valid Claimants.

7. Since the initial distribution, GCG has promptly re-mailed Individual Settlement Payment to 94 Valid Claimants for whom either the Class Member provided an updated address or the U.S. Postal Service returned mail to GCG with forwarding information.

8. Pursuant to Paragraph 77 of the Agreement, Valid Claimants were required to cash their settlement check within 120 days of the distribution. As of June 3, 2019, a total of 143,536 Valid Claimants cashed settlement checks in the aggregate amount of $1,445,407.52. A total of 53,724 settlement checks in aggregate worth $545,582.48 remain unclaimed from the Net Settlement Fund.

9. At the conclusion of the distribution, $33,322.11 in funds allocated for GCG fees and expenses, were not used. This leaves $578,904.59 in the Settlement Fund.

10. GCG estimates that the fees and expenses for a second distribution to Valid Claimants that cashed their award check would be approximately $160,000.00. This would leave a remaining fund of $418,904.59 for a second distribution to be distributed to 143,536 Valid Claimants that cashed their initial settlement check. As such, the award value for each payment in a second distribution would be approximately $2.91 per Valid Claimant that cashed their initial check.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 3rd day of June 2019 in Seattle, Washington.

_____
James Page