Gordon M. Fauth, Jr. (SBN 190280)
gfauth@finkelsteinthompson.com
K. Hope Echiverri Ranoa (SBN 298366)
hranoa@finkelsteinthompson.com
**FINKELSTEIN THOMPSON LLP**
15 Shattuck Square, Suite 245
Berkeley, CA 94704
DireTelephone: (415) 398-8700
Facsimile: (415) 398-8704

James Pizzirusso (*pro hac vice*)
jpizzirusso@hausfeld.com
**HAUSFELD LLP**
1700 K. Street NW, Suite 650
Washington, DC 20006
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Kathleen V. Fisher (SBN 70838)
kfisher@calvofisher.com
Alexander M. Freeman (Bar No. 237811)
afreeman@calvofisher.com
**CALVO FISHER & JACOB LLP**
555 Montgomery Street, Suite 1155
San Francisco, CA 94111
Telephone: (415) 374-8370
Facsimile: (415) 374-8373

*Counsel for Plaintiffs and the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re SONY PS3 "OTHER OS" LITIGATION | CASE NO. 4:10-CV-01811-YGR<br><br>**PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION OF OBJECTOR LINDBERG FOR LEAVE TO FILE DECLARATION OF CINDY A. COHN, EXECUTIVE DIRECTOR OF THE ELECTRONIC FRONTIER FOUNDATION** |

Plaintiffs hereby oppose the administrative motion of Objector Susan Lindberg for leave to file the declaration of Cindy A. Cohn, executive director of the Electronic Frontier Foundation, which describes that organization and its history and work, including its efforts to provide legal assistance to reverse engineers as part of its Coders' Rights Project.

The Cohn declaration is not relevant to any issue presently before the Court. In her response in opposition to Plaintiffs' pending motion to distribute residual funds to the Public Justice Foundation pursuant to the provisions of Paragraph 78 of the settlement agreement, Objector Lindberg objects, among other things, to the selection of the Public Justice Foundation as a *cy pres* recipient and argues that any *cy pres* distribution should instead go to the Electronic Frontier Foundation. [Dkt. 382.] However, Objector Lindberg misunderstands her role as an objector, which ended when the Court granted final approval to the second settlement (to which Ms. Lindberg *did not* object at the time), and fails to understand that she is not a party to the settlement agreement and the selection of suitable organizations for receipt of residual funds under the *cy pres* doctrine.

Objector Lindberg is wrong to believe the relative merits of the Electronic Frontier Foundation have any bearing on Plaintiffs' motion. While the Court must, of course, ultimately find that a selected *cy pres* recipient meets the appropriate legal standard, the selection of *cy pres* recipients by the settling parties is a matter of negotiation that is not required to result in a recipient that a class member, or even a court, considers ideal:

> Objectors' argument misunderstands the *cy pres* doctrine and the principle from our case law that a *cy pres* remedy must provide the "next best distribution" absent a direct monetary payment to absent class members. We do not require as part of that doctrine that settling parties select a *cy pres* recipient that the court or class members would find ideal. On the contrary, such an intrusion into the private parties' negotiations would be improper and disruptive to the settlement process.

*Lane v. Facebook, Inc.,* 696 F. 3d 811, 820-821 (9th Cir. 2012). The settlement agreement negotiated by the parties states that residual funds will be distributed to "the Public Justice

2

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION OF OBJECTOR LINDBERG
FOR LEAVE TO FILE DECLARATION OF CINDY A. COHN, EXECUTIVE DIRECTOR OF
THE ELECTRONIC FRONTIER FOUNDATION

Foundation and/or The National Consumer Law Center upon motion to the Court." Stipulation of Class Action Settlement and Release, ¶ 78 [Dkt 360]. Thus, the issue to be decided by the Court in adjudicating Plaintiffs' pending ministerial motion is not whether Public Justice is an ideal or superior recipient compared to other organizations that the parties *did not* select in their negotiated settlement, but whether Public Justice is an adequate *cy pres* recipient for residual funds in this case. *See Nachshin v. AOL, LLC,* 663 F.3d 1034, 1036 (9th Cir. 2011). Examination of the Electronic Frontier Foundation, its history and its work is not necessary or relevant to that decision.

Therefore, the Court should deny Objector Lindberg's motion for leave to file the proffered declaration.

Respectfully submitted,

DATED: June 26, 2019        By:   /s/ Gordon M. Fauth, Jr.
                                  Gordon M. Fauth, Jr. (SBN 190280)
                                  gfauth@finkelsteinthompson.com
                                  K. Hope Echiverri Ranoa (SBN 298366)
                                  hranoa@finkelsteinthompson.com
                                  **FINKELSTEIN THOMPSON LLP**
                                  15 Shattuck Square, Suite 245
                                  Berkeley, CA 94704
                                  Direct Telephone: (510) 238-9610
                                  Telephone: (415) 398-8700
                                  Facsimile: (415) 398-8704

                                  James Pizzirusso (*pro hac vice*)
                                  jpizzirusso@hausfeld.com
                                  **HAUSFELD LLP**
                                  1700 K. Street NW, Suite 650
                                  Washington, DC 20006
                                  Telephone: (202) 540-7200
                                  Facsimile: (202) 540-7201

                                  Kathleen V. Fisher (SBN 70838)
                                  kfisher@calvofisher.com
                                  **CALVO FISHER & JACOB LLP**
                                  555 Montgomery Street, Suite 1155
                                  San Francisco, CA 94111
                                  Telephone: (415) 374-8370

Facsimile: (415) 374-8373

*Attorneys for Plaintiffs and the Class*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION OF OBJECTOR LINDBERG
FOR LEAVE TO FILE DECLARATION OF CINDY A. COHN, EXECUTIVE DIRECTOR OF
THE ELECTRONIC FRONTIER FOUNDATION

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on all counsel for all parties of record on June 26, 2019 via the Court's CM/ECF system.

By: /s/ *Gordon M. Fauth, Jr.*
Gordon M. Fauth, Jr.

PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION OF OBJECTOR LINDBERG
FOR LEAVE TO FILE DECLARATION OF CINDY A. COHN, EXECUTIVE DIRECTOR OF
THE ELECTRONIC FRONTIER FOUNDATION